DAVID J. COHEN, ESQ.
California Bar No. 145748
**COHEN & PAIK LLP**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Plaintiffs **John Gidding and Pivotal, Inc.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**(HONORABLE JEFFREY S. WHITE)**

| | |
|---|---|
| JOHN GIDDING, et al., </br></br>   Plaintiffs, </br></br> v. </br></br> DEREK ANDERSON, et al. and DOES 1 through 100, inclusive, </br></br>   Defendants. | C-07-4755 JSW </br></br> **PLAINTIFFS JOHN GIDDING'S AND PIVOTAL, INC.'S JOINT CASE MANAGEMENT STATEMENT** </br></br> Date: December 21, 2007 </br> Time: 1:30 p.m. </br> Ctrm: 2 |

By and through their counsel of record, and pursuant to Civil Local Rule 16-9, PLAINTIFFS JOHN GIDDING AND PIVOTAL, INC. submit the following Joint Case Management Statement.

1. <u>Jurisdiction and Service</u>:

Plaintiffs contend that subject matter jurisdiction is proper in the Northern District of California pursuant to 28 U.S.C. Sections 1331, 1337, 1349 because this matter involves allegations of illegal behavior arising under the laws of the United States, including violations of RICO and the practice of frauds upon the courts of California. Furthermore, jurisdiction in this Court is proper pursuant to 18 U.S.C. Sections 1964(a) and 1964(c).

1

Plaintiffs contend that personal jurisdiction and venue are proper in this District pursuant to 18 U.S.C. §1965(a) since certain defendants reside, are found, have an agent, and transact affairs in Marin County and the City and County of San Francisco, and that the ends of justice require that other parties residing in other districts be brought before this Court. Venue is also proper in this Court pursuant to 18 U.S.C. §1965(b) because, to the extent any defendant may reside outside of this District, the ends of justice require such defendant or defendants to be brought before this Court. Further, venue in this District is proper under 28 U.S.C. §1391(3) because at least one defendant is found in this District. Finally, venue is proper in this Court pursuant to 28 U.S.C. §1391(d) because a foreign corporation may be sued in any district, and under 28 U.S.C. §1391(a), because a California corporation may be sued in any district within the state.

Plaintiffs are completing a first amended complaint that they plan to have on file by this matter's December 21, 2007 hearing date.

The defendants controlled by DEREK ANDERSON and JOHN ZAPPETTINI (i.e., DEREK ANDERSON, an individual; JOHN ZAPPETTINI, an individual; PLANTAGENET CAPITAL MANAGEMENT LLC, a purported California corporation; PLANTAGENET CAPITAL AMERICA LLC, a purported Delaware corporation; PLANTAGENET CAPITAL FUND LP, a purported Cayman Island corporation; PLANTAGENET CAPITAL FUND LP II, a purported Cayman Island corporation, PLB HOLDINGS SA, a purported Luxembourg corporation; and PLANTAGENET PARTNERS SA, a purported French corporation) have not yet been

served with the original complaint because plaintiffs will be serving them with both the original and first amended complaint early next week before this matter's December 21, 2007 hearing.

All of the French defendants (i.e., SA SOCIETE CHAMPENOISE D'EXPLOITATION VINICOLE, a purported French corporation; SERGE HAUCHART, an individual; PATRICK RAULET, an individual; JEAN-FRANCOIS RAPENEAU, an individual; CHRISTOPHE RAPENEAU, an individual; OLIVIER LEMAL, an individual; SA COMPAGNIE DES VINS DU LEVANT, a purported French corporation; SAS LES CHAMPS RENIERS, a purported French corporation; and MARIE-CLAUDE SIMON, an individual) have been served with the original complaint. It appears that, pursuant to French law, their deadline to respond has not yet come due.

