1  Gail E. Cohen (093210), gcohen@barwol.com
   Ophir Johna (228193), ojohna@barwol.com
2  BARGER & WOLEN LLP
   633 West Fifth Street, 47th Floor
3  Los Angeles, California 90071
   Telephone: (213) 680-2800
4  Facsimile: (213) 614-7399

5  Attorneys for Specially-Appearing
   Defendant Marie-Claude Simon
6

7                UNITED STATES DISTRICT COURT

8       NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

9

10 | MR. JOHN GIDDING, an individual, | CASE NO.: C 07-04755 JSW
   | PIVOTAL, INC., a California corporation, |
11 | | Judge: Hon. Jeffrey S. White
   | Plaintiff, |
12 | |
   | vs. | **AMENDED DECLARATION OF**
13 | | **FRED H. PERKINS, ESQ. IN**
   | DEREK ANDERSON, an individual; JOHN | **SUPPORT OF EX PARTE MOTION**
14 | ZAPPETTINI, an individual; OLIVIER | **FOR ORDER ENLARGING TIME**
   | LEMAL, an individual; PLANTAGENET | **TO RESPOND TO COMPLAINT**
15 | CAPITAL MANAGEMENT LLC, a |
   | purported California corporation; |
16 | PLANTAGENET CAPITAL AMERICA |
   | LLC, a purported Delaware corporation; | Complaint Filed: 9/14/07
17 | PLANTAGENET CAPITAL FUND LP, a |
   | purported Cayman Island corporation; |
18 | PLANTAGENET CAPITAL FUND LP II, a |
   | purported Cayman Island corporation, PLB |
19 | HOLDINGS SA, a purported Luxembourg |
   | corporation; PLANTAGENET PARTNERS |
20 | SA, a purported French corporation; SA |
   | SOCIÉTÉ CHAMPENOISE |
21 | D'EXPLOITATION VINICOLE, a purported |
   | French corporation; SERGE HAUCHART, |
22 | an individual; PATRICK RAULET, an |
   | individual; JEAN-FRANCOIS RAPENEAU, |
23 | an individual; CHRISTOPHE RAPENEAU, |
   | an individual; SA COMPAGNIE DES VINS |
24 | DU LEVANT, a purported French |
   | corporation; SA CHAMPS RENIER, a |
25 | purported French corporation; |
   | MARIE-CLAUDE SIMON, an individual; |
26 | and DOES 1 through 100 inclusive, |
   |
27 | Defendants. |

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office\10041\003\08pleadings\amd perkins decl - ex parte4 extn2 rsp2 complaint.doc

I, Fred H. Perkins, Esq., declare as follows:

1. This declaration is submitted in support of specially-appearing defendant Marie-Claude Simon's ("Simon") Ex Parte Motion for an Order Enlarging Time to Respond to Complaint.

2. I am an active member of the Bar of the State of New York in good standing. I am duly licensed to practice law before all courts of the State of New York, including the highest court of New York. I am also admitted to practice before the United States Courts in the Southern and Eastern Districts of New York and the Second and Third Circuit Courts of Appeal. My firm and I have been retained to represent Simon in the instant action, and I intend to apply for permission to appear before this Court *pro hac vice* in association with Gail Cohen, Esq., of Barger & Wolen LLP, 650 California Street, Ninth Floor, San Francisco, California. I have personal knowledge of the matters set forth in this declaration, and would competently testify thereto if called as a witness.

3. Apparently, in or about late November, 2007, Simon, a French citizen and resident, obtained a copy of the complaint in English in the instant action. The complaint was not served on Simon in accordance with the requirements of the Hague Convention. Additionally, none of the 44 exhibits referenced in the complaint was attached to the copy of the complaint obtained by Simon.

4. On December 11, 2007, I spoke with plaintiffs' counsel, David J. Cohen, Esq. Mr. Cohen agreed to extend the time within which Simon must respond to the complaint up to and including January 31, 2008. I confirmed this agreement in an e-mail of the same date, a true and correct copy of which is attached as Exhibit "A."

5. I also advised Mr. Cohen during our December 11, 2007 conversation that none of the 44 exhibits referenced in the complaint was provided to Simon with the complaint. I requested Mr. Cohen to provide me with copies of all of the exhibits and reiterated this request in my December 11, 2007 e-mail to Mr. Cohen. (*See* Exh. "A.")

6. On January 15, 2008, I spoke with Mr. Cohen and again requested that he provide me with copies of the exhibits referenced in the complaint. Mr. Cohen again agreed to comply. However, to date, I have not received any of the exhibits referenced in the complaint from Mr. Cohen.

7. During our January 15, 2008 telephone conversation, Mr. Cohen advised me that plaintiffs had filed a First Amended Complaint in the instant action. Indeed, the Court's docket reflects that plaintiffs filed a First Amended Complaint on December 17, 2007. To the best of my knowledge, Simon has not yet been served (properly or otherwise) with the First Amended Complaint.

