1  Hway-ling Hsu, Esq., State Bar No. 196178
   hhsu@be-law.com
2  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
3  San Jose, CA 95110-2712
   Telephone: (408) 291-6200
4  Facsimile:  (408) 297-6000

5  Attorneys for Specially-Appearing Defendants
   S.A.S. LES CHAMPS RENIERS AND
6  CHRISTOPHE RAPENEAU

7

8                U.S. DISTRICT COURT, NORTHERN DIVISION

9                        SAN FRANCISCO DIVISION

10

11 JOHN GIDDING, et al.                    Case No. C-07-4755 JSW

12              Plaintiffs,                NOTICE OF MOTION AND MOTION
                                           OF DEFENDANTS S.A.S. LES CHAMPS
13       vs.                               RENIERS AND CHRISTOPHE
                                           RAPENEAU TO DISMISS FIRST
14 DEREK ANDERSON, et al., and             AMENDED COMPLAINT FOR LACK OF
   DOES 1 through 100,                     PERSONAL JURISDICTION;
15                                         SUPPORTING MEMORANDUM OF
                Defendants.                POINTS AND AUTHORITIES
16
                                           Date: April 18, 2008
17                                         Time: 9:00 a.m.
                                           Judge: Hon. Jeffrey S. White
18
                                           Complaint Filed: September 14, 2007
19

---

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES
C-07-4755 JSW

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on April 18, 2008, at 9:00 a.m. or as soon thereafter as the matter may be heard, in the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, specially-appearing defendants Christophe Rapeneau and S.A.S. Les Champs Reniers ("Defendants") will and hereby do move this Court for an order pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure dismissing the First Amended Complaint ("FAC") as to Defendants on the grounds that this Court lacks personal jurisdiction over them. Defendants specially appear solely for the purpose of contesting jurisdiction.

This motion is made and based upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the accompanying declarations of Christophe Rapeneau and Hway-ling Hsu, the pleadings and records on file in this matter, and such additional evidence and argument as may hereinafter be presented.

## STATEMENT OF ISSUES

(N.D. Cal. Civ. L.R. 7-4)

1. Does this Court lack personal jurisdiction over S.A.S. Les Champs Reniers, a French company?

2. Does this Court lack personal jurisdiction over Christophe Rapeneau, a French citizen residing in France?

//

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND SUMMARY OF ARGUMENT

In this case brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the FAC contains allegations of events occurring in three countries over several years, against 17 defendants. In casting their net widely, plaintiffs have pulled in two defendants over whom this Court does not have personal jurisdiction. Defendant S.A.S. Les Champs Reniers ("LCR") is a French holding company that does not do business in California. Defendant Christophe Rapeneau is a French citizen and resident who is president of LCR. Neither was served with process in California, and neither is alleged to have engaged in any acts in California. Neither has the constitutionally required minimum contacts with California required before this Court may exercise personal jurisdiction. Accordingly, the FAC should be dismissed as to both.

### II. STATEMENT OF FACTS

#### A. Defendants' Lack of Contacts With California

LCR is a French holding company based in Blesmes, France. (FAC, ¶20; Declaration of Christophe Rapeneau, attached to Declaration of Hway-ling Hsu ("Hsu Decl.") as Exhibit A, ¶¶1, 2 and translation, attached as Exhibit B, ¶¶1, 2.) In December 2003, LCR became the sole shareholder of Societe Champenoise D'Exploitation Vinicole ("SCEV"). (FAC, ¶20.) SCEV was named as a defendant in the FAC, but has since settled with plaintiffs and been dismissed. (*See*, Notice of Voluntary Dismissal, Docket No. 10.) LCR does no business in California. It has not applied for authority to do business in California; has not operated, acquired, held, or sold any business based in California; has not advertised or solicited business in California; does not own any California real property; and has not maintained any office, telephone number, or bank account in California. (Hsu Decl., Exhs. A and B, ¶2.)

Christophe Rapeneau, a French citizen and resident, is the President of Les Champs Reniers. (FAC, ¶22; Hsu Decl., Exhs. A and B, ¶1.) Mr. Rapeneau has never been to California, nor has he any business interests, real property, office, home, telephone number, or bank account in California. (*Id.*, ¶3.)

### B. The FAC's Allegations Against Les Champs Reniers and Christophe Rapeneau

The only jurisdictional facts alleged in the FAC as to LCR and Mr. Rapeneau are that: (1) LCR is a French company with its principal place of business in France that owns SCEV, a French company with *its* principal place of business in France (FAC, ¶¶20, 7), and (2) Mr. Rapeneau is a resident of France who has been an officer and director of LCR and SCEV since December 2003. (FAC, ¶22.) The only other facts alleged specifically as to LCR and Mr. Rapeneau are that

> "[o]n December 22, 2003, Christophe Rapeneau, acting through SAS Les Champs Reniers, and pursuant to a new Contract of Guarantee with Levant, acquired 100% of the shares of SCEV. . . . Thus, as of today, these defendants are responsible for SCEV's liabilities, and, since at least December 22, 2003, have directed and controlled SCEV."

(FAC, ¶97.)[1]

The FAC contains some general recitations alleged as to all of the defendants (*see, e.g,* FAC¶¶122, 123, 128, 133, 136, 139). However, these allegations span several years, and none identify or specify any California-based activities or transactions by LCR or Mr. Rapeneau.

Thus, even if all of the allegations of the FAC were treated as though they were true, the FAC fails to allege facts on which personal jurisdiction over LCR or Mr. Rapeneau could properly be based.

