1  Gail E. Cohen (093210), gcohen@barwol.com
   Ophir Johna (228193), ojohna@barwol.com
2  BARGER & WOLEN LLP
   633 West Fifth Street, 47th Floor
3  Los Angeles, California 90071
   Telephone: (213) 680-2800
4  Facsimile: (213) 614-7399
            -and-
5  MORRISON COHEN LLP
   Fred H. Perkins
6  Latisha V. Thompson
   *Admitted Pro Hac Vice*
7  909 Third Avenue
   New York, New York 10022
8  Telephone: (212) 735-8600
   Facsimile: (212) 735-8708
9
   Attorneys for Specially-Appearing Defendant
10 MARIE-CLAUDE SIMON

11                          **UNITED STATES DISTRICT COURT**

12           **NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

13 MR. JOHN GIDDING, an individual, PIVOTAL,          )  CASE NO.: C 07-04755 JSW
   INC., a California corporation,                    )
14                                                    )  Judge: Hon. Jeffrey S. White
                   Plaintiffs,                        )
15                                                    )
          vs.                                         )
16                                                    )  **NOTICE OF MOTION AND MOTION BY**
   DEREK ANDERSON, an individual; JOHN                )  **DEFENDANT MARIE-CLAUDE SIMON TO**
   ZAPPETTINI, an individual; OLIVIER LEMAL, an       )  **DISMISS ACTION FOR LACK OF**
17 individual; PLANTAGENET CAPITAL                    )  **PERSONAL JURISDICTION AND**
   MANAGEMENT LLC, a purported California             )  **INEFFECTIVE SERVICE OF PROCESS;**
18 corporation; PLANTAGENET CAPITAL AMERICA           )  **MEMORANDUM OF POINTS AND**
   LLC, a purported Delaware corporation;             )  **AUTHORITIES**
19 PLANTAGENET CAPITAL FUND LP, a purported           )
   Cayman Island corporation; PLANTAGENET             )  (Filed concurrently with Declarations of Marie-
20 CAPITAL FUND LP II, a purported Cayman Island      )  Claude Simon and Anne Lutz)
   corporation, PLB HOLDINGS SA, a purported          )
21 Luxembourg corporation; PLANTAGENET                )  Date:         May 30, 2008
   PARTNERS SA, a purported French corporation; SA    )  Time:         9:00 a.m.
22 SOCIETE CHAMPENOISE D'EXPLOITATION                 )  Courtroom:    2, 17th Floor
   VINICOLE, a purported French corporation; SERGE    )
23 HAUCHART, an individual; PATRICK RAULET, an        )
   individual; JEAN-FRANCOIS RAPENEAU, an             )
24 individual; CHRISTOPHE RAPENEAU, an                )
   individual; SA COMPAGNIE DES VINS DU               )  Complaint Filed:      9/14/07
25 LEVANT, a purported French corporation; SA         )
   CHAMPS RENIER, a purported French corporation;     )
26 MARIE-CLAUDE SIMON, an individual; and DOES        )
   1 through 100 inclusive,                           )
27                                                    )
                   Defendants.                        )
28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

NOTICE OF MOTION AND MOTION BY DEFENDANT MARIE-CLAUDE SIMON TO DISMISS ACTION FOR LACK OF          Case No. C 07-04755 JW
PERSONAL JURISDICTION AND INEFFECTIVE SERVICE OF PROCESS; MEMORANDUM OF POINTS AND AUTHORITIES

1        NOTICE IS HEREBY GIVEN to Plaintiffs JOHN GIDDING and PIVOTAL INC. and to

2   their attorneys of record that on May 30, 2005 at 9:00 a.m. or as soon thereafter as the matter may

3   be heard, in the Courtroom of the Honorable Jeffrey S. White (Courtroom 2) of the United States

4   District Court, Northern District of California, located at 450 Golden Gate Avenue, 17th Floor, San

5   Francisco, California 94102, Defendant Marie-Claude Simon ("Ms. Simon") will and hereby does

6   move this Court to dismiss the First Amended Complaint ("FAC") for lack of personal jurisdiction

7   and/or insufficiency of service of process.  Additionally, Ms. Simon joins in the motion by

8   Defendants Derek Anderson, Plantagenet Capital Management LLC, Plantagenet Capital America

9   LLC, Plantagenet Capital Fund LP, Plantagenet Capital Fund LP II, PLB Holdings SA, and

10  Plantagenet Partners SA filed with this court on January 30, 2008, to dismiss the FAC for failure to

11  state a claim under Fed. R. Civ. P. 12(b)(6), in that Plaintiffs have not pleaded and cannot plead

12  essential elements of their first claim for relief for alleged violation of RICO, 18 USC § 1962(c) or

13  their second claim for relief for alleged conspiracy to violate RICO, 18 USC § 1963(d).

14  / / /

15  / / /

16

17

18

19

20

21

22

23

24

25            .

