1  Gail E. Cohen (093210), gcohen@barwol.com
   Ophir Johna (228193), ojohna@barwol.com
2  BARGER & WOLEN LLP
   633 West Fifth Street, 47th Floor
3  Los Angeles, California 90071
   Telephone: (213) 680-2800
4  Facsimile: (213) 614-7399
           -and-
5  MORRISON COHEN LLP
   Fred H. Perkins
6  Latisha V. Thompson
   *Admitted Pro Hac Vice*
7  909 Third Avenue
   New York, New York 10022
8  Telephone: (212) 735-8600
   Facsimile: (212) 735-8708
9
   Attorneys for Specially-Appearing Defendant
10 MARIE-CLAUDE SIMON

11                UNITED STATES DISTRICT COURT

12        NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

13 | MR. JOHN GIDDING, an individual, PIVOTAL, INC., a California corporation, | CASE NO.: C 07-04755 JSW |
| --- | --- |
| Plaintiffs, | Judge: Hon. Jeffrey S. White |
| vs. | **DECLARATION OF MARIE-CLAUDE SIMON IN SUPPORT OF MOTION TO DISMISS ACTION FOR LACK OF PERSONAL JURISDICTION AND INEFFECTIVE SERVICE OF PROCESS** |
| DEREK ANDERSON, an individual; JOHN ZAPPETTINI, an individual; OLIVIER LEMAL, an individual; PLANTAGENET CAPITAL MANAGEMENT LLC, a purported California corporation; PLANTAGENET CAPITAL AMERICA LLC, a purported Delaware corporation; PLANTAGENET CAPITAL FUND LP, a purported Cayman Island corporation; PLANTAGENET CAPITAL FUND LP II, a purported Cayman Island corporation, PLB HOLDINGS SA, a purported Luxembourg corporation; PLANTAGENET PARTNERS SA, a purported French corporation; SA SOCIETE CHAMPENOISE D'EXPLOITATION VINICOLE, a purported French corporation; SERGE HAUCHART, an individual; PATRICK RAULET, an individual; JEAN-FRANCOIS RAPENEAU, an individual; CHRISTOPHE RAPENEAU, an individual; SA COMPAGNIE DES VINS DU LEVANT, a purported French corporation; SA CHAMPS RENIER, a purported French corporation; MARIE-CLAUDE SIMON, an individual; and DOES 1 through 100 inclusive, | (Filed concurrently with Notice of Motion and Motion to Dismiss, and Declaration of Anne Lutz)<br><br>Date:       May 30, 2008<br>Time:       9:00 a.m.<br>Courtroom:  2, 17th Floor<br><br>Complaint Filed:    9/14/07 |
| Defendants. | |

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

DECLARATION OF MARIE-CLAUDE SIMON IN SUPPORT OF MOTION TO DISMISS ACTION FOR LACK OF
PERSONAL JURISDICTION AND INEFFECTIVE SERVICE OF PROCESS

Case No. C 07-04755 JW

Marie-Claude Simon, hereby declares as follows:

1. I am a French citizen, and a resident of Reims, France. I am over the age of twenty one (21). I have personal knowledge of the matters set forth herein and each of them is true and correct. I submit this declaration in support of the motion to dismiss all claims against me in this action for lack of personal jurisdiction and ineffective service of process.

2. I hold two degrees in law respectively from the universities of Reims and Paris. I am an attorney at law admitted to practice in Reims, France. I have practiced law exclusively in France, since I began my professional career in 1987. I am a shareholder of the law firm named Simon Pierrard.

3. I have never been licensed to practice law in California, or anywhere else in the United States. As such, I have never practiced law in the United States.

4. I have never been employed in the United States, or conducted business anywhere in the United States, least of all California.

5. I have no offices in the United States, and I have never solicited business in the United States.

6. I have never paid income taxes anywhere in the United States.

7. I have resided in France all of my life have never even visited the United States.

8. My native language is French, and although I can read or speak few words of English, I am not conversant in English.

9. In 2001, Plaintiff John Gidding retained my law firm to represent him and his company Plaintiff Pivotal Inc. (collectively "Plaintiffs") in France. I was introduced to him in France through the offices of Mr. Olivier d'Elvincourt, Attorney before the Reims Court of Appeal. The agreement to provide legal services was consummated in France. Shortly thereafter, Plaintiffs asked my firm to represent them in the collection of a judgment rendered against SA

#1093368 v5 \20044 \001

-1-

Declaration of Marie-Claude Simon  Case No. C 07-04755 JSW

Societe Champenoise D'Exploitation Vinicole ("SCEV").

10. Between 2002 and 2004, I represented Plaintiffs in an action against SCEV in the civil court Tribunal de Grande Instance de Chalons-en-Champagne, France ("Chalons Court").

11. In connection with my representation of Plaintiffs in the Chalons Court, I filed for three sequesters against SCEV's property in the Chalons Court, all of which were successfully granted and resulted in the current owners of SCEV posting a large bond.

12. Throughout the course of my representation, I exchanged several letters and engaged in a number of communications with Plaintiff Gidding, all of which occurred while I was in France and Mr. Gidding was, to the best of my knowledge and belief, in either France or Luxemburg.

13. Throughout the course of my representation of Plaintiffs, it was my understanding that Mr. Gidding resided in Europe with his wife and children. Indeed, from 2001, when I was first retained by Mr. Gidding, through the middle of 2003, it was my understanding that Plaintiff Gidding resided in France with his family in the village of Coulange-Cohan, Aisne department. Throughout this period all of my correspondence with Plaintiffs was sent to Mr. Gidding at his address in France. (*See* Exhibits 3-4 to the Declaration of Anne Lutz ("Lutz Decl.").) In 2003, I was informed by Mr. Gidding that, for tax reasons, he and his family were moving to the Grand Duchy of Luxembourg, in the city of Luxembourg. It is my understanding that Mr. Gidding resided in Luxembourg, throughout the rest of the time I represented Plaintiffs in the Chalons Court in France.

