1  Gail E. Cohen (093210), gcohen@barwol.com
   Ophir Johna (228193), ojohna@barwol.com
2  BARGER & WOLEN LLP
   633 West Fifth Street, 47th Floor
3  Los Angeles, California 90071
   Telephone: (213) 680-2800
4  Facsimile: (213) 614-7399
            -and-
5  MORRISON COHEN LLP
   Fred H. Perkins
6  Latisha V. Thompson
   *Admitted Pro Hac Vice*
7  909 Third Avenue
   New York, New York 10022
8  Telephone: (212) 735-8600
   Facsimile: (212) 735-8708
9
   Attorneys for Specially-Appearing Defendant
10 MARIE-CLAUDE SIMON

11                 **UNITED STATES DISTRICT COURT**

12       **NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

| | |
|---|---|
| 13  MR. JOHN GIDDING, an individual, PIVOTAL, INC., a California corporation, ) | CASE NO.: C 07-04755 JSW |
| 14                         Plaintiffs, ) | Judge: Hon. Jeffrey S. White |
| 15        vs. ) | **DECLARATION OF ANNE LUTZ IN** |
| 16  DEREK ANDERSON, an individual; JOHN ZAPPETTINI, an individual; OLIVIER LEMAL, an ) | **SUPPORT OF MOTION TO DISMISS ACTION FOR LACK OF PERSONAL** |
| 17  individual; PLANTAGENET CAPITAL MANAGEMENT LLC, a purported California ) | **JURISDICTION AND INEFFECTIVE SERVICE OF PROCESS** |
| 18  corporation; PLANTAGENET CAPITAL AMERICA LLC, a purported Delaware corporation; ) | (Filed concurrently with Notice of Motion and |
| 19  PLANTAGENET CAPITAL FUND LP, a purported Cayman Island corporation; PLANTAGENET ) | Motion to Dismiss, and Declaration of Marie-Claude Simon) |
| 20  CAPITAL FUND LP II, a purported Cayman Island corporation, PLB HOLDINGS SA, a purported ) | Date:        May 30, 2008 |
| 21  Luxembourg corporation; PLANTAGENET PARTNERS SA, a purported French corporation; SA ) | Time:        9:00 a.m. Courtroom:   2, 17th Floor |
| 22  SOCIETE CHAMPENOISE D'EXPLOITATION VINICOLE, a purported French corporation; SERGE ) | |
| 23  HAUCHART, an individual; PATRICK RAULET, an individual; JEAN-FRANCOIS RAPENEAU, an ) | |
| 24  individual; CHRISTOPHE RAPENEAU, an individual; SA COMPAGNIE DES VINS DU ) | Complaint Filed:        9/14/07 |
| 25  LEVANT, a purported French corporation; SA CHAMPS RENIER, a purported French corporation; ) | |
| 26  MARIE-CLAUDE SIMON, an individual; and DOES 1 through 100 inclusive, ) | |
| 27            Defendants. ) | |

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

DECLARATION OF ANNE LUTZ IN SUPPORT OF MOTION TO DISMISS ACTION FOR LACK OF          Case No. C 07-04755 JW
PERSONAL JURISDICTION AND INEFFECTIVE SERVICE OF PROCESS

I, Anne Lutz declare as follows:

1. I am not a party to this action and I am over 18 years of age. I am employed as a project coordinator by TransPerfect Translations International, Inc. ("Transperfect"), having its principal place of business at Three Park Avenue, 39th Floor, New York, NY 10016.

2. I personally supervised the translation of the attached documents, as part of my employment with Transperfect. I have supervised the translation of dozens of documents for use in litigation pending in state and federal courts throughout the United States.

3. I hereby certify that the following documents, which are attached to this Declaration, have been translated from French to English:

   a. Articles 654 and 688-6 of the French New Code of Civil Procedure, attached hereto as Exhibit 1.

   b. September 7, 2000 Judgment rendered by the Tribunal de Commerce de Chalons en Champagne, attached hereto as Exhibit 2.

   c. Letter from Marie-Claude Simon to John R Gidding, dated September 3, 2002, attached hereto as Exhibit 3.

   d. Invoices issued by Marie-Claude Simon to John Gidding, dated August 28, 2002, attached hereto as Exhibit 4.

   e. Letter from Jonathon-Wise Polier to Marie-Claude Simon, dated February 19, 2008, attached hereto as Exhibit 5.

   f. Letter from Marie-Claude Simon to Jonathon-Wise Polier, dated February 20, 2008, attached hereto as Exhibit 6.

4. I further certify that, to the best of my knowledge, the attached documents in English are a true and accurate translation of the attached documents in French.

Anne Lutz

# EXHIBIT 1

[logo]
Liberty – Equality – Fraternity
REPUBLIC OF FRANCE

*Legifrance* .gouv.fr
PUBLIC SERVICE FOR DISSEMINATION OF LAW
Welcome > Laws in force > Article detail

## Civil Procedure Code

Book I: Measures common to all jurisdictions
    Title XVII: Time limits, documents from bailiff, and notifications
        Chapter III: Form of notifications
            Section I: notifications

Article 654

**Notification must be made in person.**

**Notification** to a legal **entity** is **made in person** when the document is delivered **to** its legal representative, **to** an authorized agent of the latter, or **to** any other **person** duly authorized.

Codified by Decree 75-1123 1975-12-05 JORF December 9, 1975 amendment JORF January 27, 1976

**003**

 .gouv.fr
LE SERVICE PUBLIC DE LA DIFFUSION DU DROIT

Accueil > Les codes en vigueur > Détail d'un article

# Code de procédure civile

▹ Livre I : Dispositions communes à toutes les juridictions
  ▹ Titre XVII : Délais, actes d'huissier de justice et notifications
    ▹ Chapitre III : La forme des notifications.
      ▹ Section I : La signification.

