MATTHEW F. QUINT, ESQ.
California Bar No. 54369
WILSON & QUINT LLP
250 Montgomery Street, 11th Floor
San Francisco, California 94104
Telephone: 415.288.6700
Facsimile: 415.398.1608
Email: mfquint@aol.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GIDDING, an individual and PIVOTAL INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>DEREK ANDERSON, et al., and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. C-07-4755 JSW<br><br>**OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE OPPOSITION TO RULE 12(b) MOTIONS; DECLARATION OF MATTHEW F. QUINT**<br><br>Date:        April 18, 2008<br>Time:       9:00 A.M.<br>Courtroom: 2, 17th Floor<br>Judge:      Hon. Jeffrey S. White |

Defendants Derek Anderson, Plantagenet Capital Management, LLC, Plantagenet Capital America LLC, Plantagenet Capital Fund LP, Plantagenet Capital Fund II LP, PLB Holdings SA, and Plantagenet Partners SA (hereinafter, collectively "Plantagenet Defendants") oppose Plaintiffs' Ex Parte Application for Extension of Time in which to file their opposition to Plantagenet Defendants' Motion to Dismiss Action Pursuant to FRCP Rule 12(b)(1), 12(b)(5), and 12(b)(6) for the reasons set forth in the following Declaration of Matthew F. Quint.

## PREFATORY STATEMENT

At approximately noon today, Plaintiffs' new counsel informed Defendants' counsel that he would be filing an application for an extension of time in which to oppose the Plantagenet Defendants' Motion to Dismiss. (Matthew F. Quint Declaration, ¶11). Plaintiffs' opposition brief is due today.

1

OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE OPPOSITION TO MOTION TO DISMISS; DECLARATION OF MATTHEW F. QUINT

This opposition to Plaintiffs' anticipated application to extend time is filed prematurely so that the Court will be aware of Defendants' position before ruling on Plaintiffs' application for additional time. Should Plaintiffs' counsel decide not to file such an application for further time, Plantagenet Defendants apologize to the Court, in advance, for filing this unnecessary pleading.

## DECLARATION OF MATTHEW F. QUINT

I, MATTHEW F. QUINT, declare:

1. I am a United States citizen over the age of 21 years. I am a partner in Wilson & Quint LLP, attorneys of record for the Plantagenet Defendants who are submitting this opposition.

2. On January 31, 2008, the Plantagenet Defendants filed their Motion to Dismiss Action pursuant to Fed. R. Civ. P. Rule 12(b)(1), 12(b)(5), and 12(b)(6) and supporting papers. (DOCS 18-20).

3. On February 1, 2008, this Court issued its Order Setting Briefing Schedule (DOC 21) on the Plantagenet Defendants' Motion to Dismiss. Pursuant to that Order, Plaintiffs' opposition was to be filed no later than February 15, 2008.

4. On or about February 6, 2008, Plaintiffs' counsel David Cohen contacted me, told me he needed additional time to prepare the opposition and asked me if I would enter into a stipulation allowing him more time. As a matter of professional courtesy, I agreed to do so.

5. On February 6, 2008, Plaintiffs' counsel David Cohen submitted to the Court a stipulation and proposed order to modify briefing schedule. (DOC 22). Although this document indicated on its face that I had signed it and stipulated to it, in fact, I had never signed it, approved it, or even seen it at the time it was filed. I immediately telephoned Mr. Cohen and demanded he withdraw the document, which he agreed to do.

6. On February 7, 2008, Mr. Cohen submitted a new stipulation to modify briefing schedule (DOC 27) which I had, in fact, read and approved. In response to this stipulation, the Court, on February 8, 2008, issued its Order Re Second Briefing Schedule Stipulation (DOC 29). In this Order, the Court stated "… the opposition shall be filed no later than March 5, 2008 …."

