MATTHEW F. QUINT, ESQ.
California Bar No. 54369
WILSON & QUINT LLP
250 Montgomery Street, 11th Floor
San Francisco, California 94104
Telephone: 415.288.6700
Facsimile: 415.398.1608
Email: mfquint@aol.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GIDDING, an individual and PIVOTAL INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>DEREK ANDERSON, et al., and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. C-07-4755 JSW<br><br>**PLANTAGENET DEFENDANTS' SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR ORDER CONTINUING ALL MOTIONS TO DISMISS AND RESETTING BRIEFING SCHEDULE OR IN THE ALTERNATIVE FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Date:      April 18, 2008<br>Time:      9:00 A.M.<br>Courtroom: 2, 17th Floor<br>Judge:     Hon. Jeffrey S. White |

Defendants Derek Anderson, Plantagenet Capital Management, LLC, Plantagenet Capital America LLC, Plantagenet Capital Fund LP, Plantagenet Capital Fund II LP, PLB Holdings SA, and Plantagenet Partners SA (hereinafter, collectively "Plantagenet Defendants") file this supplemental opposition to Plaintiffs' motion for extension of time to file responsive pleading or to amend.

**I.   Plaintiffs Have Not Set Forth Any Good Cause To Extend Their Time To Oppose The Motion To Dismiss.**

Defendants reallege and incorporate herein as though fully set forth their initial Opposition to Plaintiffs' Ex Parte Application for Extension of Time to File Opposition to Rule 12(b) Motions (DOC 43).

1

The sole basis for Plaintiffs' motion for additional time is Plaintiffs' decision to change counsel on the very day their opposition was due. Had Plaintiffs not elected to change counsel, there would be no basis at all for the request for additional time. Plaintiffs do not explain why they waited until the very day their opposition was due before contacting new counsel; nor do they explain why David Cohen, their former counsel, could not have filed Plaintiffs' opposition before the substitution of counsel occurred. Indeed, given the last minute change of counsel, one may legitimately ask whether Plaintiffs' former counsel was unwilling to file an opposition after receiving Defendants' (as yet unfiled) motion for sanctions under FRCP Rule 11.

## II. Plaintiffs' Request For Leave To File A Second Amended Complaint Should Be Denied.

Defendants respectfully request that the Court review the First Amended Complaint, the exhibit book, and Plantagenet Defendants' motion to dismiss under FRCP Rule 12(b)(6) before considering Plaintiffs' request for leave to file a second amended complaint.

This is an utterly and completely frivolous lawsuit. The First Amended Complaint does not come remotely close to stating any cognizable claim under RICO, and there is no conceivable way it could be amended to do so. Plaintiffs have amended their complaint previously, and the Court has granted them one extension of time in which to oppose the pending motions to dismiss. Enough is enough. No further briefing or amendment should be permitted.

DATED: March 6, 2008.

Respectfully submitted,

WILSON & QUINT LLP

By _____
Matthew F. Quint
Attorneys for Defendants Derek Anderson, Plantagenet Capital Management, LLC, Plantagenet Capital America LLC, Plantagenet Capital Fund LP, Plantagenet Capital Fund LP II, PLB Holdings SA, and Plantagenet Partners SA

2