19/03 2008 20:54 FAX                                                          ☒002/014

A Mesdames ou Messieurs le Président et
Juges composant la    chambre du
TRIBUNAL DE COMMERCE
DE CHALONS EN CHAMPAGNE

Audience du 20 janvier 2000 à 14 Heures

## CONCLUSIONS EN REPONSE

**POUR :**   Monsieur John Robert GIDDING
de nationalité Américaine
né le 9 Avril 1947 à Glenn Ridge New Jersey (USA)
demeurant La Loma Road Pasadena California 91115 USA
et résidant temporairement : 5 rue du Chauffour
02130 Coulonges Cohan (France)

DEFENDEUR

Ayant pour Avocat Postulant : Maître Jacques LEGAY
Barreau de Chalons en Champagne

Et pour Avocat Plaidant : Maître Pierre BENICHOU
Barreau de PARIS Toque P 178
(pour la SCP Pierre BENICHOU et Gilbert SEBBAN
demeurant 96 avenue du Maine à Paris 75014)

**CONTRE :** La Société CHAMPENOISE D'EXPLOITATION VINICOLE
Ci-après dénommée SCEV

DEMANDERESSE

Ayant pour Avocat Postulant : Maître François DEVARENNE
Barreau de Chalons en Champagne
Et pour Avocat Plaidant : Maître Jean-Claude DEBAIN
Barreau de PARIS Toque R 162

1

19/03 2008 20:54 FAX                                                              ☒003/014

## PLAISE AU TRIBUNAL

Selon exploit d'Huissier de Justice du 24 Août 1999 Monsieur John GIDDING a été assigné, conjointement avec la Société de droit américain PIVOTAL, aux fins suivantes :

« *Condamner MONSIEUR GIDDING et la SOCIÉTÉ PIVOTAL à verser* « *à la SOCIÉTÉ CHAMPENOISE D'EXPLOITATION VINICOLE* « *(SCEV)L la somme totale de 754.702,50 Francs en principal,* « *solidairement entre eux, avec intérêts, conformément aux conditions* « *générales de vente, à un taux égal à celui de l'intérêt légal multiplié par* « *1,5 à compter de la date d'échéance de chacune des factures concernées, soit respectivement les 16 juin 1999 pour un montant de 149.002,50 Francs et 7 juillet 1999 pour un montant de 605.700 Francs ;*

« *Condamner en outre les défendeurs à verser, solidairement entre eux* « *à régler la somme de 10.000 Francs à son profit en application de* « *l'article 700 du Nouveau Code de Procédure Civile.* »

« *Les condamner aux entiers dépens ;*

« *Ordonner l'exécution provisoire, sans constitution de garantie, sauf en* « *ce qui concerne la condamnation prononcée au titre de l'article 700 du* « *Nouveau Code de Procédure Civile.* »

### A/ EXCEPTION D'INCOMPETENCE

La Société SCEV soutient que le Tribunal de Commerce de Chalons en Champagne est seul compétent au motif que cette compétence est stipulée par ses conditions générales de vente.

In limine litis, Monsieur GIDDING conteste très respectueusement la compétence du Tribunal de Commerce de Chalons en Champagne pour les raisons suivantes :

2

Encore que la Société SCEV ne verse pas aux débats ses conditions générales de vente, celles-ci ne pourraient figurer qu'au recto ou au verso de ses factures lesquelles factures sont destinées à l'acheteur PIVOTAL et non pas à Monsieur GIDDING.

Dès lors ces conditions générales de vente ne sauraient être opposables à Monsieur GIDDING.

De plus, sur les bons de commande établi par Monsieur GIDDING sous le nom d'ASSOCIATED BROKERS, et qui sont versés aux débats, figure une clause attributive de compétence à la juridiction de l'état de Californie pour tout le litige dont lesdits bons de commande seraient la cause ou l'occasion.

Cette clause attributive de compétence juridictionnelle s'impose d'autant plus que le bon de commande 18305 concernant un montant de 605.700 Francs porte la mention « lu et approuvé » avec reçu au 13 janvier 1999, et signature et cachet de la Société Champenoise d'Exploitation Vinicole.

En conséquence, le Tribunal de Céans se déclarera incompétent au profit de la Cour Supérieure de l'Etat de Californie.

B/ SUBSIDIAIREMENT

B.I – LES FAITS

La Société SCEV rappelle en effet :
- qu'elle produit et distribue du champagne, notamment par l'intermédiaire de Monsieur GIDDING sous l'enseigne « ASSOCIATED BROKERS. »

> Ce champagne est de marque LEBRUN ce qui explique que, bien souvent, dans les rapports entre les parties, il sera question des « Champagnes LEBRUN » et non pas de SCEV.

