Société Civile Professionnelle
HAEM-CHATELAIN-MASSON-FOLTZ
Huissiers de Justice Associés
1, Place Victor Hugo
51200 EPERNAY
Tél : 03.26.51.17.27
Fax : 03.26.55.37.48
CCP Châlons 245.72 J

DECRET art. 224
**SECOND ORIGINAL**

PROCES-VERBAL DE
SAISIE-CONSERVATOIRE **CARENCE**
ENTRE LES MAINS D'UN TIERS

Le *Quinze juillet.*
DEUX MIL DEUX

Références:
207969/946/MM

Edité le 15.07.2002

La S.C.P. Michel HAEM, Patrick CHATELAIN, Myriam MASSON
Dominique FOLTZ, Huissiers de Justice Associés à la
résidence d'Epernay, y domiciliée, 1 Place Victor Hugo,
soussigné,

A   SOCIETE
*CAZANOVE*
*1 rue des ostelles*
*51200 Epernay*

A LA DEMANDE DE
Monsieur John R GIDDING, de nationalité Américaine né le 9
avril 1947 à NEW JERSEY USA demeurant 1080 haight Street à
SAN FRANCISO CALIFORNIE

Elisant domicile en mon Etude,

**AGISSANT EN VERTU DE**
UNE ORDONNANCE DUMENT EN FORME EXECUTOIRE ET RENDUE SUR RE-
QUETE PAR MR LE JUGE DE L'EXECUTION DU TR. GRANDE INSTANCE
de CHALONS EN CHAMPAGNE en date du 09.07.2002

JE VOUS DEMANDE DE ME FAIRE CONNAITRE
les biens que vous détenez pour le compte de :
      SOCIETE
      Société champenoise d'exploitation
      vinicole SCEV
      93 Avenue de Paris

      51000 CHALONS EN CHAMPAGNE

et parmi ces biens, ceux qui auraient fait l'objet
d'une saisie antérieure.

ATTENTION : En cas de refus de déclaration ou de décla-
ration inexacte ou mensongère, le tiers peut être condamné
au paiement des causes de la saisie, sauf son recours contre
le débiteur. Il peut être aussi condamné à des dommages et
intérêts.

IL M'EST ALORS REPONDU
( )Le tiers-détenteur a refusé de répondre.
(X)Le tiers-détenteur m'a déclaré ne détenir aucun bien
   appartenant au débiteur.
J'en ai pris acte, attirant son attention sur les
conséquences possibles et les sanctions rappelées ci-
dessous. Une copie du présent lui a été signifiée.
( )Le tiers-détenteur m'a déclaré détenir des biens

EXHIBIT C Page 1 of 7

Société Civile Professionnelle
HAEM-CHATELAIN-MASSON-FOLTZ
Huissiers de Justice Associés
1, Place Victor Hugo
51200 EPERNAY
Tél : 03.26.51.17.27
Fax : 03.26.55.37.48
CCP Châlons 245.72 J

DECRET art. 224

**SECOND ORIGINAL**

PROCES-VERBAL DE
SAISIE-CONSERVATOIRE ~~CARENCE~~
ENTRE LES MAINS D'UN TIERS

Le *Quinze juillet.*
DEUX MIL DEUX

Références:
207969/S46/MM

Edité le 15.07.2002

La S.C.P. Michel HAEM, Patrick CHATELAIN, Myriam MASSON Dominique FOLTZ, Huissiers de Justice Associés à la résidence d'Epernay, y domiciliée, 1 Place Victor Hugo, soussigné,

A          SOCIETE
*CAZANOVE*
*1 rue des ostelles*
*51200 Epernay*

A LA DEMANDE DE
Monsieur John R GIDDING, de nationalité Américaine né le 9 avril 1947 à NEW JERSEY USA demeurant 1080 haight Street à SAN FRANCISO CALIFORNIE

Elisant domicile en mon Etude,

**AGISSANT EN VERTU DE**
UNE ORDONNANCE DUMENT EN FORME EXECUTOIRE ET RENDUE SUR REQUETE PAR MR LE JUGE DE L'EXECUTION DU TR. GRANDE INSTANCE de CHALONS EN CHAMPAGNE en date du 09.07.2002

JE VOUS DEMANDE DE ME FAIRE CONNAITRE
les biens que vous détenez pour le compte de :
SOCIETE
Société champenoise d'exploitation
vinicole SCEV
93 Avenue de Paris

51000 CHALONS EN CHAMPAGNE

et parmi ces biens, ceux qui auraient fait l'objet d'une saisie antérieure.

