1  BIRNBERG & ASSOCIATES
   CORY A. BIRNBERG (SBN 105468)
2  JOSEPH SALAMA (SBN 212225)
   BIRNBERG & ASSOCIATES
3  703 Market Street, Suite 600
   San Francisco, CA 94103
4  Telephone: (415) 398-1040
   Facsimile: (415) 398-2001
5
   Attorneys for Plaintiffs
6  JOHN GIDDING, PIVOTAL, INC.
7
8              UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA
10             SAN FRANCISCO DIVISION
11
12 JOHN GIDDING, PIVOTAL, INC.      ) Case No. C-7-04755-JSW
                                    )
13       Plaintiffs,                ) DECLARATION OF JOHN
                                    ) GIDDING IN SUPPORT OF
14 v.                               ) OPPOSITION TO PLANTAGENET
                                    ) DEFENDANTS' MOTION TO
15 DEREK ANDERSON, et al.,          ) DISMISS
                                    )
16       Defendants.                )
                                    )
17                                  ) Date: May 30, 2008
                                    ) Time: 9:00 a.m.
18 _____   ) Place: 2, 17th Floor.

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

DECLARATION OF JOHN GIDDING IN OPPOSITION TO PLANTAGENET'S MOTION TO DISMISS    Case No. C-7-04755-JSW

-1-

I, John Gidding, declare:

1.    I make this declaration upon my own personal knowledge as to those facts stated upon information and belief, believe them to be true. I am a plaintiff in this matter.

2.    I have read Plantagenet Defendants' motion and found that Defendant Derek Anderson is being candid about committing several acts that actually further the scheme. He admits to liquidating Defendant PLB Holdings five weeks after he signed a stipulation to indemnify the other party for litigation that had only just begun. He admits to not honoring his word to Defendant Patrick Raulet.

3.    By "shell company", I refer to a corporation with no corporal existence or independent management. Based upon my examination of the Luxembourg Registry of Commerce, the website "SEC info", hosted by the SEC, the deposition testimony of Defendants Derek Anderson's, John Zappettini, and Francois LeBrun, my own conversations with defendant Serge Hauchart, and eight years of litigation in the courts of the United States and France, "Plantagenet" is composed of: Anderson; shell companies in the Cayman Islands; Defendants Plantagenet Capital Fund LP ("PCF-1") and Plantagenet Capital Fund LP II ("PCF-2"); shell companies in Delaware, Defendants Plantagenet Capital Management LLC ("PCM") and Plantagenet Capital America LLC ("PCA"); a shell company in Luxembourg, Defendant PLB Holdings SA ("PLB"); and a partnership in France, Plantagenet Partners SA ("PPSA").

4.    PCF-1 and PCF-2 have the same address as 13,000 other companies, the "Ugland House" in the Cayman Islands (FAC Ex. 12). Attached as **Exhibit A** is a true and correct copy of an article on money laundering in the Cayman Islands. While the Cayman Islands provide near-total secrecy, SEC info indicates that PCF-1, PCF-2, PCA, and PCM are owned, controlled, or managed by Anderson, Patricia Love Anderson (presumably Anderson's wife), and Zappettini. The SEC info also indicates that PCA and PCM are Delaware corporations. Attached as **Exhibit B** is a true and correct copy of pages from SEC info. The Luxembourg Registry of

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

DECLARATION OF JOHN GIDDING IN OPPOSITION TO PLANTAGENET'S MOTION TO DISMISS    Case No. C-7-04755-JSW

Commerce indicates that PLB is owned by PCF-1, PCF-2, and PCA, and that PLB is managed by Anderson, Lemal, and Harold Robinson. Anderson, Zappettini, and Robinson are respectively residents of Mill Valley, Atherton, and Santa Rosa, California (**FAC#12**).

5. Based on the above information it is my opinion that all of the Plantagenet shell companies are owned, controlled, and managed from this District and are alter egos of Anderson. PPSA appears to be the only operational Plantagenet entity, with its own office once located in Paris (with employees, phones, etc.).

6. Attached as **Exhibit C** is a true and correct copy of PPSA's incorporation papers, dated August 19, 1998, indicating that PCM, represented by Anderson, and Defendant Olivier Lemal, a French citizen, founded PPSA.

7. Attached as **Exhibit D** is a true and correct copy of PPSA's corporate minutes, dated September 17, 1999, which show that the shares of PPSA were divided equally between PCM and Lemal. Attached as **Exhibit E** is a true and correct copy of PPSA's corporate minutes, dated November 23, 1999, which show that the name Plantagenet SARL was changed to Plantagenet Partners SA. Based upon the above it is my opinion that PLB and PPSA are not subsidiaries of each other, or subsidiaries of a single parent company.

