1 | BIRNBERG & ASSOCIATES
CORY A. BIRNBERG (SBN 105468)
2 | JOSEPH SALAMA, ESQ. (SBN 212225)
BIRNBERG & ASSOCIATES
3 | 703 Market Street, Suite 600
San Francisco, CA 94103
4 | Telephone: (415) 398-1040
Facsimile: (415) 398-2001
5 |
Attorneys for Plaintiffs
6 | JOHN GIDDING, PIVOTAL, INC.

7 |

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | SAN FRANCISCO DIVISION

11 |

JOHN GIDDING, PIVOTAL, INC.              ) Case No. C-7-04755-JW
12 |                                         )
         Plaintiffs,                       ) PLAINTIFFS' OPPOSITION TO
13 |                                         ) MOTION TO DISMISS S.A.S. LES
v.                                       ) CHAMPS RENIERS AND
14 |                                         ) CHRISTOPHE RAPENEAU FOR
DEREK ANDERSON, et al.,                   ) LACK OF PERSONAL
15 |                                         ) JURISDICTION
         Defendants.                       )
16 |                                         )
                                         )
17 |                                         ) Date: May 30, 2008
                                         ) Time: 9:00 a.m.
18 | _____ ) Place: Courtroom 2, 17th Floor

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |
OPPOSITION TO MOTION FOR .A.S. LES CHAMPS RENIERS AND CHRISTOPHE RAPENEAU'S LACK OF JURISDICTION
MOTION                                                          Case No. C-7-04755-JW

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

NOW COME Plaintiffs JOHN GIDDING and PIVOTAL, INC. and do oppose the motion of .A.S. LES CHAMPS RENIERS AND CHRISTOPHE RAPENEAU For Lack of Personal Jurisdiction.

## I. LEGAL STANDARD

If the Court rules on a Rule 12(b) (2) motion to dismiss on the basis of affidavits only, or on the basis of affidavits plus discovery, plaintiff need only make a *prima facie* showing of personal jurisdiction to defeat the motion. See *Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995). This showing must consist of admissible evidence which, if believed, would be sufficient to establish personal jurisdiction. *WNS, Inc. v. Farrow*, 884 F.2d 200, 203-04 (5th Cir. 1989). The Court cannot assume the truth of allegations in a pleading that are contradicted by a sworn affidavit. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977). However, factual conflicts in the parties' declarations are resolved in the plaintiff's favor at this initial stage. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) ("If a plaintiff's proof is limited to written materials, it is necessary only for these materials to demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss."). Finally, the documents submitted by plaintiff are construed in the light most favorable to plaintiff, and all doubts are resolved in plaintiff's favor. *Metropolitan Life Ins. v. Neaves*, 912 F.2d 1062, 1064 n.1 (9th Cir. 1992).

## II. FACTUAL BACKGROUND

Christophe and Jean Francois Rapeneau control companies that control the diverse Champagne holdings of the Rapeneau and Ducellier families.  Many of these companies sell Champagne and the Unites States is a major Champagne market.  One, some, or all of these companies solicit sales in the United States.  In my twenty five years in the wine trade, Christophe's agents have solicited business from Pivotal and John Gidding.

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA. 94103
TEL (415) 398-1040
FAX (415) 398-2001

OPPOSITION TO MOTION FOR .A.S. LES CHAMPS RENIERS AND CHRISTOPHE RAPENEAU'S LACK OF JURISDICTION MOTION                                                                                  Case No. C-7-04755-JW

1  Christophe is the administrative brother, Jean-Francois is the sales brother, they are two

2  sides of the same coin, one side sells the other administers. In July 2003, SCEV conveyed

3  their stocks of wine to a neighboring firm, SA Charles de Cazanove ("Cazanove-A") owned

4  by Thierry Lombard (Simon Exhibit C)[1].      On July 23, 2003, Christophe used his

5  company, Financier ER, to secretly acquire 80% of SCEV from Defendant Compagnie des

6  Vins du Levant ("Levant") (SIMON exhibit B), 20% from Defendant Ollivier Lemal

7  ("Lemal") (Simon exhibit I), and 1% from Defendant Serge Hauchart (Simon exhibit K).

8  This was made possible by Defendant Marie-Claude Simon ("Simon") (see Gidding

9  Declaration for Simon.)  During the six months that Simon refused to return Gidding

10  pleadings SCEV had disappeared.

11      In June 2004, Pivotal received a letter from Thierry Lombard, the owner of Cazanove-

12  A, saying that his company is no longer named SA Charles de Cazanove, but that it is

13  named Lombard & Cie.  Further the letter states that Lombard & Cie. never had a

14  relationship with SCEV, in Chalons-en Champagne, or with the Rapeneau Group in Reims.

