# TRIBUNAL DE COMMERCE DE CHALONS EN CHAMPAGNE

DU TRIBUNAL DE COMMERCE DE CHALONS-SUR-MARNE

## AUDIENCE PUBLIQUE DU JEUDI 18 MAI 2000

Affaire mise en délibéré le : JEUDI 2 MARS 2000
Avec la composition suivante : Monsieur BRUNEAU Président, Messieurs DERUE et THIEBAULT , Juges.

N°99/0278-ENTRE

HAUCHART Serge demeurant à PARIS (75), 31 Rue Robert de Flers- représenté par Maître SCHERMANN, Avocat à PARIS
PARTIE DEMANDERESSE

ET

SA SCEV dont le siège social est à CHALONS EN CHAMPAGNE (51), 93 à 99 Avenue de Paris, prise en la personne de son représentant légal domicilié de droit audit siège- représentée par Maître AYACHE, Avocat à PARIS-
PARTIE DEFENDERESSE

### LES FAITS-LA PROCEDURE-

Par exploit de la SCP MARIE PIA DURAND, Huissier de Justice associé à CHALONS EN CHAMPAGNE en date du 21 Juillet 1999, Serge HAUCHART a fait délivrer assignation à la SA SCEV à l'effet d'obtenir sur le fondement des articles 1102-1134 et 1184 du Code Civil, le paiement d'une somme de 124 456,79 francs TTC correspondant à la rémunération qui lui est due pour les mois de Mai et Juin 1999.

Il demande encore 300 000 francs à titre de dommages et intérêts, 25 000 francs en vertu de l'article 700 du NCPC et les dépens de l'instance.

A l'appui de sa demande, il expose qu'aux termes du conseil d'administration du 22 Février, celui-ci a autorisé qu'il soit rémunéré, pour son activité au sein de la société CHAMPENOIS D'EXPLOITATION VINICOLE sous forme de convention de prestations de services.

Cette résolution a été adoptée à l'unanimité des membres du conseil d'administration, à l'exception de lui même qui n'a pas sur ce point participé au vote.

En exécution de cette décision, il a présenté le 12 Avril 1999 une note d'honoraires correspondant à ses honoraires de la prestation du 1 Janvier au 31 Mars 1999 pour un montant de 150 000 francs hors taxes, soit 50 000 francs HT par mois, outre un remboursement de frais suivant état.

*grosse*

Le chèque émis en règlement de cette facture lui a été signé par un autre administrateur, Monsieur LEBRUN.

Par la suite, le 29 Avril 1999, il a adressé à la SCEV une note de régularisation, après que le Commissaire aux comptes avait fait remarquer que la première facture du 12 Avril était erronée, en ce sens qu'il n'avait pas été affecté au remboursement de frais facturés de TVA. Ainsi, il a adressé une note n°1 bis, correspondant au montant de la TVA affectée au remboursement d'un montant de 2 959,07 francs.

Le 29 Avril, il a adressé une autre facture correspondant à ses honoraires de prestations pour le mois d'avril d'un montant hors taxes de 50 000 francs, outres les remboursements de frais.

Ces deux derniers chèques ont été établis et signés par d'autres administrateurs de la société.

Les administrateurs ne peuvent soutenir que Monsieur HAUCHART aurait perçu une telle rémunération sans leur accord, non seulement en raison du fait que ces chèques ont été établis en vertu d'une résolution du Conseil d'Administration et sous la signature et établissement d'autres administrateurs, mais encore cette information était contenue dans les documents comptables adressés aux différents administrateurs.

Dans ces conditions, il est fondé à poursuivre le paiement de sa facture pour le mois de mai qui s'élève à la somme, y compris le remboursement de frais, de 64 156,79 francs TTC.

Qu'à cette somme s'ajoute sa rémunération pour le mois de juin, soit la somme de 60 300 francs TTC, soit au total 124 456,79 francs.

