**BIRNBERG & ASSOCIATES**
**CORY A. BIRNBERG (SBN 105468)**
**JOSEPH SALAMA, ESQ. (SBN 212225)**
**BIRNBERG & ASSOCIATES**
**703 Market Street, Suite 600**
**San Francisco, CA 94103**
**Telephone: (415) 398-1040**
**Facsimile: (415) 398-2001**

**Attorneys for Plaintiffs**
**JOHN GIDDING, PIVOTAL, INC.**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **JOHN GIDDING, PIVOTAL, INC.**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DEREK ANDERSON, et al.,**<br><br>**Defendants.** | **Case No. C-7-04755-JW**<br><br>**[PROPOSED]**<br>**ORDER DENYING MOTION FOR LACK OF PERSONAL JURISDICTION OF MARIE-CLAUDE SIMON AND DENYING MOTION FOR INEFFECTIVE SERVICE OF PROCESS**<br><br>**Date: May 30, 2008**<br>**Time: 9:00 a.m.**<br>**Place: 2, 17th Floor.** |

BIRNBERG & ASSOCIATES
703 MARKET STREET SUITE 600 SAN FRANCISCO CA, 94103 TEL (415) 398-1040 FAX (415) 398-2001

**ORDER DENYING MOTION FOR LACK OF PERSONAL JURISDICTION AND DENYING MOTION FOR INEFFECTIVE SERVICE OF PROCESS**

Case No. C-7-04755-JW

-1-

Defendant Marie-Claude Simon's Motion for **Motion For Lack Of Personal Jurisdiction And Denying Motion For Ineffective Service Of Process** came on regularly for hearing on the above captioned date and time. After appearances of the respective counsel for the parties, and consideration of the pleadings and oral argument, the Court finds as follows:

The plaintiff need only make a *prima facie* showing of personal jurisdiction to defeat the motion. See *Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995). This showing must consist of admissible evidence which, if believed, would be sufficient to establish personal jurisdiction. *WNS, Inc. v. Farrow*, 884 F.2d 200, 203-04 (5th Cir. 1989). The Court cannot assume the truth of allegations in a pleading that are contradicted by a sworn affidavit. *Data Disc, Inc. v. Systems Tech. Assoc., Inc*., 557 F.2d 1280, 1284 (9th Cir. 1977). However, factual conflicts in the parties' declarations are resolved in the plaintiff's favor at this initial stage. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) ("If a plaintiff's proof is limited to written materials, it is necessary only for these materials to demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss.").

Defendant Marie-Claude Simon apparently solicits business not only in New York but in California. She derives income in representing United States clients in the courts of France. Not only the various correspondences to individuals and entities for pursuit of the case, MCS intentionally demanded money from the Plaintiff on a bill that was purportedly paid, and as such availed herself of jurisdiction in this form. *Bancroft & Masters*, 223 F.3d

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

**ORDER DENYING MOTION FOR LACK OF PERSONAL JURISDICTION AND DENYING MOTION FOR INEFFECTIVE SERVICE OF PROCESS**

Case No. C-7-04755-JW

-2-

at 1087-1088; accord *California Software Inc. v. Reliability Research, Inc.,* 631 F. Supp. 1356, 1361 (C.D. Cal. 1986);*Panavision International, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998). Finally it appears the defendant knows English and her declaration of lack of contacts with the United States and lack of contacts with Hauchart appears to be false, given the fact that she has at least represented Richard Genderson in New York and as to Hauchart, she has invoiced him for professional services. Her affirmation of meeting Hauchart only once appears to be incredulous. This forum has an interest in protecting its citizens from sharp practices from foreign attorneys. It appears that Pivotal and Gidding's address during Simon's representation was in California and more specifically in San Francisco. Simon's declaration is false and tends to discredit her testimony overall. As such her declaration is unbelievable and Plaintiffs' have made their prima facie case of personal jurisdiction and the motion is denied.

As to service of process, Simon admits she was personally served with the First Amended Complaint and a French translation. In addition, there was included a listing of 46 exhibits, in French, which were served with the summons, First Amended Complaint and Exhibits to the complaint. The Exhibits were in English and in French. The court is reasonably satisfied that there is no requirement to have the exhibits translated that were not in French. A majority of exhibits were in French in any event, and in addition it appears that Simon understands English. Service of Process was proper and effective. Plaintiffs have offered to gratuitously translate the documents for Simon, if she still needs it and Plaintiffs are in accord, they can do so for Simon. The motion to quash the service of process is denied.

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

**ORDER DENYING MOTION FOR LACK OF PERSONAL JURISDICTION AND DENYING MOTION FOR INEFFECTIVE SERVICE OF PROCESS**

Case No. C-7-04755-JW

-3-

SO ORDERED

By:_________________ ___
Jeffrey S. White
United States District Court Judge
Northern District of California.

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

ORDER DENYING MOTION FOR LACK OF PERSONAL JURISDICTION AND DENYING MOTION FOR INEFFECTIVE SERVICE OF PROCESS
Case No. C-7-04755-JW
-4-