Fred H. Perkins (fhperkins@morrisoncohen.com)
Latisha V. Thompson (lthompson@morrisoncohen.com)
Admitted Pro Hac Vice
MORRISON COHEN LLP
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 735-8600
Facsimile: (212) 735-8708

Gail Cohen (093210) (gcohen@barwol.com)
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

Attorney for Specially-Appearing Defendant
MARIE-CLAUDE SIMON

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MR. JOHN GIDDING, an individual, PIVOTAL INC., a California corporation,<br><br>Plaintiffs,<br>vs.<br><br>DEREK ANDERSON, an individual; JOHN ZAPPETTINI, an individual; OLIVIER LEMAN, an individual; PLANTAGENET CAPITAL MANAGEMENT LLC, a purported California corporation; PLANTAGENET CAPITAL AMERICA LLC, a purported Delaware corporation; PLANTAGENET CAPITAL FUND LP, a purported Cayman Island corporation; PLANTAGENET CAPITAL FUND LP II, a purported Cayman Island corporation; PLM HOLDINGS SA, a purported Luxembourg corporation; PLANTAGENET PARTNERS SA, a purported French corporation; SA SOCIETE CHAMPENOISE D'EXPLOITATION VINICOLE, a purported French corporation; SERGE HAUCHART, an individual; PATRICK RAULET, an individual; JEAN-FRANCOIS RAPENEAU, an individual; CHRISTOPHE RAPENEAU, an individual; SA COMPAGNIE DES VINS DU LEVANT, a purported French corporation; MARIE-CLAUDE SIMON, an individual; AND DOES 1 through 100 inclusive,<br><br>Defendants. | Case No.: No. C 07-04755 JSW<br><br>Judge: Hon. Jeffrey S. White<br><br>REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION BY DEFENDANT MARIE-CLAUDE SIMON TO DISMISS ACTION FOR LACK OF PERSONAL JURISDICTION AND INEFFECTIVE SERVICE OF PROCESS<br><br>[Filed concurrently with Statement of Argument, Declaration of Danielle Gill, and Proposed Order]<br><br>Date: May 30, 2008<br>Time: 9:00 a.m.<br>Place: 2, 17th Floor.<br><br>Complaint Filed: 9/14/07 |

REPLY MEMORANDUM OF POINTS AND AUTHORITIES                Case No. C 07-04755 JSW

#1211155 v2 \20044 \001

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................................... 1

ARGUMENT .................................................................................................................................. 3

    I.    PLAINTIFFS HAVE FAILED TO ESTABLISH THE EXISTENCE OF EITHER GENERAL JURISDICTION OR SPECIFIC JURISDICTION ............................ 3

        A. Plaintiffs Have Failed to Establish General Jurisdiction Over Ms. Simon ................... 6

        B. Plaintiffs Have Failed to establish Specific Jurisdiction Over Ms. Simon .................... 7

        C. The Exercise of Personal Jurisdiction Over Ms. Simon is Unreasonable .................... 11

    II.   THE FAC SHOULD BE DISMISSED AS PLAINTIFFS HAVE NOT PERFECTED SERVICES ON MS. SIMON ............................................................... 14

    III.  PLAINTIFFS' RICO ALLEGATIONS AGAINST MS. SIMON CANNOT WITHSTAND A MOTION FOR SUMMARY JUDGMENT .................... 14

CONCLUSION ............................................................................................................................. 15

# TABLE OF AUTHORITIES

**Page**

## CASES

*Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 853 (9th Cir. 1993) ..........................13

*Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987)..................................................12

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082 (9th Cir. 2000) ........................9, 10

*Coupons, Inc. v. Ellen*, No. C 04-03072, 2006 U.S. Dist. LEXIS 1385
    (N.D. Cal. Jan. 5 2006) ..........................................................................................................8

*Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001)..........................................................................3

*Edmunds v. Superior Court*, 24 Cal. App. 4th 221, 29 Cal. Rptr. 2d 281
    (4th Dist. 1994) ..............................................................................................................6, 8, 12

*FDIC v. British-American Ins. Co.*, 828 F.2d 1439 (9th Cir. 1987).....................................11, 12, 13

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 446 U.S. 408 (1984) ......................................6

