Fred H. Perkins (fhperkins@morrisoncohen.com)
Latisha V. Thompson (lthompson@morrisoncohen.com)
Admitted Pro Hac Vice
MORRISON COHEN LLP
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 735-8600
Facsimile: (212) 735-8708

Gail Cohen (093210) (gcohen@barwol.com)
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

Attorney for Specially-Appearing Defendant
MARIE-CLAUDE SIMON

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MR. JOHN GIDDING, an individual, PIVOTAL INC., a California corporation,<br><br>Plaintiffs,<br>vs.<br><br>DEREK ANDERSON, an individual; JOHN ZAPPETTINI, an individual; OLIVIER LEMAN, an individual; PLANTAGENET CAPITAL MANAGEMENT LLC, a purported California corporation; PLANTAGENET CAPITAL AMERICA LLC, a purported Delaware corporation; PLANTAGENET CAPITAL FUND LP, a purported Cayman Island corporation; PLANTAGENET CAPITAL FUND LP II, a purported Cayman Island corporation; PLM HOLDINGS SA, a purported Luxembourg corporation; PLANTAGENET PARTNERS SA, a purported French corporation; SA SOCIETE CHAMPENOISE D'EXPLOITATION VINICOLE, a purported French corporation; SERGE HAUCHART, an individual; PATRICK RAULET, an individual; JEAN-FRANCOIS RAPENEAU, an individual; CHRISTOPHE RAPENEAU, an individual; SA COMPAGNIE DES VINS DU LEVANT, a purported French corporation; MARIE-CLAUDE SIMON, an individual; AND DOES 1 through 100 inclusive,<br><br>Defendants. | Case No.: No. C 07-04755 JSW<br><br>Judge: Hon. Jeffrey S. White<br><br>PROPOSED ORDER GRANTING DEFENDANT MARIE-CLAUDE SIMON'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INEFFECTIVE SERVICE OF PROCESS<br><br>Date: May 30, 2008<br>Time: 9:00 a.m.<br>Place: 2, 17th Floor.<br><br>Complaint Filed: 9/14/07 |

Defendant Marie-Claude Simon (Simon) has moved this Court for an order dismissing this Action for lack of personal jurisdiction pursuant to Rule 12(b)(2), for failure to effect service of process pursuant to Rule 12(b)(5) and failure to state a claim pursuant to Rule 12(b)(6). For the reasons set forth herein, Ms. Simon's motion is granted.

In order for this Court to maintain jurisdiction over a non-resident defendant, personal jurisdiction must be proper under the California long-arm statute and consistent with the demands of due process. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-801 (9th Cir. 2004). Proper personal jurisdiction can be found where there exists general or specific jurisdiction over the defendant. This court can find no basis for the imposition of either general or specific jurisdiction over Ms. Simon by the State of California.

General jurisdiction will be said to exist where the defendant has systematic and continuous contacts with the forum State. *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 414 n.9, 104 S. Ct. 1868 (1984); *Unocal Corp.*, 248 F.3d at 923. "The standard for establishing general jurisdiction is 'fairly high' and requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) *quoting Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986). It is undisputed that Ms. Simon, a French Citizen, has resided continuously in France all of her life. It is also undisputed that Ms. Simon has never been to the United States, much less California. Ms. Simon, a lawyer by trade, has never practiced in California, holds no California law degree, and strictly limits her practice to France. Ms. Simon does not solicit clients in California, nor does she advertise her services in California. Upon these set of facts it simply cannot be said that Ms. Simon has systematic and continuous contacts with the forum.

Next, we turn to the question of whether this Court can exercise specific jurisdiction over defendant. Specific jurisdiction over a defendant will be said to exist when the claim is directly related to or arises out of the defendant's forum-related activities. *See Burger King Corp.*, 471 U.S. at 472; *Dollar Sav. Bank v. First Sec. Bank, N.A.*, 746 F.2d 208, 211 (3d Cir. 1984). The Ninth Circuit has established a three-part test for analyzing whether specific jurisdiction may be exercised: (1) the foreign defendant must purposefully direct its activities toward residents of the forum state or purposefully avail himself of the privilege of conducting activities in the forum state, thus invoking the benefits and protections of its laws; (2) the controversy must be related to or arise out of defendant's contact with the forum; (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. *FDIC v. British American Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987).

Here, defendant has neither directed her activities toward residents of the forum nor are any of the Plaintiffs' claims related to or arise out of forum related activities. Rather, Plaintiffs' claims relate to or arise out of legal services procured and rendered in France in connection with French legal proceedings. Plaintiffs' reliance on Ms. Simon's correspondence with their California-based lawyers regarding documents requested in discovery in an action in France and her demand for payment from her clients are legally insufficient to establish personal jurisdiction over her. *Sher v. Johnson* 911 F.2d 1357 (9th Cir. 1990); *Edmunds v. Superior Court*, 24 Cal. App. 4th 221, 29 Cal. Rptr. 2d 281 (4th Dist. 1994).

Moreover, the exercise of jurisdiction in this instance would be unreasonable. In addressing the reasonableness of the exercise of jurisdiction, the Ninth Circuit considers seven factors: (1) the extent of the defendant's purposeful interjection, (2) the burden on defendant in defending in the forum, (3) the extent of conflict of sovereignty with defendant's state, (4) the

forum's interest in the dispute, (5) the most efficient forum, (6) the importance of the forum to plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *British- American Ins. Co.*, 828 F. 2d at 1442. Each of these factors weighs against a finding of personal jurisdiction over Ms. Simon by this Court. *See Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987); *Edmunds*, 24 Cal. App. 4th at 233.

Additionally, the FAC should be dismissed against Ms. Simon on the grounds that Plaintiffs' attempted service failed to comply with the applicable requirements of the Hague Convention because Plaintiffs failed to personally serve Ms. Simon with a full French translation of the FAC (including exhibits). Fed. R. Civ. P. 4(f)(1); Hague Convention, Article 5. The parties do not dispute that French law requires that the Complaint be translated at the request of the recipient, that Ms. Simon requested that the FAC with exhibits be translated and that Plaintiffs refused. Without a full translation of the entire FAC, service is defective as a matter of law. *See* Fed. R. Civ. P. 10(c); *see also McCray v. Furman*, No. 07-CV-0258A, 2007 U.S. Dist LEXIS 60830 at *2 (W.D.N.Y. August 15, 2007).

Lastly, Ms. Simon is also entitled to have the RICO claims against her dismissed as Plaintiffs have failed to plead the allegations against her with the requisite specificity. *See Sathianathan v. Smith Barney, Inc.*, No. C-04-2130, 2005 LEXIS 64880 (N.D. Cal. June 6, 2005).

**IT IS SO ORDERED**.

Dated: _____, 2008

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE