Hway-ling Hsu, Esq., State Bar No. 196178
hhsu@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Specially-Appearing Defendants
S.A.S. LES CHAMPS RENIERS AND
CHRISTOPHE RAPENEAU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN GIDDING, et al.<br><br>        Plaintiffs,<br><br>    vs.<br><br>DEREK ANDERSON, et al., and DOES 1 through 100,<br><br>        Defendants. | Case No. C-07-4755 JSW<br><br>**REPLY BRIEF OF DEFENDANTS S.A.S. LES CHAMPS RENIERS AND CHRISTOPHE RAPENEAU IN SUPPORT OF THEIR MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: May 30, 2008<br>Time: 9:00 a.m.<br>Judge: Hon. Jeffrey S. White<br>Courtroom 2, 17th Floor<br><br>Complaint Filed: September 14, 2007 |

I.   INTRODUCTION AND SUMMARY OF ARGUMENT

To support their claim that California courts may exercise personal jurisdiction over a French holding company and a French citizen, plaintiffs submit, in the form of a Declaration of John Gidding, a haphazard collection of seemingly random factual allegations, none of which have to do with any California contacts of Les Champs Reniers or Christophe Rapeneau.  Documents submitted as exhibits to Mr. Gidding's declaration are all in French, and no English translation is provided, making their alleged significance impossible to discern.

Plaintiffs have not submitted, and indeed cannot submit, competent evidence that supports a prima facie case of personal jurisdiction, and accordingly the First Amended Complaint should be dismissed as against Les Champs Reniers and Christophe Rapeneau.

II.  PLAINTIFFS FAIL TO ESTABLISH A BASIS FOR PERSONAL JURISDICTION OVER EITHER LES CHAMPS RENIER OR CHRISTOPHE RAPENEAU

A.   Plaintiffs Fail to Offer Competent Evidence In Support of Jurisdiction

Plaintiffs attempt to establish personal jurisdiction over Christophe Rapeneau and Les Champs Reniers entirely through the declaration of plaintiff John Gidding and its exhibits. While Gidding's declaration contains numerous errors of fact, most of the assertions have no apparent relevance to this motion, and they will not be addressed in this Reply.   Six assertions, however, that relate to the subject of personal jurisdiction are addressed below.

1.   Alleged Control of Unspecified Companies Without California Contacts Does Not Confer Jurisdiction

Gidding declares that "Christophe and Jean Francois Rapeneau control companies that control the diverse Champagne holdings of the Rapeneau and Ducellier families.  Many of these companies sell Champagne and the Unites [*sic*] States is a major Champagne market.  One, some, or all of these companies solicit sales in the United States." Gidding Decl., ¶3.

This assertion fails to identify the companies that Christophe Rapeneau allegedly controls,

or how Gidding has determined that Mr. Rapeneau controls them.[1]  Further, the unspecified companies are not alleged to have solicited sales or sold products in California.  Finally, this allegation fails to describe any contacts between Christophe Rapeneau or Les Champs Reniers and California.

### 2. Alleged Solicitation By Unspecified Agents Do Not Confer Jurisdiction

"In my twenty five years in the wine trade, Christophe's agents have solicited business from me," Gidding says.  *Id*., ¶3.

This assertion fails to identify the purported agents of Christophe, to describe the alleged solicitations, or to articulate a basis for claiming agency.  Gidding does not claim that any solicitation by the unidentified agents occurred in California, or that the business solicited was to take place in California.  Again, plaintiffs fail to show any connection between Christophe Rapeneau or Les Champs Reniers and California.

### 3. Sales by SCEV Do Not Constitute Sales by Les Champs Reniers

"As such, as the owner of SCEV, RENIERS sold wine and Champange [*sic*] to the United Stats [*sic*] including California," Gidding continues.  *Id*., ¶5.

