Hway-ling Hsu, Esq., State Bar No. 196178
hhsu@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone:  (408) 291-6200
Facsimile:  (408) 297-6000

Attorneys for Specially-Appearing Defendants
S.A.S. LES CHAMPS RENIERS AND
CHRISTOPHE RAPENEAU

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN GIDDING, et al. | Case No. C-07-4755 JSW |
| Plaintiffs, | **DEFENDANTS S.A.S. LES CHAMPS RENIERS AND CHRISTOPHE RAPENEAU'S OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| vs. | |
| DEREK ANDERSON, et al., and DOES 1 through 100, | |
| Defendants. | Date:   May 30, 2008<br>Time:  9:00 a.m.<br>Judge: Hon. Jeffrey S. White<br><br>Complaint Filed:  September 14, 2007 |

1       Specially-appearing defendants Christophe Rapeneau and S.A.S. Les Champs Reniers

2  ("Defendants") hereby object to the following evidence submitted by Plaintiffs in support of their

3  opposition to Defendants' Motion to Dismiss the First Amended Complaint ("FAC") set for

4  hearing on May 30, 2008 before this Court:

5      **A.**      **Declaration Of John Giddings [*sic*] In Opposition To Motion To Dismiss**
           **.A.S. [*sic*] Les Champs Reniers And Christophe Rapeneau For Lack Of**

6           **Personal Jurisdiction ("Gidding Declaration")**

7                             **OBJECTION NO. 1:**

8       Defendants object to and move to strike the portion of paragraph 3 that states:

9       "*Christophe and Jean Francois Rapeneau control companies that control the diverse*

10  *Champagne holdings of the Rapeneau and Ducellier families.  Many of these companies sell*

11  *Champagne and the Unites [sic] States is a major Champagne market.  One, some, or all of these*

12  *companies solicit sales in the United States. . . . Christophe is the administrative brother, Jean-*

13  *Francois is the sales brother, and they are two sides of the same coin, one side sells the other*

14  *administers.*"

15  **Grounds for Objection:**

16       Defendants object because these statements lack foundation.  There is no showing that

17  Gidding has personal knowledge of any facts on which to base these statements. Declarations in

18  support of a motion must be made by a witness having personal knowledge of the facts stated

19  therein.  Federal Rules of Civil Procedure ("FRCP") Rule 56(e).  Moreover, it is insufficient for a

20  witness simply to state that he or she has personal knowledge of the facts stated.  Rather, the

21  declaration itself must contain facts showing the declarant's connection with the matters stated

22  therein, establishing the source of his or her information.  Federal Rules of Evidence ("FRE") Rule

23  602; *see, United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).

24       Defendants further object because the statements constitute opinion testimony that does not

25  satisfy the requirements of FRE 701, and should be excluded.  *Price v. Kramer*, 200 F.3d 1237,

26  1251 (9th Cir. 2000).

27       Defendants further object on the grounds that the statements are not relevant.   Evidence

28  which is not relevant is not admissible.  FRE Rule 402.

**OBJECTION NO. 2:**

Defendants object to and move to strike the portion of paragraph 3 that states:

"*In my twenty five years in the wine trade, Christophe's agents have solicited business from me.*"

**Grounds for Objection:**

Defendants object because the reference to "Christophe's agents" lacks foundation.  There is no showing that Gidding has personal knowledge of any facts on which to base the conclusion that persons who solicited business from him were "Christophe's agents."  Declarations in support of a motion must be made by a witness having personal knowledge of the facts stated therein.  FRCP Rule 56(e).  Moreover, it is insufficient for a witness simply to state that he or she has personal knowledge of the facts stated.  Rather, the declaration itself must contain facts showing the declarant's connection with the matters stated therein, establishing the source of his or her information.  FRE Rule 602; s*ee, United States v. Shumway*, 100 F.3d 1093, 1104 (9th Cir. 1999).

Defendants further object because the statement constitutes opinion testimony that does not satisfy the requirements of FRE 701, and should be excluded.  *Price*, 200 F.3d at 1251.

Defendants further object on the grounds that the statement is not relevant.  Whether unidentified alleged agents solicited business from Gidding has no relevance to whether either defendant has the requisite minimum contacts with California.  Evidence which is not relevant is not admissible.  FRE Rule 402.

