1  **BIRNBERG & ASSOCIATES**
   **CORY A. BIRNBERG (SBN 105468)**
2  **JOSEPH SALAMA, ESQ. (SBN 212225)**
   **BIRNBERG & ASSOCIATES**
3  **703 Market Street, Suite 600**
   **San Francisco, CA 94103**
4  **Telephone: (415) 398-1040**
   **Facsimile: (415) 398-2001**
5
   **Attorneys for Plaintiffs**
6  **JOHN GIDDING, PIVOTAL, INC.**

7

8                    **UNITED STATES DISTRICT COURT**
                  **NORTHERN DISTRICT OF CALIFORNIA**
9                    **SAN FRANCISCO DIVISION**

10

11 **JOHN GIDDING, PIVOTAL, INC.**       )  **Case No. C-7-04755-JW**
                                         )
12           **Plaintiffs,**             )  **NOTICE OF MOTION AND**
                                         )  **MEMORANDUM OF POINTS AND**
13 **v.**                                )  **AUTHORITIES IN SUPPORT OF**
                                         )  **MOTION FOR AN ORDER**
14 **DEREK ANDERSON, an individual; JOHN** ) **GRANTING LEAVE TO FILE A**
   **ZAPPETTINI, an individual; OLIVIER** ) **SECOND AMENDED COMPLAINT**
15 **LEMAL, and individual; PLANTAGENET** )
   **CAPITAL MANAGEMENT LLC, a**         )  **FRCP Rule 15(a)**
16 **purported California corporation;**  )
   **PLANTAGENET CAPITAL AMERICA**       )
17 **LLC, a purported Delaware corporation;** ) **Date: May 30, 2008**
   **PLANTAGENET CAPITAL FUND LP, a**    )  **Time: 9:00 a.m.**
18 **purported Cayman Island corporation;** ) **Place: Courtroom 2, 17th Floor, 450**
   **PLANTAGENET CAPITAL FUND LP II, a** ) **Golden Gate Ave., San Francisco,**
19 **purported Cayman Island corporation; PLB** ) **California**
   **HOLDINGS SA, a purported Luxembourg** )
20 **corporation; PLANTAGENET PARTNERS** )
   **SA, a purported French corporation; SA** )
21 **SOCIETE CHAMPENOISE**               )
   **D'EXPLOITATION VINICOLE, a**        )
22 **purported French corporation; SERGE** )
   **HAUCHART, an individual; PATRICK**  )
23 **RAULET, an individual; JEAN-FRANCOIS** )
   **RAPENEAU, an individual; CHRISTOPHE** )
24 **RAPENEAU, an individual; SA**       )
   **COMPAGNIE DES VINS DU LEVANT, a**   )
25 **purported French corporation;**      )
   **SAS LES CHAMPS RENIER, a purported** )
26 **French corporation; Marie-Claude Simon** )
   **an individual; and DOES 1 through 100,** )
27 **inclusive,**                        )
              **Defendants.**            )
28 _____ )

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103

TEL (415) 398-1040
FAX (415) 398-2001

1

2

**NOTICE OF MOTION**

NOTICE is hereby given that on May 30, 2008 at 9:00 a.m. or as soon thereafter as

3

counsel may be heard by the above-entitled Court, located at Courtroom 2, 17th Floor, 450

4

5

Golden Gate Ave., San Francisco, California, Plaintiffs will move the Court for an order

6

granting leave to file a second amended complaint in the above captioned matter to add

7

facts to the pleadings and to add a new party, specifically adding allegations of RICO

8

predicate acts that Plaintiff's former counsel had been unaware of in drafting the first

9

amended complaint, and had therefore not plead.

10

11

**MOTION**

The grounds for this motion for leave to file a second amended complaint are to

12

13

allege newly discovered and supplemental facts that will significantly expand upon what is

14

alleged in the First Amended Complaint, and that are necessary to apprise Defendants of the

15

facts that form the basis of the allegations in the complaint; equity, fairness and justice

16

dictate this.  In addition, Plaintiffs seek to add a new party, and maintain that, since there

17

has been no substantive litigation of the merits of this case as of the date of this motion,

18

there would be no prejudice to the new party.

