**SEEBACH & SEEBACH**
800 Wilshire Boulevard, Suite 1020
Los Angeles, California 90017-2615

Telephone: (213) 553-7900
Facsimile: (213) 553-7910

n° 11  VINESMITH S.A.
Siége Social
38 BIS, ROUTE DE MERSCH
7620 LAROCHETTE LUXEMBOURG
R.C Luxembourg N° B46255

July 18, 2002

Laurence David-Moalic
DGI Amiens
19eme Brigade de Verifications
Cite Administrative
56 rue Jules Barni
80040 Amiens Cedex 1
France

Dear Ms. David-Moalic:

    I am writing in reference to your letter of June 27, 2002. Our firm serves as counsel for John Gidding, a United States citizen and resident of the State of California, and Pivotal, Inc., a California corporation, in the matter of the inspection conducted by eight members of your department and Laurent Chartrin, a member of the French National Police, on November 15, 2000 at the home of Mr. Gidding's wife, Madeleine Proy-Gidding, a French citizen, at 5 rue du Chauffour, Coulonges Cohan (the "Premises"). We have serious questions about the investigation, to which we would appreciate your speedy and accurate reply.

    The inspectors and Mr. Chartrin arrived at the Premises at approximately 7:15 on November 15. The group departed at approximately 22:00. Several narratives of the day's events have been memorialized and will be discussed in this letter. The most troubling facts surround seizure of documents from the Premises. The inspectors completed their document review and removed all documents by 19:00. The inspectors prepared a list of documents taken from the Premises and presented the list to Mr. Gidding for confirmation. A correct copy of the list is attached hereto as Exhibit A ("Confirmed List"). The handwritten marks show Mr. Gidding's confirmation of the documents taken. You will note that the Confirmed List does not include any documents numbered 1 – 20000, 23376 – 40000, 42867 – 60001, or 62833 – 80000.

    Thereafter, two inconsistent accounts of the day's events were prepared by Jean-François Zecca. Mr. Zecca prepared his first account on or about 20:30 ("The First Account"). A correct copy of The First Account is attached hereto as Exhibit B. The First Account again lists the documents seized and specifically states that the numbers 1 – 20000, 23376 – 40000, 42867 – 60001, and 62833 – 80000 were not used:

> Précisons que les numéros 1 à 20000, 23376 à 40000,
> 42867 à 60001, 62833 à 80000 n'ont pas été attributes.

EXHIBIT I

Laurence DAVID-MOALIC
DGI Amiens
July 18, 2002
Page 2

See First Account, Exhibit B hereto, p. 6.

> We are precise in stating that the numbers 1 to 20000,
> 23376 to 40000, 42867 to 60001, 62833 to 80000 were
> not used. [English Translation]

A second, revised, account of the day's events was prepared by Mr. Zecca on or about 21:30 ("The Revised Account"). A correct copy of The Revised Account is attached hereto as Exhibit C. Mr. Gidding refused to sign either The First Account or the Revised Account because neither was accurate, especially as to the physical location of the inspectors and Mr. Chartrin during the absence of Mr. Gidding's wife, Madeleine Proy-Gidding. Rather, an accurate statement of the inspectors' activities and whereabouts is memorialized in Mr. Gidding's November 16, 2000, registered letter, a correct copy of which is attached hereto as Exhibit D. An official translation of Mr. Gidding's letter will be provided under separate cover.

Please be aware that well over sixty business documents are now missing and presumed stolen from the Premises. A close examination of Mr. Zecca's Revised Account shows that documents of the same nature as those presumed stolen were added by him to The Revised Account but omitted by him from both the Confirmed List reviewed with Mr. Gidding (Exhibit A) and The First Account (Exhibit B). In the Revised Account, Mr. Zecca assigned the "unused" numbers to the following documents in the ranges 23376 – 40000 and 62833 – 80000:

> 23376 à 23395: pièces extraites d'une dossier intitulé «AYALA SCEV»
> 23396 à 23432: dossier relatif aux « impôts John 94 à 97, 98/99/00 Luxembourg»
> 23433: series d'empruntes de timbres humides
> 23434: exemplaire des 86 cartes de visite au nom de Madame GIDDING trouvées dans le bureau
> 62833: facture de champagne à SA VINESMITH
> 62834: facture d'un voyage professionnel

See Revised Account, Exhibit C hereto, pp. 4, 6.

In his Revised Account, however, Mr. Zecca reaffirms that these numbers were "not used:"

> Précisons que les numéros 1 à 20000, 23376 à 40000,
> 42867 à 60001, 62833 à 80000 n'ont pas été attributes.

See Revised Account, Exhibit C hereto, p. 6.

EXHIBIT I

Laurence DAVID-MOALIC
DGI Amiens
July 18, 2002
Page 3

  Mr. Gidding witnessed only one removal of documents. No additional documents were taken after 19:00, or between The First Account, prepared at 20:30, and The Revised Account, prepared at 21:30. We seek an explanation.

  We are also in the process of ascertaining the legality of the entire inspection and the appropriate role of your police officer in protecting the rights of a United States citizen. Mr. Chartrin witnessed the entire 17-hour process. I assume that he was there to protect our client's rights. We question whether Mr. Gidding's rights indeed were protected.

  Would you kindly contact Mr. Chartrin and urge him to inform me as soon as possible, in writing, of what he observed at the Premises on November 15, 2000? If Mr. Chartrin disagrees with anything that Mr. Gidding has stated in his November 16 letter, Exhibit D hereto, Mr. Chartrin should state so precisely. We have many other questions, but first we would like to give Mr. Chartrin an opportunity to explain. By copy of this letter directly to him, I inform Mr. Chartrin of my request and ask him to reply on his own initiative.

  Also, please ask Mr. Zecca, and all of the inspectors present on November 15, for their recollection of the events described in both Mr. Zecca's First Account and Revised Account, as well as in Mr. Gidding's letter. Please be aware, however, that your inspectors searched frantically to retrieve every copy of The First Account before leaving the Premises. They may be tempted to deny that it was prepared. Should all eight of your inspectors and Mr. Chartrin deny The First Account, we would submit The First Account, The Revised Account, and Mr. Gidding's November 16 letter to a Court Examiner.

  Finally, kindly advise whether further accounts, in addition to the First Account and the Revised Account, were prepared to memorialize events at the Premises on November 15. If such further accounts exist, provide copies at your earliest convenience.

  You may reply in French either directly to me or to Mr. Gidding's counsel in France, Maitre Patrick Michaud. Please respond within 30 days. We shall have your response and the response of Mr. Chartrin officially translated into English by a certified court translator. Thank you in advance for your cooperation.

Very truly yours,

Alice A. Seebach

AAS/dbw

Enclosures

EXHIBIT I

24/04 2008 16:31 FAX                                                                          ☒008/010

Laurence DAVID-MOALIC
DGI Amiens
July 18, 2002
Page 4

cc: Howard H. Leach, U.S. Ambassador, France
    The Honorable Richard Weingarten, USA
    The Honorable Anne Eveillard, France
    Laurent Chartrin, France

EXHIBIT I