1  Gail E. Cohen (093210), gcohen@barwol.com
   Ophir Johna (228193), ojohna@barwol.com
2  BARGER & WOLEN LLP
   633 West Fifth Street, 47th Floor
3  Los Angeles, California 90071
   Telephone: (213) 680-2800
4  Facsimile: (213) 614-7399

5  Attorneys for Specially-Appearing
   Defendant Marie-Claude Simon

6

7  **UNITED STATES DISTRICT COURT**

8  **NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

9

10 MR. JOHN GIDDING, an individual,
   PIVOTAL, INC., a California corporation,

11            Plaintiff,
       vs.

12

13 DEREK ANDERSON, an individual;
   JOHN ZAPPETTINI, an individual;
14 OLIVIER LEMAL, an individual;
   PLANTAGENET CAPITAL
15 MANAGEMENT LLC, a purported
   California corporation; PLANTAGENET
16 CAPITAL AMERICA LLC, a purported
   Delaware corporation; PLANTAGENET
17 CAPITAL FUND LP, a purported
   Cayman Island corporation;
18 PLANTAGENET CAPITAL FUND LP
   II, a purported Cayman Island corporation,
19 PLB HOLDINGS SA, a purported
   Luxembourg corporation;
20 PLANTAGENET PARTNERS SA, a
   purported French corporation; SA
21 SOCIETE CHAMPENOISE
   D'EXPLOITATION VINICOLE, a
22 purported French corporation; SERGE
   HAUCHART, an individual; PATRICK
23 RAULET, an individual; JEAN-
   FRANCOIS RAPENEAU, an individual;
24 CHRISTOPHE RAPENEAU, an
   individual; SA COMPAGNIE DES VINS
25 DU LEVANT, a purported French
   corporation; SA CHAMPS RENIER, a
26 purported French corporation;
   MARIE-CLAUDE SIMON, an individual;
27 and DOES 1 through 100 inclusive,

28            Defendants.

CASE NO.: C 07-04755 JSW

Judge: Hon. Jeffrey S. White

**DECLARATION OF FRED H.
PERKINS, ESQ., IN SUPPORT OF
EX PARTE MOTION FOR
ORDER ENLARGING TIME TO
FILE OPPOSITION TO
PLAINTIFFS' MOTION FOR
LEAVE TO FILE SECOND
AMENDED COMPLAINT**

[Filed concurrently with Ex Parte
Motion and Proposed Order]

Complaint Filed: 9/14/07

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

c:\urportb\morrison\mschmitt\1257247_2.doc
1257247v2\20044/001

1    I, Fred H. Perkins, Esq., declare as follows:

2    1.    This declaration is submitted in support of specially-appearing defendant

3    Marie-Claude Simon's ("Simon") Ex Parte Motion for an Order Enlarging Time to

4    File Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint.

5    2.    I am an active member of the Bar of the State of New York in good

6    standing. I am duly licensed to practice law before all courts of the State of New

7    York, including the highest court of New York. I am also admitted to practice before

8    the United States Courts in the Southern and Eastern Districts of New York and the

9    Second and Third Circuit Courts of Appeal. I am the attorney principally responsible

10   for representing Simon in this action, and have been admitted by this Court *pro hac*

11   *vice* for that purpose. I have personal knowledge of the matters set forth in this

12   declaration, and would competently testify thereto if called as a witness.

13   3.    Simon's Motion to Dismiss the First Amended Complaint is pending

14   before the Court, and is currently scheduled to be heard on May 30, 2008.

15   4.    On April 24, 2008, Plaintiffs John Gidding and Pivotal, Inc.

16   (collectively, "Plaintiffs"), filed a Motion for Leave to File a Second Amended

17   Complaint ("Motion to Amend"). The Motion to Amend is currently scheduled to be

18   heard by this Court on May 30, 2008.

19   5.    Pursuant to Local Rule 7-3, Simon's Opposition to the Motion to Amend

20   must be filed no later than May 9, 2008. Plaintiffs' Reply must be filed no later than

21   May 16, 2008.

22   6.    The Motion to Amend seeks to add significant factual allegations that

23   were not previously set forth in the First Amended Complaint, including extensive

24   fraud and conspiracy allegations purporting to state a claim under the Organized

25   Crime Control Act (RICO). The Proposed Second Amended Complaint, lodged

26   concurrently with the Motion to Amend, is 39 pages long. Naturally, in order to

27   properly oppose the Motion to Amend, I need to discuss the allegations of the

28   Proposed Second Amended Complaint with my client, Simon, who permanently

1  resides and works in France and whose native language is French. I have sent the
2  Proposed Second Amended Complaint to Simon, and it will need to be translated
3  from English to French before Simon will be able to fully comprehend it and
4  meaningfully discuss it with me. This process of translation and review will require
5  several more days to complete before I can even begin to discuss the newest proposed
6  pleading with my client.

