Fred H. Perkins (fhperkins@morrisoncohen.com)
Latisha V. Thompson (lthompson@morrisoncohen.com)
Admitted Pro Hac Vice
MORRISON COHEN LLP
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 735-8600
Facsimile: (212) 735-8708

Gail Cohen (093210) (gcohen@barwol.com)
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

Attorney for Specially-Appearing Defendant
MARIE-CLAUDE SIMON

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MR. JOHN GIDDING, an individual, and PIVOTAL INC., a California corporation,<br><br>Plaintiffs,<br>vs.<br><br>DEREK ANDERSON, an individual; JOHN ZAPPETTINI, an individual; OLIVIER LEMAN, an individual; PLANTAGENET CAPITAL MANAGEMENT LLC, a purported California corporation; PLANTAGENET CAPITAL AMERICA LLC, a purported Delaware corporation; PLANTAGENET CAPITAL FUND LP, a purported Cayman Island corporation; PLANTAGENET CAPITAL FUND LP II, a purported Cayman Island corporation; PLM HOLDINGS SA, a purported Luxembourg corporation; PLANTAGENET PARTNERS SA, a purported French corporation; SA SOCIETE CHAMPENOISE D'EXPLOITATION VINICOLE, a purported French corporation; SERGE HAUCHART, an individual; PATRICK RAULET, an individual; JEAN-FRANCOIS RAPENEAU, an individual; CHRISTOPHE RAPENEAU, an individual; SA COMPAGNIE DES VINS DU LEVANT, a purported French corporation; MARIE-CLAUDE SIMON, an individual; AND DOES 1 through 100 inclusive,<br><br>Defendants. | Case No.: No. C 07-04755 JSW<br><br>Judge: Hon. Jeffrey S. White<br><br>SUMMARY OF ARGUMENT<br><br><br>Date: May 30, 2008<br>Time: 9:00 a.m.<br>Place: 2, 17th Floor.<br><br><br>Complaint Filed: 9/14/07 |

SUMMARY OF ARGUMENT                                        Case No. C 07-04755 JSW
#1278614 v1 \20044 \001

Plaintiffs' motion for leave to amend their complaint should be denied under Rule 15(a), because Plaintiffs' proposed amendment (the "SAC") is futile in that it fails to allege facts necessary to support the exercise of personal jurisdiction over Ms. Simon. *See FAS Techs. v. Dainippon Screen Mfg.*, No. C 00-01879, 2001 U.S. Dist. LEXIS 7503, at 18 (N.D. Cal. May 31, 2001) ("[Defendant's] motion for leave to amend to add new claims which have no nexus to California is denied. Such an amendment would be futile as [defendant] has not demonstrated that the Court has venue or personal jurisdiction with respect to such claims"); *see also Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997), *overruled on other grounds by Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001); *Meinhold v. Sprint Spectrum, L.P.*, No. 2:07-CV-0456, 2007 U.S. Dist. LEXIS 73546 (E.D. Cal. Oct. 2, 2007) (same); *De Simas v. Big Lots Stores, Inc.*, No. C 06-6614 SI, 2007 U.S. Dist. LEXIS 19257, at *6 (N.D. Cal. Mar. 2, 2007) (same). The SAC, like Plaintiffs' prior complaints, fails to allege any facts suggesting that Ms. Simon has the requisite contacts with California to support general or specific jurisdiction. Accordingly, Plaintiffs' motion should be denied because the SAC is futile as it too would be subject to dismissal on the basis of lack of personal jurisdiction.

Additionally, Plaintiffs' motion should be denied based on their bad faith, as evidenced by Plaintiffs' forum shopping and their unexplained delay in amending the FAC. *See Union Pac. R.R. Comp. v. Coast Packing Co.*, 236 F. Supp. 2d 1130, 1133 (C.D. Cal. 2002); *Hirel Connectors, Inc. v. U.S.*, No. CV-01-1169, 2005 U.S. Dist. LEXIS 44181 (C.D. Cal. July 15, 2005); *Lee v. Regal Cruises, Ltd.*, 916 F. Supp. 300, 209 (S.D.N.Y. 1996). Here, Plaintiffs' claim that the new allegations of the SAC are based on facts newly discovered during the week of February 11, 2008, is undermined by Plaintiffs' own admission that Gidding was fully aware of the Defendants' purported "money laundering scheme" more than 3 years before the September 14, 2007 filing of this action. (*See* SAC ¶ 127, ("On or about January 16, 2004, Gidding wrote to the French Treasury officials and summed up the Defendants [sic] involvement in money laundering and corruption"); *see also* SAC Ex. J). There is no justifiable reason why Plaintiffs did not

include these factual allegations in the initial complaint or the FAC, instead of waiting until after several of the Defendants filed their respective motions to dismiss.

Dated: New York, New York
May 16, 2008

BARGER & WOLEN LLP

By: /s/
Gail Cohen (09310)
650 California Street, 9th Floor
San Francisco, California 94108
Telephone: (415) 434-2800
Facsimile: (415) 434-2533
-and-
MORRISON COHEN LLP

By: [signature]
Fred Perkins
Latisha Thompson
*Admitted Pro Hac Vice*
909 Third Avenue
New York, New York 10022-4731
Telephone: (212) 735-8600
Facsimile: (212) 735-8708

Attorneys for Defendant
*MARIE-CLAUDE SIMON*