Fred H. Perkins (fhperkins@morrisoncohen.com)
Latisha V. Thompson (lthompson@morrisoncohen.com)
Admitted Pro Hac Vice
MORRISON COHEN LLP
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 735-8600
Facsimile: (212) 735-8708

Gail Cohen (093210) (gcohen@barwol.com)
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

Attorney for Specially-Appearing Defendant
MARIE-CLAUDE SIMON

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MR. JOHN GIDDING, an individual, and PIVOTAL INC., a California corporation,<br><br>Plaintiffs,<br>vs.<br><br>DEREK ANDERSON, an individual; JOHN ZAPPETTINI, an individual; OLIVIER LEMAN, an individual; PLANTAGENET CAPITAL MANAGEMENT LLC, a purported California corporation; PLANTAGENET CAPITAL AMERICA LLC, a purported Delaware corporation; PLANTAGENET CAPITAL FUND LP, a purported Cayman Island corporation; PLANTAGENET CAPITAL FUND LP II, a purported Cayman Island corporation; PLM HOLDINGS SA, a purported Luxembourg corporation; PLANTAGENET PARTNERS SA, a purported French corporation; SA SOCIETE CHAMPENOISE D'EXPLOITATION VINICOLE, a purported French corporation; SERGE HAUCHART, an individual; PATRICK RAULET, an individual; JEAN-FRANCOIS RAPENEAU, an individual; CHRISTOPHE RAPENEAU, an individual; SA COMPAGNIE DES VINS DU LEVANT, a purported French corporation; MARIE-CLAUDE SIMON, an individual; AND DOES 1 through 100 inclusive,<br><br>Defendants. | Case No.: No. C 07-04755 JSW<br><br>Judge: Hon. Jeffrey S. White<br><br>PROPOSED ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>Date: May 30, 2008<br>Time: 9:00 a.m.<br>Place: 2, 17th Floor.<br><br>Complaint Filed: 9/14/07 |

Plaintiffs John Gidding and Pivotal Inc. ("Plaintiffs") have moved this Court for an order granting leave to file a second amended complaint. For the reasons set forth herein, Plaintiffs' motion is denied.

Plaintiffs' original complaint was filed on September 14, 2007. A little over two months later, on December 17, 2007, Plaintiffs filed the First Amended Complaint (the "FAC"). On March 3, 2008, Defendant Marie Claude Simon moved to dismiss the FAC, *inter alia*, on the basis of lack of personal jurisdiction. On March 21, 2008, Plaintiffs opposed Defendant Simon's motion to dismiss. Thereafter, before argument on Ms. Simon's motion to dismiss could be heard by this Court, Plaintiffs filed the instant motion for leave to file a proposed second amended complaint (the "SAC"). However, like the FAC, the SAC fails to allege facts sufficient for the exercise of personal jurisdiction over Defendant Simon. This is necessarily so as Ms. Simon, a French citizen, who has resided continuously in France all of her life and has never practiced law in, nor even visited California, lacks the minimum contacts with the forum to subject her to this Court's jurisdiction. Thus, any attempt to amend the FAC will be futile with respect to Ms. Simon. *See FAS Techs. v. Dainippon Screen Mfg.*, No. C 00-01879, 2001 U.S. Dist. LEXIS 7503, at 18 (N.D. Cal. May 31, 2001) ("[Defendant's] motion for leave to amend to add new claims which have no nexus to California is denied. Such an amendment would be futile as [defendant] has not demonstrated that the Court has venue or personal jurisdiction with respect to such claims"); *see also Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997), *overruled* on other grounds by *Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001); *Meinhold v. Sprint Spectrum, L.P.*, No. 2:07-CV-0456, 2007 U.S. Dist. LEXIS 73546 (E.D. Cal. Oct. 2, 2007) (same); *De Simas v. Big Lots Stores, Inc.*, No. C 06-6614 SI, 2007 U.S. Dist. LEXIS 19257, at *6 (N.D. Cal. Mar. 2, 2007) (same).

Plaintiffs' motion for leave to file a second amended complaint also evidences bad faith and dilatory motive, as Plaintiffs apparently were well apprised of the facts alleged for the first time in the proposed amendment, for more than 3 years prior to the commencement of this action. *See Union Pac. R.R. Comp. v.*

*Coast Packing Co.*, 236 F. Supp. 2d 1130, 1133 (C.D. Cal. 2002) (finding amendment unwarranted due to possible bad faith, where the "amendment cannot be the result of newly discovered evidence as Plaintiff had the relevant documents in its possession before it even brought this action"); *Lee v. Regal Cruises, Ltd.* 916 F. Supp. 300, 209 (S.D.N.Y. 1996) (finding bad faith where plaintiff's proposed amendment alleged a whole new theory of causation, based on facts already known to it in response to defendant's dispositive motion, which highlighted significant flaws in plaintiff's theory); *Hirel Connectors, Inc. v. U.S.*, No CV-01-1169, 2005 U.S. Dist. LEXIS 44181 (C.D. Cal. July 15, 2005) (finding bad faith where plaintiffs were engaged in forum shopping and there was no connection between the alleged "new evidence" and the necessity of amending the complaint). Indeed, here, while Plaintiffs claim that the new allegations of money laundering outlined in their proposed amendment are based on facts newly discovered during the week of February 11, 2008, Plaintiffs themselves admit that they were fully aware of the Defendants' purported "money laundering scheme" more than 3 years before the commencement of this action on September 14, 2007. (*See* Proposed Second Amended Complaint ¶ 127, ("On or about January 16, 2004, Gidding wrote to the French Treasury officials and summed up the Defendants [*sic*] involvement in money laundering and corruption"). This court finds that Plaintiffs' failure to allege any factual allegations regarding the purported money laundering conspiracy in either of their 2 previous complaints, and waiting until faced with motions to dismiss by several Defendants, in spite of having such information in their possession, constitutes bad faith and/or dilatory motive on the part of Plaintiffs.

Based up the forgoing, Plaintiffs' Motion for Leave to File a Second Amended Complaint is denied.

**IT IS SO ORDERED.**

Dated: _____, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE