IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN GIDDING and PIVOTAL, INC.,

    Plaintiffs,

v.

DEREK ANDERSON, et al.,

    Defendants.

                                        /

No. C 07-04755 JSW

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND; GRANTING MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FINDING AS MOOT PLANTAGENET'S MOTION TO DISMISS**

    Now before the Court are several motions: (1) Plaintiffs John Gidding and Pivotal, Inc.'s motion for leave to file a second amended complaint; (2) Defendant Marie-Claude Simon's motion to dismiss for lack of personal jurisdiction and ineffective service of process; (3) Defendants S.A.S. Les Champs Reniers and Christophe Rapeneau's motion to dismiss for lack of personal jurisdiction; and (4) a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted filed by Defendants Plantagenet Capital Management, LLC, Plantagenet Partners SA, PLB Holding SA, and Derek Anderson (collectively "the Plantagenet Defendants"). These motions are now fully briefed and ripe for decision. The Court finds that these matters are appropriate for disposition without oral argument and the matters are deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for May 30, 2008 is VACATED. Having carefully reviewed the parties' papers and

considered the relevant legal authority, and good cause appearing, the Court hereby (1) GRANTS IN PART AND DENIES IN PART Plaintiffs' motion for leave to file a second amended complaint; (2) GRANTS Simon's motion to dismiss for lack of personal jurisdiction and ineffective service of process; (3) GRANTS S.A.S. Les Champs Reniers and Christophe Rapeneau's motion to dismiss for lack of personal jurisdiction; and (4) DENIES AS MOOT the motion to dismiss filed by the Plantagenet Defendants.

## BACKGROUND

This is a case brought by Plaintiff, John Gidding, a California resident and his company, Pivotal, Inc., a corporation organized under the laws of California pursuant to the Racketeer and Corrupt Organizations Act ("RICO"). The first amended complaint ("FAC") contains allegations of various events occurring in three countries over a several year period and against seventeen defendants. Three of the defendants are French citizens or companies who hereby move to dismiss base on lack of personal jurisdiction. Plaintiffs also move for leave to amend the complaint.

The Court addresses additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.   Plaintiffs' Motion to Amend.**

   **1.   Legal Standard.**

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of right at any time before a responsive pleading is served. Once a responsive pleading has been served, however, amendment requires written consent of the adverse party or leave of the court, and leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Though the decision to grant or deny the motion for leave to amend is governed by the district court's discretion, the general rule is that amendment of the pleadings is to be permitted. *See Forman v. Davis*, 371 U.S. 178, 230 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). The four factors commonly used to determine the "propriety of a motion for leave to amend ... are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs, Ltd.*, 833 F.2d at 186. "These factors, however, are not of equal

2

weight in that delay, by itself, is insufficient to justify denial of leave to amend." *Id.* The other factors used to determine the propriety of a motion for leave to amend could each, independently, support a denial of leave to amend a pleading. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999.) Of these factors, "prejudice to the opposing party is the most important factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

### 2.     The Court Cannot Make a Finding of Futility on this Record.

Defendant Marie-Claude Simon contends that the new amendments still do not proffer facts that would confer personal jurisdiction against her. She is correct. The Court dismisses Marie-Claude Simon for lack of personal jurisdiction under either the first or the second amended complaint. *See infra*.

The Plantagenet Defendants contend that the Court should deny leave to amend because the amendments would be futile. "Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend." *Lockheed Martin Corp.*, 194 F.3d at 986. In their opposition, the Plantagenet Defendants argue that the facts are so outrageous and unbelievable that they do not support the contentions in the proposed amended complaint and therefore amendment is improper. However, this argument is the subject of summary judgment (or perhaps a well-taken motion to dismiss on the operative complaint). Defendants have failed on the record before this Court to demonstrate that any potential defect in the pleading could not be remedied. On this basis and because of the liberal standard when exercising its discretion to permit amendment, the Court GRANTS Plaintiffs' motion for leave to file a third amended complaint. Plaintiffs shall file and serve the third amended complaint within 10 days of this order, incorporating the proposed amendments as well as the changes required by this Order. The Complaint shall not identify as defendants those parties who have been previously dismissed by stipulation and shall not identify as defendants those parties dismissed as a result of the remainder of this Order. All parties shall answer or otherwise respond within 20 days of service of the amended complaint.