Plaintiffs' counsel has been contacted by an attorney that may or may not be retained by MARIE-CLAUDE SIMON, and a different attorney that may or may not be retained by CHRISTOPHE RAPENEAU, JEAN-FRANCOIS RAPENEAU, and SA SOCIETE CHAMPENOISE D'EXPLOITATION VINICOLE (and its successor in interest, S.A. Charles de Cazanove). As a courtesy to these parties, plaintiffs' counsel has extended their deadline to respond to the original complaint to January 31, 2008. Moreover, plaintiffs hope to have all of the French defendants served with the first amended complaint in January, 2008.

Because the ANDERSON and ZAPPETTINI related defendants have not yet been served, they have given no input to this Joint Case Management Statement. For one of the French defendants, identified above as potentially represented by counsel MARIE-CLAUDE SIMON, the attorney that may represent her

3

has advised that, if retained, he would request that this matter's Case Management Hearing be continued. As to the remaining French defendants, OLIVIER LEMAL, SERGE HAUCHART, PATRICK RAULET, SA COMPAGNIE DES VINS DU LEVANT, while they have been served and provided with this Court's Case Management Conference order, they have neither contacted plaintiff's counsel, nor expressed any view to this Joint Case Management Statement.

2. <u>Facts</u>:

This case involves RICO violations, and related state common law claims, concerning a scheme by defendants to avoid the enforcement of a March 22, 2002 California County Superior Court judgment obtained by plaintiffs. Through the filing of forged, doctored, fraudulent or unauthentic versions of settlement agreements, contracts of guarantee, covenants and correspondence, defendants have contested and so far unjustly prevented plaintiffs from collecting on their judgment.

Defendants contested the judgment in Los Angeles County Superior Court by filing certain forged, doctored, fraudulent or unauthentic materials seeking to set aside the judgment. Defendants also contested enforcement of the California judgment in France by submitting the same forged, doctored, fraudulent or unauthentic materials submitted in their California Superior Court motions (along with other similarly forged, doctored, fraudulent or unauthentic materials). Finally, defendants submitted the same forged, doctored, fraudulent or unauthentic materials as part of additional civil and criminal actions in both French and Luxembourg courts.

Plaintiff contends that the principal issues in dispute are the accuracy and authenticity of the documents submitted by defendants in the numerous actions they initiated to prevent enforcement of the action. Plaintiffs contend that there is ample proof that the documents are forged, doctored, fraudulent and/or unauthentic, and therefore persuasive evidence that defendants' have acted knowingly and intentionally.

3. <u>Legal Issues</u>:

Plaintiffs contend that their complaint is factually accurate and that there are appropriate legal grounds for all of the causes of action and relief sought therein. Because no defendant has, thus far, appeared, plaintiffs are not able to comment on what legal issues may arise or be raised.

4. <u>Motions</u>:

Plaintiffs are not currently aware of any prior or pending motions. As discussed above, plaintiffs are drafting a first amended complaint that will be on file and likely served on the ANDERSON and ZAPPATTINI related defendants by this matter's December 21, 2007 hearing date, and will likely be served on the French defendants in January 2008.

5. <u>Amendment of Pleadings</u>:

As already discussed, plaintiffs are drafting a first amended complaint that will be on file and likely served on the ANDERSON and ZAPPATTINI related defendants by this matter's December 21, 2007 hearing date, and will be served on the French defendants in January 2008.

6. <u>Evidence Preservation</u>:

Plaintiffs currently have no information about the status of evidence preservation by defendants, other than the information alleged in the complaint.

7. <u>Disclosures</u>:

Because no defendant has yet appeared, no FRCP 26 disclosures have occurred.

8. <u>Discovery</u>:

Again, because no defendant has yet appeared, no discovery has taken place and the parties have not drafted a proposed discovery plan pursuant to FRCP 26(f).

9. <u>Class Action</u>:

This matter is not a class action.