8. Simon works as an attorney in France and permanently resides there. I have not yet received most, let alone all, of her relevant files in connection with the transactions that are the subject of plaintiffs' complaint, though I have been advised that Simon is in the process of gathering any such files and compiling them for transmission to the United States. Furthermore, such files are in French and will need to be translated into English for my review, which will require additional time.

9. The complaint in the instant action is complex, involves numerous defendants, spans 41 pages (excluding 44 exhibits, which have not yet been provided to Simon or our office) and sets forth detailed and extensive allegations involving a series of transactions that allegedly took place over the course of nearly a decade. The complaint's allegations implicate numerous statutes pertaining to, among other things, mail fraud, wire fraud, and the Organized Crime Control Act (RICO).

10. Our anticipated response to plaintiffs' complaint will likely include a challenge to this Court's jurisdiction over Simon and the impropriety of plaintiffs' alleged "service" of the complaint on Simon. We may also learn of additional defenses once we have the opportunity to review the relevant files and discuss them with Simon. In sum, because I have yet to receive all of my client's relevant files or the exhibits referenced in the complaint, nor had the opportunity to discuss them with Simon, I will require additional time to prepare an appropriate responsive pleading.

This additional time is necessary to avoid prejudicing Simon's potential defenses to plaintiffs' action.

11.  During our telephone conversation on January 15, 2008, I asked Mr. Cohen for an additional extension of time for Simon to file a responsive pleading to the complaint. Mr. Cohen denied my request and stated that he would only agree to such an extension on the condition that I accept service of the First Amended Complaint on behalf of Simon. Given Simon's contention that, among other things, the Court lacks personal jurisdiction over her in connection with the instant action and that service was legally defective, I naturally declined to accept service of the First Amended Complaint on behalf of Simon and waive valid defenses.

12.  On January 18, 2008, I sent an e-mail to Mr. Cohen on behalf of Simon reiterating my request for the additional extension of time to respond to Plaintiffs' Complaint and received no response to that request.

13.  In addition to the initial, stipulated extension of time for Simon to respond to the complaint (referenced above), the only other time modification in the case thus far has been the Court's continuance of the Initial Case Management Conference initially set for December 21, 2007 to March 21, 2008.

14.  The complaint names more than 15 other defendants in addition to Simon. To my knowledge, as confirmed by the Court's docket, none of these defendants has appeared in the case to date.

15.  Because no other defendant has appeared in the case as yet, because no dates have been set by the Court aside from the March 21, 2008 Initial Case Management Conference, and because plaintiffs have filed but have yet to serve a superseding First Amended Complaint, the enlargement of time requested will not prejudice any party or affect the Court's schedule for the case.

1  I declare under penalty of perjury under the laws of the State of California that
2  the foregoing in true and correct.
3  Executed on the 18th day of January, 2008 at New York, New York.

*Fred H. Perkins*
Fred H. Perkins, Esq.

## Cohen, Gail E.

**From:** Perkins, Fred [fhperkins@morrisoncohen.com]
**Sent:** Tuesday, December 11, 2007 4:41 PM
**To:** dcohen@pacbell.net
**Cc:** Weinstein, Peter D.
**Subject:** Gidding v. Anderson et al, C 07-04755 (JSW)

Dear David,

As discussed, my firm is in the process of being engaged as counsel for Maitre Marie-Claude Simon in the above-referenced litigation. This email confirms our conversation of today in which you agreed that the time for Ms. Simon to answer, move or otherwise respond to the complaint is extended through and including January 31, 2008. In addition, since no other defendants have yet to appear, you have agreed that we can seek to adjourn with your consent the initial case management conference currently scheduled for 12/21.

Lastly, as discussed, please send me a copy of all of the various exhibits to the complaint.

Thank you for your courtesies.

Fred H. Perkins
Morrison Cohen LLP
909 Third Avenue
New York, New York 10022
Phone: 212-735-8647
Direct Fax: 917-522-3147
Email: Fhperkins@Morrisoncohen.com

This transmittal and/or attachment (s) may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachment(s) in error, please notify us immediately by reply or by telephone (call us collect at 212-735-8600) and immediately delete this message and all of its attachments. Thank you.

Circular 230 Disclaimer: Please note that any tax advice contained in this communication (including attachments) is not intended or written to be used, and it cannot be used, for the purpose of (i) avoiding penalties that may be imposed on you or any taxpayer by the Internal Revenue Service or other tax authorities or (ii) promoting, marketing, or recommending to another party a partnership or other entity, investment plan or arrangement. There is no limitation on the disclosure of the tax treatment or tax structure of the matter discussed herein.

**EXHIBIT A**