### III. THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER LES CHAMPS RENIERS AND MR. RAPENEAU

#### A. The FAC Fails To Plead Any Statutory Basis For Personal Jurisdiction

"Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located; . . . [or] (C) when authorized by a federal statute." Fed. R. Civ. Proc. Rule 4(k)(1). The FAC does not allege any basis on which either LCR or Mr. Rapeneau

---

[1] Since plaintiffs have settled and dismissed their claims against SCEV, the allegations against LCR and Mr. Rapeneau appear to be moot. (*See,* Notice of Voluntary Dismissal, Docket No. 10.)

- 3 -
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES
C-07-4755 JSW

would be subject to the jurisdiction of the courts of California. Nor does it identify a federal statute that authorizes service upon either LCR or Mr. Rapeneau.

Instead, the FAC alleges personal jurisdiction based upon 18 U.S.C. §1965(a). (FAC, ¶3.) This provision states:

> Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

18 U.S.C. §1965(a). Plaintiffs make no allegation, and will not be able to show, that either LCR or Mr. Rapeneau resides, is found, has an agent, or transacts affairs in this District.

The FAC also suggests that personal jurisdiction is proper based upon 18 U.S.C. §1965(b). (FAC, ¶3.) Section 1965(b) states:

> In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

18 U.S.C. §1965(b). To the extent plaintiffs rely upon this section as a basis for personal jurisdiction against LCR and Mr. Rapeneau, their reliance is misplaced. While Section 1965(b) provides for nationwide service of RICO claims, it does not provide for *worldwide* service of process. *Doe v. Unocal Corp.*, 27 F.Supp.2d 1174, 1182 (C.D. Cal. 1998), aff'd at 248 F.3d 915 (9th Cir. 2001). LCR and Mr. Rapeneau were served with process in France, and not in any judicial district of the United States. Service upon them was not made pursuant to Section 1965(b), and Section 1965(b) does not provide a basis for personal jurisdiction. "[T]o establish that the Court has personal jurisdiction over [foreign RICO defendant served in France], plaintiffs must rely on the traditional minimum contacts analysis associated with service of process under California's long-arm statute." *Id.* at 1184, citing Fed. R. Civ. P. Rule 4(k)(1)(A).

### B. Because Constitutionally Required Minimum Contacts Are Lacking, This Court Does Not Have Personal Jurisdiction Over Either Les Champs Reniers or Christophe Rapeneau

The assertion of personal jurisdiction in this District over LCR or Mr. Rapeneau would be inconsistent with constitutional requirements.

To exercise personal jurisdiction over nonresident defendants in a federal question case, the district court must determine that "a rule or statute potentially confers jurisdiction over the defendant and then conclude that asserting jurisdiction does not offend the principles of Fifth Amendment due process." *Go-Video, Inc. v. Akai Electric Co., Ltd.*, 885 F.2d 1406, 1413 (9th Cir. 1989). "Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (citations omitted), *cert. denied*, 126 S.Ct. 2332 (2006). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Id.; see*, California Code of Civil Procedure section 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.")

It is well established that federal due process permits a court to exercise personal jurisdiction over a defendant only where the defendant has sufficient contacts with the forum that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington Office of Unemployment*, 326 U.S. 310, 316 (1945). "As the party seeking to have this case heard in California, plaintiff has the burden of making a prima facie showing of the existence of the minimum contacts necessary to support jurisdiction." *USA Payments, Inc. v. Hotel Ramada of Nevada*, No. C-1-1450 VRW, 2001 WL 764923, at *1 (N.D. Cal. June 21, 2001), citing *Cubbage v. Merchant*, 744 F.2d 665, 667 (9th Cir.1984), *cert. denied* 470 U.S. 1005 (1985). Jurisdiction over a non-resident can be general or specific. *Doe v. Unocal*, 248 F.3d at 923. "Great care and reserve should be exercised when extending our notions

of personal jurisdiction into the international field." *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 115 (1987) (citation omitted.)

### 1. No Basis For General Jurisdiction

General jurisdiction over a defendant exists if a defendant's contacts with the forum "are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes." *Yahoo!, supra,* 433 F.3d at 1205.. Plaintiffs do not allege facts that support general jurisdiction over either LCR or Mr. Rapeneau, nor can they do so. LCR is a French holding company that does no business in California. Mr. Rapeneau is a French citizen who resides and works in France. Neither has the "substantial, continuous, and systematic" contacts required to support general jurisdiction.

### 2. No Basis For Specific Jurisdiction

If general jurisdiction does not exist, then the court "may exercise only 'specific' jurisdiction—that is, jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claim." *Id.* In the Ninth Circuit, specific jurisdiction is analyzed under a three prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Id.* at 1205-1206, citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The FAC does not allege that either LCR or Mr. Rapeneau purposely directed any activity toward California, or consummated any transaction with a California resident. The FAC does not allege, nor could it, that either LCR or Mr. Rapeneau conducted activities in California, or purposely availed themselves of the benefits and protections of California law. In fact, the FAC fails to allege any factual basis for a claim against these defendants at all, let alone one that arises out of any California-based activity. Finally, the FAC contains no allegations explaining why this

Court's exercise of jurisdiction over these two defendants would be fair or reasonable, especially when the claims against SCEV have been dismissed.

Accordingly, the FAC should be dismissed as to both LCR and Mr. Rapeneau.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss the First Amended Complaint in its entirety as against S.A.S. Les Champs Reniers and Christophe Rapeneau for lack of personal jurisdiction.

Dated: February 29, 2008　　　　　　　　　　BERGESON, LLP


By:　/s/ Hway-ling Hsu
　　　Hway-ling Hsu
Attorneys for Specially-Appearing Defendants
S.A.S. LES CHAMPS RENIERS AND
CHRISTOPHE RAPENEAU