26

27

28

NOTICE OF MOTION AND MOTION BY DEFENDANT MARIE-CLAUDE SIMON TO DISMISS ACTION FOR LACK OF        Case No. C 07-04755 JW
PERSONAL JURISDICTION AND INEFFECTIVE SERVICE OF PROCESS; MEMORANDUM OF POINTS AND AUTHORITIES            Page 1

1    This motion is based on this Notice of Motion, the Memorandum of Points and Authorities,

2    the Declaration of Marie-Claude Simon, the Declaration of Anne Lutz filed herewith, and all

3    pleadings and records on file in the Action and any other arguments and evidence presented to this

4    Court at or before the hearing on this Motion

5

6    Dated:  March 3, 2008                          BARGER & WOLEN LLP

7

8                                                   By:   /s/ Gail E. Cohen
                                                         Gail E. Cohen (093210)
9                                                        633 West Fifth Street, 47th Floor
                                                         Los Angeles, California 90071
10                                                       Telephone: (213) 680-2800
                                                         Facsimile: (213) 614-7399
11

12   Dated:  March 3, 2008                          MORRISON COHEN LLP

13

14                                                  By:   /s/ Fred Perkins
                                                         Fred Perkins
15                                                       Latisha Thompson
                                                         *Admitted Pro Hac Vice*
16                                                       909 Third Aveune
                                                         New York, New York 10022-4731
17                                                       Telephone: (212) 735-8600
                                                         Facsimile: (212) 735-8708
18

19                                                       Attorneys for Defendant
                                                         *Marie-Claude Simon*
20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION BY DEFENDANT MARIE-CLAUDE SIMON TO DISMISS ACTION FOR LACK OF          Case No. C 07-04755 JW
PERSONAL JURISDICTION AND INEFFECTIVE SERVICE OF PROCESS; MEMORANDUM OF POINTS AND AUTHORITIES              Page 2

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................... 1

FACTS .......................................................................................................................................... 2

ARGUMENT ................................................................................................................................. 5

I.     THE FAC SHOULD BE DISMISSED
       FOR LACK OF PERSONAL JURISDICTION .................................................... 5

       A.     Legal Standards Governing Personal Jurisdiction ...................................... 5

              1.     The Facts Do Not Establish General
                     Jurisdiction Over Ms. Simon ....................................................... 7

              2.     The Facts Do Not Warrant The Court's Exercise
                     of Specific Personal Jurisdiction over Ms. Simon ...................... 8

       B.     Plaintiffs' RICO Claims Do Not Confer Jurisdiction ............................... 11

II.    THE ATTEMPTED SERVICE ON MS. SIMON IS VOID BECAUSE
       IT FAILED TO COMPLY WITH THE HAGUE CONVENTION .................... 12

CONCLUSION .......................................................................................................................... 15

## TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

Asahi Metal Indus. Co. Ltd. v. Superior Court of Cal., Solano County, 480 U.S. 102, 107 S. Ct. 1026 (1987) ...........................................................................................................................................6

Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082 (9th Cir. 2000)...........................................7

Brand v. Mazda Motor of Am., Inc., 920 F. Supp. 1169 (D. Kan. 1996) ....................................................14

Brand v. Menlove Dodge, 796 F.2d 1070 (9th Cir. 1986) ............................................................................7

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S. Ct. 2174 (1985)..................................................6, 8

Coupons, Inc. v. Ellen, No. C 04-03072, 2006 U.S. Dist. LEXIS 1385 (C.D. Cal. 2006)......................9, 10

Doe v. Unocal Corp., 27 F. Supp. 2d 1174 (C.D. Cal. 1998)
    aff'd 248 F.3d 915 (9th Cir. 2001) ..............................................................................................11

Doe v. Unocal Corp., 248 F.3d 915 (9th Cir. 2001).........................................................................5, 6, 7, 8

Dollar Savs. Bank v. First Sec. Bank, N.A., 746 F.2d 208 (3d Cir. 1984)......................................................8

Fru-Con Constr. Corp. v. Sacramento Municipal Utility Dist., 2007 U.S. Dist. LEXIS 64017 (C.D. Cal. 2007)...........................................................................................................................9

Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 104 S. Ct. 1868 (1984)...............6, 7, 8

International Shoe Co. v. Washington., 326 U.S. 310 (1954)..................................................................6, 11

Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc., 23 F. Supp. 2d 796 (D. Ohio 1998) ...........................................................................................................................11

McCray v. Furman, No. 07-CV-0258A, 2007 U.S. Dist. LEXIS 60830 (W.D.N.Y. August 15, 2007) .......................................................................................................................................13

Mellon Bank PSFS Nat'l Ass'n v. Farino, 960 F.2d 1217 (3d Cir. 1992) ......................................................5

Oakley, Inc. v. Jofa AB, 287 F. Supp. 2d 1111 (C.D. Cal. 2003)..................................................................5

Orion Tire Corp. v. General Tire, Inc., 1992 U.S. Dist. LEXIS 20224 (C.D. Cal. 1992).....................12, 14

Pena v. Valo, 563 F. Supp. 742 (C.D. Cal. 1983) .......................................................................................5

Pharmastem Therapeutics, Inc. v. Cord Blood Registry Inc., No. C 04-03072, 2005 U.S. Dist. LEXIS 39456 (N.D. Cal. Jan. 14, 2005) ......................................................................................5

ii

R. Griggs Group v. Filanto Spa, 920 F. Supp. 1100 (D. Nev. 1996) ............................................................14

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797 (9th Cir. 2004).......................................................6

Shell v. Shell Oil Co., 165 F. Supp. 2d 1096 (CD Cal. 2001).........................................................................6

Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co., 75 F.3d 147
(3d Cir. 1996).......................................................................................................................................7

Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694 (1988)........................................................12

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S. Ct. 559 (1980).................................6-7

## STATE CASES

Shisler v. Sanfer Sports Cars, Inc., 146 Cal. App. 4th 1254, 53 Cal Rptr. 3d 335
(6th App. Dist. 2006)....................................................................................................................7, 10