14. As such, I was surprised to hear that, in the Complaint and First Amended Complaint ("FAC") in this Action, Mr. Gidding claims at all relevant times he was a resident of California. Indeed, a number of court documents submitted to and issued by the Chalons Court, specifically state that Mr. Gidding "reside(s) at 5 rue de Chauffor-Coulange-Cohan. (*See, e.g.*

#1093368 v5 \20044 \001

-2-

Lutz Decl. Exhibit 2, September 7, 2000, Judgment rendered by the Tribunal de Commerce de Chalons en Champagne.)

15. I have no relationship generally with Derek Anderson, John Zappettini, Olivier Lemal, Plantagenet Capital Management, LLC, Plantagenet Capital America, LLC, Plantagenet Capital Fund LP, Plantagenet Capital Fund LP II, PLB Holdings SA, Plantagenet Partners SA, SA Societe Champenoise D'Exploitation Vinicole, Patrick Raulet, Jean-Francois Rapeneau, Christophe Rapeneau, SA Compagnie Des Vins du Levant or SAS Les Champs Reniers—other Defendants in this action. The only Defendant I know is Serge Hauchart, a Director of my former client Opson, a company also controlled by Mr. Gidding. Serge Hauchart, a French citizen and partner of Mr. Gidding, was introduced to me by Mr. Gidding who he assisted once during a meeting to explain his case to me in the French language. With the exception of this one meeting with Plaintiff Gidding, I have had no discussions or other communications concerning the subject matter of this action with Mr. Hauchart.

16. While I understand the issues before this Court on my motion pertain to the lack of jurisdiction and proper service of process, I want to make clear that I have never knowingly submitted any forged, fraudulent or false documents to any court of law, including any French/English translations of any document in connection with the Plaintiffs. Any assertions by Plaintiffs to the contrary are without basis and are hereby denied by me in all respects. I also want to make clear that all documents in the English language remitted by Mr. Gidding to my firm to be produced in Court were systematically translated into French by a certified translator.

17. Because some of my firm's fees were unpaid by Mr. Gidding and Pivotal Inc. and, consequently, I had to withhold my services to them, by letter dated January 16, 2004, Plaintiff Gidding informed me that my services were no longer necessary and that he and Pivotal Inc. were to be represented by Didier Shönberg, an attorney at law in Luxembourg.

#1093368 v5 \20044 \001

-3-

Declaration of Marie-Claude Simon                                   CASE NO. C 07-04755 JSW

18. Shortly thereafter, I turned over my files to Mr. Shönberg.

19. In late November 2007, I was informed that the original Summons and Complaint in this Action had been left with an associate of my firm by Mr. Jonathon-Wise Polier, attorney at law in Paris. Mr. Polier also sent a copy of the initial Complaint to me by mail. The initial Complaint in this Action was never personally served upon me. Moreover, because I do not speak English, by way of letter dated November 27, 2007, I requested that Mr. Jonathon-Wise Polier, provide me with a French translation of the Complaint. Attached as Exhibit 3 to the Lutz Decl. is a true and correct copy of my November 27, 2007, letter to Mr. Jonathon-Wise Polier. Although Mr. Polier formally acknowledged receipt of my demand, no translation of the Complaint was provided to me.

20. I understand that the FAC was filed in this Action on December 17, 2007. On February 11, 2008, the FAC was delivered to me at my office. Unlike with the Complaint, a purported French translation was included. However, not one of the 46 exhibits to the FAC was served upon me at that time. Several days later, I received the exhibits by mail. However, once again, no French translation of the exhibits to the FAC was provided.

21. On February 18, 2008, I again contacted Mr. Polier and requested that he provide me with copies of the exhibits, translated in French. On February 19, 2008, Mr. Polier responded to my request for translation by stating that since the present action was brought in the United States, before a Californian Court, it was doubtful that a French translation of the exhibits was needed. Attached as Exhibit 5, to the Lutz Decl. is a true and correct copy of Mr. Polier's letter, dated February 19, 2008. On February 20, 2008, I again contacted Mr. Polier and renewed my request for a translation of the exhibits. Attached as Exhibit 6, to the Lutz Decl. is a true and correct copy of my February 20, 2008, letter to Mr. Polier. To date, I have yet to receive the requested translations. Because of the lack of translation of the initial Complaint and the failure

#1093368 v5 \20044 \001

-4-

Declaration of Marie-Claude Simon                                    CASE NO. C 07-04755 JSW

1  to translate the exhibits to the FAC, I do not understand the difference between the Complaint and
2  the FAC, the reason why the FAC delivered to me, or what the exhibits state.

3      22.  Plaintiffs' attempted service on me does not comport with French law. (*See* Lutz
4  Decl. Ex. I, Articles 654 and 688 of the French New Code of Civil Procedure.)

5      I declare under the laws of the United States of America and under penalty of perjury that
6  the foregoing is true and correct. This declaration is executed in Reims, France, on this 29 day
7  of February 2008.

                                                    _____
                                                    Marie-Claude Simon[1]

                                                    *[signature: Marie Claude Simon]*

---

[1] I reviewed a French translation of this Declaration prior to signing it.

#1091369 v5 120044\001

-5-

Declaration of Marie-Claude Simon                                    CASE NO. C 07-04755 JSW