## Article 654

La **signification doit être faite à personne**.

La **signification à** une **personne** morale est **faite à personne** lorsque l'acte est délivré **à** son représentant légal, **à** un fondé de pouvoir de ce dernier, ou **à** toute autre **personne** habilitée **à** cet effet.

Codifié par Décret 75-1123 1975-12-05 JORF 9 décembre 1975 rectificatif JORF 27 janvier 1976

004

Legifrance – Public service of access to law                    [ILLEGIBLE]
[Logo of France: Freedom; Equality; Brotherhood
French Republic]

# *Legifrance.* $^{gouv.fr}$

PUBLIC SERVICE FOR DISSEMINATION OF LAW

Monday, January 7, 2008

WELCOME    [ILLEGIBLE]         [ILLEGIBLE]

**Codes in Force**

Go back

## NEW CODE OF CIVIL PROCEDURE

**Article 688-6**

*(included by Decree no. 76-1236 of December 28, 1976 art. 16 Official Journal of
December 30, 1976)*

The document is notified in the language of the Government of origin.
However, an addressee who does not know the language in which the document is
written may refuse notice and request that it be translated or accompanied by a translation
into the French language, at the behest and the expense of the requesting party.

Copy or send the address of this document

About the site   Site Map      Write Us       Set Up a Link      Texts Updates

005

Legifrance - Le service public de l'acces au droit                                        701·08  14  04

 *Legifrance* .gouv.fr
.L SERVICE PUBLIC DE LA DIFFUSION DE DROIT

Lundi 7 janvier 2008

ACCUEIL     

## Les codes en vigueur

Retour

### NOUVEAU CODE DE PROCEDURE CIVILE

**Article 6BB-6**

*(inséré par Décret n° 76-1236 du 28 décembre 1976 art. 16 Journal Officiel du 30 décembre 1976)*

L'acte est notifié dans la langue de l'Etat d'origine.

Toutefois le destinataire qui ne connaît pas la langue dans laquelle l'acte est établi peut en refuser la notification et demander que celui-ci soit traduit ou accompagné d'une traduction en langue française, à la diligence et aux frais de la partie requérante.

Copier ou envoyer l'adresse de ce document

À propos du site    Plan du site    Nous écrire    Établir un lien    Mise à jour des textes

006

# EXHIBIT 2

## COMMERCIAL COURT OF CHALONS EN CHAMPAGNE

### PUBLIC HEARING OF SEPTEMBER 7, 2000

Case sent for deliberations on Thursday, May 18, 2000
Before the Court with the following members: Mr. BRUNEAU, Presiding Judge; Mr. CARBOT and Mr. LAURENT, Judges

[stamp:] [illegible] Item no. *1*, Chalons sur Marne
No. 99/0277- BETWEEN:

The Société CHAMPENOISE D'EXPLOITATION VINICOLE (SCEV), which has its head office at 93 avenue de Paris – 51000 CHALONS EN CHAMPAGNE, initiating proceedings through its legal directors who are legally domiciled at the said head office – represented by Attorney Jean-Charles DEBAIN, Attorney at the Paris Bar.

### THE PLAINTIFF

AND

1) Mr. John GIDDING, residing at 5 rue du Chauffour – 02230 COULONGES-COAN, represented by Attorney LEGAY, Attorney at the CHALONS EN CHAMPAGNE Bar.
2) PIVOTAL, a corporation organized under California law, which has its head office at 13148 Rayner Street, North Hollywood CALIFORNIA 91605 (U.S.A) – represented by the law firm of A.C.G et Associés, Attorneys at the CHALONS EN CHAMPAGNE Bar.

### THE DEFENDANTS

### THE FACTS – THE PROCEEDING

Following involvement of the SCP [professional partnership] of Michel LAURENT, Pascal GUISET and Valérie DUMOULIN, process servers in CHALONS EN CHAMPAGNE, on August 9, 1999, SCEV summoned Mr. John GIDDING and PIVOTAL to appear at the hearing on November 4, 1999 to witness that they were:
-ordered to pay SCEV the sum of 751,702.50 francs in principal, corresponding to two unpaid invoices. The payment was to be incurred jointly, with interest equal to the legal rate multiplied by 1.5 beginning on the due date of each of the invoices concerned, which were, respectively, June 16, 1999 for an amount of 149,002.50 francs and July 7, 1999 for an amount of 605,700 francs;
-furthermore, jointly ordered to pay the amount of 10,000 francs to SCEV in application of Article 700 of the NCCP [New Code of Civil Procedure];
-ordered to pay all court costs and fees;
-ordered provisional execution of same.

In the response brief, Mr. GIDDING, *in limine litis*, requests that the Court declare itself without jurisdiction to rule on the case, and that it turn the case over to the Supreme Court of the State of California and order SCEV to file a complaint before this jurisdiction; that it furthermore declare SCEV's request lodged against Mr. GIDDING baseless, that it deny SCEV's request for payment directed against Mr. GIDDING, that it dismiss this and sentence the latter to pay him 15,000 francs in application of Article 700 of the NCCP.
In reply, Mr. GIDDING stated that his exception for lack of jurisdiction was lawful, and thus requested that SCEV be ordered to file a complaint before the Commercial Court of Soissons as its home Court.

In its response brief, PIVOTAL did not contest that it owed SCEV the principal amount of 754,702.50 francs, which was the total of the two invoices submitted to the case by the plaintiff. However, it considers itself SCEV's creditor for much larger amounts in restitution for the damage resulting from the unfair termination of the contract which bound it and the plaintiff corporation. It offered to deposit the said amount with an escrow holder as determined by the Court while waiting for a decision by the Supreme Court of California. It opposed the application of the criminal clause in light of the circumstances of the dispute and requested that the Court order SCEV to pay it 10,000 francs in application of Article 700 of the NCCP.