7. On February 8, 2008, I served on Plaintiffs, but did not file, a Motion for Sanctions, pursuant to Rule 11, for the filing and prosecution of the First Amended Complaint. In this motion, Defendants explained why Plaintiffs and their counsel had violated Rule 11(b)(2) because the claims and other legal contentions set forth in the FAC were not warranted by existing law or by a non-frivolous argument for the extension, modification or reversal of existing law or the establishment of new law. The Plantagenet Defendants also explained why Plaintiffs and their attorneys of record had violated the provisions of Rule 11(b)(3) because there was absolutely no evidentiary support for the essential factual allegations in the Complaint and no likelihood that Plaintiffs could or would obtain evidentiary support for such allegations after a reasonable opportunity for further investigation.

8. In response to the service of the Rule 11 motion, Mr. Cohen contacted me and asked for an opportunity to meet and confer. Mr. Cohen and I met on February 21, 2008. We agreed to keep the substance of our conversation on that date confidential.

9. On February 22, 2008, I wrote to Mr. Cohen, further explaining why the filing of any further papers prosecuting Plaintiffs' claims in this action would violate the provisions of Rule 11. A true and correct copy of my February 22, 2008 letter is attached hereto as Exhibit 1.

10. Yesterday afternoon, I received a telephone call from Plaintiffs' counsel, Mr. Cohen, asking me to stipulate to a five-day extension of time for Plaintiffs to file their opposition to my clients' pending Motion to Dismiss. I asked Mr. Cohen what he intended to say in

3

opposition to the motion, but he was unable to articulate any cogent position. I told him again that if I thought his clients' position was utterly frivolous and that, under the circumstances, I was not willing to stipulate to any extension of time to oppose the motion to dismiss.

11. At approximately 11:30 a.m. this morning, March 5, 2008, upon returning to my office, I received a voicemail message from Mr. Cohen asking whether I could provide him with a copy of a document. There was no indication at that time that Mr. Cohen was not continuing to act as attorney of record for Plaintiffs. Before I had a chance to respond to Mr. Cohen, at approximately noon today, I received a telephone call from attorney Cory Birnberg, who told me that he was substituting in as attorney of record for David Cohen. Mr. Birnberg, again, requested an extension of time to file the opposition brief, which is due today. I told Mr. Birnberg that I would not stipulate to any further extension of time. He told me he would be applying to the Court for such an extension.

12. The fact that the Court has continued the hearing date on Plantagenet Defendants' motion to dismiss should not be grounds for extending Plaintiffs' time to file their opposition. Plaintiffs have been granted one extension already and have had more than four weeks to prepare their opposition. Their decision to change counsel on the very day their opposition was due is hardly good cause for an additional extension of time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: March 5, 2008.

_____
Matthew F. Quint

4

OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE OPPOSITION TO MOTION TO DISMISS; DECLARATION OF MATTHEW F. QUINT

# EXHIBIT 1

LAW OFFICES

# WILSON & QUINT LLP

MATTHEW F. QUINT

11TH FLOOR
250 MONTGOMERY STREET
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 288-6700

FACSIMILE (415) 398-1608

February 22, 2008

*Via Facsimile and First Class Mail*

David J. Cohen, Esq.
Cohen & Paik LLP
300 Montgomery Street, Suite 660
San Francisco, CA 94104

*Gidding, et al. v. Anderson, et al.*
*USDC (ND California Case No. C-07-4755 JSW)*

Dear Mr. Cohen:

    I write to further explain why any further prosecution of plaintiffs' complaint in this matter would violate the provisions of Rule 11.

    Plaintiffs' complaint in this action is based entirely on plaintiffs' unfounded suspicion that all the defendants, including my clients, colluded together to alter a written indemnity agreement by removing solvent defendant PPSA as an indemnitor of defendant SCEV, leaving only insolvent defendant PLB as indemnitor on the altered document. Plaintiffs have not attached any such altered indemnity document as part of their multitude of exhibits to their complaint. They do not claim to have ever seen such a document or to have heard anyone report its existence.