Que Monsieur GIDDING lui a, à ce titre, passé commande de divers produits dont le destinataire était la Société de droit américain PIVOTAL pour un montant total de 754.702,50 Francs correspondant :

3

- à une facture N° 6399 du 18 mars 1999 venant à échéance le 16 juin 1999 pour un montant de 149.002,50 Francs,

- et à une facture N° 6286 du 8 avril 1999 venant à échéance le 7 juillet 1999 pour un montant de 605.700 Francs.

Que ces factures resteraient à ce jour impayées malgré des rappels (dont les justificatifs ne sont pas versés aux débats) et une mise en demeure du 9 juillet 1999.

C'est dans ces conditions que la Société SCEV a cru devoir solliciter du Tribunal la condamnation de Monsieur GIDDING solidairement avec la Société PIVOTAL, au paiement des sommes sus-indiquées.

B.II – <u>DISCUSSION</u>

Il apparaît que Monsieur GIDDING ne s'est comporté en l'espèce ni comme un courtier, ni comme un commissionnaire, mais comme un agent commercial dont la commission était à la charge du co-contractant vendeur (Société SCEV).

Cette situation se déduit :

- de la rédaction des bons de commande avec la mention précise de l'acheteur (Société PIVOTAL) en sorte que l'opération n'était visiblement pas souscrite par Monsieur GIDDING en son nom du fait que :

    - les marchandises étaient facturées et livrées directement à ladite Société PIVOTAL sans transiter par Monsieur GIDDING.

    - Les commissions réglées par le vendeur à Monsieur GIDDING selon état annuel adressé par Monsieur GIDDING (ASSOCIATED BROKERS) le 1er janvier de chaque année étaient de 5% du montant des factures émises par le vendeur à l'adresse de PIVOTAL.

4

> **A titre d'exemple** Monsieur GIDDING verse notamment aux débats les relevés de règlements des commissions à son ordre couvrant au 1er janvier de l'année suivante, les commissions des années 1996, 1997, 1998 s'agissant de produits notamment achetés par PIVOTAL.

Cette situation était connue de la Société SCEV ainsi qu'il en est justifié par lesdits bons de commandes, les relevés de commission et la photocopie des chèques de règlement de commissions à Monsieur GIDDING sur Banque SNVB ou sur compte chèque postal.

Au surplus, la mise en demeure dont se prévaut la Société SCEV était adressée à la Société PIVOTAL et non pas à Monsieur GIDDING.

**Par ailleurs aucune clause de ducroire (garantie à l'égard du vendeur de la bonne exécution du marché) n'a été souscrite par Monsieur GIDDING.**

Il se déduit de ces observations que l'action en paiement formée par la Société SCEV directement à l'encontre de Monsieur John GIDDING n'est pas fondée.

La Société SCEV sera donc déboutée de toutes ses demandes fins et conclusions dirigées contre Monsieur GIDDING lequel sera mis hors de cause.

C/ EN TOUTE HYPOTHESE

C- SUR L'INDEMNITE AU TITRE DE L'ARTICLE 700 DU NCPC ET LES DEPENS.

Il serait inéquitable de laisser à la charge de Monsieur John GIDDING les frais d'instance irrépétibles qu'il a dû engager dans la défense de ses intérêts légitimes.

> De ce chef l'exposant sollicite la condamnation de la Société SCEV au paiement de la somme de 15.000 Francs par application de l'article 700 du Nouveau Code de Procédure Civile.

5

La Société CHAMPENOISE D'EXPLOITATION VINICOLE succombant dans la présente instance devra supporter la charge des entiers dépens.

### PAR CES MOTIFS

Il est demandé au Tribunal de bien vouloir :

- Se déclarer incompétent à connaître du présent litige, au profit de la Cour Supérieure de l'Etat de Californie (U.S.A.)

- Renvoyer la Société Champenoise d'Exploitation Vinicole (S.C.E.V.) à se pourvoir devant cette juridiction.

SUBSIDIAIREMENT

- Dire irrecevable et en tout cas non fondée la demande formée par La Société CHAMPENOISE D'EXPLOITATION VINICOLE (SCEV) à l'encontre de Monsieur John GIDDING.

- Débouter ladite société de son action en paiement dirigée contre Monsieur GIDING.

- Mettre ce dernier purement et simplement hors de cause.

EN TOUTE HYPOTHESE

- Condamner la Société SCEV au paiement à Monsieur John GIDDING de la somme de 15.000 Francs par application de l'article 700 du Nouveau Code de Procédure Civile.

- La condamner aux entiers dépens.

SOUS TOUTES RESERVES.

Bordereau de pièces communiquées, en pages suivantes.