ATTENTION : En cas de refus de déclaration ou de déclaration inexacte ou mensongère, le tiers peut être condamné au paiement des causes de la saisie, sauf son recours contre le débiteur. Il peut être aussi condamné à des dommages et intérêts.

IL M'EST ALORS REPONDU
( ) Le tiers-détenteur a refusé de répondre.
(X) Le tiers-détenteur m'a déclaré ne détenir aucun bien appartenant au débiteur.

EXHIBIT C Page 2 of 7

rappelé verbalement le contenu des dispositions des 3°, 5° et 6° de l'article 101 du Décret) : pour garantir la somme de 104.712,26 Euros, montant des causes du titre ci-dessus.

--
--
--
--
--
--
--
--
--
--
--

COUT ACTE
(Décret 096-1080
du 12.12.1996)

DRC FIXES
§ 9 7    67,20
Droit D'ENGAGEMENT
DE POURSUITES
Article 13  200,00
FRAIS DE DEPLACEMENT
Article 18    5,48
----------
HT        272,68
TVA 19,60%  53,45
TAXE FORFAITAIRE
Article 20    9,00
----------
TTC (1)   335,13

LETTRE
Article 20    0,69
----------
TTC (2)   335,82

Biens dont j'ai constitué gardien le tiers-détenteur, à qui j'ai rappelé verbalement qu'il peut se prévaloir des dispositions de l'article 104 du Décret qui dispose que : le tiers peut refuser la garde des biens saisis. A tout moment, il peut demander à en être déchargé. L'Huissier de Justice pourvoit à la nomination d'un gardien et à l'enlèvement des biens.

TRES IMPORTANT

Les biens saisis sont indisponibles et ils sont placés sous votre garde. Ils ne peuvent être ni aliénés, ni déplacés sous peine de sanctions prévues à l'article 314-6 du Code Pénal. Néanmoins, si une cause légitime rend leur déplacement nécessaire, vous êtes tenu d'en informer préalablement le créancier et d'indiquer le lieu où ils seront placés.

Vous êtes également tenu de faire connaître la présente saisie à tout créancier qui procèderait à une nouvelle saisie sur les mêmes biens.

Vous pouvez faire valoir vos droits sur les biens saisis par déclaration ou par lettre recommandée avec demande d'avis de réception, adressée à mon Etude.

Les contestations relatives à la présente saisie conservatoire sont portées devant le Juge de l'Exécution du lieu de la saisie à
Mr le Juge de l'Execution
Palais de Justice
~~Quai Eugène Perrier~~
51000 CHALONS EN CHAMPAGNE

RAPPEL DES SANCTIONS PENALES

ARTICLE 314-6 DU CODE PENAL :
(Décret 92-685 du 22 Juillet 1992)
Le fait, par le saisi, de détruire ou de détourner un objet saisi entre ses mains en garantie des droits d'un créancier et confié à sa garde ou ) celle d'un tiers est puni de trois ans d'emprisonnement et de 2 500 000 Francs d'amende.