8. Attached as **Exhibit F** is a true and correct copy of a USA Today article dated March 17, 1999, wherein Anderson announced to USA Today that PLB had purchased SCEV. Attached as **Exhibit G** is a true and correct copy of the Deposition of SCEV represented by LeBrun. LeBrun testified to the Superior Court of California that the "legal" sale of SCEV was in January 1999. The above documents lead me to the conclusion that Hauchart acquired control of SCEV on December 18, 1998, and waited until Anderson created PLB to transfer the shares.

9. Attached as **Exhibit H** is a true and correct copy of PPSA hiring Geoffroy Surbled. Attached as **Exhibit I** is a true and correct copy of Geoffroy Surbled receiving two checks from Levant, one for 26MF and the other for 3MF. A Plantagenet news release confirms that PPSA was paid for SCEV (**FAC#13**). PLB was liquidated on April 7, 2000. (**FAC#12**)

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

DECLARATION OF JOHN GIDDING IN OPPOSITION TO PLANTAGENET'S MOTION TO DISMISS     Case No. C-7-04755-JSW

-3-

10. Based on the above it is my opinion that (1) PLB and PPSA are not subsidiaries of each other, or subsidiaries of a single parent company; (2) PLB, a Luxembourg corporation, paid for something they did not sell, and (3) PPSA, a French corporation, was paid for something they did not buy.

11. Attached as **Exhibit J** is a true and correct copy of a PPSA memo, the Importer (Jean Chancel of Dominion Wines) and the agent (Erica Valentine) were chosen to replace Pivotal and myself as SCEV's agents. Based upon my study of the pleading in French court and conversations with Hauchart, SCEV signed a contract with PPSA to take control over the United States market and PPSA was paid 650,000 French Francs (about $100,000) in advance to do this

12. Attached as **Exhibit K** is a true and correct copy of a letter Anderson sent to my home in Pasadena California. It is impossible to understand which "Plantagenet" is writing to me. This document demonstrates the functional interchangeably

13. Concerning the service of PPSA: I asked my lawyer in France, Yannick Sala, to locate PPSA so that I could serve them with the original complaint. Sala told me that PPSA had been liquidated and he was unable to discover how it could be served. I had another French lawyer, Jonathon Polier, try and serve the original complaint on Lemal, the former president of PPSA, to no avail. Either Lemal is evading service or has disappeared.

14. Concerning the service of PLB: I asked my lawyer in Luxembourg, Alain Steichen, how to serve PLB. Streichen told me that PLB had been liquidated and that Zappettini was named as the liquidator. The Luxembourg judgments (FAC Ex. 31) indicate that neither PLB or Zappettini could be found. I employed a private detective to locate Zappettini in the United States, but Zappettini has disappeared.

15. Concerning the service of PCF-1, PCF-2: Over the past year, the Prosecutor of France has called upon me to testify in an investigation seeking to indict the Defendants, and their accomplices for money laundering and corruption. I was informed that the French Justice

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

DECLARATION OF JOHN GIDDING IN OPPOSITION TO PLANTAGENET'S MOTION TO DISMISS   Case No. C-7-04755-JSW

-4-

1  Department was not able to locate these entities, and it is not 100% sure that they are corporations
2  in the first place. PCF-1 and PCF-2 may be the names of bank accounts.
3      16.    Concerning PCA and PCM, these appear to be Delaware corporations with
4  offices in California.
5      17.    The only way possible to serve the "Plantagenet entities", as I understood it, was
6  to serve Anderson as he is listed as an officer and director of every company. Further: according
7  to their articles, when PLB was liquidated, 80% of the proceed of the liquidation would flow back
8  to PCF-1 and PCF-2, and 20% of the proceeds of the liquidation would flow back to PCA; when
9  PPSA was liquidated, 50% of the proceeds would flow back to PCM. Thus PLB and PPSA
10 were liquidated with proceeds going to entities that have not contested service that are alter egos
11 of Anderson.
12     I declare under penalty of perjury the foregoing is true and correct under the laws of the
13 United States and pursuant to 28 U.S.C.§ 1746. Executed this 21st day of March 2008 at San
14 Francisco, California.

By:  /s/John Gidding
      John Gidding

BIRNBERG & ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

DECLARATION OF JOHN GIDDING IN OPPOSITION TO PLANTAGENET'S MOTION TO DISMISS    Case No. C-7-04755-JSW