15  Attached as **Exhibit A** to the Declaration of John Gidding is a true and correct copy of

16  Thierry Lombard's letter to Pivotal.  Attached as **Exhibit B** to the Declaration of John

17  Gidding is a true and correct copy of the commercial registration of SA Charles de

18  Cazanove in Reims ("Cazanove-B").  Christophe, Jean Francois, and Thierry Lombard are

19  directors.   Attached as **Exhibit C** to the Declaration of John Gidding is a true and correct

20  copy of SCEV's minutes, dated February 5, 2004.  These minutes indicate that Christophe

[1] References to Simon exhibits are references to the Declaration of Marie-Claude Simon, filed in her motion to Dismiss, currently to be heard on the same day and filed in this same action.

OPPOSITION TO MOTION FOR .A.S. LES CHAMPS RENIERS AND CHRISTOPHE RAPENEAU'S LACK OF JURISDICTION MOTION                Case No. C-7-04755-JW

-2-

BIRNBERG & ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA. 94103
TEL (415) 398-1040
FAX (415) 398-2001

1    and Jean-Francois changed SCEV's name to Charles de Cazanove ("Cazanove-B").

2        Attached as **Exhibit D** is a true and correct copy of SCEV's minutes, dated February

3    23, 2004.  These minutes indicate that Thierry Lombard, the owner of Cazanove-A,

4    resigned as a director from Cazanove-B.  In September 2004, SCEV, located in Chalons-en-

5    Champage, attached Defendant PLB Holdings ("PLB") to the plaintiffs' complaint, with the

6    proviso that should SCEV have to pay the Plaintiffs, and SCEV would pay in their place

7    (FAC Ex. 37). In February 2005, Pivotal received a letter from Reims, France, indicating

8    that SCEV was located in Chalons-en-Champagne, (FAC ex. 45).

9        In March 2006, Pivotal received a letter *in California* from Chalons-en-Champagne,

10    France indicating that SA Charles de Cazanove (Cazanove-B") had obtained a default

11    judgment against Pivotal, and that Pivotal must pay $1,000/day for every day they did not

12    sequester $150,000 to the lawyers association of Chalons-en Champagne.  Christophe and

13    Jean Francois use of the wires and mails resulted in the final execution of the scheme to

14    deprive Pivotal and I of the California Judgment.  **DISCUSSION**

15

16    **A.  THERE IS PERSONAL JURISDICTION OVER .A.S. LES CHAMPS**
17        **RENIERS AND CHRISTOPHE RAPENEAU**

18        There are two kinds of jurisdiction a court can exercise over a non resident

19    defendant: general jurisdiction and specific jurisdiction.  Since general jurisdiction based

20    upon due process and general principles of fair play as a standard, Plaintiffs will not spend a

21    substantial amount of time and focus in on the test for specific jurisdiction,

22        Specific jurisdiction is analyzed under a three prong test: 1) The non resident

23    defendant must purposefully direct activities or consummate some transaction with the

24    forum or resident thereof; or perform some act which he purposefully avails himself of the

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

OPPOSITION TO MOTION FOR .A.S. LES CHAMPS RENIERS AND CHRISTOPHE RAPENEAU'S LACK OF JURISDICTION
MOTION                                          Case No. C-7-04755-JW

1  privilege of conducting activities in the forum, thereby invoking the benefits and protection

2  of its laws; 2) the claim must be one which arises out of or relates to the defendant's forum

3  related activities; and 3) the exercise of jurisdiction must comport with fair play and

4  substantial justice, i.e. it must be reasonable.  *Schwarzenegger*, 374 F.3d at 802.; *Brayton*

5  *Purcell LLP v. Recordon & Recordon*, 361 F. Supp. 2d 1135, 1139-1140 (D. Cal. 2005).

6  **A.  General Jurisdiction- Minimum Contacts**

7          There is clearly personal jurisdiction over .A.S. LES CHAMPS RENIERS AND

8  CHRISTOPHE RAPENEAU, based on their substantial contacts with Northern California.

9          Where, as here, there is no applicable federal statute governing personal jurisdiction,

10  the district court applies the law of the state in which the district court sits. See, Fed. R. Civ.

11  P. 4(k) (1) (A); *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1205 (9th Cir.

12  2006).