Il soulève encore la nullité du conseil d'administration du 28 Mai dont l'ordre du jour était sa révocation à raison de l'absence de convocation régulière à son encontre et l'irrégularité des débats lors du conseil et soutient que si l'article 110 de la loi du 24 Juillet 1966 pose le principe de la révocabilité du Président, il n'en demeure pas moins que celui-ci peut obtenir des dommages et intérêts

401/00

si celle-ci intervient dans des circonstance de nature à porter une atteinte injustifiée à son honorabilité (Cass Com 21 Juin 1988)..

La Jurisprudence exige donc qu'un certain nombre de garanties soient données à la personne qui peut être révoquée, et notamment elle exige le respect du caractère contradictoire de la décision de révocation. Le Président doit être en mesure de présenter préalablement ses observations (Cass Com 26 Avril 1994.).

Ce qui n'a pas été le cas en l'espèce.

En réponse, la SCEV soutient que monsieur HAUCHART ne peut prétendre à aucune rémunération car le Conseil d'Administration du 22 Février 1999 n'a évoqué que le principe d'une rémunération éventuelle du président et la régularité d'une rémunération sous forme de convention de prestations de services était discutée. En conséquence, elle estime que Monsieur HAUCHART doit répétition des sommes indûment perçues à compter du 1 Janvier 1999. Elle soutient encore qu'aucun dommage et intérêt ne peut être dû à raison de sa révocation car Monsieur HAUCHART a bien été convoqué au conseil d'administration du 28 Mai 1999 par lettre qui lui a été remise en main propre et il a lui même reconnu qu'il était informé de cette réunion.

En conséquence, elle conclut:

-au débouté de HAUCHART Serge de l'ensemble de ses demandes, fins et conclusions.

-Lui réclame le remboursement de la somme de 241 200 francs en principal, perçue indûment à titre d'honoraires sur la période du 1 Janvier au 30 Avril 1999, et majorée des intérêts au taux légal depuis la date du versement

Subsidiairement, elle demande au Tribunal de:

-condamner HAUCHART Serge à rembourser à la société SCEV la somme de 60 300 francs perçue à titre d'honoraires pour le mois de janvier 1999 alors qu'il n'avait pas la qualité de président à cette date

-donner acte à la société SCEV de ses réserves quant aux suites qu'elle serait susceptibles de donner à ces agissements.

En tout état de cause:

-de condamner Monsieur HAUCHART à payer à la société SCEV une somme de 500 000 francs à titre de dommages et intérêts

-de condamner Monsieur HAUCHART à payer à la société SCEV la somme de 50 000 francs sur le fondement des dispositions de l'article 700 du NCPC

- de le condamner aux entiers dépens.

SUR CE, LE TRIBUNAL VIDANT SON DELIBERE CONFORMEMENT A LA LOI.

En ce qui concerne le paiement des sommes dues au titre des mois de mai et juin 1999

Attendu que le procès verbal de la délibération du conseil d'administration du 22 Février 1999 indique:

-Le Président en l'espèce, Monsieur HAUCHART, informe le conseil sur la convention de services qu'il envisage de conclure avec la société PLANTAGENET SARL relative notamment à la mise en place d'un contrôle de gestion et à l'assistance dans l'ouverture et le suivi du marché américain, et propose également au conseil que son activité au sein de la société CHAMPENOISE D'EXPLOITATION VINICOLE-SCEV soit rémunérée sous forme de convention de prestations de services;

-Il donne alors toutes précisions utiles sur les prestations respectives de ces deux conventions.

-Après divers échanges de vues, le Conseil décide d'autoriser la conclusion des conventions de services dans les conditions exposées par le Président, étant précisé que les administrateurs intéressés se sont abstenus de prendre part au vote.