*McCray v. Furman*, No. 07-CV-0258A, 2007 U.S. Dist. LEXIS 60830
    (W.D.N.Y. Aug. 14, 2007)......................................................................................................14

*Neben & Starrett v. Chartwell Fin. (In re Park-Helena Corp.)*, 63 F.3d 877
    (9th Cir. 1995), *cert denied*, 516 U.S. 1049 (1996) ................................................................3

*Oakley, Inc. v. Jofa AB*, 287 F. Supp. 2d 1111 (C.D. Cal. 2003) .....................................................3

*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998) .............................................9, 10

*Sathianathan v. Smith Barney, Inc.*, No. C-04-2130, 2005 LEXIS 64880
    (N.D. Cal. June 6, 2005) .......................................................................................................15

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004)......................................7

*Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990)....................................................................6, 8, 9

*Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191 (9th Cir. 1988) ..................................................9

*Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) .....................................................4

**FEDERAL STATUTES**

Fed. R. Civ. P. 10...........................................................................................................14

Fed. R. Civ. P. 12.............................................................................................................3

Defendant Marie-Claude Simon ("Ms. Simon") respectfully submits this Reply Memorandum of Points and Authorities in Further Support of her Motion to Dismiss the First Amended Complaint ("FAC") of Plaintiffs John Gidding ("Gidding") and Pivotal Inc. ("Pivotal") (the "Reply").

**PRELIMINARY STATEMENT**

As demonstrated in Ms. Simon's initial Memorandum of Points and Authorities (the "Motion"), under well-established law, Ms. Simon lacks the minimum contacts with the state of California necessary to subject her to the Court's jurisdiction. Notwithstanding Plaintiffs' voluminous and frequently incomprehensible Opposition and supporting declarations,[1] it remains undisputed that Ms. Simon, a French citizen practicing law in France, has never been to California, has never practiced law in California, does not have offices in California and neither advertises nor solicits business in California. (Declaration of Marie-Claude Simon, dated February 29, 2008, submitted in support of the Motion ("Simon Decl.") ¶¶ 1-7). Indeed, Ms. Simon's business transactions with Plaintiffs were for legal services, procured, accepted and rendered in France. (Simon Decl. ¶¶ 9-14). Given these uncontroverted facts, it is clear that Ms. Simon is not lawfully subject to suit in California.

Unable to submit any admissible evidence establishing the requisite connection between Ms. Simon and California to confer either general or specific jurisdiction, Plaintiffs employ a scattergun approach accusing Ms. Simon of various wrongdoing -- without basis in fact -- unrelated to the current action, including alleged fraud in an unrelated matter and "negligence" and "malpractice." (See Opposition 4-6, 15-16; see also the Declaration of John Gidding

---

[1] Plaintiffs' Opposition to the Motion to Dismiss Marie-Claude Simon For Lack of Personal Jurisdiction and Ineffective Service of Process, filed with this Court on March 21, 2008, is referred to herein as the "Opposition".

("Gidding Decl.") ¶¶ 12, 14 and Declaration of Richard Genderson ("Genderson Decl.") ¶ 5, both submitted in Opposition to Ms. Simon's Motion). While Ms. Simon fully reserves her right to contest the baseless allegations contained in the Opposition and supporting declarations should the Court not dismiss the FAC, even if such wild and baseless allegations had a scintilla of credibility, each of the alleged wrongs occurred in France and, thus, cannot be the basis for jurisdiction over Ms. Simon.

Indeed, when reduced to its core, Plaintiffs' entire argument as to why jurisdiction over Ms. Simon is appropriate relates to Mr. Gidding's contentions that he is a California resident and the conclusory assertion that "[t]here were many exchanges of letters, declarations, documents, and telephone calls from Pivotal's offices in North Hollywood to Simon's offices in Reims." (Gidding Decl. ¶ 10). Notwithstanding that numerous documents submitted to this Court both by Ms. Simon and Mr. Gidding evidence that, at the very least, Mr. Gidding resides in Europe during certain of the relevant times, visits there "constantly" and Ms. Simon's meetings with Gidding were in France (see Gidding Decl. ¶ 5, Ex. A at 1, Ex. E at 7; Declaration of Danielle Gill in Support of the Reply ("Gill Dec.") Ex 1, Ex. 4; Declaration of Anne Lutz submitted in support of the Motion ("Lutz Decl.") Ex. 2; Simon Decl. ¶¶ 9, 15), whether Mr. Gidding's primary or legal residence is in California or Europe is not a relevant legal issue.[2] Rather, what is at least partly relevant is where Mr. Gidding was when he communicated with Ms. Simon. On this issue, Plaintiffs fail to offer admissible evidence to support the conclusory assertion that Mr. Gidding was in California when he supposedly had "many" alleged communication exchanges with Ms. Simon in France. (See Gidding Decl. ¶ 10).