But sales by SCEV do not constitute sales by Les Champs Reniers, and plaintiffs have asserted no basis for imputing sales by one company to the other.  Plaintiffs have not alleged that Les Champs Reniers has ever sold anything in California, nor could they.  Les Champs Reniers is a French holding company that has never done business in California. (Translated Declaration of Christophe Rapeneau, attached as Exhibit B to Declaration of Hway-ling Hsu submitted in support of Motion to Dismiss, ¶2.)  Even assuming, *arguendo*, that there was some proper basis for treating the two companies as one (which there is not), plaintiffs do not allege, nor could they, that SCEV did any business in California *after* Les Champs Reniers' acquisition of SCEV in December 2003.  Rather, the FAC alleges only that in 1998, plaintiffs "entered into contracts with SCEV for the future delivery of Champagne LeBrun to the United States," and that "During the

---

[1]  Jean Francois Rapeneau has been dismissed as a defendant from this litigation, and any attempt to establish personal jurisdiction over him is not relevant to this litigation.  Further, there is no basis to impute Jean-Francois's alleged control of unspecified companies to Christophe.

same period of time, Hauchart, Lemal, Anderson, and Zappettini, secretly acquired control over SCEV." FAC, ¶ 25. Thus, during the time that SCEV is alleged to have done business with plaintiffs, SCEV was alleged to be owned or controlled by persons other than Les Champs Reniers or Christophe Rapeneau. The FAC alleges that SCEV was acquired by Les Champs Reniers in December 2003. FAC, ¶97. It does not allege, nor could it, that SCEV sold any products into California after it was acquired by Les Champs Reniers in December 2003. Thus, this allegation fails to show any connection between Christophe Rapeneau or Les Champs Reniers and California.

### 4.     A Letter Received in California from an Unidentified Sender Does Not Confer Jurisdiction

Gidding further asserts: "In March 2006, Pivotal received a letter *in California* from Chalons-en-Champagne, France indicating that SA Charles de Cazanove (Cazanove-B) had obtained a default judgment against Pivotal, and that Pivotal must pay $1,000/day for every day they did not sequester $150,000 to the lawyers association of Chalons-en Champagne." Gidding Decl., ¶11 (emphasis original).

No copy of the letter described above is attached or submitted with Gidding's declaration, nor do plaintiffs allege that the letter was sent by either Christophe Rapeneau or Les Champs Reniers. This unsupported allegation fails to show any connection between Christophe Rapeneau or Les Champs Reniers and California.[2]

### 5.     Unspecified "Contacts" Do Not Confer Jurisdiction

"When Renier [*sic*] purchased SCEV Christophe directed the contacts with California through PPSA," Gidding asserts. Gidding Decl., ¶13.

This statement, aside from being unintelligible, fails to describe any of the alleged contacts, to whom they should be attributed, how they were directed, where they were directed

---

[2] If plaintiffs intended to reference the FAC's Exhibit 46, it should be noted that (1) Exhibit 46 is in French, and no English translation has been supplied, and (2) Exhibit 46 appears to be a letter to Pivotal, Inc. from a "Huissier de Justice" in France, and not from either Christophe Rapeneau or Les Champs Reniers.

from, how the alleged contacts related to California, and how PPSA was supposedly involved. This allegation fails to show any connection between Christophe Rapeneau or Les Champs Reniers and California.

### 6. The Appearance of Christophe Rapeneau's Name on A Web Page Does Not Confer Jurisdiction

Finally, Gidding says: "Attached hereto marked Exhibit F and incorporated herein by reference is a true and correct copy of a web page that confirms the many companies and brands showing there is contact with the Untied [*sic*] States by the sale of wine and champagne." Errata to Declaration of John Giddings [*sic*], second paragraph 3.

This late-filed amendment and exhibit to the Gidding Declaration should not be considered by the Court, as it is untimely. If, however, the Court decides to consider the amendment and accompanying exhibit, it should be noted that the exhibit, which purports to be a web page, is in French, and no English translation is provided. The exhibit does not mention Les Champs Reniers or California, and fails to evidence any connection between either Mr. Rapeneau or Les Champs Reniers and California. Further, the contents of the webpage constitutes inadmissible hearsay.

### B.    Plaintiffs Fail to Establish a Prima Facie Case for Personal Jurisdiction

None of the allegations discussed above constitute evidence sufficient to establish even a *prima facie* case for personal jurisdiction over either Mr. Rapeneau or Les Champs Reniers. Accordingly, the FAC should be dismissed as to both.