**OBJECTION NO. 3:**

Defendants object to and move to strike the portion of paragraph 5 that states:

"*On July 23, 2003, Christophe used his company, Financier ER, to secretly acquire 80% of SCEV from Defendant Compagnie des Vins du Levant ("Levant") (SIMON exhibit B), 20% from Defendant Ollivier Lemal ("Lemal") (Simon exhibit I), and 1% from Defendant Serge Hauchart (Simon exhibit K).  As such, as the owner of SCEV, RENIERS sold wine and Champange [sic] to the United Stats [sic] including California.*"

**Grounds for Objection:**

Defendants object because the statements lack foundation.  There is no showing that

1   Gidding has personal knowledge of any facts asserted.   Declarations in support of a motion must

2   be made by a witness having personal knowledge of the facts stated therein.  FRCP Rule 56(e).

3   Moreover, it is insufficient for a witness simply to state that he or she has personal knowledge of

4   the facts stated.  Rather, the declaration itself must contain facts showing the declarant's

5   connection with the matters stated therein, establishing the source of his or her information.  FRE

6   Rule 602; s*ee, United States*, 100 F.3d at 1104.

7          Defendants further object because the statements constitute opinion testimony that does not

8   satisfy the requirements of FRE 701, and should be excluded.  *Price*, 200 F.3d at 1251.

9          Defendants further object on the grounds that the statements are not relevant.  The alleged

10  secret acquisition of 101% of SCEV shares has no relevance to either defendant's alleged contacts

11  with California.  Nor is the allegation of Les Champs Reniers ownership of SCEV shares relevant

12  to the question of whether either defendant has the requisite California contacts to support

13  jurisdiction. Evidence which is not relevant is not admissible.  FRE Rule 402.

14         Defendants further object on the grounds that the assertions as to the contents of the

15  exhibits are inadmissible hearsay pursuant to FRE Rule 802.

16                               **OBJECTION NO. 4:**

17         Defendants object to and move to strike Exhibit B and the portion of paragraph 6 that

18  states:

19         *"Attached as **Exhibit B** is a true and correct copy of the commercial registration of SA*

20  *Charles de Cazanove in Reims ("Cazanove-B").  Christophe, Jean Francois, and Thierry*

21  *Lombard are directors."*

22  **Grounds for Objection:**

23         Defendants object because the statements lack foundation.  There is no showing that

24  Gidding has personal knowledge of any facts asserted.   Declarations in support of a motion must

25  be made by a witness having personal knowledge of the facts stated therein.  FRCP Rule 56(e).

26  Moreover, it is insufficient for a witness simply to state that he or she has personal knowledge of

27  the facts stated.  Rather, the declaration itself must contain facts showing the declarant's

28  connection with the matters stated therein, establishing the source of his or her information.  FRE

1    Rule 602; s*ee, Shumway*, 100 F.3d at 1104.

2        Defendants further object because the statements constitute opinion testimony that does not

3    satisfy the requirements of FRE 701, and should be excluded.  *Price*, 200 F.3d at 1251.

4        Defendants further object on the grounds that the statement is not relevant.  The alleged

5    status of Christophe Rapeneau as a director of a French company that is not alleged to have done

6    business in California has no relevance to either defendant's alleged contacts with California.

7    Evidence which is not relevant is not admissible.  FRE Rule 402.

8        Defendants further object on the grounds that the exhibit has not been properly

9    authenticated.  Documentary evidence must be authenticated, usually by declaration by someone

10   with personal knowledge of the document's genuineness and execution.  *See Hal Roach Studios,*

11   *Inc. v. Richard Feinter & Co., Inc.*, 896 F.2d 1542, 1550-51 (9th Cir. 1989).  A writing is not

12   authenticated simply by attaching it to a declaration.  *Beyenne v. Coleman Security Services, Inc.*,

13   854 F.2d 1179, 1182 (9th Cir. 1988).  Here, there is no showing that Gidding has personal

14   knowledge of the genuineness of the document.

15       Defendants further object on the grounds that the assertions as to the contents of the exhibit

16   are inadmissible hearsay pursuant to FRE Rule 802.