19

20

21

**Continued next page**

22

23

24

25

26

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103

TEL (415) 398-1040
FAX (415) 398-2001

27

28

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER
GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT

Case No. C-7-04755-JW

1

**RELIEF REQUESTED**

2

3        Plaintiffs JOHN GIDDING and PIVOTAL, INC., pursuant to Rule 15(b) of the

4    Federal Rules of Civil Procedure, hereby move the Court for an order granting leave to file

5    the Proposed Second Amended Complaint in the above captioned matter, which, among

6    other things, adds allegations of RICO predicate acts that were inadvertently omitted by

7    Plaintiffs' former attorney, and adds a new party.  This motion is based on the legal

8    arguments contained in the Memorandum of Points and Authorities in Support of Plaintiffs

9    Motion for Leave to File a Second Amended Complaint, the declaration of Cory Birnberg,

10    the Proposed Second Amended Complaint attached thereto, and the pleadings and papers on

11    file herein.

12

13                    **MEMORANDUM OF POINTS AND AUTHORITIES**

14                            **I.      INTRODUCTION**

15        NOW COME Plaintiffs JOHN GIDDING (hereinafter "GIDDING") and PIVOTAL,

16    INC. (hereinafter "PIVOTAL") and do hereby move this Court for an order granting leave to

17    file a second amended complaint in this matter.   This motion is brought on the grounds that

18    Plaintiff's former counsel, David Cohen, was unaware of additional facts that could have and

19    should have been pled in the Plaintiff's first amended complaint ("FAC").  After reviewing

20    the entire file, Plaintiffs' newly-appointed counsel asserts that the FAC can be modified to be

21    much more descriptive of the conveyance scheme at issue, that is the subject of the RICO

22    causes of action.   Because this is an ongoing scheme, new facts and new documents are

23    constantly becoming available that would significantly expand upon what is alleged in the

24    FAC.  Further, Plaintiffs assert that it is necessary to amend the FAC to plead these new facts,

25    and to add a new party to the lawsuit, so that Defendants may be fairly apprised of the facts

26    that form the basis of the allegations in the complaint; equity, fairness and justice dictate this.

27        In the event that Defendants' motions to dismiss are denied, Plaintiff requests that the

28    court grant leave to file a second amended complaint.  In the unlikely event that Plantagenet

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103

TEL (415) 398-1040
FAX (415) 398-2001

1  Defendants' motion to dismiss is sustained, Plaintiffs' respectfully request leave to file the

2  second amended complaint, which will incorporate these new facts and the new party.

3      This motion is based on the following legal arguments, the Proposed Second

4  Amended Complaint attached hereto, and the pleadings and papers on file herein.

5

6                    **II.    FACTS**

7      Plaintiffs initially retained David J. Cohen to bring suit in the instant case.  Plaintiffs

8  filed suit against the various defendants herein on September 14, 2007.  On December 17,

9  2007, counsel for Plaintiffs filed the FAC, which incorporated RICO causes of action.

10  PLANTAGENET Defendants filed a motion to dismiss on January 31, 2008.

11      Over the week of February 11, 2008, Plaintiffs traveled to France and cooperated

12  with a French criminal investigation seeking to indict the Defendants and their accomplices

13  for money laundering and corruption.  During this investigation, Plaintiffs discovered new

14  facts relevant to the causes of actions alleged in the FAC, and which corroborate these

15  causes of action.

16      On February 29, 2008, Defendant CHRISTOPHE RAPENEAU, SA CHAMPS

17  RENIER filed another motion to dismiss.  Thereafter, on March 3, 2008, Defendant Marie-

18  Claude Simon filed a motion to dismiss.

19      On March 5, 2008, Plaintiffs appointed new counsel, Cory A. Birnberg and Birnberg

20  & Associates.  Immediately upon retention, Mr. Birnberg telephoned counsel for Defendant

21  PLANTAGENET, Matthew Franklin Quint, and requested a stipulation continuing the

22  briefing schedule on the motion to dismiss in order to permit Plaintiffs additional time to

23  complete and file an opposition.  Mr. Quint denied the request.  Upon Plaintiff's motion for

24  administrative relief to reset the briefing schedule, the court on March 6, 2008, ordered the

25  briefing schedule reset and stated that, should Plaintiffs wish to file a second amended

26  complaint, Plaintiffs shall file a properly noticed motion for leave.  The Court is now set to

27  hear the motions to dismiss on May 30, 2008, at 9:00 a.m.