7      7.      Moreover, given the length and complexity of the allegations made in
8  the Proposed Second Amended Complaint, I anticipate that preparation of Simon's
9  Opposition to the Motion to Amend will take at least several days once I have
10  conferred with my client.

11      8.      I am presently actively engaged in preliminary injunction proceedings in
12  six related cases pending in the Supreme Court of the State of New York, County of
13  New York, entitled *Babcock v. GFI Securities, LLC et al.,* Index No. 105466/08,
14  *Fewer v. GFI Group,* Index No. 601099/08, *Wallack v. GFI Securities,* Index No.
15  105575/08, *GFI Securities v. Tradition Asiel Securities,* Index No. 601183/08,
16  *McDeritt v. GFI Securities,* Index No. 105584/08, and *Steinberg v. GFI Securities,*
17  Index No. 601187/08. All of these actions were filed in the past two weeks and have
18  been informally consolidated for a preliminary injunction hearing scheduled for May
19  19, 2008. In all of these actions, the various respective petitioners are seeking
20  preliminary injunctive relief. As such, I am currently preparing extensive opposition
21  and expect to soon be preparing extensive reply papers in connection with the various
22  preliminary injunction motions, which must be filed by May 8 and May 14, 2008,
23  respectively. Simultaneously, I am preparing for the preliminary injunction hearing.

24      9.      Latisha Thompson of my firm, who has been the only attorney assisting
25  me in the drafting of substantive pleadings in connection with the instant action, has
26  been on previously scheduled vacation for the entire week of April 28, 2008, and is
27  not scheduled to return to the office until May 5, 2008.

28

1    10.    My co-counsel, Gail Cohen, Esq., of Barger & Wolen LLP, was retained
2  only for purposes of assisting with local filings, and not for purposes of drafting any
3  substantive pleadings such as Simon's Opposition to the Motion to Amend.

4    11.    In light of the facts set forth above, I will not be able to properly oppose
5  the Motion to Amend on behalf of Simon by the current deadline of May 9, 2008. An
6  extension of the deadline to file Simon's Opposition by two weeks to May 23rd is
7  necessary to allow adequate time for Simon to receive and review a translation of the
8  Proposed Second Amended Complaint, to discuss the Proposed Second Amended
9  Complaint and her Opposition to the Motion to Amend, and for my associate and I to
10  prepare and file the Opposition papers. Without an extension, Simon's ability to
11  properly oppose the Motion to Amend will be significantly impaired.

12    12.    On April 28, 2008, Ms. Gail Cohen, Esq., spoke with Plaintiffs' counsel,
13  Cory Birnberg, Esq., and requested that Plaintiffs stipulate to an extension of Simon's
14  deadline to file her Opposition to the Motion to Amend, based on the facts and
15  circumstances set forth above. Mr. Birnberg refused to stipulate to the extension
16  citing only the unwillingness of other defense counsel, not representing Simon, to
17  previously accommodate his schedule.

18    13.    The Court previously enlarged Simon's deadline to respond to the
19  original complaint by 30 days, at Simon's request (given that a superseding First
20  Amended Complaint had been filed by Plaintiffs but not served). There have been no
21  other time modifications at Simon's request, although the Court has previously
22  continued the Initial Case Management Conference.

23    14.    Simon is requesting an extension of only two weeks to file her
24  Opposition, up to May 23, 2008. Thus, the Court could still hear the Motion to
25  Amend as scheduled – on May 30, 2008 – provided that Plaintiffs file their Reply
26  before then. Alternatively, the Court could continue the hearing by one or two weeks
27  to allow additional time for Plaintiffs to file their Reply or for the Court to prepare for

28

1  the hearing. In that event, the Court's schedule for the case would only be affected

2  by two weeks, at most.

3      I declare under penalty of perjury under the laws of the State of California that

4  the foregoing in true and correct.

5      Executed on the ___ day of May, 2008 at New York, New York.

6

7  _____

8                     Fred H. Perkins, Esq.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800