3

United States District Court
For the Northern District of California

**B.     Motion to Dismiss for Lack of Personal Jurisdiction filed by Marie-Claude Simon.**

    **1.     Legal Standard.**

Marie-Claude Simon moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. The plaintiff bears the burden to establish personal jurisdiction. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Where the facts are not directly controverted, a plaintiff's version of the facts is taken as true. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) ("*AT&T*"). Likewise, the Court must resolve "'conflicts between the facts contained in the parties' affidavits" in plaintiff's favor, "for purposes of deciding whether a prima facie case for personal jurisdiction exists.'" *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (quoting *AT&T*, 94 F.3d at 588).

    **2.     Plaintiffs Have Not Met Their Burden to Show the Court Has Jurisdiction Over Simon.**

Plaintiffs bear the burden of establishing a *prima facie* showing of general or specific jurisdiction over each and every defendant they have sued. *Calder v. Jones*, 465 U.S. 783, 790 (1984). "Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long arm-statute permits the assertion of jurisdiction without violating federal due process." *Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 800-801 (9th Cir. 2004). Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. *Id*. at 801.

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. The overriding constitutional principle is that maintenance of an action in the forum must not offend "traditional conception[s] of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). The defendant's "conduct and connection with the forum State" must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "In judging minimum contacts,

4

a court properly focuses on 'the relationship among the defendant, the forum, and the litigation." *Calder*, 465 U.S. at 788 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

"A defendant whose contacts with a state are 'substantial' or 'continuous and systematic' can be haled into court in that state in any action, even if the action is unrelated to those contacts." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415 (1984)). As the Ninth Circuit explained in *Bancroft & Masters*, this is a "fairly high" standard which "requires that the defendant's contacts be of the sort that approximate physical presence in the state. *Id.* Here, Simon attests that she is an attorney at law admitted to practice in Reims, France, that she resides in Reims, France, that she has never been licensed to practice law in California or anywhere else in the United States, that she has never been employed or conducted business in California, does not have an office nor solicit business in California, has never paid income tax anywhere in the United States, and resides in France and has never even visited the United States. (*See* Declaration of Marie-Claude Simon, ¶¶ 1-7.) Simon's only connection to California is her legal representation of Plaintiff John Gidding, allegedly a California native, who was living at least part-time in France and Luxembourg at the time of the representation. (*See id.* at ¶ 12; Declaration of John Gidding, ¶¶ 1-3.) The Court finds this single contact with a California citizen to be insufficient to establish general jurisdiction over Simon.

Specific jurisdiction over a defendant exists where: (1) the defendant has purposefully directed his or her activities at residents of the forum state or the forum state itself; (2) the plaintiff's claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Schwarzenegger,* 374 F.3d at 802; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Schwarzenegger*, 374 F.3d at 802 (internal citation omitted). "On the other hand, if the plaintiff succeeds in satisfying both of the first two prongs, 'the burden then shifts to the defendant to present a compelling case that the exercise of

5

jurisdiction would not be reasonable." *Menken*, 503 F.3d at 1057 (quoting *Schwarzenegger*, 374 F.3d at 802, in turn quoting *Burger King*, 471 U.S. at 476-78) (internal quotations omitted). The Ninth Circuit has noted that the "purposeful availment" prong, "[d]espite its label ... includes both purposeful availment *and* purposeful direction. It may be satisfied by purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination thereof." *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006).

Here, the undisputed facts establish that a French attorney represented a California client in a proceeding in France. Simon did not solicit Mr. Gidding's business and she has never even traveled to California. To the extent, if at all, counsel solicited payment for her services within California, this contact would not constitute purposeful availment or the deliberate creation of a substantial connection with the forum state. *See Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) ("Out-of-state legal representation does not establish purposeful availment of the privilege of conducting activities in the forum state, where the law firm is solicited in its home state and takes no affirmative action to promote business within the forum state."); *see also Edmunds v. Superior Court of San Diego*, 24 Cal. App. 4th 221, 234 (1994) (holding that trial court erred in finding personal jurisdiction over Hawaii lawyer who represented a California client, even with further in-person contacts within the state). Here, because there is no showing that Simon purposefully directed her activities at residents of California or within the forum state or that the plaintiffs' claim arises out of or relates to those activities, the Court need not reach the issue whether the assertion of personal jurisdiction is reasonable and fair. *See Schwarzenegger*, 374 F.3d at 802. The Court finds that it cannot exercise personal jurisdiction over Marie-Claude Simon and she is dismissed as a defendant in this matter. The amended complaint shall not contain claims against her.