10. <u>Related Case</u>:

Plaintiffs are not aware of any related action in this District. As is discussed in the complaint, however, plaintiffs' causes of action are based on the improper conduct of defendants in opposing or instigating both civil and criminal litigation in the courts of France and Luxembourg, and Los Angeles County Superior Court. The enforcement action instigated by plaintiffs in Chalons-en-Champagne, France, is still ongoing. Likewise, final resolution of a criminal suit filed by Defendant Patrick Raulet against plaintiffs is still pending because he has appealed the dismissal of his suit and the appeal has not yet been ruled upon. Finally, plaintiffs have also instigated a criminal action against Defendants SERGE HAUCHART, PATRICK RAULET, MARIE-CLAUDE SIMON, and SA COMPAGNIE DES VINS DU LEVANT.

11. <u>Relief</u>:

The Los Angeles County Superior Court judgment plaintiffs have being trying to enforce awarded them $1,327,242, plus pre-judgment interest of $209,300, for a total of $1,536,543. Further, Defendant SCEV was to pay 10% annual interest until the judgment was satisfied. As of September 1, 2007, the judgment against SCEV, including pre-judgment and post-judgment interest amounted to approximately $2,370,000. Thus, as compensatory damages for their federal RICO and state common law claims, plaintiffs seek no less then the total value of the judgment they were awarded. Additionally, plaintiffs believe they are entitled to at least $7,110,000 in treble damages based on their RICO claims.

Plaintiffs also seek equitable relief in the form of a constructive trust, an accounting, equitable liens, injunctions reasonably restricting defendants' future investment activities, and indemnity for any and all sums and losses that may be judged to be due or payable by plaintiffs as a result of defendants' wrongful conduct.

Finally, plaintiffs are also entitled to their costs of suit, including reasonable attorney's fees, pursuant to 18 U.S.C. Section 1964(c).

12. <u>Settlement and ADR</u>:

Plaintiffs have entered into serious settlement negotiations with Defendants JEAN-FRANCOIS RAPENEAU, PATRICK RAULET, SA COMPAGNIE DES VINS DU LEVANT, and SA SOCIETE CHAMPENOISE D'EXPLOITATION VINICOLE (and its successor in interest, S.A. Charles de Cazanove). Plaintiffs expect to be

7

able to dismiss these parties from this suit in the next 30 days. Plaintiff is also undergoing settlement negotiations with other French defendants, but at this time has nothing concrete about which to advise the Court.

13. <u>Consent to Magistrate Judge for All Purpose</u>:

Because no defendant has yet appeared, it is too early to comment on this issue.

14. <u>Other References</u>:

Because no defendant has yet appeared, it is too early to comment on this issue.

15. <u>Narrowing of Issues</u>:

At this time, plaintiffs are not aware of any bifurcation issues or possible dispositive motions.

16. <u>Expedited Schedule</u>:

Because no defendant has yet appeared, it is too early to comment on this issue.

17. <u>Scheduling</u>:

Because no defendant has yet appeared, it is too early to comment on this issue.

18. <u>Trial</u>:

Plaintiffs seek a jury trial and estimate this matter will take approximately 30 court days to complete.

19. <u>Disclosure of Non-party Interested Entities of Persons</u>:

Concurrent with the filing of this Joint Case Management Statement, plaintiffs will also be filing their Local Rule 3-16 certification. The only non-party entities plaintiffs are currently aware of that would be substantially affected by the outcome of this proceeding are S.A. Charles de

Cazanove, the successor in interest to Defendant SA SOCIETE CHAMPENOISE D'EXPLOITATION VINICOLE and Patricia Love Anderson, spouse of Defendant DEREK ANDERSON. Because no defendant has yet appeared, plaintiffs believe that no defendant has filed a Local Rule 3-16 certification.

20. <u>Any Other Relevant Matters</u>:

At his time plaintiffs are not aware of any other relevant issues to bring to the Court's attention.

Dated: December 14, 2007         Respectfully submitted,

/s/ David J. Cohen

Cohen & Paik LLP
300 Montgomery Street
Suite 660
San Francisco, CA 94104
(415) 398-3900
(415) 398-7500

9