## FEDERAL STATUTES AND RULES

Federal Rule of Civil Procedure 4(e) ............................................................................................................6

Federal Rule of Civil Procedure 4(f)(1) ..................................................................................................2, 12

Federal Rule of Civil Procedure 10(c) ........................................................................................................13

Federal Rule of Civil Procedure 12(b)(2).................................................................................................1, 5

Federal Rule of Civil Procedure 12(b)(6) .....................................................................................................1

## STATE STATUTES AND RULES

California Code of Civil Procedure § 410.10 .................................................................................................2

California Code of Civil Procedure § 413.10 ............................................................................................2, 6

## OTHER AUTHORITIES

French New Code of Civil Procedure Article 654 .......................................................................................13

French New Code of Civil Procedure Article 688-6 ...........................................................................4, 13, 14

1    Defendant Marie-Claude Simon ("Ms. Simon") submits this Memorandum of Points and

2    Authorities in support of her Motion to Dismiss the First Amended Complaint ("FAC") of

3    Plaintiffs John Gidding ("Gidding") and Pivotal Inc. ("Pivotal"). Ms. Simon moves, pursuant to

4    Federal Rule of Civil Procedure 12(b)(2), to dismiss the FAC because this Court lacks both

5    general and specific personal jurisdiction over Ms. Simon, a French citizen. [1]

6

7                                    **INTRODUCTION**

8        The FAC should be dismissed as against Ms. Simon because she is not lawfully subject to

9    suit in California. Ms. Simon is a citizen of France and has resided continuously in France for her

10   entire life. (Declaration of Marie-Claude Simon ("Simon Decl.") at ¶¶ 1, 7.) Ms. Simon has

11   practiced as a licensed lawyer in France since 1987. (*Id.* at ¶ 2.) Ms. Simon has never been

12   licensed to practice law in California, or for that matter held any type of employment in

13   California. (*Id.* at ¶¶ 3, 4.) Indeed, Ms. Simon has never been licensed to practice law anywhere

14   in the United States. Ms. Simon has no office in California and has never even been to California

15   or to the United States for that matter. (*Id.* at ¶¶ 5, 7.) Moreover, Ms. Simon's sole business

16   transaction with Plaintiffs was for legal services, procured, accepted and rendered in France. (*Id.*

17   at ¶¶ 9-14.) In short, Ms. Simon lacks the minimum contacts with the state of California needed

18

19   to subject her to the Court's jurisdiction.

20       Additionally, the FAC should be dismissed against Ms. Simon on the grounds that

21   Plaintiffs' attempted service on Ms. Simon failed to comply with the applicable requirements of

22   the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or

23

24   [1] Ms. Simon also moves this Court to dismiss the FAC against her for failure to state a claim under Fed. R. Civ. P.

25   12(b)(6), for the reasons set forth in the Memorandum of Points and Authorities submitted by Defendants Derek Anderson, Plantagenet Capital Management LLC, Plantagenet Capital America LLC, Plantagenet Capital Fund LP,

26   Plantagenet Capital Fund LP II, PLB Holdings SA, and Plantagenet Partners SA (collectively "Plantagenet Defendants"), filed with this Court on January 30, 2008. In particular, Ms. Simon joins in and hereby incorporates by

27   reference the Plantagenet Defendants' argument that Plaintiffs have not pleaded and cannot plead essential elements of their first claim for relief for alleged violation of RICO 18 USC § 1962(c) or their second claim for relief, for an

28   alleged conspiracy to violate RICO, 18 USC § 1962(d), and as such those claims should be dismissed.

1    Commercial Matters (the "Hague Convention"), as required by Federal Rules of Civil Procedure,

2    Rule 4(f)(1) and California Code of Civil Procedure § 413.10(c). As shown below, for service

3    under the Hague Convention to be proper, such service must comply with the internal laws of the

4    recipient country, in this case, France. Here, Plaintiffs' purported service fails to comply with the

5    laws governing service of process in France, and thus is violative of the Hague Convention. In

6

7    particular, Plaintiffs failed to serve Ms. Simon personally with the entire FAC, as required by

8    French law, instead choosing to serve the Complaint without the attached exhibits. (Simon Decl.

9    at ¶ 19.) Plaintiffs' ineffective service was further compounded by their complete failure to serve

10   Ms. Simon with a French translation of the exhibits to the FAC, even after Ms. Simon had

11   informed Plaintiffs of her inability to speak and comprehend English. (Simon Decl. at ¶¶ 20, 21.)

12   Accordingly, Ms. Simon was not effectively served with the FAC pursuant to the Hague

13

14   Convention, French law or United States law, and as such the attempted service is fatally

15   defective.

16                                    **FACTS**

17        Ms. Simon is a citizen of France and has resided continuously in Europe almost all of her

18   life. (Simon Decl. at ¶¶ 1, 7.) At no point has Ms. Simon ever resided or conducted business in

19   the United States, much less California. (*Id.* at ¶¶ 5, 7.) Ms. Simon, a lawyer by trade, practices

20   law exclusively in France, the place where all acts alleged to have been committed by Ms. Simon

21

22   against Plaintiffs are said to have occurred. (*Id.* at ¶¶ 2, 9-14.)

23        The FAC tells a tortuous tale of the relationship between Plaintiffs and a number of

24   interrelated French companies, engaged in a series of lawsuits both here and in several European

25   courts, arising in connection with a contract for sale of champagne to Plaintiffs. According to the

26   FAC, back in 1998, long before Ms. Simon's services were retained, Plaintiffs Pivotal and

27   Gidding entered into a contract with Defendant SCEV for the sale of champagne. (FAC at ¶ 25.)

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MARIE-CLAUDE SIMON'S        Case No. C 07-04755 JSW
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INEFFECTIVE SERVICE OF PROCESS        PAGE 2

1    When SCEV failed to deliver the champagne, Plaintiffs filed suit in California for breach of

2    contract against SCEV and other related entities, which ultimately resulted in a default judgment

3    against SCEV in the amount of U.S. $1,536,543. (*Id.* at ¶¶ 26-53.)

4
5           Sometime thereafter, Plaintiff Gidding while in France hired Ms. Simon, a French lawyer,

6    to represent Gidding and Pivotal before a French court in an attempt to collect the judgment

7    previously rendered against Defendant SCEV. (FAC at ¶ 54.) To this end, Ms. Simon, who had

8    no involvement in the prior California action, filed for sequesters against SCEV's property in the

9    civil court Tribunal de Grande Instance de Chalons-en-Champagne, France ("Chalons Court").

10   (*Id.* at ¶ 55.) Ms. Simon was successful, and in June of 2002, the Chalons Court delivered three

11   separate orders of sequester on SCEV's assets in France. Specifically, the Chalons Court issued a

12   .
     sequester for SCEV's buildings, a sequester for SCEV's stocks of Champagne and a sequester for
13
14   SCEV's business, including accounts receivable and goodwill. (*Id.* at ¶ 56.) Ms. Simon

15   continued her representation of Plaintiffs in France, and on or about September 5, 2002, filed a

16   motion on behalf of Plaintiffs in the Chalons Court to ratify the judgment against SCEV (the

17   "French Civil Suit"). (*Id.* at ¶ 58.) SCEV filed responsive pleadings in the French Civil Suit

18   contesting the validity of the judgment rendered against it. (*Id.* at ¶ 58.) Thereafter, the parties

19   litigated the French Civil Suit, the only action in which Ms. Simon played any part. Ms. Simon's
20
     only role in such action was as "Gidding and Pivotal's legal counsel in France."[2] (FAC at ¶ 23.)
21
22          Notwithstanding Ms. Simon's success in obtaining the sequesters against SCEV's

23   business and property, Plaintiffs terminated Ms. Simon's services and retained new French

24   counsel in March of 2004. (FAC at ¶¶ 23, 74.) At that time, according to the FAC, Plaintiffs

25
26   [2] In addition to the French suit, the Parties also were involved in a number of other related suits in Europe. These
     related suits include a case filed by SCEV against Plaintiffs in Luxemburg, as well as a French Criminal suit filed by
27   SCEV against Pivotal, Gidding and Defendant PLB for fraud in the penal court of the Tribunal de Grande Instance de
     Paris. Each of the law suits between Plaintiffs and Defendant SCEV allege numerous instances of fraudulent conduct
28   as against Plaintiffs and the other Defendants in this action.

1    undertook a review of Ms. Simon's files. In reviewing the files, Plaintiffs claim to have

2    discovered the existence of an erroneous translation of a document submitted by Ms. Simon to the

3    French Courts. (FAC at ¶ 74.) However, Ms. Simon was completely without knowledge of the

4    alleged error or falsity of the translation.[3] (Simon Decl. at ¶ 16.)

5

6        On September 19, 2007, more than three years after Ms. Simon ceased her representation

7    of Plaintiffs, Plaintiffs filed the instant lawsuit naming Ms. Simon as a defendant. Plaintiffs

8    failed to properly serve Ms. Simon with a copy of the originally-filed Complaint. Instead,

9    Plaintiffs caused a copy of the Complaint (absent any of its 44 exhibits) in English to be left with

10   an associate at the law firm at which Ms. Simon works. (Simon Decl. at ¶ 19.) When Ms. Simon

11   finally received the Complaint, unable to understand it, she immediately requested a translation as

12   provided by the Article 688-6 of the French Civil Procedure Code. (*Id.*) Ms. Simon never

13   received the requested translation. (*Id.*)

14

15       Instead, on December 17, 2007, Plaintiffs filed the FAC. Nearly two months later, on

16   February 11, 2008, the FAC and Summons was delivered to Ms. Simon. While the FAC

17   delivered to Ms. Simon contained a purported French translation, the *entire* FAC was not served.

18   Indeed, the 46 exhibits to the FAC were delivered by mail several days later, and again failed to

19   include a French translation of the exhibits. (*Id.* at ¶ 20.) On February 18, 2008, Ms. Simon

20   again contacted Plaintiffs' attorney and requested a French translation of the exhibits be provided

21   to her. (*Id.* at ¶ 21.) On February 19, 2008, Plaintiffs' attorney, Mr. Polier, informed Ms. Simon

22   

23   that it was doubtful that a French translation of the exhibits was needed as the present action was

24   brought in the United States, before a Californian Court. (*Id.* at ¶ 21; Ex. 5 to the Declaration of

25   Anne Lutz ("Lutz Decl").) On February 20, 2008, Ms. Simon again contacted Mr. Polier and

26

27   [3] Although the FAC nowhere specifically alleges that Ms. Simon was the cause of this alleged false translation, it implies that Ms. Simon is nonetheless somehow legally responsible for submission of the allegedly erroneous translation because the translator she

28   used, Madame Bertrand, was the same translator used by SCEV's lawyers in the French Civil Suit. (FAC ¶ 70.)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MARIE-CLAUDE SIMON'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INEFFECTIVE SERVICE OF PROCESS

Case No. C 07-04755 JSW
PAGE 4

1  requested a French translation of the exhibits. (Simon Decl. at ¶ 21; Lutz Decl. Ex. 6.) To date,

2  Ms. Simon has still failed to receive a translation of the exhibits to the FAC. (Simon Decl. at ¶

3  21.)

4

## ARGUMENT

5

### I. THE FAC SHOULD BE DISMISSED
### FOR LACK OF PERSONAL JURISDICTION

6

7

8  **A.    Legal Standards Governing Personal Jurisdiction**

9        Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a court must dismiss the

10  claims against a party if the court lacks personal jurisdiction over that party. Fed. R. Civ. P.

11  12(b)(2); *Oakley, Inc. v. Jofa AB*, 287 F. Supp. 2d 1111, 1113 (C.D. Cal. 2003).   When a

12  defendant challenges personal jurisdiction, the plaintiff bears the burden of producing facts that

13  support the exercise of jurisdiction. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

14
   Plaintiff must satisfy its *prima facie* burden by establishing, with sufficient particularity, the
15
   presence of contacts between the defendant and the forum. *See, e.g., Mellon Bank PSFS Nat'l*
16
17  *Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). In assessing the plaintiff's showing, the

18  Court may consider evidence presented in affidavits. *Unocal Corp.*, 248 F.3d at 922. Moreover a

19  plaintiff may not simply rest on the allegations contained in the complaint to establish that the

20  requirements for personal jurisdiction are met. *See Pharmastem Therapeutics, Inc. v. Cord Blood*

21
   *Registry Inc.*, No. C 04-03072, 2005 U.S. Dist. LEXIS 39456, at *9 n.4 (N.D. Cal. Jan. 14, 2005)
22
23  (holding that although a court would normally accept the allegations in the complaint as true in

24  deciding a motion to dismiss, for purposes of personal jurisdiction, the court may not assume that

25  truth of the allegations where they are contradicted by affidavit); *Pena v. Valo*, 563 F. Supp. 742,

26  747 (C.D. Cal. 1983) (holding that plaintiff failed to make even a *prima facie* showing that the

27

28

1  court had jurisdiction where plaintiff attempted to rely on "the conclusory allegations of his

2  complaint" in response to the allegations set forth in defendants' affidavits).

3         To meet this burden with respect to an out-of-state defendant, Plaintiffs must establish

4  that: (1) jurisdiction exists under the state's long-arm statute and (2) the assertion of personal

5

6  jurisdiction would be consistent with due process. *Unocal Corp.,* 248 F.3d at 923; *see also Fed.*

7  *R. Civ. P.* 4(e); *Shell v. Shell Oil Co.,* 165 F.Supp.2d 1096, 1104 (CD Cal. 2001) (holding that a

8  district court sitting in a diversity case applies the law of the forum state in determining whether

9  personal jurisdiction is proper).

10        Because California's long-arm statute "is coextensive with federal due process

11  requirements, the jurisdictional analyses under [California] law and federal due process law are

12  the same." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800-801 (9th Cir. 2004);

13
    *Unocal Corp.,* 248 F.3d at 922; Cal. Code of Civ. Pro. § 410.10. Under the Due Process Clause
14

15  of the Fourteenth Amendment, a court cannot assert personal jurisdiction over a defendant who

16  does not have "certain 'minimum contacts' with the [forum] such that the maintenance of the suit

17  does not offend 'traditional notions of fair play and substantial justice.'" *Unocal Corp,* 248 F.3d

18  at 925, *quoting Helicopteros,* 466 U.S. 408, 414, 104 S. Ct. 1868 (1984) *quoting Int'l Shoe* 326

19
    U.S. 316. Minimum contacts exist if the defendant "purposefully avails itself of the privilege of
20
    conducting activities within the forum State, thus invoking the benefits and protections of its
21

22  laws." *Asahi Metal Indus. Co. Ltd. v. Superior Court of Cal., Solano County,* 480 U.S. 102, 108-

23  09, 107 S. Ct. 1026, 1030 (1987), *quoting Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475,

24  105 S. Ct. 2174, 2183 (1985). In other words, the defendant's conduct and connection with

25  California must be such that it "should reasonably anticipate being haled into court [in the forum

26  State.]" *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S. Ct. 559, 567

27

28

1  (1980); *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co.*, 75 F.3d 147, 150-51

2  (3d Cir. 1996).

3      Personal jurisdiction can be found where there exists general or specific jurisdiction over a

4  defendant or defendants. As demonstrated below and in the submitted supporting affidavits, no

5  evidence exists here which sufficiently demonstrates the existence of either general or specific

6

7  jurisdiction over Ms. Simon in the State of California.

8      **1.    The Facts Do Not Establish General Jurisdiction Over Ms. Simon**

9      Plaintiffs have not—and cannot—establish general jurisdiction over Ms. Simon. To

10  establish general jurisdiction, a plaintiff must demonstrate that the defendant has systematic and

11  continuous contacts with the forum State. *Helicopteros Nacionales de Colombia, S. A. v. Hall*,

12  466 U.S. 408, 414 n.9, 104 S. Ct. 1868 (1984); *Unocal Corp.*, 248 F.3d at 923; *see also Shisler v.*

13  *Sanfer Sports Cars, Inc.*, 146 Cal. App. 4th 1254, 1259, 53 Cal Rptr. 3d 335, 338 (6th App. Dist.

14  2006) (finding no general jurisdiction where Florida corporation "has no physical presence in

15  California, is not registered to do business here, and has never intentionally directed its marketing

16  efforts to California residents"). "The standard for establishing general jurisdiction is 'fairly

17  high' and requires that the defendant's contacts be of the sort that approximate physical

18

19  presence." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)

20  *quoting Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986).

21

22      Plaintiffs cannot come close to meeting this burden. Not only do Plaintiffs fail to

23  make any allegations in the FAC sufficient to allege "continuous and systematic" contacts, but the

24  facts in this case simply do not permit any reasonable inference that Ms. Simon has had

25  systematic and continuous contacts with California. Specifically:

26

27      •      Ms. Simon is a citizen of France and has resided continuously in France all of her
             life.

28

1    • Ms. Simon has never lived anywhere in the United States.

2    • Ms. Simon holds French law degrees and has practiced as a licensed lawyer in
        France since 1987.
3
      • Ms. Simon has never practiced law in California, or anywhere in the United States
4       for that matter.  Ms. Simon never solicited business outside of France.

5    • Ms. Simon has no U.S. income and pays no U.S. income tax.

6    • Ms. Simon has no office in California and has never even been to the United
        States, much less California.
7
      • Ms. Simon does not advertise her services in California;
8
      • Ms. Simon's sole business transaction with Plaintiffs was for legal services to be
9       and in fact performed exclusively in France.

10   (Simon Decl. at ¶¶ 1-14.)  Given these unassailable facts, there is no reasoned basis upon which it

11   may be concluded that Ms. Simon is subject to personal jurisdiction in California on a general

12   basis.

13
            2.      **The Facts Do Not Warrant the Court's Exercise of**
14                  **Specific Personal Jurisdiction over Ms. Simon**

15          Just as Plaintiffs cannot show that general jurisdiction exists, they similarly cannot

16   establish specific jurisdiction over Ms. Simon.  Specific jurisdiction over a defendant exists when

17   the claim is directly related to or arises out of the defendant's forum-related activities.  *See*
18
     *Burger King Corp.*, 471 U.S. at 472; *Dollar Sav. Bank v. First Sec. Bank, N.A.*, 746 F.2d 208, 211
19
20   (3d Cir. 1984).  The subject activities, however, must rise to the level of minimum contacts with

21   the forum.  *See Unocal Corp.*, 248 F.3d at 922. "Jurisdiction is proper . . . where the contacts

22   proximately result from actions by the defendant himself that create a 'substantial connection'

23   with the forum State." *Burger King Corp.*, 471 U.S. at 475 (citation omitted).  The defendant

24   must have "purposefully directed" [his] activities at residents of the forum." *Id.* at 472, *citing*
25
     *Helicopteros*, 466 U.S. at 414.  As such, the Ninth Circuit employs a three-part test to determine
26
27   whether the exercise of specific jurisdiction comports with constitutional principles of due

28   process.  *Unocal Corp.*, 248 F.3d at 923.  *First*, specific jurisdiction requires a showing that the

1   out-of-state defendant purposefully directed its activities toward residents of the forum state or

2   purposefully availed himself of the privilege of conducting activities in the forum state, thus

3   invoking the benefits and protections of its laws. *Second*, the controversy must be related to or

4   arise out of defendant's contact with the forum. *Third*, the exercise of jurisdiction must comport

5   with fair play and substantial justice, i.e., it must be reasonable. *Id.*; *Fru-Con Constr. Corp. v.*

6   *Sacramento Mun. Util. Dist.*, 2007 U.S. Dist. LEXIS 64017 (C.D. Cal. 2007).

7

8   The relevant facts here fail to establish the necessary minimum contacts by Ms. Simon

9   with California to support the assertion of limited personal jurisdiction. Most importantly, the

10  agreement between Plaintiffs and Ms. Simon's law firm for legal services was consummated in

11  France and provided for legal work *to be performed entirely in France*. (Simon Decl. at ¶ 9.)

12  Plaintiffs, however, may assert that by virtue of Ms. Simon's representation of Plaintiff Gidding

13  and Pivotal, a California corporation, along with certain communications by fax and letters during

14  the course of her representation, that Ms. Simon has somehow availed herself of the benefits of

15  this forum. Such contentions are without merit.

16

17  First, nearly every communication between Ms. Simon and Gidding occurred in Europe,

18  where Ms. Simon understood that Plaintiff Gidding resided at all relevant times. (Simon Decl. at

19  ¶¶ 13-14.) Indeed, all of Ms. Simon's correspondence with Plaintiffs was sent to Gidding at

20  either his address in France or from 2003 forward to his address in Luxembourg. (Lutz Decl. Ex.

21  3-4.)

22

23  Second, even if Ms. Simon had engaged in conversation or exchanged letters and faxes

24  with Plaintiffs or others in California, for reasons related to the French Civil Suit, the law is clear

25  that such activity is not sufficient to result in specific personal jurisdiction. *Coupons, Inc. v.*

26  *Ellen*, No. C 04-03072, 2006 U.S. Dist. LEXIS 1385 at ** 15-16 (C.D. Cal. 2006) ("[T]he mere

27  representation of a California client in a court outside of California is insufficient to establish

28

1   purposeful direction," notwithstanding that certain communications incident to the litigation may

2   occur in California.    In *Coupons*, the plaintiff California corporation claimed that the

3   Washington D.C. based lawyers retained in connection with a legal matter in Washington D.C.

4
    were subject to the Court's jurisdiction in a claim for malpractice.   Specifically, the plaintiff in
5
6   *Coupons* alleged that as a result of communications with certain of the plaintiff's employees as

7   well as through providing advice on another related matter, defendants had purposefully availed

8   themselves of the forum's benefits.   The court rejected plaintiff's contention in whole, finding

9   that defendants were not subject to specific jurisdiction in California where they did not practice

10  law in California, hold California law degrees or solicit clients in California.   Indeed, the Court

11  explicitly found that the communications with plaintiff in California were "normal incidents" of
12
    legal representation, and as such did not give rise to specific jurisdiction.   *Id*. at 15.
13
14          Similarly, here Ms. Simon holds no California law license, does not practice in California

15  and certainly does not solicit clients in California.   (Simon Decl. at ¶¶ 3-7.)   Under these

16  circumstances, it cannot be said that Ms. Simon purposefully directed her activities at residents of

17  this forum.   As a result, it would be fundamentally unfair to force Ms. Simon to litigate this

18  matter in California when she has no contacts with the forum state – let alone constitutionally
19
    sufficient minimum contacts.   *Coupons Inc.* at 16; *see also Shisler v. Sanfer Sports Cars, Inc.*,
20
21  146, Cal. App. 4th 1254, 1262, 53 Cal. Rptr. 3d 335, 340 (6th App. Dist. 2006) ("[T]here is no

22  evidence that defendant ever expressly reached out to California in search of this or any other

23  business opportunity [as such] .... we conclude that the evidence does not establish ... specific

24  jurisdiction.").

25          Accordingly, there is nothing to show that Ms. Simon's actions, both generally and
26
    specifically as they relate to Ms. Simon's representation of the Plaintiffs in the French Civil Suit,
27
28  were purposefully directed in any way at residents of California or created a substantial

1  connection between Ms. Simon and California such that exercise of jurisdiction over her would

2  satisfy "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 326.

3  The facts in this case simply do not support this Court's exercise of personal jurisdiction over Ms.

4  Simon.

5

6  **B.      Plaintiffs' RICO Claims Do Not Confer Jurisdiction**

7          Moreover, any argument by Plaintiffs that personal jurisdiction over Ms. Simon should be

8  assessed on the basis of her national contacts because they have alleged a violation of the RICO

9  statute is equally unavailing.  While it is true that the RICO statute provides for nationwide

10  service of process, Courts in the Ninth Circuit have held that notwithstanding the availability of

11  nationwide service, where as the case is here, a defendant is served abroad, a national contacts

12  analysis is not the applicable test for personal jurisdiction, but rather plaintiffs must establish the

13  defendant's minimum contacts with the state. *Doe v. Unocal Corp.*, 27 F. Supp. 2d 1174, 1183

14  (C.D. Cal. 1998) *aff'd* 248 F.3d 915 (9th Cir. 2001) (holding that the national contacts analysis

15  did not apply because the foreign defendant was not served pursuant to the provision in RICO

16  since RICO did not provide for worldwide service); *see also Iron Workers Local Union No. 17*

17  *Ins. Fund v. Philip Morris Inc.*, 23 F. Supp. 2d 796, 806 (D. Ohio 1998) ("Since the RICO statute

18  does not authorize international service of process, to establish personal jurisdiction over [foreign

19  defendant], the plaintiffs in the instant case must rely on the forum state's long-arm statute.").

20

21  For the reasons previously stated, Ms. Simon does not have the requisite minimum contacts with

22  California to subject her to jurisdiction in the state. *See supra* at pgs. 6-14.  Moreover, even if a

23  national contacts analysis were applicable, Ms. Simon does not have the requisite contacts with

24

25  the United States.  As stated, Ms. Simon has never been to the United States, holds no United

26  States law degree, has never practiced law in the United States and has never solicited business in

27  the United States. (Simon Decl. at ¶¶ 3-7.)

28

1

2

## II.   THE ATTEMPTED SERVICE ON MS. SIMON IS VOID BECAUSE IT FAILED TO COMPLY WITH THE HAGUE CONVENTION

3        Both France and the United States are signatories to the Hague Convention.  Therefore,

4
Plaintiffs must effect service on a foreign defendant, like Ms. Simon, in accordance with the
5
6   Hague Convention for service to be effective. Fed. R. Civ. P. 4(f)(1); *Orion Tire Corp. v. General*

7   *Tire, Inc.*, 1992 U.S. Dist. LEXIS 20224, at * 2-3 (C.D. Cal. 1992) ("[P]laintiff's failure to

8   comply with the Hague Convention . . . clearly demonstrates that service was improper and

9   should be quashed, vacated and set aside.").

10       Under the Hague Convention, service may be accomplished through the Central Authority

11  or through other prescribed means consistent with the internal laws of the state.   Hague

12
Convention, Article 5. As the Supreme Court made clear, the Hague Convention
13

14              requires each state to establish a central authority to receive requests for
                service of documents from other countries. (Article 2.) Once a central
15              authority receives a request in the proper form, it must serve the
                documents by a method prescribed by the internal law of the receiving
16              state or by a method designated by the requester and compatible with that
                [state's] law. (Article 5.) The central authority must then provide a
17              certificate of service that conforms to a specified model. (Article 6.) A
                state also may consent to methods of service within its boundaries other
18              than a request to its central authority. (*Id.* Art 8-11, 19.)

19
*Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698-99 (1988).    However,
20
notwithstanding the method chosen, such service may not be incompatible with the internal laws
21
22  of the receiving country, in this instance France. *See* Hague Convention, Article 5, Fed. R. Civ.

23  Pro. 4(f)(1).

24       In this case, Plaintiffs did not apparently effect service through the Central Authority as no

25  certificate of service has been filed with the Court or otherwise provided to Ms. Simon.[4]  Instead,

26

27  [4] Indeed, we are unsure of Plaintiffs' chosen method of purported service, as we have been unable to locate any
    certificate of service filed with this or any other court setting forth the manner of service on Ms. Simon on which
28  Plaintiffs purport to rely.

it appears that Plaintiffs have purported to effect service on Ms. Simon privately. Ultimately, whether Plaintiffs assert that service was effectuated through the central authority or privately, such service must be consistent with the internal laws of France. Hague Convention, Article 5 ("The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either: (a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory; or (b) by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed."). For the reasons explained below, the service on Ms. Simon did not comply with the internal laws of France, and thus does not constitute proper service under the Hague Convention.

Plaintiffs' failure to personally serve Ms. Simon with the exhibits to the FAC, renders service invalid. Under French law, "service must be personal." French New Code of Civil Procedure Article 654 ("French Code").[5] (See Lutz Decl. Ex. 1, French Code, Art. 684.) Moreover, the law is equally clear that exhibits to a complaint are part of the complaint for purposes of service. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the proceeding for all purposes"); *see also McCray v. Furman*, No. 07-CV-0258A, 2007 U.S. Dist LEXIS 60830 at *2 (W.D.N.Y. August 15, 2007) ("[Exhibits] form part of the amended complaint and must be served therewith."). Here, Ms. Simon was not personally served with the full FAC, including its exhibits. Rather, in derogation of clear law, Plaintiffs neglected to personally serve the exhibits to the FAC.

Plaintiffs further failed to comply with the Hague Convention by failing to provide Ms. Simon with a French translation of the exhibits, even after Ms. Simon requested a translation.

[5] A true and correct certified translation of Articles 654 and 688-6 of the French Code is attached as Exhibit 1 to the Lutz Decl.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MARIE-CLAUDE SIMON'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INEFFECTIVE SERVICE OF PROCESS

Case No. C 07-04755 JSW
PAGE 13

1   Article 688-6 of the French Code provides that service of a complaint may be made in the original

2   language by serving the Complaint on the intended addressee, unless the addressee is unable to

3   understand the language of the Complaint and requests a translation in French at Plaintiffs'

4
    expense. (See Lutz Decl. Ex. 1, French Code, Art. 688-6.) Here, after Plaintiffs' failed attempt at
5
6   service of the original Complaint, Ms. Simon informed Plaintiffs that she would need a

7   translation. (Simon Decl. ¶ 19; Lutz Decl. Ex. 3.) Similarly, after receipt of the exhibits to the

8   FAC, Ms. Simon again requested that the exhibits be translated into French. (Simon Decl. ¶ 21;

9   Lutz Decl. Ex. 6.) Nonetheless, Plaintiffs have failed to provide the requested translation, as

10  required by law. (*Id*.)

11
        Plaintiffs' failure to comply with French law, and thus the Hague Convention are fatal, as
12
    the Hague Convention must be strictly observed. The provisions governing service of process
13
14  abroad are mandatory under the Hague Convention, and failure to comply with them voids the

15  attempted service. *See R. Griggs Group v. Filanto Spa*, 920 F. Supp. 1100 (D. Nev. 1996);

16  Hague Convention, Article 1 ("The present Convention shall apply in all cases, in civil or

17  commercial matters, where there is occasion to transmit a judicial or extrajudicial document for

18  service abroad"). For this reason, numerous courts have dismissed claims pursuant to Rule

19
    12(b)(2) where service under the Hague Convention was not strictly complied with. *See Orion*
20
    *Tire Corp.*, 1992 U.S. Dist. LEXIS 20224 at *1 (dismissing defendant for insufficient service of
21
22  process where German translation was not provided and for lack of personal jurisdiction over

23  non-resident subsidiary); *see also Brand v. Mazda Motor of Am., Inc.*, 920 F. Supp. 1169 (D.

24  Kan. 1996) (dismissing case for improper service on foreign defendant under the Hague

25  Convention where plaintiff did not serve designated Central Authority for Japan and failed to

26  translate service and accompanying documents into Japanese). The result should be no different

27
    in the instant case.
28

1

## CONCLUSION

2

3      For all of the foregoing reasons, Ms. Simon respectfully requests that this Court grant her

4      motion to dismiss for lack of personal jurisdiction, ineffective service of process and dismiss the

5      FAC against Ms. Simon with prejudice and in all respects.

6      Dated:          New York, New York
                       March 3, 2008

7

8                                                  BARGER & WOLEN LLP

9                                                  By: _____

10                                                     Gail Cohen (09310)
                                                       650 California Street, 9th Floor
11                                                     San Francisco, California 94108
                                                       Telephone: (415) 434-2800
12                                                     Facsimile: (415) 434-2533

13                                                          -and-

14                                                 MORRISON COHEN LLP

15                                                 By: _____

16                                                     Fred Perkins
                                                       Latisha Thompson
17                                                     *Admitted Pro Hac Vice*
                                                       909 Third Avenue
18                                                     New York, New York 10022-4731
                                                       Telephone: (212) 735-8600
19                                                     Facsimile: (212) 735-8708

20

21                                                 Attorneys for Defendant
                                                   *MARIE-CLAUDE SIMON*

22

23

24

25

26

27

28