Upon which, the Court
RECEIVED FROM        0326845650                on                    [text cut off]

**007**

1) On the exception for lack of jurisdiction raised by Mr. John GIDDING

Whereas the plaintiff corporation summoned PIVOTAL, a corporation organized under California law, before this Court, and the plaintiff does not contest the said Court's jurisdiction.

Whereas by summoning Mr. John GIDDING before that same Court, the plaintiff corporation is legally founded in appealing to the expansion of territorial jurisdiction as specified by Article 42 paragraph 2 of the New Code of Civil Procedure, insofar as it is bringing a discreet and personal case against each of the summoned parties and that the dispute relates to the same subject, namely: PIVOTAL's payment of two unpaid invoices.

Whereas under these conditions, it is appropriate to reject the exception for lack of jurisdiction raised by Mr. GIDDING and to uphold this Court's jurisdiction in this dispute which opposes SCEV and the latter.

2) On the substance of the case

Whereas SCEV has not provided any substantive proof of a payment obligation that would be incumbent upon Mr. GIDDING with respect to SCEV due to merchandise deliveries carried out by SCEV to PIVOTAL, and whereas, on the contrary, the items produced by the latter show that it was acting as a commercial agent and in this capacity was paid by commissions.

Whereas under these conditions, it is appropriate to declare that the request lodged by SCEV against Mr. GIDDING is baseless, to deny it and to end all claims against the latter.

Concerning PIVOTAL, whereas it, in response briefs filed during the arguments hearing on May 18, 2000, explicitly acknowledges that it owes PIVOTAL the principal amount of 754,702.50 francs, the total of two invoices submitted to the case by the plaintiff.

Whereas the existence of a case introduced by PIVOTAL against SCEV before the California Supreme Court and involving counts unrelated to this case does not justify the owed sums being paid into escrow while waiting for this jurisdiction's decision.

Whereas, under these conditions, it is appropriate to order PIVOTAL to pay the principal amount of 754,702.50 francs, in addition to the interest calculated by applying the criminal clause included in the general terms of sale and foreseeing the multiplication of the legal interest rate by 1.5 beginning on the due date of each of the invoices concerned.

Whereas it is fair to not force the plaintiff corporation to pay all one-time costs that it has had to incur because of this case and to order PIVOTAL to pay the plaintiff corporation the sum of 4,000 francs in application of the provisions of Article 700 of the NCCP.

Whereas the court costs and fees will be paid by PIVOTAL and whereas, given the elements of the case, it is appropriate to order the provisional execution of this judgment.

FOR THESE REASONS
After having deliberated in accordance with the Law;
Ruling publicly, in the presence of both parties and as the primary jurisdiction;
Rejects the exception for lack of jurisdiction raised by Mr. John GIDDING and declares that it has

jurisdiction;

Declares SCEV's request against Mr. John GIDDING baseless, denies it and excludes it from the

case;

Orders PIVOTAL to pay SCEV the principal amount of 751,702.50 francs with interest equal to the legal rate multiplied by 1.5 beginning on the due date of the invoices concerned, respectively, June 16, 1999 for an amount of 149,002.50 francs and July 7, 1999 for an amount of 605,700 francs;

Orders PIVOTAL to pay SCEV 4,000 francs in application of the provisions of Article 700 of the

NCCP.

Orders it to pay court costs and fees which are provisionally established at          , which does not include summons and execution fees, which it is also required to pay;

Orders provisional execution;
Dismisses all of the parties' additional and broader requests.

Thus ruled upon and pronounced by the Commercial Court of CHALONS EN CHAMPAGNE in its Public Hearing on Thursday, September 7, two thousand, at which the following were present and seated: Mr. BRUNEAU, Presiding Judge, Mr. BRODIEZ and Mr. DERUE, Judges, assisted by Attorney Daniele GUILLET, Court Clerk.

TRIBUNAL DE COMMERCE DE CHALONS EN CHAMPAGNE

AUDIENCE PUBLIQUE DU 7 SEPTEMBRE 2000



Affaire mise en délibéré le JEUDI 18 MAI 2000

Avec la composition suivante du Tribunal: Monsieur BRUNEAU. Président,
Messieurs CARBOT et LAURENT. Juges

N° 99/0277 – ENTRE :

La Société CHAMPENOISE D'EXPLOITATION VINICOLE (SCEV), ayant son
siège social 93, avenue de Paris – 51000 CHALONS EN CHAMPAGNE, agissant poursuites et diligences de ses
dirigeants légaux domiciliés de droit audit siège – représentée par Maître Jean-Charles DEBAIN, Avocat au
Barreau de Paris.

PARTIE DEMANDERESSE

ET

1° Monsieur John GIDDING, demeurant 5 rue du Chauffour – 02230 COULONGES-
COAN – représenté par Maître LEGAY. Avocat au Barreau de CHALONS EN CHAMPAGNE.

2° La Société de droit californien PIVOTAL, dont le siège social est 13148 Raymer
Street, North Hollywood – CALIFORNIE 91605 (U.S.A.) – représentée par la Société d'Avocats A.C.G et
Associés, Avocats au barreau de CHALONS EN CHAMPAGNE.

PARTIES DEFENDERESSES

LES FAITS – LA PROCEDURE

Suivant exploit de la SCP Michel LAURENT, Pascal GUISET, Valérie DUMOULIN,
Huissiers de Justice à CHALONS EN CHAMPAGNE, en date du 9 août 1999, la SCEV a assigné Monsieur John
GIDDING et la société PIVOTAL, à comparaître à l'audience du 4 novembre 1999, pour s'entendre
- condamner à verser à la société SCEV la somme totale de 751.702,50 francs en principal,
correspondant à deux factures demeurées impayées, solidairement entre eux, avec intérêt égal à celui du taux légal
multiplié par 1,5 à compter de la date d'échéance de chacune des factures concernées, soit respectivement le 16
juin 1999 pour un montant de 149.002,50 francs et le 7 juillet 1999 pour un montant de 605.700 francs ;
- condamner en outre, solidairement entre eux, à régler la somme de 10.000 francs au profit de la
société SCEV en application de l'article 700 du NCPC ;
- condamner aux entiers dépens ;
- ordonner l'exécution provisoire.

Dans des conclusions en réponse, Monsieur GIDDING, in limine litis, demande au
Tribunal de se déclarer incompétent à connaître du litige, au profit de la Cour Suprême de l'Etat de Californie et
de renvoyer la SCEV à se pourvoir devant cette juridiction ; subsidiairement de dire mal fondée la demande
formée par la SCEV à l'encontre de Monsieur GIDDING, de le débouter de son action en paiement dirigée contre
lui, de le mettre hors de cause et de condamner cette dernière à lui payer la somme de 15.000 francs en application
de l'article 700 du NCPC.

En réplique, Monsieur GIDDING déclare s'en rapporter à justice sur son exception
d'incompétence en demandant subsidiairement le renvoi de la société SCEV à se pourvoir devant le Tribunal de
Commerce de Soissons, comme étant le Tribunal de son domicile.

Dans des conclusions en réponse, la société PIVOTAL ne conteste pas devoir à la
société SCEV la somme principale de 754.702,50 francs, formant le total des deux factures versées aux débats par
la demanderesse. Elle s'estime toutefois légitimement créancière de la SCEV de sommes beaucoup plus
importantes en réparation du préjudice résultant de la rupture abusive du contrat qui la liait à la société
demanderesse. Elle offre de consigner ladite somme entre les mains de tel séquestre qu'il plaira au Tribunal de
désigner, dans l'attente de la décision à intervenir devant la Cour Suprême de Californie. Elle s'oppose à
l'application de la clause pénale, eu égard aux circonstances du litige et demande au Tribunal de condamner la
SCEV à lui payer la somme de 10.000 francs en application de l'article 700 du NCPC.

Sur ce, le Tribunal.

1) Sur l'exception d'incompétence soulevée par Monsieur John GIDDING

Attendu que la société demanderesse a régulièrement assigné la société de droit californien PIVOTAL devant le Tribunal de céans, laquelle ne conteste pas la compétence dudit Tribunal.

Attendu qu'en assignant Monsieur John GIDDING devant le même Tribunal, la société demanderesse est fondée à se prévaloir de la prorogation de compétence territoriale prévue par l'article 42, al.2 du Nouveau Code de Procédure Civile, dans la mesure où elle exerce une action directe et personnelle contre chacune des parties assignées et que le litige porte sur le même objet, à savoir: le règlement de deux factures demeurées impayées par la société PIVOTAL.

Attendu dans ces conditions qu'il convient de rejeter l'exception d'incompétence soulevée par Monsieur GIDDING et de confirmer la compétence du Tribunal de céans dans le litige qui oppose la SCEV à ce dernier.

2) Sur le fond

Attendu que la société SCEV n'apporte aucune justification probante d'une obligation de paiement qui incomberait à Monsieur GIDDING à son égard du fait de livraisons de marchandises effectuées par elle à la société PIVOTAL, qu'il ressort au contraire des pièces produites par ce dernier qu'il agissait en qualité d'agent commercial et était à ce titre rémunéré par des commissions.

Attendu dans ces conditions qu'il convient de dire non fondée la demande formée par la société SCEV à l'encontre de Monsieur John GIDDING, de l'en débouter et de mettre ce dernier hors de cause.

Concernant la société PIVOTAL, attendu que cette dernière, dans des conclusions en réponse déposées lors de l'audience de plaidoiries du 18 mai 2000, reconnaît explicitement devoir à la société SCEV la somme principale de 754.702,50 francs, formant le total des deux factures versées au débat par la demanderesse.

Attendu que l'existence d'une instance introduite par la société PIVOTAL à l'encontre de la société SCEV devant la Cour Suprême de Californie et portant sur des chefs de demande sans connexité avec la présente instance ne saurait justifier la consignation des sommes dues, dans l'attente d'une décision de cette juridiction.

Attendu, dans ces conditions, qu'il convient de condamner la société PIVOTAL à payer la somme en principal de 754.702,50 francs, outre les intérêts calculés en faisant application de la clause pénale insérée dans les conditions générales de vente et prévoyant la multiplication de l'intérêt légal par 1,5 à compter de la date d'échéance de chacune des factures concernées.

Attendu qu'il est équitable de ne pas laisser à la charge de la société demanderesse la totalité des frais irrépétibles qu'elle a dû supporter du fait de la présente instance et de condamner la société PIVOTAL à lui payer la somme de 4.000 francs en application des dispositions de l'article 700 du NCPC.

Attendu que les dépens seront supportés par la société PIVOTAL et que, compte tenu des éléments de l'instance, il convient d'ordonner l'exécution provisoire du présent jugement.

PAR CES MOTIFS

Après en avoir délibéré conformément à la Loi ;

Statuant publiquement, contradictoirement et en premier ressort ;

Rejette l'exception d'incompétence soulevée par Monsieur John GIDDING, se déclare compétent ;

Déclare non fondée la demande de la Société SCEV à l'encontre de Monsieur John GIDDING, l'en déboute et met celui-ci hors de cause ;

Condamne la société PIVOTAL à payer à la société SCEV la somme en principal de 751.702,50 francs, avec intérêt égal à celui du taux légal multiplié par 1,5 à compter de la date d'échéance de chacune des factures concernées, soit respectivement le 16 juin 1999 pour un montant de 149.002,50 francs et le 7 juillet 1999 pour un montant de 605.700 francs ;

Condamne la société PIVOTAL à payer à la société SCEV la somme de 4.000 francs en application des dispositions de l'article 700 du NCPC.

La condamne aux dépens liquidés provisoirement à la somme de                      en ce non compris les frais d'assignation et de mise à exécution auxquels elle est également condamnée;

Ordonne l'exécution provisoire ;

Déboute les parties de toutes leurs demandes plus amples ou contraires.

Ainsi fait jugé et prononcé par le Tribunal de Commerce de CHALONS EN CHAMPAGNE, en son Audience Publique du Jeudi 7 Septembre  deux mil, où étaient présents et siégeaient Monsieur BRUNEAU Président, Messieurs BRODIEZ et DERUE, Juges, assistés de Maître Danièle GUILLET, Greffier.

# EXHIBIT 3



**Mr. John R. GIDDING**7 [sic]
44, rue Tony Neuman
2241 Luxembourg

Associate Attorneys

Michelle PIERRARD
CORPORATE AND PERSONAL LAW

Reims, September 3, 2002

Marie-Claude SIMON
E.S.S. BUSINESS LAW
CORPORATE LAW – TAX LAW

Raphael CROON
Sophie MOUCHARD-DIOT
Isabelle BAISIEUX
ATTORNEYS

OUR REFERENCE: GIDDING AND PIVOTAL V. SCEV
    (Mortgages)
    T.G.11/4714
    MCS/IRMP

 * * * Dear Sir,

I am writing again in connection with your case against SCEV.

As I told you in my previous letters, I recorded a temporary mortgage on the properties of SCEV.

This entry was communicated to SCEV within the legal term, on August 20, 2002.

For information, please find enclosed a copy of this document.

To my knowledge, SCEV has not yet reacted to this provisional measure, since apparently this company was closed in August.

If this company wishes to contest the entries made, it may contact the Execution Judge of CHÂLONS EN CHAMPAGNE at any time, even after we file the action for exequatur.

At that time, the Judge may order either the lifting of the measure or its modification (reduction) to protect both your interests and those of SCEV.

It would seem to me that it would be difficult for the magistrate who authorized us to enforce this provisional measure to later withdraw this authorization by ordering the lifting, especially since the recording of a temporary mortgage does not interfere at all with the operations of the business of SCEV.

Sté SIMON PIERRARD
S.E.L.A.R.L. with Capital of 300,000.00 F
Headquarters: 34, rue Des Moulins – P.O. Box 16 – 51766 REIMS CEDEX
**TEL. 03.26.84.56.56 – FAX 03.26.84.56.50**
E-mail: *simon-pierrard@avocat.org*

RCS REIMS B 404 220 535 00011 NAF 741A

I am also enclosing herewith the invoice for 64.96 € of SCP LAURENT GUISET DUMOULIN, Process Servers, which, last August 20, publicized the recording of the temporary mortgage, and I would appreciate it if you send me payment by check made out directly to their order.

On the other hand, please find enclosed a fee bill for the recording of the temporary mortgage of which I would appreciate payment.

I hope you receive this in good order.

Sincerely,

Marie-Claude SIMON



**Avocats Associés**

Michelle PIERRARD
DROIT SOCIAL ET DES PERSONNES

Marie-Claude SIMON
U R.A.S. DROIT DES AFFAIRES
DROIT DES SOCIETES DROIT FISCAL

Raphaël CROON
Sophie MOUCHARD-DIOT
Isabelle BAISIEUX
AVOCATS

N/Réf :    GIDDING ET PIVOTAL C/ SCEV
(Hypothèque)
T.G.11/A714
MCS/BMP

**Monsieur John-R GIDDING7**
44 rue Tony Neuman
2241 LUXEMBOURG

Reims, le 3 septembre 2002

* * *Cher Monsieur,

Je reviens vers vous dans le dossier qui vous oppose à la SCEV.

Comme je vous l'avais indiqué dans mes précédents courriers, j'ai procédé à l'inscription d'hypothèque provisoire sur les immeubles de la SCEV.

Cette saisie a été dénoncée dans les délais le 20 août 2002 à la SCEV.

A titre d'information, vous trouverez ci-joint copie de cet acte.

La SCEV n'a, à ma connaissance, pas encore réagi suite à cette mesure conservatoire, sachant qu'il semble que cette entreprise ait été fermée durant le mois d'août.

Si celle-ci souhaite contester les saisies pratiquées, elle pourra alors s'adresser au Juge de l'Exécution de CHALONS EN CHAMPAGNE en tout moment, et ce même lorsque nous aurons introduit l'action en exequatur.

Le Juge pourra alors ordonner soit la mainlevée de la mesure, soit sa modification (réduction) pour sauvegarder aussi bien vos intérêts que ceux de la SCEV.

Il me paraîtrait difficile pour le magistrat qui nous a autorisé à procéder à cette mesure conservatoire, d'ensuite nous retirer cette autorisation en ordonnant la mainlevée, d'autant plus que l'inscription d'hypothèque provisoire n'apporte aucune gêne à l'exploitation du fonds de SCEV.

SELSIMON PIERRARD
E.B.L A.R.L. Au Capital de 300000,00 F
Siège Social : 34 Rue Des Moulins - B.P. 16 - 51766 REIMS CEDEX
TEL 03.26.84.56.56 - FAX 03.26.84.56.50
RCS REIMS B  401 228 755 0001 I NAF 741A


**SIMON PIERRARD**

**Avocats Associés**

Michelle PIERRARD
DROIT SOCIAL ET DES PERSONNES

Marie-Claude SIMON
D.E.S.S. DROIT DES AFFAIRES
DROIT DES SOCIÉTÉS  DROIT FISCAL

Raphaël CROON
Sophie MOUCHARD-DIOT
Isabelle BAISIEUX
AVOCATS

N/Réf :   GIDDING ET PIVOTAL C/ SCEV
(Hypothèques)
T.G.11/4714
MCS/IBAIP

Monsieur John-R GIDDING7
44 rue Tony Neuman
2241 LUXEMBOURG

Reims, le 3 septembre 2002

*  *  *Cher Monsieur,

Je reviens vers vous dans le dossier qui vous oppose à la SCEV.

Comme je vous l'avais indiqué dans mes précédents courriers, j'ai procédé à l'inscription d'hypothèque provisoire sur les immeubles de la SCEV.

Cette saisie a été dénoncée dans les délais le 20 août 2002 à la SCEV.

A titre d'information, vous trouverez ci-joint copie de cet acte.

La SCEV n'a, à ma connaissance, pas encore réagi suite à cette mesure conservatoire, sachant qu'il semble que cette entreprise ait été fermée durant le mois d'août.

Si celle-ci souhaite contester les saisies pratiquées, elle pourra alors s'adresser au Juge de l'Exécution de CHALONS EN CHAMPAGNE en tout moment, et ce même lorsque nous aurons introduit l'action en exequatur.

Le Juge pourra alors ordonner soit la mainlevée de la mesure, soit sa modification (réduction) pour sauvegarder aussi bien vos intérêts que ceux de la SCEV.

Il me paraîtrait difficile pour le magistrat qui nous a autorisé à procéder à cette mesure conservatoire, d'ensuite nous retirer cette autorisation en ordonnant la mainlevée, d'autant plus que l'inscription d'hypothèque provisoire n'apporte aucune gêne à l'exploitation du fonds de SCEV.

SA SIMON PIERRARD
S.E.L A.R.L. Au Capital de 300000.00 F
Siège Social : 34 Rue Des Moulins - B.P. 16 - 51764 REIMS CEDEX
TEL 03.26.84.56.56 ~ FAX 03.26.84.56.50
RCS REIMS B  444 250 553 00011 NAF 741A

**014**

# EXHIBIT 4

 [handwritten:] Dedia U525319016
10/30/2002

Michelle PIERRARD                          VINESMITH SA
Corporate and Personal Law                 38 bis route de Mersch
                                           7620 LAROCHETTE
Marie-Claude SIMON                         LUXEMBOURG
E.S.S. Business Law
Corporate Law – Tax Law                    Reims, August 28, 2002

Associate Attys.

Raphael CROON
Sophie MOUCHARD-DIOT
Isabelle BAISIEUX

Collaborating Attys.

Our Ref: GIDDING-PIVOTAL/SCEV
         Mortgages/4714
         MCS/IB

Your Ref:

### BILL No. 02457

| | |
|---|---:|
| File opening expenses…………………………………………................. | 122.00 € |
| Time spent: 6 h 30 min at 198.00 €……………………………………. | 1,287.00 € |
| - searches and drafting, formalities with bailiffs and mortgages: 5 h | |
| - travel CHÂLONS EN CHAMPAGNE on 07/19/02: 1 h | |
| - hearing in the chambers of the Execution Judge on 07/19/02: 0 h 30 min | |
| 17 pages typed at 9.00 €………………………………………………........... | 153.00 € |
| 49 photocopies at 0.40 €…………………………………………………............ | 19.60 € |
| 90 km at 0.40 €……………………………………………………………….. | 36.00 € |
| TOTAL NET OF TAX………………………………………………….. | 1,617.60 € |
| VAT 19.6%................................................................................................ | 317.05 € |
| TOTAL ALL TAXES INCLUDED……………………………………… | 1,934.65 € |
| Highway REIMS CHÂLONS…………………………………………............ | 4.20 € |
| Land Register…………………………………………………………………… | 2.00 € |
| Mortgage Registry……………………………………………………………. | 14.00 € |
| **NET PAYABLE**……………………………………………………………….. | **1,954.85 €** |

*Amount payable by you in cash, net and without discount*

*Pursuant to law no. 92/1442 of 12/31/92. It is specified that, within a term of 45 days after the due date, a late
interest of 150% of the legal interest will be applied to the outstanding amount of the bill*

Société SIMON PIERRARD – 34 Rue Des Moulins – P.O. Box 16 – 51766 REIMS CEDEX
TEL. 03.26.84.56.56 – FAX 03.26.84.56.50 – E-mail: simon-pierrard@avocat.org
S.E.L.A.R.L. with Capital of 300,000.00 F – RCS REIMS B 404 220 535 00011 NAF 741A

15/01/2008  19:28  0326845650          SELARL SIMON PIERRAR          PAGE  13/17

*Dedia  MS25319016.*
*30/10/12*


SIMON
PIERRARD

· Michelle PIERRARD
Droit social et des personnes

Marie-Claude SIMON
D.E.S.S. Droit des Affaires
Droit des Sociétés – Droit Fiscal

Avocats Associés

Raphaël CROON
Sophie MOUCHARD-DIOT
Isabelle BAISIEUX

Avocats Collaborateurs

N/Réf:    GIDDING-PIVOTAL / SCEV
          Hypothèques/ 4734
          MCS/IB

V/Réf :

VINESMITH S.A
38 bis route de Mersch
7620 LAROCHETTE
LUXEMBOURG

Reims, le 28 août 2002

## F A C T U R E  N° 02457

| | |
|---|---:|
| Frais d'ouverture de dossier | 122,00 € |
| Temps passé : 6 h 30 à 198,00 € | 1.287,00 € |
| . recherches et rédaction, démarches auprès des huissiers et hypothèques : 5 h | |
| . trajet CHALONS EN CHAMPAGNE le 19.07.02 : 1 h | |
| . audience de cabinet du Juge de l'Exécution  le 19.07.02 : 0 h 30 | |
| 17 pages dactylographiées à 9,00 € | 153,00 € |
| 49 photocopies à 0,40 € | 19,60 € |
| 90 km à 0,40 € | 36,00 € |
| | |
| TOTAL H.T. | 1.617,60 € |
| T.V.A 19,6 % | 317,05 € |
| | |
| TOTAL TTC | 1.934,65 € |
| Autoroute REIMS CHALONS | 4,20 € |
| Cadastre | 2,00 € |
| Conservation des hypothèques | 14,00 € |
| | |
| NET A PAYER | 1.954,85 € |

*Valeur en votre règlement comptant, net et sans escompte*

*Conformément à la loi numéro 92/1442 du 31.12.92, il est précisé qu'à compter d'un délai de 45 jours après la date d'échéance,*
*un intérêt de retard égal à 150 % de l'intérêt légal sera appliqué au montant impayé de la facture*

Société SIMON PIERRARD · 34 Rue Des Moulins · B.P. 16 · 51766 REIMS CEDEX
TEL 03.26.84.56.56 · FAX 03.26.84.56.50 · E-mail : simon-pierrard@avocat.org
S.EL.A.R.L Au Capital de 300000.00 F · RCS REIMS B 404 220 575 00811 NAF 741A

**016**



[hw:] 992.68 on 10/8/2 [sic]
Dedia 01516633697

Michelle PIERRARD
Corporate and Personal Law

Marie-Claude SIMON
E.S.S. Business Law
Corporate Law – Tax Law

Associate Attorneys

Raphael CROON
Sophie MOUCHARD-DIOT
Isabelle BAISIEUX

Collaborating Attorneys

OUR REFERENCE:  GIDDING & PIVOTALV. SCEV
                Pledge/4715/MCS
                MCS/IB

Mr. John R. GIDDING
5, rue du Chauffour
02130 COULONGES – COHAN

Reims, August 28, 2002

## BILL No. 02458

| | |
|---|---:|
| File opening expenses………………………………………….... | 122.00 € |
| Time spent: 3 h at 198.00 €………………………………… | 594.00 € |
| Searches and drafting and preparation of the file | |
| 12 pages typed at 9.00 €……………………………..…….. | 108.00 € |
| 15 photocopies at 0.40 €………………………………….……... | 6.00 € |
| ………………………………………………………………………… | |
| TOTAL NET OF TAX……………………………………….. | 830.00 € |
| | |
| VAT 19.6%...................................................................... | 162.68 € |
| ……………………………………………………………………….. | |
| TOTAL ALL TAXES INCLUDED………………………….. | 992. 68 € |
| …………………………………………………………………….. | |
| **NET PAYABLE**……………………………………………….. | **992.68 €** |

*Amount payable by you in cash, net and without discount*

*Pursuant to law no. 92/1442 of 12/31/92. It is specified that, within a term of 45 days after the due date, a late interest of 150% of the legal interest will be applied to the outstanding amount of the bill*

Société SIMON PIERRARD – 34 Rue Des Moulins – P.O. Box 16 – 51766 REIMS CEDEX
TEL. 03.26.84.56.56 FAX. 03.26.84.56.50 – E-mail: simon-pierrad@avocat.org
S.E.L.A.R.L. with Capital of 300,000.00 F – B 404 220 535 00011 NAF 741A

**017**

SELARL SIMON PIERRAR          PAGE 11/17

*992,68 le 8.10.2*

*Dédé 0151663697*



**SIMON PIERRARD**

**Michelle PIERRARD**
Droit social et des personnes

**Marie-Claude SIMON**
D.E.S.S. Droit des Affaires
Droit des Sociétés – Droit Fiscal

**Avocats Associés**

**Raphaël CROON**
**Sophie MOUCHARD-DIOT**
**Isabelle BAISIEUX**

**Avocats Collaborateurs**

N/Réf : GIDDING & PIVOTAL e. SCEV
Nantissement/ 4715/MCS
MCS/TB

Monsieur John R GIDDING
5 rue du Chauffour
02130 COULONGES - COHAN

Reims, le 28 août 2002

## F A C T U R E n° 02458

| | |
|---|---:|
| Frais d'ouverture de dossier | 122,00 € |
| Temps passé : 3 h à 198,00 € | 594,00 € |
| Recherches et rédaction et préparation du dossier | |
| 12 pages dactylographiées à 9,00 € | 108,00 € |
| 15 photocopies à 0,40 € | 6,00 € |
| TOTAL H.T | 830,00 € |
| T.V.A 19,6 % | 162,68 € |
| TOTAL TTC | 992,68 € |
| NET A PAYER | 992,68 € |

*Valeur en votre règlement comptant, net et sans escompte*

*Conformément à la loi numéro 92/1442 du 31.12.92. Il est précisé qu'à compter d'un délai de 45 jours après la date d'échéance, un intérêt de retard égal à 150 % de l'intérêt légal sera appliqué au montant impayé de la facture*

Société SIMON PIERRARD - 34 Rue Des Moulins - B.P. 16 - 51766 REIMS CEDEX
TEL 03.26.84.56.56 - FAX 03.26.84.56.50 - E-mail : simon-pierrard@avocat.org
S.E.L.A.R.L. au Capital de 100000.00 F - RCS REIMS B 404 220 553 00011 NAF 741A

**018**

# EXHIBIT 5

JONATHON WISE POLIER
AVOCAT A LA COUR (E-1518) / ATTORNEY AT LAW
4 RUE DE MARIGNAN
75008 PARIS
TEL.: (33) 1 47 23 41 51 / FAX: (33) 1 47 23 37 93
j-polier@paris-law.com

**OFFICIAL**

**By fax: 03 26 84 56 50**                    **Mrs. Marie-Claude SIMON**
                                              **Attorney at Law**
                                              34 rue des Moulins
                                              51100 REIMS

                                              Paris, February 19, 2008

**Case: Gidding and Pivotal vs. Anderson *et al.***          [stamp] FEB. 20 2008

Dear Colleague:

I am following up on your official fax of this morning, dated February 18, in which you request that I send you the translation into French of the items that were served to you in English.

However, since this involves a proceeding initiated in the United States, in a California jurisdiction, and not in a French jurisdiction, I do not believe it is necessary to provide a French translation of the mentioned items.

However, if your request was based on a text or jurisprudence of which I am unaware, I would be delighted to find out about it and follow up if appropriate.

Your devoted colleague.

                    [signature]
                    Jonathon Wise POLIER
                    Attorney at Law

MAR/19/FEV/2008 15:40      4 rue de Marignan          N FAX 147233          P.001

JONATHON WISE POLIER
AVOCAT A LA COUR (E-1518) ATTORNEY AT LAW
4 RUE DE MARIGNAN
75008 PARIS
TEL.: (33) 1 47 23 41 51 / FAX: (33) 1 47 23 37 93
j-polier@paris-law.com

## OFFICIELLE

Par télécopie : 03 26 84 56 50

Madame Marie-Claude SIMON
Avocat à la Cour
34 rue des Moulins
51100 REIMS

Paris, le 19 février 2008

Affaire : Gidding et Pivotal c/ Anderson et al.

20 FEV. 2008

Chère Madame, Mon Cher Confrère,

Je fais suite à votre télécopie officielle de ce matin, datée du 18 février, par laquelle vous me demandez de vous adresser la traduction en français des pièces qui vous ont été notifiées en anglais.

Cependant, s'agissant d'une instance introduite aux États-Unis, devant une juridiction californienne, et non pas devant une juridiction française, je doute de la nécessité de communiquer une traduction en français des dites pièces.

Si toutefois votre demande était fondée sur un texte ou une jurisprudence que j'ignore, je serais ravi d'en prendre connaissance et d'y donner suite le cas échéant.

Votre bien dévoué confrère,

Jonathon Wise POLIER
Avocat à la Cour

**020**

# EXHIBIT 6

SIMON
PIERRARD

Marie-Claude SIMON
*Attorney at Law*
D.E.S.S. Business Law
Corporate and Fiscal Law Specialist

Jacques TELLACHE
*Attorney at Law*
D.E.S.S. [illegible] Law

Vincent THIERY
*Attorney at Law*
D.L.A. Private Law

Jonathon Wise POLIER, Esq.
Attorney
4 rue de Marignan
75008 PARIS

*BY FAX 01.47.23.37.93*
Reims, February 20, 2008

**OFFICIAL LETTER**

**REFER TO OUR REF. NO.**

    **SIMON-PIERRARD VS. GIDDING**       **INFORMATIONAL COPY**
    **TG11/6578/MCS**
    **MCS/ML**

**Your Ref.: GIDDING AND PIVOTAL vs. ANDERSON ET AL.**

    **NOTE: CHANGE OF ADDRESS**
    **EFFECTIVE MARCH 7, 2008**
    **9 rue André Pingat – BP 430**
    **51065 REIMS CEDEX**
  **Tel.: 03.26.84.56.56. – Fax: 03.26.84.56.50**

Dear Colleague:

I am following up on your fax dated February 19.

Even though the proceeding is initiated in a California jurisdiction, the fact remains that I don't know English, and as a French citizen and the recipient of a summons that was delivered to me in France, I must have the benefit of a translated version of the elements of the case.

I look forward to hearing from you.

Sincerely yours,

Marie-Claude SIMON

**Sté. SIMON PIERRARD**
S.E.L.A.R.L. [illeg.] Capital [illeg.]
Corporate Office: 34 Rue des Moulins – BP 16 – 51766 REIMS CEDEX
**TEL. 03.26.84.56.56 – FAX 03.26.84.56.50**
E-mail: *simon-pierrard@avocat.org*

RCS REIMS [illegible]


IMON
PIERRARD

Marie-Claude SIMON
*Avocat à la Cour*
D.E.S.S. Droit des Affaires .
Specialiste du Droit des Sociétés  · Droit Fiscal

Jacques TELLACHE
*Avocat à la Cour*
D.E.S.S. Droit des PME · PMI·

Vincent THIERY
*Avocat à la Cour*
D.E.A. Droit Privé

N/REF.A RAPPELER IMPERATIVEMENT

   SIMON-PIERRARD C/ GIDDING
   TG11/6578/MCS·
   MCS/ML.

V/Réf. : GIDDING ET PIVOTAL c/ ANDERSON ET AL.

> **ATTENTION : A COMPTER DU 7 MARS 2008**
> **CHANGEMENT d'ADRESSE**
> **9 rue André Pingat - BP 430**
> **51065 REIMS CEDEX**
> **Tél. : 03.26.84.56.56 - Fax : 03.26.84.56.50**

Maitre Jonathon Wise POLIER
Avocat
4 rue de Marignan
75008 PARIS

*PAR FAX 01.47.23.37.93*

Reims, le 20 février 2008

## LETTRE OFFICIELLE

COPIE POUR INFORMATION

 

Mon Cher Confrère.

Je fais suite à votre fax du 19 février dernier.

Si l'action est effectivement introduite devant une juridiction californienne, il n'en demeure pas moins que je ne connais pas l'anglais et dois pouvoir, en tant que citoyenne française, destinataire d'une assignation qui m'est délivrée en France, bénéficier d'une version traduite des éléments de la cause.

Dans l'attente.

Je vous prie de me croire.

Votre bien Dévouée.

Marie-Claude SIMON

Sté SIMON PIERRARD
S.E.L.A.R.L. au Capital de 45 734 €
Siège Social : 34 Rue Des Moulins · B.P. 16 · 51766 REIMS CEDEX
TEL 03.26.84.56.56 · FAX 03.26.84.56.50
E-mail : *simon-pierrard@avocat.org*

RCS REIMS B  454 229 523 00073 NAF 741A