    Plaintiffs apparently base their supposition that PPSA must have been an indemnitor on their mistaken belief that PPSA was involved in the sale of SCEV to Levant. Not so. While PPSA was a party to the original acquisition of SCEV, it had transferred its interest in SCEV to PLB before the sale. At the time of sale, PLB was the sole owner of SCEV and, therefore, the sole entity providing the indemnity. PPSA was never involved in the sales transaction and, for that reason, was never an indemnitor. Plaintiffs can confirm this fact by reference to their own exhibits. Page 1 of Exhibit 25 to the complaint is a February 4, 2000 addendum to the sales contract which appears in some fashion to modify the payment terms. Examination of that document shows that the selling party is solely PLB Holdings. PPSA was not involved.

    Because PPSA was not party to the sale, there was no reason why it would, should, or did agree to indemnify SCEV for anything. Simply put, there never was a guaranty or indemnity from PPSA.

WILSON & QUINT LLP

David J. Cohen, Esq.
February 22, 2008
Page 2

    Plaintiffs' fantasies of conspiracy, despite all evidence and logic to the contrary, do not provide a sufficient basis for prosecuting a federal RICO claim against guiltless parties in violation of Rule 11. My clients long ago paid plaintiffs $150,000 to buy their peace. This continued litigation, after settlement and release, is costing my clients substantial amounts to defend and, frankly, smacks of malice. There is no likelihood in this case that plaintiffs will obtain evidentiary support for their claims after further investigation because (1) no such evidence exists, (2) defendants have explained why no such evidence exists, and (3) there is no logical reason why any such evidence would exist.

    For these reasons, defendants believe that any further papers which plaintiffs file in this action, either opposing the pending motions to dismiss or continuing to prosecute the action, will constitute additional violations of Rule 11.

    The contents of this letter do not fall within the confidentiality agreement reached between us yesterday, which agreement covered only our discussions yesterday.

Very truly yours,

Matthew F. Quint

MFQ:el

cc:    Client

```
* * * COMMUNICATION RESULT REPORT ( FEB. 22. 2008  3:15PM ) * * *

                                                        FAX HEADER 1:  1 415 398 1608
                                                        FAX HEADER 2:

TRANSMITTED/STORED : FEB. 22. 2008  3:14PM
FILE MODE            OPTION              ADDRESS                  RESULT        PAGE
-----------------------------------------------------------------------------------
2589 MEMORY TX                           G3  :  4153987500        OK            3/3
-----------------------------------------------------------------------------------
     REASON FOR ERROR
     E-1) HANG UP OR LINE FAIL              E-2) BUSY
     E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
     E-5) MAIL SIZE OVER
```

CASE # 4112.14

**LAW OFFICES**
**WILSON & QUINT LLP**
**250 MONTGOMERY STREET**
**11TH FLOOR**
**SAN FRANCISCO, CALIFORNIA 94104-3420**
**TELEPHONE # (415) 288-6700**
**FACSIMILE # (415) 398-1608**

### * * * FACSIMILE TRANSMISSION * * *

| | | | |
|---|---|---|---|
| TO | David J. Cohen, Esq. | FAX | 415.398.7500 |
| FROM | Matthew F. Quint, Esq. | DATE | February 22, 2008 |
| RE | *Plantagenet: Gidding vs.* | | |

We are transmitting __3__ page(s) including this page. If you do not receive all pages, please call (415) 288-6700.

DOCUMENT(S) TRANSMITTED:

**Matthew Quint's letter dated February 22, 2008**

_____ Original will **not** follow or

__X__ Original or copy will follow via:   __X__ U.S. Mail  ____ Overnight Service  ____ Other

THIS TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT, ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL TRANSMISSION TO US AT THE ABOVE ADDRESS BY FIRST CLASS MAIL. THANK YOU.