EXHIBIT C Page 3 of 7

```
Société Civile Professionnelle
HAEM-CHATELAIN-MASSON-FOLTZ
Huissiers de Justice Associés
    1, Place Victor Hugo
       51200 EPERNAY
   Tél : 03.26.51.17.27
   Fax : 03.26.55.37.48
   CCP Châlons 245.72 J
```

DECRET art. 234



PROCES-VERBAL DE
SAISIE-CONSERVATOIRE
DE CREANCES

Références:
207969/S54/MM

Le quinze juillet
DEUX MIL DEUX

Edité le 15.07.2002

La S.C.P. Michel HAEM, Patrick CHATELAIN, Myriam MASSON Dominique FOLTZ, Huissiers de Justice Associés à la résidence d'Epernay, y domiciliée, 1 Place Victor Hugo, soussigné,

A:
SOCIETE
SOCIETE DE CAZANOVE
1 rue des cotelles
51200 EPERNAY

et où étant et parlant comme il est dit ci-après au procès-verbal de signification,

A LA DEMANDE DE

Monsieur John R GIDDING, de nationalité Américaine né le 9 avril 1947 à NEW JERSEY USA demeurant 1080 haight Street à SAN FRANCISO CALIFORNIE

Elisant domicile en mon Etude,

AGISSANT EN VERTU DE :

Un titre prévu à l'article 68 de la Loi du 09 Juillet 1991.

UNE ORDONNANCE DUMENT EN FORME EXECUTOIRE ET RENDUE SUR RE-QUETE PAR MR LE JUGE DE L'EXECUTION DU TR. GRANDE INSTANCE de CHALONS EN CHAMPAGNE en date du 09.07.2002

A L'ENCONTRE DE

SOCIETE
Société champenoise d'exploitation
vinicole SCEV
93 Avenue de Paris

51000 CHALONS EN CHAMPAGNE

EXHIBIT C Page 4 of 7

POUR GARANTIE DU PAIEMENT DE LA SOMME DE

| | |
|---|---|
| Principal de la créance | 90.601,06 |
| DOMMAGES ET INTERETS | |
| CLAUSE PENALE | |
| ARTICLE 700 NCPC | |
| INTERETS ACQUIS | 14.111,20 |
| ACCESSOIRES ET DIVERS | |
| FRAIS DE PROCEDURE | |
| DROIT PROPORTIONNEL COMPLEMENTAIRE ..... | |
| COUT DE L'ACTE ........................... | 326,25 |
| A DEDUIRE LES ACOMPTES RECUS ....... | --------------- |
| SOLDE A PAYER EN Euros ...... | 105.038,51 |

COUT ACTE
(Decret 096-1080
du 12.12.1996)

DROITS FIXES
Art.6 & 7   59,20
DROIT D'ENGAGEMENT
DE POURSUITES
Article 13   200,00
FRA** DE DEPLACEMENT
Ar**  * 18    5,48
----------
HT          264,68
TVA 19,60%   51,88
TAXE FORFAITAIRE
Article 20    9,00
----------
TTC (1)     325,56

LETTRE
Article 20    8,69
----------
TTC (2)     326,25

JE VOUS FAIS SOMMATION

De me faire connaître les créances que vous détenez pour le compte du débiteur sus-nommé, et parmi ces créances, celles qui auraient fait l'objet d'une saisie antérieure.

Je vous rappelle qu'aux termes des dispositions de la Loi N° 91-650 du 09 juillet 1991 :

Article 29 alinéa 3 :
Si la saisie porte sur une créance, elle en interrompt la prescription.

Article 44 :
Le tiers saisi est tenu de déclarer au créancier l'étendue de ses obligations à l'égard du débiteur, ainsi que les modalités qui pourraient les affecter, et, s'il y a lieu, les cessions de créances, délégations ou saisies antérieures.

A QUOI IL M'A ETE REPONDU

Par : *Me Lombard : Je ne détiens pas de fonds pour cette société*

Requis de signer cette réponse :

*[signature]*

Ces créances étant saisies, je vous rappelle qu'il vous est fait défense de disposer des sommes réclamées, dans la limite de ce que vous devez au débiteur.

EXHIBIT C Page 5 of 7

Société Civile Professionnelle
HAEM-CHATELAIN-MASSON-FOLTZ
Huissiers de Justice Associés
1, Place Victor Hugo
51200 EPERNAY
Tél : 03.26.51.17.27
Fax : 03.26.55.37.48
CCP Châlons 245.72 J

Références:
207969/S54/MM

Edité le 15.07.2002

DECRET art. 234

SECOND ORIGINAL

PROCES-VERBAL DE
SAISIE-CONSERVATOIRE
DE CREANCES

Le Quinze Juillet
DEUX MIL DEUX

La S.C.P. Michel HAEM, Patrick CHATELAIN, Myriam MASSON Dominique FOLTZ, Huissiers de Justice Associés à la résidence d'Epernay, y domiciliée, 1 Place Victor Hugo, soussigné,

A:
SOCIETE
SOCIETE DE CAZANOVE
1 rue des cotelles
51200 EPERNAY

et où étant et parlant comme il est dit ci-après au procès-verbal de signification,

A LA DEMANDE DE

Monsieur John R GIDDING, de nationalité Américaine né le 9 avril 1947 à NEW JERSEY USA demeurant 1080 haight Street à SAN FRANCISO CALIFORNIE

Elisant domicile en mon Etude,

AGISSANT EN VERTU DE :

Un titre prévu à l'article 68 de la Loi du 09 Juillet 1991.

UNE ORDONNANCE DUMENT EN FORME EXECUTOIRE ET RENDUE SUR RE-QUETE PAR MR LE JUGE DE L'EXECUTION DU TR. GRANDE INSTANCE de CHALONS EN CHAMPAGNE en date du 09.07.2002

A L'ENCONTRE DE

SOCIETE
Société champenoise d'exploitation
vinicole SCEV
93 Avenue de Paris

51000 CHALONS EN CHAMPAGNE

EXHIBIT C Page 6 of 7

POUR GARANTIE DU PAIEMENT DE LA SOMME DE

| | |
|---|---|
| Principal de la créance | 90.601,06 |
| DOMMAGES ET INTERETS | |
| CLAUSE PENALE | |
| ARTICLE 700 NCPC | |
| INTERETS ACQUIS | 14.111,20 |
| ACCESSOIRES ET DIVERS | |
| FRAIS DE PROCEDURE | |
| DROIT PROPORTIONNEL COMPLEMENTAIRE ..... | |
| COUT DE L'ACTE ........................ | 326,25 |
| A DEDUIRE LES ACOMPTES RECUS ....... | |
| SOLDE A PAYER EN Euros ...... | 105.038,51 |

COUT ACTE
(Decret 096-1080
du 12.12.1996)

DROITS FIXES
Art.6 & 7    59,20
DROIT D'ENGAGEMENT
DE POURSUITES
Article 13   200,00
FRAIS DE DEPLACEMENT
Art. 18       5,48
----------
HT          264,68
TVA 19,60%   51,88
TAXE FORFAITAIRE
Article 20    9,00
----------
TTC (1)     325,56

LETTRE
Article 20    0,69
----------
TTC (2)     326,25

JE VOUS FAIS SOMMATION

De me faire connaître les créances que vous détenez pour le compte du débiteur sus-nommé, et parmi ces créances, celles qui auraient fait l'objet d'une saisie antérieure.

Je vous rappelle qu'aux termes des dispositions de la Loi N° 91-650 du 09 juillet 1991 :

Article 29 alinéa 3 :
Si la saisie porte sur une créance, elle en interrompt la prescription.

Article 44 :
Le tiers saisi est tenu de déclarer au créancier l'étendue de ses obligations à l'égard du débiteur, ainsi que les modalités qui pourraient les affecter, et, s'il y a lieu, les cessions de créances, délégations ou saisies antérieures.

A QUOI IL M'A ETE REPONDU

Par : *Me Lombard : je me detiens pas de fonds pour cette société*

Requis de signer cette réponse :

Ces créances étant saisies, je vous rappelle qu'il vous est fait défense de disposer des sommes réclamées, dans la limite de ce que vous devez au débiteur.

EXHIBIT C Page 7 of 7