13          In California, a court may exercise jurisdiction on any basis not inconsistent with

14  the Constitution of the state or of the United States. Cal. Code Civ. P. § 410.10; *Tuazon v.*

15  *R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006) (exercise of in personam

16  jurisdiction over an out of state defendant is limited by the Due Process Clause of the

17  Fourteenth Amendment.)

18          Because California's long arm jurisdictional statute is coextensive with federal due

19  process requirements, the jurisdictional analyses under state law and federal due process are

20  the same. *Yahoo! Inc.,* 433 F.3d at 1205.

21          For a court to exercise personal jurisdiction over a non resident defendant, that

22  defendant must have at least minimum contacts with the relevant forum such that the

23  exercise of jurisdiction does not offend traditional notions of fair play and substantial

24  justice. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004); see

25  also, *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95

26  (1945).

27

28

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

OPPOSITION TO MOTION FOR .A.S. LES CHAMPS RENIERS AND CHRISTOPHE RAPENEAU'S LACK OF JURISDICTION
MOTION                                                                      Case No. C-7-04755-JW

**B. Specific Jurisdiction- Three Prong Test**

**1. Prongs One and Two**

The first and second prongs of the three prong test for specific jurisdiction, state that 1) the non resident defendant must purposefully direct activities or consummate some transaction with the forum or resident thereof; or perform some act which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws; and 2) the claim must be one which arises out of or relates to the defendant's forum related activities. *Schwarzenegger*, 374 F.3d at 802.; *Brayton Purcell LLP v. Recordon & Recordon*, 361 F. Supp. 2d 1135, 1139-1140 (D. Cal. 2005).

Though the Ninth Circuit formerly required a plaintiff to demonstrate each of these factors to establish specific jurisdiction, now jurisdiction may be established with a lesser showing of minimum contacts if considerations of reasonableness dictate. *Ochoa v. J.B. Martin & Sons Farms*, 287 F.3d 1182, 1189 (9th Cir. 2002). Under this analysis, there will be cases in which the defendant has not purposefully directed its activities at the forum state, but has created sufficient contacts to allow the state to exercise personal jurisdiction if such exercise is sufficiently reasonable. *Id.*

*Schwarzenegger* particularly relies on two prior cases of this circuit that interpret *Calder v. Jones*, 465 U.S. 783 (1984): the *Sinatra* and *Bancroft* cases. In *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191 (9th Cir. 1988), the National Enquirer published false stories about by Frank Sinatra, the famous singer, to a Swiss clinic for "youth regeneration treatments." *Id.* at 1192. The clinic and the National Enquirer had made a deal whereby the clinic would supply bogus information about Sinatra to National Enquirer reporters during interviews conducted in Switzerland in return for the publicity it would receive by being featured in the resulting National Enquirer article. Sinatra sued the National Enquirer and the clinic in California state court for misappropriation of his name,

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA. 94103
TEL (415) 398-1040
FAX (415) 398-2001

OPPOSITION TO MOTION FOR .A.S. LES CHAMPS RENIERS AND CHRISTOPHE RAPENEAU'S LACK OF JURISDICTION MOTION                    Case No. C-7-04755-JW

1    likeness, and photograph. The action was removed to federal district court, and the clinic

2    sought to dismiss for lack of personal jurisdiction.

3        In application of the three-part *Calder* effects test, the Clinic has directed its

4    activities at California by using Sinatra's name in an effort to promote its business. The

5    Swiss acts or directions that had a California effect consist of: (1) the misappropriation of

6    the value of Sinatra's name through interviews conducted in Switzerland between Clinic

7    employees and Enquirer reporters, in which the Clinic supplied false information about

8    Sinatra's treatment at the Clinic; (2) the Clinic's California advertising efforts to attract

9    patients; and (3) the Clinic's knowledge of Sinatra's residence in California. *Id*. at 1195. We

10   noted that the clinic "treated many California residents," "mounted significant advertising

11   efforts in California" apart from the National Enquirer article, and that the clinic's false

12   statements about Sinatra were "expressly calculated to cause injury in California." *Id.* at

13   1196, 1198. The court observed without elaboration that "California is the situs of Sinatra's

14   injury." Id. at 1195.

15        The court concluded that "the misappropriation [of Sinatra's persona] is properly

16   viewed as an event within a sequence of activities designed to use California markets for

17   the [clinic's] benefit." Id. at 1197. "Therefore," the court concluded that the Clinic, through

18   its pursuit of California clients by advertising, part of which involved the misappropriation

19   of Sinatra's name in order to benefit the Clinic through the implied endorsement, possessed

20   sufficient minimum contacts with California to justify the district court's exercise of

21   jurisdiction over it. *Id*. at 1198; accord *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007,

22   1020 (9th Cir. 2002) (finding purposeful availment of Nevada under *Calder* where

23   defendant "specifically targeted consumers in Nevada by running radio and print

24   advertisements in Las Vegas") (internal quotation marks omitted).

25        In *Bancroft & Masters, Inc. v. Augusta National, Inc*., 223 F.3d 1082 (9th Cir.

26   2000), Bancroft & Masters was a small California company that registered the Internet

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA. 94103
TEL (415) 398-1040
FAX (415) 398-2001

27

28   OPPOSITION TO MOTION FOR .A.S. LES CHAMPS RENIERS AND CHRISTOPHE RAPENEAU'S LACK OF JURISDICTION
MOTION                               Case No. C-7-04755-JW

1   domain name "*www.masters.com*." Augusta National, a Georgia corporation and the host of

2   the famous "Masters" golf tournament, allegedly sent a letter to the official domain name

3   registrar in Virginia, challenging Bancroft & Masters's use of www.masters.com. Bancroft

4   & Masters brought suit against Augusta National in federal district court in California for a

5   declaratory judgment to establish its ownership of the domain name. In response, Augusta

6   National successfully moved the district court to dismiss the action for lack of personal

7   jurisdiction.

8       Bancroft & Masters appealed, and we applied the *Calder* effects test. We observed

9   that *Calder* "cannot stand for the broad proposition that a foreign act with foreseeable

10  effects in the forum state always gives rise to specific [personal] jurisdiction." *Id.* at 1087;

11  see *Calder*, 465 U.S. at 789 ("The mere fact that [defendants] can 'foresee' that the

12  [allegedly libelous] article will be circulated and have an effect in [the forum state] is not

13  sufficient for an assertion of [specific personal] jurisdiction."); *Burger King*, 471 U.S. at

14  474 ("Although it has been argued that foreseeability of causing injury in another State

15  should be sufficient to establish such contacts there when policy considerations so require,

16  the Court has consistently held that this kind of foreseeability is not a 'sufficient benchmark'

17  for exercising personal jurisdiction." (quoting *World-Wide Volkswagen*, 444 U.S. at 295)

18  (footnote omitted)).

19      The Court construed *Calder* to require "something more" than mere foreseeability in

20  order to justify the assertion of personal jurisdiction in California over the Georgia

21  defendant. *Bancroft & Masters*, 223 F.3d at 1087. The intentional act committed by

22  Augusta National was its drafting and mailing of a letter from Georgia to Virginia. The

23  harm was felt by Bancroft & Masters in California. The Court held that in sending this

24  letter, Augusta National had expressly aimed its conduct at California -- even though the

25  letter was actually sent to Virginia -- "because it individually targeted [Bancroft & Masters

26  in California]." *Id.* at 1088 (emphasis added); accord *California Software Inc. v. Reliability*

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

27

28  OPPOSITION TO MOTION FOR .A.S. LES CHAMPS RENIERS AND CHRISTOPHE RAPENEAU'S LACK OF JURISDICTION
    MOTION                                              Case No. C-7-04755-JW

*Research, Inc.,* 631 F. Supp. 1356, 1361 (C.D. Cal. 1986) (finding personal jurisdiction proper where plaintiffs' complaint was that defendants intentionally and individually targeted them). The Court therefore reversed the district court and held that a California forum could properly assert jurisdiction over Augusta National for its act in sending the letter to Virginia.

To support its holding in *Bancroft & Masters*, the Court cited *Panavision International, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998). In *Panavision*, defendant Dennis Toeppen, a resident of Illinois, had registered the Internet domain name "www.panavision.com." *Id*. at 1318-19. "Panavision" was plaintiff's registered trademark, and defendant's alleged plan was to obtain money from plaintiff in exchange for the rights to www.panavision.com. In furtherance of his plan, defendant sent a letter to plaintiff in California demanding $ 13,000 to release his registration of www.panavision.com. *Id*. at 1323. Instead of paying defendant, Panavision sued him in federal district court in California. The Court sustained the exercise of personal jurisdiction:

When a nonresident defendant raises a challenge to personal jurisdiction, the plaintiff bears the burden of showing that jurisdiction is proper. *Decker Coal Co. v. Commonwealth Edison Co., 805* F.2d 834, 839 (9th Cir. 1986). In the context of a motion to dismiss based upon pleadings and affidavits, the plaintiff may meet this burden by making **a prima facie** showing of personal jurisdiction. *Metropolitan Life Ins. v. Neaves*, 912 F.2d 1062, 1064 n.1 (9th Cir. 1990); *Data Disc*, 557 F.2d at 1285. In determining whether the plaintiff has made a prima facie showing, documents submitted by the plaintiff are construed in the light most favorable to the plaintiff and all doubts are resolved in the plaintiff's favor. *Metropolitan Life*, 912 F.2d at 1064 n.1. Plaintiff has made a prima facie showing.

**2. Prong Three: Exercise of Jurisdiction Unreasonable.**

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA. 94103
TEL (415) 398-1040
FAX (415) 398-2001

OPPOSITION TO MOTION FOR .A.S. LES CHAMPS RENIERS AND CHRISTOPHE RAPENEAU'S LACK OF JURISDICTION
MOTION                                                                 Case No. C-7-04755-JW

1    The third factor is whether the exercise of specific jurisdiction over the defendant

2  would be unreasonable.  *Schwarzenegger*, 374 F.3d at 802.; *Brayton Purcell LLP v.*

3  *Recordon & Recordon*, 361 F. Supp. 2d 1135, 1139-1140 (D. Cal. 2005).

4    "For jurisdiction to be reasonable, it must comport with 'fair play and substantial

5  justice.' … '[W]here a defendant who purposefully had directed his activities at forum

6  residents seeks to defeat jurisdiction, he must present a compelling case that the presence of

7  some other considerations would render jurisdiction unreasonable.'" *Panavision Intern.,*

8  *L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir.1998). In addressing the reasonableness of

9  the exercise of jurisdiction, seven factors are considered: (1) the extent of a defendant's

10  purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the

11  extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest

12  in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6)

13  the importance of the forum to the plaintiff's interest in convenient and effective relief; and

14  (7) the existence of an alternative forum.  *Id.* No one factor is dispositive; a court must

15  balance all seven. *Id.*

16    In reference to the first factor to determine reasonableness, the degree of interjection

17  into the forum state,  "[e]ven if there is sufficient "interjection" into the state to satisfy the

18  purposeful availment prong, the degree of interjection is a factor to be weighed in assessing

19  the overall reasonableness of jurisdiction under the reasonableness prong." *Panavision*, 141

20  F.3d at 1323.  Defendant RENIERS owns SCEV which does business in California. Further,

21  even though Rapeneau may not have been to California he does not deny contacts with the

22  United States. Plaintiffs would like leave to take Rapeneau's deposition in France to

23  explore his contacts with the United States.

24    Moreover, until an evidentiary hearing or trial on the merits, the complaint's

25  uncontroverted factual allegations must be accepted as true, and any factual conflicts in the

26  parties' declarations must be resolved in plaintiff's favor. *Harris Rutsky & Co. Ins. Servs. v.*

27

28

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA. 94103
TEL (415) 398-1040
FAX (415) 398-2001

OPPOSITION TO MOTION FOR .A.S. LES CHAMPS RENIERS AND CHRISTOPHE RAPENEAU'S LACK OF JURISDICTION
MOTION                                    Case No. C-7-04755-JW

-9-

1    *Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003); *Nuovo Pignone, SpA v.*

2    *STORMAN ASIA M/V* 310 F.3d 374, 378(5th Cir. 2002); *Electronics For Imaging, Inc. v.*

3    *Coyle* 340 F.3d 1344, 1349 (Fed. Cir. 2003).  But only "well pled facts of plaintiff's

4    complaint, as distinguished from mere conclusory allegations, must be accepted as true."

5    *Wenz v. Memery Crystal* 55 F.3d 1503, 1505 (10th Cir. 1995).

6

7         Pursuant to *Panavision*, *supra*, a demand letter to another state having an effect in

8    California of damages is significant to confer jurisdiction. Likewise, RENIERS and

9    Rapeneau have demanded money here of Plaintiff.

10                                   **CONCLUSION**

11

12         For the foregoing reasons, this Court should find that there is sufficient personal

13   jurisdiction over .A.S. LES CHAMPS RENIERS AND CHRISTOPHE RAPENEAU in

14   Northern California, and should therefore deny her motion to dismiss for lack of personal

15   jurisdiction.

16                                        BIRNBERG & ASSOCIATES

17

18   Dated: 21 March 2008                  By: _/s/ Cory A. Birnberg____
                                           Cory A. Birnberg
19                                         Attorneys for Plaintiffs

20

21

22

23

24

25

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

26

27

28

OPPOSITION TO MOTION FOR .A.S. LES CHAMPS RENIERS AND CHRISTOPHE RAPENEAU'S LACK OF JURISDICTION
MOTION                                              Case No. C-7-04755-JW