Attendu que cette résolution est très claire et ne supporte pas l'argumentation de la SCEV lorsqu'elle prétend que le principe de la rémunération de Monsieur HAUCHART était discutée. Il résulte en effet de cette réunion que la rémunération de Monsieur HAUCHART était acceptée et autorisée;

Attendu que cette décision dont la validité ne peut donc être contestée est d'ailleurs confirmée par le règlement des sommes dues à Monsieur HAUCHART en vertu de cette convention, règlement effectué par chèques bancaires signés d'un administrateur présent lors de cette délibération;

Attendu que les éléments développés en défense de ce chef ne peuvent être retenus;

Attendu qu'il convient encore de retenir que les règlements sont intervenus à compter du 1 Janvier 1999 alors qu'au terme de la délibération du conseil d'administration du 16 Janvier 1999, les fonctions de président du conseil d'administration de Monsieur HAUCHART prenaient effet à compter du 10 Février 1999;

Attendu que ce paiement démontre que la rémunération dont s'agit n'était pas relative aux fonctions de président mais à une activité différente au sein de la SCEV tel qu'il résulte du terme employé dans le procès verbal du 22 Février 1999;

Attendu qu'au terme des pièces déposées au dossier le Tribunal n'a pas connaissance de la cessation des prestations relatives à cette rémunération avant juin 1999, que la somme réclamée au titre des mois de mai et juin 1999 est donc bien due et devra être réglée par la société SCEV;

<u>En ce qui concerne les dommages et intérêts</u>

Attendu que cette demande trouve origine dans le fait que HAUCHART Serge aurait été révoqué sans convocation régulière préalable, ce que conteste la SCEV qui prétend que la convocation a été remise en mains propres à HAUCHERT Serge qui a refusé de signer l'accusé de réception et qui de plus avait connaissance de cette réunion du conseil;

Mais attendu que dans le climat conflictuel existant alors entre les parties, la SCEV ne peut, par ces seuls moyens, apportés la preuve du respect du caractère contradictoire de la révocation de HAUCHART Serge;

Attendu qu'en cette circonstance, il appartenait en effet au conseil de veiller à ce que le Président, dont la révocation était demandée soit en mesure de présenter préalablement ses observations, ce qui n'est pas démontré en l'espèce;

Que dans ces conditions, la demande de dommages et intérêts pour révocation hâtive apparaît justifiée, et doit être accueillie pour la somme réclamée de 300 000 francs;

Attendu que l'article 700 du NCPC demandée sera limitée à la somme de 5 000 francs;

Attendu que les dépens resteront à la charge de la partie qui succombe en l'espèce la SCEV;

Attendu que l'exécution provisoire doit être ordonnée;

## PAR CES MOTIFS

Après en avoir délibéré conformément à la Loi ;

Statuant publiquement, contradictoirement et en premier ressort;

Déclare HAUCHART Serge bien fondé en ses demandes fondées sur une rémunération due à compter du 1 Janvier 1999 et sur une révocation hâtive de son poste de président.

En conséquence:

Condamne la SCEV à lui payer la somme de cent vingt quatre mille quatre cent cinquante six francs et soixante dix neuf centimes (124 456,79 francs);

La condamne au paiement de la somme de trois cent mille francs (300 000 francs) à titre de dommages et intérêts et au paiement de celle de cinq mille francs au titre de l'article 700 du NCPC;

La condamne aux entiers dépens liquidés provisoirement à la somme de 500 frcs en ce non compris les fais d'assignation et de mise à exécution auxquels elle est également condamnée;

Ainsi fait jugé et prononcé par le Tribunal de Commerce de CHALONS EN CHAMPAGNE, en son Audience Publique du Jeudi 18 Mai deux mil, où étaient présents et siégeaient Monsieur BRUNEAU Président, Messieurs CARBOT et LAURENT, Juges, assistés de Maître Danièle GUILLET, Greffier.



La République Française au nom du Peuple Français mande et ordonne à tous Huissiers de Justice, sur ce requis de mettre le présent jugement à exécution. Aux procureurs Généraux et aux Procureurs de la République près les Tribunaux de Grande Instance d'y tenir la main.

A tous Commandants et Officiers de la force publique de prêter main-forte lorsqu'ils en seront légalement requis.

POUR GROSSE CERTIFIEE CONFORME scellée du ... du Tribunal de Commerce de Châlons-sur-Marne ... et délivrée par Nous, Greffier en chef dudit ...