Accordingly, the admissible evidence demonstrates that: (i) all of Plaintiffs' claims arise

---

[2] The Gill Decl. contains English translations of relevant excerpts of certain exhibits submitted by Plaintiffs, most of which were submitted in French.

in connection with Ms. Simon's provision of legal services in France; (ii) most (if not virtually all) of the communications between Ms. Simon and Mr. Gidding occurred while Mr. Gidding was in France and Luxembourg; (iii) any communication by Ms. Simon with Plaintiffs' agents, Seebach & Seebach, in the United States were incidental to Ms. Simon's representation of Plaintiffs in France; and (iv) Ms. Simon has no significant contacts with California -- all facts that lead inexorably to the conclusion that there is no personal jurisdiction over Ms. Simon in California.

Moreover, Ms. Simon has clearly established that Plaintiffs' attempted service was invalid as Plaintiffs failed to personally serve Ms. Simon with a fully translated FAC (including exhibits) as required by the Hague Convention through application of French law. Lastly, Plaintiffs offer no evidence to support their baseless RICO claims against Ms. Simon.

## ARGUMENT

### I. PLAINTIFFS HAVE FAILED TO ESTABLISH THE EXISTENCE OF EITHER GENERAL JURISDICTION OR SPECIFIC JURISDICTION

To establish personal jurisdiction over Ms. Simon, Plaintiffs must demonstrate that Ms. Simon's contacts with the forum are sufficient to subject her to the general or specific jurisdiction of the Court. *See* Fed. R. Civ. P. 12(b)(2); *Oakley, Inc. v. Jofa AB*, 287 F. Supp. 2d 1111, 1113 (C.D. Cal. 2003). The burden of demonstrating that the Court has jurisdiction over the defendant rests solely with Plaintiffs. *Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001). In assessing whether plaintiff has met its burden, the Court may consider evidence presented in declarations and affidavits. *Unocal Corp.*, 248 F.3d at 922. However, while factual disputes in the parties' declarations are ordinarily resolved in plaintiff's favor, a Court has no obligation to credit a declaration containing "inconsistencies and incredible assertions." *Neben & Starrett v. Chartwell Fin. Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 882 (9th Cir. 1995), *cert denied*,

516 U.S. 1049 (1996). Indeed, as even Plaintiffs concede in the Opposition, "only well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." (Opposition at 14, *citing Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Here, Plaintiffs have failed to meet their burden, as the FAC, the Opposition and supporting declarations (incredible as they may be) are all bereft of allegations supportive of the exercise of jurisdiction over Ms. Simon.

In fact, neither the FAC nor any of Plaintiffs' opposing declarations offer any competent evidence to support the assertion of jurisdiction or dispute the dispositive facts set forth in Ms. Simon's Declaration. Indeed, Plaintiffs concede that Ms. Simon did not solicit their business in California, but rather was initially recommended to Plaintiffs in 2001 by Plaintiffs' then current attorney. (Gidding Decl. ¶¶ 1, 10). Significantly, Plaintiffs do not dispute and thereby concede all of the following relevant facts attested to by Ms. Simon which demonstrate that Ms. Simon is not lawfully subject to suit in California:

- Ms. Simon is a citizen of France and has resided continuously in France for her entire life. Ms. Simon has never lived anywhere in the United States. (Simon Decl. ¶¶ 1, 7).

- Ms. Simon has never practiced law or held any type of employment in California or anywhere in the United States. (Simon Decl. ¶¶ 3, 4). Ms. Simon has no U.S. income and pays no U.S. income tax. (Simon Decl. ¶ 6).

- Ms. Simon has no office in California and has never even been to the United States, much less California. (Simon Decl. ¶ 5).

- Ms. Simon neither advertises her services nor solicits business in California. (Simon Decl. ¶ 5).

- Ms. Simon's sole business transactions with Plaintiffs were for legal services, procured, accepted and rendered exclusively in France. (Simon Decl. ¶¶ 9-14).

Unable to contest the relevant facts set forth by Ms. Simon, Plaintiffs' entire argument that Ms. Simon has the requisite jurisdictional nexus with California rests on Mr. Gidding's

contentions that he is a California resident and the conclusory assertion that "[t]here were many exchanges of letters, declarations, documents, and telephone calls from Pivotal's offices in North Hollywood to Simon's offices in Reims." (Gidding Decl. ¶ 10). Even if these allegations were true and supported by competent evidence -- which they are not as shown below -- they are legally insufficient to support a finding of personal jurisdiction over Ms. Simon.

Mr. Gidding asserts at great length how he is a resident of California and Ms. Simon purportedly knew that. Of course, whether his primary or legal residence is California or not is irrelevant. The relevant issue is, regardless of any residence in California, did Mr. Gidding also reside or at least frequently visit Europe during the relevant time period such that Ms. Simon's statement that most of the communications she had with Gidding occurred while he was in France or Luxembourg remains unrefuted by competent evidence. (Simon Decl. ¶ 12). Notwithstanding Mr. Gidding's protestations of his California residency, the evidence shows that:

- Ms. Simon sent correspondence addressed to Gidding at a Luxembourg address. (Lutz Decl. Ex. 2).

- Invoices for payments in connection with legal services rendered by Ms. Simon were sent to Luxembourg. (Lutz Decl. Ex. 3).

- Mr. Gidding provided Ms. Simon with Luxembourg phone and fax numbers by which to contact him. (Gidding Decl. Ex. E at 7; Gill Decl. Ex. 4).

- Mr. Gidding "travel[s] back and forth from the United States to Europe constantly." (Gidding Decl. ¶ 5).

- Pleadings submitted by Mr. Gidding's French attorney Pierre Benichau to the Chalons Court, state that Mr. Gidding temporarily resides at 5 rue de Chauffour, 02130, Coulonges Cohain (France). (Gidding Decl. Ex. A at 1; Gill Decl. Ex. 1).

- Mr. Gidding was in Luxembourg often enough that Richard Gendersen appointed him owner of a Luxembourg company so that he could handle administrative matters in Luxembourg. (Genderson Decl. ¶ 3).

- All meetings between Ms. Simon and Mr. Gidding occurred in Europe. (Simon

Decl. ¶¶ 9, 15; Gidding Decl. ¶ 5, Ex. A at 1, Ex. E at 7; Gill Decl. Exs. 1, 4).

- Ms. Simon was introduced to Mr. Gidding in France at the offices of Mr. Olivier d'Elvincourt, an attorney before the Reims Court of Appeal. (Simon Decl. ¶ 9).

- Ms. Simon's services were recommended to Mr. Gidding by Pierre Benchou, his own French attorney for the purposes of effecting service on SCEV in France. (Gidding Decl. ¶ 8).

As to the purported "many" exchanges of communication between Ms. Simon and Plaintiffs while in California, Plaintiffs fail to submit competent evidence to support this conclusory assertion. What evidence is proffered suggests little; namely, that: (1) Pivotal may have sent letters to Ms. Simon from California (Gidding Decl. Ex. E); *while these letters bear a California address on the letterhead, there is no proof that they were sent from California*; (2) while Mr. Gidding claims to have paid for Ms. Simon's legal fees from California, *there is no evidence of that; however, Mr. Gidding does admit and offer proof that Ms. Simon was paid through his wife from Europe* (Gidding Decl. ¶ 4, Ex. D; Gill Decl. Ex. 2); and (3) "Ms. Simon's corresponding with Seebach & Seebach on the case"; *one such communication is all that is proffered* (FAC Ex. 27). Even if Plaintiffs could support their general assertion of "many" communications -- which they do not and cannot -- the Ninth Circuit and California, however, have rejected such facts as sufficient for the establishment of jurisdiction. *See Edmunds v. Superior Court*, 24 Cal. App. 4th 221, 29 Cal. Rptr. 2d 281 (4th Dist. 1994); *Sher v. Johnson* 911 F.2d 1357 (9th Cir. 1990)

### A. Plaintiffs Have Failed to Establish General Jurisdiction Over Ms. Simon

As set forth in Ms. Simon's initial motion, Plaintiffs have not and cannot establish general jurisdiction over Ms. Simon as the "systematic and continuous contacts" with the forum state necessary to establish general jurisdiction are absent here. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 446 U.S. 408, 414 n.9 (1984). Plaintiffs' bare assertions in their

Opposition that "there is clearly personal [general] jurisdiction over Marie-Claude Simon, based on her substantial contacts with Northern California" (Opposition at 8), is utterly devoid of merit and unsubstantiated by any facts in any of the three declarations submitted in support of the Opposition. Indeed, not one paragraph of any declaration or of the FAC, for that matter, recites any regular or permanent contacts between Ms. Simon and the state of California.

### B. Plaintiffs Have Failed to Establish Specific Jurisdiction Over Ms. Simon

Likewise, Plaintiffs have failed to establish California's specific jurisdiction over Ms. Simon. In order to establish specific jurisdiction over Ms. Simon, Plaintiffs must prove that: (1) Ms. Simon purposefully directed her activities toward residents of the forum state or purposefully availed herself of the privilege of conducting activities in the forum state, thus invoking the benefits and protections of its laws; (2) the controversy relates to or arises out of Ms. Simon's contact with the forum; and (3) the exercise of jurisdiction is reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). A review of Plaintiffs' claims and the alleged supporting facts reflect that Plaintiffs have failed to establish that their claims arise out of Ms. Simon's negligible contacts with California. To the contrary, Plaintiffs' claims relate to legal services procured and rendered in France -- a fact not disputed by Plaintiffs. As such, Plaintiffs cannot establish specific personal jurisdiction. *See Schwarzenegger*, 374 F.3d at 802 ("If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state.").

Notwithstanding these clear principles of law, Plaintiffs assert that Ms. Simon is subject to this Court's jurisdiction. Specifically, Plaintiffs appear to argue that Ms. Simon's representation of Plaintiffs in the French Civil Suit along with alleged communications to or from California incident to that representation (*i.e.*, invoices and billing for legal services and

requests for documents necessary in such representation) are sufficient to establish specific jurisdiction over Ms. Simon. However, this position has been firmly rejected by California courts and the Ninth Circuit. *See Edmunds,* 24 Cal. App. 4th 221; *Sher,* 911 F.2d 1357.[3]

In *Edmunds*, the California plaintiffs claimed that their Hawaii lawyer retained in a Hawaii legal matter was subject to the Court's jurisdiction in connection with various contract and fraud related claims. Specifically, the *Edmunds* plaintiffs alleged that the Hawaii attorney had sufficient jurisdictional contacts where the attorney had travelled to California for a deposition, engaged in discussions with plaintiffs' other lawyers, and commented on certain documents plaintiffs alleged were used to defraud them. *Id.* at 228. The California appellate court reversed the lower court, holding that jurisdiction could not be asserted against the Hawaiian attorney and that "[t]he mere facts that to [represent his client] he came to California, made phone calls and wrote letters to and from [California], and accepted payment from a California client, do not establish purposeful availment of the benefits and protections of California law," even if Plaintiffs allege some broad conspiracy. *Id.* at 234. Here, the "contacts" alleged by Plaintiffs do not even approach those asserted by the plaintiffs in *Edmunds* as Ms. Simon does not practice in California, does not hold a California law license, and any communications she may have had were in the context of her representation of Plaintiffs. As a result, Plaintiffs – just like the plaintiffs in *Edmunds* – cannot establish that Ms. Simon is subject to specific jurisdiction under California law.

Similarly, in *Sher,* the Ninth Circuit made clear that the normal incidents of a foreign

---

[3] In Ms. Simon's initial Motion, Ms. Simon inadvertently cited to a case designated not for citation, *Coupons, Inc. v. Ellen*, No. C 04-03072, 2006 U.S. Dist. LEXIS 1385 (N.D. Cal. Jan. 5 2006), for the proposition that communications incident to a foreign attorney's representation of a California client will not give rise to specific jurisdiction. Such citation was not intended to mislead the Court and is fully in accord with well-settled and reported California and Ninth Circuit precedent cited herein.

lawyer's representation of California clients, such as the "accept[ance of] payment from a California bank, ma[king] phone calls and sen[ding] letters to California" and even travel to the state, "do not establish purposeful availment" and "is not the deliberate creation of a 'substantial connection' with California" sufficient for the exercise of jurisdiction. *Id.* at 1357, 1362. As such, Plaintiffs' assertion that specific jurisdiction is proper -- because Ms. Simon knew that her clients were California residents, Ms. Simon allegedly billed her clients and accepted payments from California (as well as from Europe) and allegedly communicated with them in California -- is without merit.

By contrast, the cases relied on by Plaintiffs are completely inapposite. (*See* Opposition at 9-13, citing *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191 (9th Cir. 1988); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082 (9th Cir. 2000); and *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998)). In *Sinatra*, the Court found jurisdiction existed over a Swiss clinic, which supplied false information about entertainer Frank Sinatra as part of its ongoing efforts to advertise and solicit business in California, had "directed its activities at California by using Sinatra's name in an effort to promote its business," and had engaged in significant California advertising. *Sinatra*, 854 F.2d at 1195. In contrast, it is undisputed that Ms. Simon neither advertises nor solicits business in California. (Simon Decl. ¶ 5). Indeed, Mr. Gidding admits in his declaration that Ms. Simon solicited his business for representation in France and he does not and cannot assert that Ms. Simon solicited such business in California. (Gidding Decl. ¶ 10).[4]

---

[4] Moreover, the Ninth Circuit has made clear that a foreign lawyer's actions in connection with his representation of a California resident outside the jurisdiction will not constitute the promotion of business in California or the solicitation of business. *See Sher*, 911 F.2d at 1362 (stating that the foreign lawyers actions could not amount to "solicitation . . . nor . . . the promotion of business within California [where] . . . . [t]he business that [defendant] promoted was legal representation in [France] not California. Moreover, the partnership did not solicit

*Bancroft v. Masters* is equally distinguishable. That case involved a California plaintiff in a trademark/domain name dispute with a Georgia resident. *Bancroft*, 223 F.3d at 1084. The *Bancroft* Court found specific jurisdiction to exist where the Georgia defendant first sent a letter to the California plaintiff demanding that the plaintiff cease it use of the domain name and then sent a letter to the sole registrar for domain names in the United States, which was based in Virginia, challenging plaintiff's right to use its domain name. The import of the letter to the registrar was that it triggered the registrar's dispute resolution policy, which had the effect of requiring plaintiff to either give up use of its domain name or institute suit for a declaratory judgment. *Id.* at 1085. In response, the *Bancroft* plaintiff filed suit in California. The *Bancroft* Court specifically found that the plaintiff had established the claim arose out of the defendants' forum related activities by concluding that "but-for" the Defendant's action in sending the "cease and desist" letter, plaintiff would not have been required to file suit in California. *Id.* at 1085-86. Here, Plaintiffs have alleged no facts which indicate that any of Ms. Simon's actions in the forum are the "but-for" cause of the current lawsuit. Indeed, as the FAC makes clear, the actions giving rise to this suit began long before Ms. Simon was retained and continued long after she no longer represented Plaintiffs. (FAC ¶ 4).

Plaintiffs' reliance on *Panavision*, another internet domain case, is equally misplaced. In *Panavision*, the defendant registered the plaintiff's trademark as his domain name for the purpose of extorting money from the plaintiff and, in facilitation of his scheme, sent a letter to the plaintiff in California demanding $13,000 to release the domain name. 141 F.3d 1316. Therefore, the very demand letter was the tortious conduct giving rise to plaintiff's claims and the basis for specific jurisdiction. *Id.* at 1322. Incredibly, Plaintiffs assert that *Panavision* is

---

[Plaintiffs'] business in California; [Plaintiffs] came to the firm in [France]").

applicable here because Ms. Simon allegedly requested payment for legal services for which she had already been paid by way of the so-called "demand" letter mentioned in Plaintiffs' memorandum, but not even discussed by Mr. Gidding in his declaration, let alone a copy proffered to this Court. Plaintiffs' argument is without merit as no nexus between Ms. Simon's request for payment of fees and the current lawsuit is even suggested. While Plaintiffs' claims in this case are often hard to decipher, at last count there are no claims related to excess billing.

C.     **The Exercise of Personal Jurisdiction Over Ms. Simon Is Unreasonable**

Not only is Plaintiffs' Opposition completely devoid of any evidence of minimum contacts with California, but Plaintiffs have also failed to introduce any evidence showing that the exercise of personal jurisdiction over Ms. Simon, a French citizen who provided legal services to Plaintiffs in France, would be reasonable. In addressing the reasonableness of the exercise of jurisdiction, the Ninth Circuit considers seven factors: (1) the extent of the defendant's purposeful interjection, (2) the burden on defendant in defending in the forum, (3) the extent of conflict of sovereignty with defendant's state, (4) the forum's interest in the dispute, (5) the most efficient forum, (6) the importance of the forum to plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *FDIC v. British-American Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987). A review of these factors further establishes that Ms. Simon is not subject to the jurisdiction of this Court.

The first factor clearly favors Ms. Simon as the extent to which Ms. Simon purposefully interjected herself into California's affairs is non-existent or minimal at most: Ms. Simon has never been to California, has never practiced law in California and has no offices in California. Indeed, even according to Plaintiffs, Ms. Simon's only nexus to California are communications incident to her representation of Plaintiffs in France -- circumstances under which courts have

found the exercise of jurisdiction to be unreasonable. *E.g., Edmunds,* 24 Cal. App. 4th at 233 (finding the exercise of jurisdiction over a foreign lawyer representing a California client in a foreign lawsuit unreasonable where the lawyer had no connection with California other than his work for plaintiffs and his payment therefore).

The second factor also weighs heavily in favor of Ms. Simon. Under this factor, the primary concern is for the defendant's burden. *British-American,* 828 F.2d at 1444. The burden to Ms. Simon of defending herself in California is great as she resides and works in France and has never been to the United States. *See Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113 (1987) ("[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders."). Under these circumstances, the burden of travel to California for depositions, conferences, mediation, and trial is substantial in addition to the difficulties presented by Ms. Simon not being able to readily comprehend English.

The third factor, conflict of sovereignty with defendant's state, also weighs in favor of Ms. Simon. It is well recognized that "a foreign nation presents a higher sovereignty barrier than another state within the United States." *British-American,* 828 F.2d at 144. Since Ms. Simon is a foreign national and each of the alleged wrongs claimed by Plaintiffs occurred in France during the context of litigation pending in France under the jurisdiction of the French Courts, this factor also undermines the reasonableness of asserting jurisdiction over Ms. Simon in California or the United States generally.

The fourth factor, the forum's interest in the dispute, also weighs in favor of Ms. Simon. While this forum has an interest in protecting its residents, the fact that Mr. Gidding travels constantly to Europe, where his wife maintains a residence and where he has resided temporarily,

and that virtually all the actions took place under the jurisdiction of the French courts, shows that any interest in protecting Mr. Gidding solely as a California resident is minimal.

The fifth factor, the most efficient forum, also weighs strongly in favor of Ms. Simon. The entire FAC is based upon an alleged fraud upon the courts of France during the course of a series of ongoing French proceedings. Specifically, as to Ms. Simon, Plaintiffs allege that she was "Plaintiffs' legal counsel in France" (FAC ¶ 25), that she submitted a forged document to a French court (FAC ¶ 70), in response to a proper French discovery request (FAC ¶ 66), and further agreed to an order from the same French Court dismissing a sequester against SCEV's business (FAC ¶ 72). It is obvious that the most efficient forum in which to litigate complaints about an alleged fraud committed against the French Courts by a member of the French Bar is in the Courts of France -- the place where the acts complained of occurred and where the witnesses are located. *See British-American Ins. Co.*, 828 F.2d at 1444 (noting that the location of the evidence and witnesses are factors to be considered when evaluating the most efficient forum).

To evaluate the sixth factor, importance of the forum to plaintiff's interest in convenient and effective relief, courts consider whether plaintiff will be able to litigate in an alternative forum. *Id.* at 1444-45. Here, it is evident that Plaintiffs can reasonably litigate in France as Plaintiffs have filed a number of lawsuits in France related to the instant lawsuit, some of which are still underway. (FAC ¶¶ 57, 83-85).

As for the final factor, existence of an alternative forum, Plaintiffs bear the burden of establishing that no alternative forum is available. *See Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 853 (9th Cir. 1993); *British-American*, 828 F.2d at 1445. As stated above, it is apparent that an alternative forum is readily available to Plaintiffs -- in France where plaintiffs are currently embroiled in litigation arising out of allegedly related facts.

## II. THE FAC SHOULD BE DISMISSED AS PLAINTIFFS HAVE NOT PERFECTED SERVICE ON MS. SIMON

As demonstrated in Ms. Simon's initial motion, the attempted service on Ms. Simon was invalid because Plaintiffs failed to personally serve Ms. Simon with a fully translated FAC (including exhibits) as required by the Hague Convention and French law. Unable to refute clear law that exhibits to a complaint are part of the complaint for purposes of service (*see* Simon Motion at 13, citing Fed. R. Civ. P. 10(c); *McCray v. Furman*, No. 07-CV-0258A, 2007 U.S. Dist. LEXIS 60830, at *2 (W.D.N.Y. Aug. 14, 2007)), Plaintiffs merely assert without citation to any law that "there is no requirement that the Exhibits be translated." (*See* Opposition at 16) Indeed, even Jonathan Wise Polier, who Plaintiffs assert is "highly skilled in these matters," and the French agent for service of process appears unwilling to attest to Plaintiffs' baseless assertion that exhibits to a complaint need not be translated when effecting service. (*See* Polier Decl.).

Obviously aware of their failure to perfect service, Plaintiffs now offer to "translate the non-French exhibits as a courtesy forthwith." However, Plaintiffs' gratuitous offer falls far short of their legal obligation, which was to provide a complete translation at the time of service. Accordingly, the FAC should also be dismissed because the attempted service on Ms. Simon did not comply with the Hague Convention, French law or California Law.

## III. PLAINTIFFS' RICO ALLEGATIONS AGAINST MS. SIMON CANNOT WITHSTAND A MOTION FOR SUMMARY JUDGMENT

Claimants' entire argument appears to be that the FAC adequately pleads a violation of the RICO statute because it alleges that Ms. Simon engaged in mail fraud and wire fraud when she requested documents pursuant to a discovery request in a civil action in France, and "the pattern of the predicate acts of all the defendants proximately damaged the Plaintiffs." (*See* Opposition at 6; FAC ¶ 66). However, neither of Plaintiffs' assertions is sufficient to withstand a

motion to dismiss. First, the law is clear that conclusory assertions that the Defendant committed mail and wire fraud, in the absence of specified wrongful acts, are insufficient to adequately plead a violation of the RICO Statute. *Sathianathan v. Smith Barney, Inc.*, No. C-04-2130, 2005 LEXIS 64880 (N.D. Cal. June 6, 2005). Second, for the reasons set forth in the Memorandum of Points and Authorities filed by the Plantagenet Defendants, on January 30, 2008, Plaintiffs have not pleaded and cannot plead essential elements of their RICO claim against any of the Defendants, particularly Ms. Simon.

## CONCLUSION

For all the reasons stated above and in Ms. Simon's prior submissions, Ms. Simon requests that this Court grant her motion to dismiss the FAC against Ms. Simon with prejudice and in all respects.

Dated:   New York, New York
         March 28, 2008

BARGER & WOLEN LLP

By: /s/ Gail E. Cohen
    Gail Cohen (09310)
    650 California Street, 9th Floor
    San Francisco, California 94108
    Telephone: (415) 434-2800
    Facsimile: (415) 434-2533
         -and-
MORRISON COHEN LLP

By: _____
    Fred Perkins
    Latisha Thompson
    *Admitted Pro Hac Vice*
    909 Third Avenue
    New York, New York 10022-4731
    Telephone: (212) 735-8600
    Facsimile: (212) 735-8708

Attorneys for Defendant
*MARIE-CLAUDE SIMON*