### 1.    No Basis For General Jurisdiction

General jurisdiction over a defendant exists if a defendant's contacts with the forum "are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (citations omitted), *cert. denied*, 126 S.Ct. 2332 (2006). Plaintiffs' Opposition seems to assert that general jurisdiction exists over Mr. Rapeneau and Les Champs Reniers, but fails to identify any facts supporting a claim of "substantial, continuous, and systematic" contacts with California by either Christophe Rapeneau or Les Champs Reniers.

//

### 2. No Basis for Specific Jurisdiction

If general jurisdiction does not exist, then the court "may exercise only 'specific' jurisdiction—that is, jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claim." *Id*. Plaintiffs acknowledge the Ninth Circuit's three-prong test for specific jurisdiction as described in defendants' Memorandum in support of their Motion to Dismiss, and appear to argue that the first prong--purposeful availment of the privilege of conducting activities in the forum—has been met by the sending of a letter into California. As set forth above, the evidentiary basis for this argument is wholly deficient. Neither Les Champs Reniers nor Christophe Rapeneau is alleged to be the sender of the letter. Even if plaintiffs were able to allege that the letter was sent by Mr. Rapeneau or Les Champs Reniers, however, the purposeful availment requirement would not be met. "[O]rdinarily 'use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the forum state.'" *Roth v. Garcia Marquez*, 942 F.2d 617, 622 (9th Cir. 1991), quoted in *PLS-Pacific Laser Systems v. TLZ Inc.*, 2007 WL 2022020, *6 (N.D. Cal. 2007).

Plaintiffs also appear to argue that the third prong—that the exercise of jurisdiction be reasonable—is satisfied because Les Champs Reniers acquired SCEV in 2003, and SCEV did business in California five years earlier. No explanation is offered for why jurisdiction could reasonably be exercised under these circumstances, especially when the claims against SCEV have been settled and dismissed.

Plaintiffs fail to argue that the second prong—that plaintiffs' claim arises from defendants' forum-related activities—has been met. Indeed, since (a) the FAC fails to make any specific allegations of culpable conduct against either Christophe Rapeneau or Les Champs Reniers, and (b) no California-related activities by either Christophe Rapeneau or Les Champs Reniers have been alleged in the FAC or properly supported in the Opposition, the second prong is not met. Unless all three prongs are met, no specific jurisdiction exists.

### C. Plaintiffs' Attempt to Impose Jurisdiction by Proxy is Unavailing

"The existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries'

minimum contacts with the forum." *Doe v. Unocal Corp*., 248 F.3d 915, 925 (9th Cir. 2001), citing *Transure, Inc. v. Marsh and McLennan, Inc*., 766 F.2d 1297, 1299 (9th Cir. 1985). Similarly, "the mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents, and employees are suable locally as well." *PLS-Pacific Laser Systems,* 2007 WL 2022020, *6, citing *Calder v. Jones*, 465 U.S. 783, 790 (1984) and *Davis v. Metro Products, Inc*., 885 F.2d 515, 521 (9th Cir. 1989). "An employee's contacts 'are not to be judged according to their employer's activities there.' *Calder*, 465 U.S. at 790. Rather, '[e]ach defendant's contacts with the forum State must be assessed individually.' *Id.*" *Id*.

Here, neither the FAC nor the Opposition establishes any direct contacts with California by Les Champs Reniers or Christophe Rapeneau. Neither shows any reason why the alleged California contacts of SCEV should be attributed to Les Champs Reniers or Christophe Rapeneau. Accordingly, the FAC should be dismissed as against them for lack of personal jurisdiction.

### III. PLAINTIFFS' REQUEST TO DEPOSE CHRISTOPHE RAPENEAU SHOULD BE DENIED

The Opposition states that "Plaintiffs would like leave to take Rapeneau's deposition in France to explore his contacts with the United States." Plaintiffs should be required to make such a request as a noticed motion. However, any such motion should be denied, as Mr. Rapeneau's contacts with the United States, as opposed to California, are of no relevance here. Plaintiffs' burden is to establish his alleged contacts with California, and not with the United States as a whole.

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss the First Amended Complaint in its entirety as against S.A.S. Les Champs Reniers and Christophe Rapeneau for lack of personal jurisdiction.

Dated: March 28, 2008     BERGESON, LLP

By:     /s/
     Hway-ling Hsu
Attorneys for Specially-Appearing Defendants
S.A.S. LES CHAMPS RENIERS  AND
CHRISTOPHE RAPENEAU