17                              **OBJECTION NO. 5:**

18       Defendants object to and move to strike Exhibit C and the portion of paragraph 7 that

19   states:

20        "*Attached as* **Exhibit C** *is a true and correct copy of SCEV's minutes, dated February 5,*

21   *2004.  These minutes indicate that Christophe and Jean-Francois changed SCEV's name to*

22   *Charles de Cazanove ("Cazanove-B")."*

23   **Grounds for Objection:**

24       Defendants object because the statements lack foundation.  There is no showing that

25   Gidding has personal knowledge of any facts asserted.   Declarations in support of a motion must

26   be made by a witness having personal knowledge of the facts stated therein.  FRCP Rule 56(e).

27   Moreover, it is insufficient for a witness simply to state that he or she has personal knowledge of

28   the facts stated.  Rather, the declaration itself must contain facts showing the declarant's

1   connection with the matters stated therein, establishing the source of his or her information.  FRE

2   Rule 602; s*ee, Shumway*, 100 F.3d at 1104.

3        Defendants further object because the statements constitute opinion testimony that does not

4   satisfy the requirements of FRE 701, and should be excluded.  *Price*, 200 F.3d at 1251.

5        Defendants further object on the grounds that the statements are not relevant to either

6   defendant's alleged contacts with California.  Evidence which is not relevant is not admissible.

7   FRE Rule 402.

8        Defendants further object on the grounds that the exhibit has not been properly

9   authenticated.  Documentary evidence must be authenticated, usually by declaration by someone

10  with personal knowledge of the document's genuineness and execution.  *See Hal Roach Studios,*

11  *Inc.*, 896 F.2d at 1550-51.  A writing is not authenticated simply by attaching it to a declaration.

12  *Beyenne,* 854 F.2d at 1182.  Here, there is no showing that Gidding has personal knowledge of the

13  genuineness of the document.

14       Defendants further object on the grounds that the assertions as to the contents of the exhibit

15  are inadmissible hearsay pursuant to FRE Rule 802.

16                          **OBJECTION NO. 6:**

17       Defendants object to and move to strike Exhibit D and the portion of paragraph 8 that

18  states:

19       *"Attached as **Exhibit D** is a true and correct copy of SCEV's minutes, dated February 23,*

20  *2004.  These minutes indicate that Thierry Lombard, the owner of Cazanove-A, resigned as a*

21  *director from Cazanove-B."*

22  **Grounds for Objection:**

23       Defendants object because the statements lack foundation.  There is no showing that

24  Gidding has personal knowledge of the facts asserted.   Declarations in support of a motion must

25  be made by a witness having personal knowledge of the facts stated therein.  FRCP Rule 56(e).

26  Moreover, it is insufficient for a witness simply to state that he or she has personal knowledge of

27  the facts stated.  Rather, the declaration itself must contain facts showing the declarant's

28  connection with the matters stated therein, establishing the source of his or her information.  FRE

1    Rule 602; s*ee, Shumway*, 100 F.3d at 1104.

2    Defendants further object because the statements constitute opinion testimony that does not

3    satisfy the requirements of FRE 701, and should be excluded.  *Price*, 200 F.3d at 1251.

4    Defendants further object on the grounds that the statements are not relevant to either

5    defendant's alleged contacts with California.  Evidence which is not relevant is not admissible.

6    FRE Rule 402.

7    Defendants further object on the grounds that the document has not been properly

8    authenticated.  Documentary evidence must be authenticated, usually by declaration by someone

9    with personal knowledge of the document's genuineness and execution.  *See Hal Roach Studios,*

10   *Inc.*, 896 F.2d at 1550-51.  A writing is not authenticated simply by attaching it to a declaration.

11   *Beyenne*, 854 F.2d at 1182.  Here, there is no showing that Gidding has personal knowledge of the

12   genuineness of the document.

13   Defendants further object on the grounds that the assertions are inadmissible hearsay

14   pursuant to FRE Rule 802.

## OBJECTION NO. 7:

16   Defendants object to and move to strike the portion of paragraphs 11 and 12 that states:

17   *"In March 2006, Pivotal received a letter **in California** from Chalons-en-Champagne,*

18   *France indicating that SA Charles de Cazanove (Cazanove-B") had obtained a default judgment*

19   *against Pivotal, and that Pivotal must pay $1,000/day for every day they did not sequester*

20   *$150,000 to the lawyers association of Chalons-en Champagne.  12. . . . the demand was made in*

21   *California."*

22   **Grounds for Objection:**

23   Defendants object because the statements lack foundation.  There is no showing that

24   Gidding has personal knowledge of any facts asserted.   Declarations in support of a motion must

25   be made by a witness having personal knowledge of the facts stated therein.  FRCP Rule 56(e).

26   Moreover, it is insufficient for a witness simply to state that he or she has personal knowledge of

27   the facts stated.  Rather, the declaration itself must contain facts showing the declarant's

28   connection with the matters stated therein, establishing the source of his or her information.  FRE

1  Rule 602; s*ee, Shumway*, 100 F.3d at 1104.

2      Defendants further object because the statements constitute opinion testimony that does not

3  satisfy the requirements of FRE 701, and should be excluded.  *Price,* 200 F.3d at 1251.

4      Defendants further object on the grounds that the statements are not relevant to either

5  defendant's alleged contacts with California.  The statement does not identify the sender of the

6  letter, or the maker of the demand in California.  Evidence which is not relevant is not admissible.

7  FRE Rule 402.

8      Defendants further object on the grounds that Mr. Gidding's testimony regarding the

9  purported letter is not the best evidence of its contents, and is not admissible under FRE Rule

10  1004.

11      Defendants further object on the grounds that the assertions as to the contents of the letter

12  are inadmissible hearsay pursuant to FRE Rule 802.

13  **OBJECTION NO. 8:**

14      Defendants object to and move to strike the portion of paragraph 12 that states:

15      *"Christophe and Jean Francois [sic] use of the wires and mails resulted in the final*

16  *execution of the scheme to deprive Pivotal and I of the California Judgment."*

17  **Grounds for Objection:**

18      Defendants object because the statements lack foundation.  There is no showing that

19  Gidding has personal knowledge of any facts asserted.   Declarations in support of a motion must

20  be made by a witness having personal knowledge of the facts stated therein.  FRCP Rule 56(e).

21  Moreover, it is insufficient for a witness simply to state that he or she has personal knowledge of

22  the facts stated.  Rather, the declaration itself must contain facts showing the declarant's

23  connection with the matters stated therein, establishing the source of his or her information.  FRE

24  Rule 602; s*ee, Shumway*, 100 F.3d at 1104.

25      Defendants further object because the statements constitute opinion testimony that does not

26  satisfy the requirements of FRE 701, and should be excluded.  *Price,* 200 F.3d at 1251.

27      Defendants further object on the grounds that the statements as to Christophe Rapeneau's

28  alleged use of unspecified "wires and mails" are not relevant to either defendant's alleged contacts

1  with California.  Evidence which is not relevant is not admissible.  FRE Rule 402.

2  **OBJECTION NO. 9:**

3  Defendants object to and move to strike Exhibit E and the portion of paragraph 13 that

4  states:

5  "*Attached as exhibit E is a true and correct Judgment in a matter involving Serge*

6  *Hauchart and SCEV.  This judgment indicates that there is a Contract between PPSA and SCEV*

7  *that gives PPSA the control of the United States Market and PPSA is controlled and directed from*

8  *this District (FAC ex. 13).  When Renier purchased SCEV Christophe directed the contacts with*

9  *California through PPSA.*"

10  **Grounds for Objection:**

11  Defendants object because the statements lack foundation.  There is no showing that

12  Gidding has personal knowledge of any facts asserted.   Declarations in support of a motion must

13  be made by a witness having personal knowledge of the facts stated therein.  FRCP Rule 56(e).

14  Moreover, it is insufficient for a witness simply to state that he or she has personal knowledge of

15  the facts stated.  Rather, the declaration itself must contain facts showing the declarant's

16  connection with the matters stated therein, establishing the source of his or her information.  FRE

17  Rule 602; s*ee, Shumway*, 100 F.3d at 1104.

18  Defendants further object because the statements constitute opinion testimony that does not

19  satisfy the requirements of FRE 701, and should be excluded.  *Price*, 200 F.3d at 1251.

20  Defendants further object on the grounds that the statements are not relevant to either

21  defendant's alleged contacts with California.  Evidence which is not relevant is not admissible.

22  FRE Rule 402.

23  Defendants further object on the grounds that the exhibit has not been properly

24  authenticated.  Documentary evidence must be authenticated, usually by declaration by someone

25  with personal knowledge of the document's genuineness and execution.  *See Hal Roach Studios,*

26  *Inc.*, 896 F.2d at 1550-51.  A writing is not authenticated simply by attaching it to a declaration.

27  *Beyenne,* 854 F.2d at 1182.  Here, there is no showing that Gidding has personal knowledge of the

28  genuineness of the document.

1   Defendants further object on the grounds that the assertions as to the contents of the exhibit

2   are inadmissible hearsay pursuant to FRE Rule 802.

3                                  **OBJECTION NO. 10:**

4       Defendants object to the remaining statements contained in Paragraphs 2 through 13,

5   inclusive, on the grounds that they are not relevant to any fact that is of consequence to the

6   determination of the issues in this motion.  Evidence which is not relevant is not admissible.  FRE

7   Rule 402.

8   B.      **ERRATA TO DECLARATION OF JOHN GIDDINGS [*sic*] IN
            OPPOSITION TO MOTION TO [*sic*] .A.S. [*sic*] LES CHAMPS RENIERS**

9           **AND CHRISTOPHE RAPENEAU FOR LACK OF PERSONAL
            JURISDICTION**

10

11                                 **OBJECTION NO. 11:**

12      Defendants object to and move to strike Exhibit F and the portion of the Errata that

13  purports to amend paragraph 3 that states:

14      *"Attached hereto marked Exhibit F and incorporated herein by reference is a true and*

15  *correct copy of a web page that confirms the many companies and brands showing there is*

16  *contact with the Untied [sic] States by the sale of wine and champagne."*

17  **Grounds for Objection:**

18      Defendants object because the reference to "a web page" lacks foundation.  There is no

19  showing that Gidding has personal knowledge regarding the exhibit.  Declarations in support of a

20  motion must be made by a witness having personal knowledge of the facts stated therein.  FRCP

21  Rule 56(e).  Moreover, it is insufficient for a witness simply to state that he or she has personal

22  knowledge of the facts stated.  Rather, the declaration itself must contain facts showing the

23  declarant's connection with the matters stated therein, establishing the source of his or her

24  information.  FRE Rule 602; s*ee, Shumway*, 100 F.3d at 1104.

25      Defendants further object because the statements constitute opinion testimony that does not

26  satisfy the requirements of FRE 701, and should be excluded.  *Price*, 200 F.3d at 1251.

27      Defendants further object on the grounds that the statement is unintelligible and not

28  relevant.  The assertion that "*many companies and brands showing there is contact with the Untied*

1  *States [sic]"* has no relevance to either defendant's alleged contacts with California. Evidence
2  which is not relevant is not admissible. FRE Rule 402.

3      Defendants further object on the grounds that the document has not been properly
4  authenticated. Documentary evidence must be authenticated, usually by declaration by someone
5  with personal knowledge of the document's genuineness and execution. *See Hal Roach Studios,*
6  *Inc.,* 896 F.2d at 1550-51. A writing is not authenticated simply by attaching it to a declaration.
7  *Beyenne,* 854 F.2d at 1182. Here, there is no showing that Gidding has personal knowledge of the
8  genuineness of the document.

9      Defendants further object on the grounds that the assertions as to the contents of the exhibit
10  are inadmissible hearsay pursuant to FRE Rule 802.

11  Dated:  March 28, 2008                    BERGESON, LLP

12

13                                           By: _____/s/_____
                                                    Hway-ling Hsu
14                                           Attorneys for Specially-Appearing Defendants
                                             S.A.S. LES CHAMPS RENIERS AND
15                                           CHRISTOPHE RAPENEAU

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS S.A.S. LES CHAMP RENIERS'S AND CHRISTOPHE RAPENEAU'S OBJECTIONS TO
PLAINTIFF'S EVIDENCE
C-07-4755 JSW