28

BIRNBERG & ASSOCIATES

703 MARKET STREET SUITE 600 SAN FRANCISCO CA, 94103

TEL (415) 398-1040 FAX (415) 398-2001

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT
-4-                     Case No. C-7-04755-JW

1    After reviewing the first amended complaint and the motions to dismiss, Plaintiffs

2    believe that an amendment to the first amended complaint is in order.  The Proposed

3    Second Amended Complaint is attached hereto as Exhibit 1 and is incorporated herein by

4    reference.

5                                    **III.    ARGUMENT**

6

7    **A.  PLAINTIFFS SEEK LEAVE TO AMEND THE FIRST AMENDED
         COMPLAINT TO ADD NEW FACTS AND A NEW PARTY.**

8        The court may grant leave to amend the pleadings at any stage of the action. There

9    is no time limit for amendment under Federal Rules of Civil Procedure Rule 15.  Thus,

10   leave to amend may be sought any time before entry of judgment, subject to certain

11   limitations. The Rules require that leave to amend should be freely given "when justice so

12   requires."  FRCP 15 (a)(2); see *Lone Star Ladies Invest. Club v. Schlotzsky's Inc.* (5th Cir.

13   2001) 238 F3d 363, 367 [policy favoring leave to amend "a necessary companion to notice

14   pleading and discovery"].  This policy is to be applied with "extreme liberality." *Eminence*

15   *Capital, LLC v. Aspeon, Inc.* (9th Cir. 2003) 316 F3d 1048, 1052; *Moore v. Baker* (11th Cir.

16   1993) 989 F2d 1129, 1131 ["justifying reasons must be apparent for denial of a motion to

17   amend"].

18       Here, Plaintiffs seek to file a second amended complaint that alleges new facts that

19   were not contained in the FAC.  Plaintiff's former counsel apparently drafted the FAC in a

20   simplistic manner that, while sufficient to state all causes of action, nonetheless failed to

21   allege facts that Plaintiffs deem important to this case.  In addition, Plaintiffs' February

22   2008 cooperation with the French government apprised Plaintiffs of additional facts relating

23   to Defendants' schemes to launder money, to fund the businesses used in the laundering,

24   and to frame Plaintiffs.

25       Specifically, Plaintiffs seek to add supplemental facts to support the predicate acts in

26   the RICO causes of action.  It is necessary for Plaintiffs to plead these supplemental facts,

27   so as to give a complete description of the conveyance scheme at issue.  Most importantly,

28   Plaintiffs assert that it is necessary to amend the FAC to plead these new facts, so that

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103

TEL (415) 398-1040
FAX (415) 398-2001

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER
GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT

1    Defendants may be fairly apprised of the facts that form the basis of the allegations in the

2    complaint.  Fairness to all parties, including to Defendants, dictates that this Court grant

3    Plaintiffs leave to file a second amended complaint.

4         Furthermore, amendments seeking to amend *claims* are to be granted freely, as well

5    as amendments adding *parties* in the beginning of litigation of the suit.  *Union Pac. R.R.*

6    *Co. v. Nevada Power Co.* (9th Cir. 1991) 950 F2d 1429, 1432 (emphasis added); see

7    *Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (6th Cir. 1995) 43 F3d 1054, 1069

8    [amendment to add party over one year after complaint filed denied as too prejudicial to

9    new party].  Here, Plaintiffs' seek leave to file a second amended complaint that will add

10    new facts to the complaint.  Plaintiffs are adding one new party, SCEA Chateau La Lagune,

11    and are doing so before Defendants have even filed an answer in this matter.  In contrast to

12    *Union Pacific R.R. Co.*, in which the Ninth Circuit denied a motion to add a new party one

13    year after the complaint was filed for prejudice to the new party, here Plaintiff is adding a

14    new party before any substantive litigation has occurred in this suit.  Defendants have yet to

15    answer, no parties have been deposed, and no discovery has been propounded.   Plaintiffs

16    simply seek to supplement the facts already pled and add in the new party to further bolster

17    its RICO causes of action, in an effort to provide a complete picture of the conveyance

18    scheme that is the subject of this lawsuit.  The existing Defendants would be benefited by

19    this second amended complaint, because they would be further apprised of the underlying

20    basis of Plaintiffs' claims.  The new party would not be prejudiced, because there has been

21    no substantive litigation of this case as of the date of this motion (except for the motions to

22    dismiss and the present motion).

23        In fact, the existing Defendants would not be prejudiced in the slightest by this

24    Court granting Plaintiffs leave to file a second amended complaint.  The Ninth Circuit has

25    summarily denied motions to amend where the moving party has created undue delay in

26    filing the motion, where the motion was brought in bad faith, and/or were there would be

27    undue prejudice to the opposing party by virtue of allowance of the amendment.  In the

28    absence of such apparent circumstances, the leave sought should, as the Rules require, be

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103

TEL (415) 398-1040
FAX (415) 398-2001

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER
GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT

1    "freely given." *Eminence Capital, LLC v. Aspeon, Inc.* 316 F3d at 1052; *See also Hurn v.*

2    *Ret. Fund Trust of the Plumbing, Heating & Piping Indus. of S. Cal.,* 648 F.2d 1252, 1254

3    (9th Cir.1981).

4         Here, Plaintiff's new counsel has acted swiftly to seek leave to amend.  The

5    Eleventh Circuit has found that delays may prejudice the opposing party's ability to respond

6    to the proposed amendment or to prepare for trial (e.g., the opposing party may be unable to

7    locate witnesses, or witness recollection may now be unclear, or there may be a loss or

8    destruction of relevant documents).  *Campbell v. Emory Clinic* (11th Cir. 1999) 166 F3d

9    1157, 1162; see also *Solomon v. North American Life & Cas. Ins. Co.* (9th Cir. 1998) 151

10    F3d 1132, 1139 [motion "on the eve of the discovery deadline" properly denied because it

11    would have required reopening discovery, thus delaying proceedings].  There can be no

12    such prejudice by way of a delayed motion to amend here; in fact, the parties have yet to

13    even begin discovery.  As litigation is barely underway, and Plaintiff's new counsel has

14    immediately brought this motion (and scheduled it to be heard along with Defendants'

15    various motions to dismiss), there can be no sound argument for prejudice via delay.

16         An amendment to the FAC would be in the interests of all parties, and will assist the

17    Court in gaining a more sophisticated understanding of the conveyance scheme alleged in

18    the complaint.  In seeking leave to amend, Plaintiff is motivated by a desire to apprise the

19    Court and Defendants of new facts that form the basis for allegations in the case.  In fact,

20    given the supplemental facts, Defendants will be better prepared to defend their actions in

21    this case and to conduct discovery on discrete issues that were previously not alleged.  It is

22    therefore necessary to the proper adjudication of this matter for Plaintiff to plead these new

23    facts and to add a new party, in the interests of the Court and of all parties.

24         Lastly, even if the Defendants were able to assert that they are, in some way

25    prejudiced by the filing of a second amended complaint, Defendants would still have to

26    establish that the prejudice to them is *substantial*.  *Morongo Band of Mission Indians v.*

27    *Rose* (9th Cir. 1990) 893 F2d 1074, 1079 (showing of substantial prejudice and other

28    relevant factors required).  Indeed, prejudice to the opposing party is by far the *most*

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103

TEL (415) 398-1040
FAX (415) 398-2001

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER
GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT

1  *important* and most common reason for a Court denying leave to amend: "Prejudice is the

2  touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc*. (9th Cir.

3  2003) 316 F3d 1048, 1052 [internal quotes omitted]; *Lone Star Ladies Invest. Club v.*

4  *Schlotzsky's Inc*. (5th Cir. 2001) 238 F3d 363, 368;*Missouri Housing Develop. Comm'n v.*

5  *Brice* (8th Cir. 1990) 919 F2d 1306, 1316.

6       Absent prejudice, or a strong showing of any of the remaining reasons for denying

7  leave to amend, "there exists a *presumption* under Rule 15(a) in favor of granting leave to

8  amend." *Eminence Capital, LLC v. Aspeon, Inc*., supra, 316 F3d at 1052 [emphasis in

9  original].  In addition, any prejudice to the non-movant must be weighed against the

10  prejudice to the moving party by not allowing the amendment.  *Buder v. Merrill Lynch,*

11  *Pierce, Fenner & Smith, Inc.* (8th Cir.1981) 644 F.2d 690, 694; see also *Bell v. Allstate Life*

12  *Ins. Co.* (8th Cir. 1998) 160 F3d 452, 454.  Here, should the Court grant Plaintiff's motion

13  for leave to file a second amended complaint, Defendants will not be prejudiced in the

14  slightest, but will gain a distinct advantage, in that they will be apprised of additional facts

15  that form the basis of the allegations in the complaint.  There is, therefore a presumption

16  under Rule 15(a) in favor of this Court granting leave to amend.

17

18  **B.  IN THE UNLIKELY EVENT THAT DEFENDANTS' MOTIONS TO
       DISMISS ARE GRANTED, PLAINTIFFS REQUEST LEAVE TO
       AMEND, AS JUSTICE SO REQUIRES.**

19

20  Leave to amend is usually granted after a Rule 12 motion to dismiss.  The court

21  normally grants leave to amend and specifies the time within which the amended pleading

22  is due (e.g., 30 days).  As a practical matter, leave to amend is almost always granted by the

23  court.  FRCP 15(a) expressly states leave to amend "shall be freely given when justice so

24  requires."  FRCP 15(a); *Allen v. City of Beverly Hills* (9th Cir. 1990) 911 F2d 367, 373;

25  *Friedlander v. Nims* (11th Cir. 1985) 755 F2d 810, 813].  The Ninth Circuit has held the

26  court should grant leave to amend even if plaintiff did *not* request leave to amend, unless it

27  is clear that the complaint cannot be cured by the allegation of different facts. *Doe v. United*

28  *States* (9th Cir. 1995) 58 F3d 494, 497.  It is of no consequence that no request to amend the

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103

TEL (415) 398-1040
FAX (415) 398-2001

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER
GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT
                                    -8-                              Case No. C-7-04755-JW

1   pleading was made in the district court. *Schreiber Distributing v. Serv-Well Furniture Co.*

2   (9th Cir. 1986) 806 F.2d 1393, 1401.  Here, of course, Plaintiffs are bringing this separate

3   motion to amend, in addition to the Proposed Second Amended Complaint attached as

4   Exhibit 1 to this motion.  For the reasons stated above, there is a presumption under Rule

5   15(a) in favor of this Court granting leave to amend.

6         Lastly, should the Court grant leave to amend as requested in this motion,

7   Defendants' motions to dismiss will be moot, save for the motions to dismiss based on

8   alleged lack of personal jurisdiction.

9

10                          **IV.    CONCLUSION**

11

12         In the event that Defendants' motions to dismiss are denied, Plaintiff requests that the

13   court grant leave to file a second amended complaint.  In the unlikely event that Defendants'

14   motions to dismiss are sustained, Plaintiffs respectfully request leave to file the second

15   amended complaint, which will incorporate newly discovered and supplemental facts, and

16   which will add a new party.

17                                      BIRNBERG & ASSOCIATES

18   Dated: 24 April 2008                By:  /s/ Cory A. Birnberg
                                          Cory A. Birnberg
19                                        Attorneys for Plaintiffs

20

21

22

23

24

25

26   BIRNBERG &
     ASSOCIATES

27   703 MARKET STREET
     SUITE 600
     SAN FRANCISCO
     CA, 94103

28   TEL (415) 398-1040
     FAX (415) 398-2001

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER
GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT
                                    -9-                          Case No. C-7-04755-JW