///
///
///
///

6

**C.  Motion to Dismiss for Lack of Personal Jurisdiction filed by S.A.S. Les Champs Reniers and Christophe Rapeneau.**

  **1.  Plaintiffs Have Not Met Their Burden to Show the Court Has Jurisdiction Over S.A.S. Les Champs Reniers and Christophe Rapeneau**.

In response to Defendants S.A.S. Les Champs Reniers ("Reniers") and Christophe Rapeneau's motion to dismiss for lack of personal jurisdiction, Plaintiffs argue that Defendant Reniers owns SA Societe Champenoise D'Expolitation Vinocole ("SCEV"), a French champagne producer which does business in California and that although Defendant Rapeneau also has some ownership of SCEV and although may not have been to California, does not deny contacts with the United States. The same factors and legal standard applies to this motion to dismiss based on lack of personal jurisdiction.

The contacts alleged in the first amended complaint are insufficient to establish personal jurisdiction over these two French defendants. In his declaration submitted in opposition to the motion, Plaintiff Gidding states that "[i]n my twenty five years in the wine trade, Christophe's agents have solicited business from me." (Declaration of John Giddings [*sic*], ¶ 3.) This claimed fact fails to identify any purported agent or solicitation or articulate whether any particular solicitation occurred in California. The allegation is therefore insufficient to demonstrate a connection between SCEV and Rapeneau and California. In addition, Plaintiffs' assertion that sales by SCEV constitute sales by Reniers is without foundation. Further, there is no assertion that even if SCEV's sales could possibly be attributed to Reniers, that the purported sales in California occurred after SCEV was acquired by Reniers in December 2003. (*See* FAC, ¶ 97.)[1]

Therefore, Plaintiffs' contentions in their opposition that Rapeneau had contacts with California through some unnamed agents' solicitation and Reniers had contacts through SCEV

---

[1] Further, even if the Plaintiffs could legitimately assert that Reniers owned SCEV during the relevant time period, the "existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum." *Doe v. Unocal*, 248 F.3d at 925 (citing *Transure, Inc. v. Marsh and McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985).)

7

1 are unsubstantiated not only by the allegations in the first amended complaint, but also by the
2 record before this Court. Accordingly, the Court finds that it cannot exercise personal
3 jurisdiction over Christophe Rapeneau and S.A.S. Les Champs Reniers and those defendants are
4 dismissed. The amended complaint shall not contain claims against these defendants unless
5 sufficient minimum contacts with California can be alleged with adequate foundation.

**D.    Plantagenet Defendants' Motion to Dismiss for Failure to State a Claim is Moot.**

Because the Court has permitted Plaintiffs to file a second amended complaint, the current motion to dismiss for failure to state a claim is rendered moot. Therefore, the motion to dismiss is DENIED AS MOOT. The Plantagenet Defendants may file a revised motion to dismiss the second amended complaint within 20 days of service.

**CONCLUSION**

For the foregoing reasons, the Court (1) GRANTS IN PART AND DENIES IN PART Plaintiffs' motion for leave to file a second amended complaint; (2) GRANTS Marie-Claude Simon's motion to dismiss for lack of personal jurisdiction and ineffective service of process; (3) GRANTS S.A.S. Les Champs Reniers and Christophe Rapeneau's motion to dismiss for lack of personal jurisdiction; and (4) DENIES AS MOOT the motion to dismiss filed by the Plantagenet Defendants

Plaintiffs shall file and serve the second amended complaint within 10 days of this order, incorporating the proposed amendments as well as the changes required by this Order. All proper parties shall answer or otherwise respond within 20 days of service of the amended complaint. The initial case management conference is HEREBY VACATED and shall be reset, if necessary, by further order of the Court.

Furthermore, to the extent any party submits documentary evidence it wishes the Court to consider, such submissions must be translated into English.

**IT IS SO ORDERED.**

Dated: May 22, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE