Fred H. Perkins (fhperkins@morrisoncohen.com)
Latisha V. Thompson (lthompson@morrisoncohen.com)
Admitted Pro Hac Vice
MORRISON COHEN LLP
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 735-8600
Facsimile: (212) 735-8708

Gail Cohen (093210) (gcohen@barwol.com)
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

Attorney for Specially-Appearing Defendant
MARIE-CLAUDE SIMON

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MR. JOHN GIDDING, PIVOTAL INC., | Case No.: No. C 07-04755 JSW |
| Plaintiffs, | Judge: Hon. Jeffrey S. White |
| vs. | MARIE CLAUDE SIMON'S MOTION FOR COSTS |
| DEREK ANDERSON, *et al.*, | |
| Defendants. | [28 U.S.C. §§ 1919, 1920; Fed.R.Civ.P. 54(d)(2)] |
| | [Filed concurrently with Bill of Costs and Proposed Order] |
| | Date: July 11, 2008<br>Time: 9:00 a.m.<br>Place: 2, 17th Floor. |
| | Complaint Filed: 9/14/07 |

DEFENDANT MARIE CLAUDE SIMON'S MOTION FOR COSTS                   Case No. C 07-04755 JSW

#1294881 v2 \20044 \001

Pursuant to 28 U.S.C. § 1919 and Federal Rule of Civil Procedure 54(d)(2), Marie-Claude Simon ("Ms. Simon") hereby moves for the payment of just costs. In support thereof Ms. Simon submits the attached Bill of Costs (the "Bill") and supporting invoices. All costs sought by Ms. Simon in the Bill were necessarily incurred in this action and are justifiably chargeable against Plaintiffs.

On May 22, 2008, this Court issued an order, *inter alia*, dismissing Ms. Simon as a defendant in this matter on the basis that it lacked personal jurisdiction over her (the "Order"). The Order thus entitled Ms. Simon to seek reimbursement of just costs expended in connection with the action. 28 U.S.C. § 1919 ("Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs."); *see also* 28 U.S.C. § 1920 ("A judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursement for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title [28 USCS § 1923]; (6) Compensation of court appointed experts, compensation of interpreters, and salaries fees, expenses, and costs of special interpretation services . . ."). Here Ms. Simon has incurred just costs in the amount of $8,182.19 relating to court fees and the copying, printing and translation of foreign language documents, all of which costs were necessarily incurred by Ms. Simon in this action.[1]

///

---

[1] In actuality, Ms. Simon incurred far more translation costs as many of the documents submitted to the Court in English were required to be translated into French so as to be understood by Ms. Simon who is not proficient in the English language. As these English to French translations were done in France through a French attorney, in the instant motion, Ms. Simon only seeks reimbursement for translation costs in connection with documents translated from French to English in connection with various court submissions.

As an initial point, the lion's share of the costs incurred by Ms. Simon, some $7,363.19, arose in connection with the translation of documents from French to English, which translation was necessitated by the Plaintiffs' continued failure to provide English translations of French documents submitted to the Court—translations that Plaintiffs themselves unabashedly now rely on and use in their most current court filings. (*See* Second Amended Complaint, Exhibit J-1.) Ever since Plaintiffs initiated this Action they have repeatedly filed numerous foreign language documents with this Court without translation. Indeed, both the Complaint, filed on September 19, 2007 and the First Amended Complaint filed on December 17, 2007, include a substantial number of exhibits in French without any English translation, thus, requiring Ms. Simon to incur the expense of such translations. Undeterred, Plaintiffs continued their practice of submitting French documents to the Court without translations throughout the time Ms. Simon remained a defendant in the Action, in certain instances wholly misrepresenting the meaning of the documents—which misrepresentations were only uncovered through translations paid for by Ms. Simon.[2]

Only after the Court's May 22, 2008 Order, in which the Court dismissed Ms. Simon and made clear that documentary evidence submitted to the Court for consideration must be translated into English, did Plaintiffs submit any fully translated documents to this Court. However, the translation submitted by Plaintiff was in fact fully paid for by Ms. Simon. Unbelievably, Exhibit J-1 (a translation of Exhibit J) to the Second Amended Complaint filed by Plaintiffs on June 2, 2008, is the very certified translation procured by and paid for by Ms. Simon to translate a

---

[2] *Compare* Paragraph 35(b) of the Proposed Second Amended Complaint, submitted by Plaintiffs on April 24, 2008 (citing to Exhibit J and stating that "Marie-Claude Simon's blatant betrayal of her U.S. clients gave the Prosecutor of the French Republic cause to join two criminal actions") *with* the certified translation of Exhibit J, attached as Exhibit A to the Declaration of Danielle Gill, submitted on May 16, 2008 ("Gill Declaration") ("[w]hereas these two complaints were filed by the same civil parties and including the same facts, it appears necessary to combine these complaints into a single proceeding").)

document previously submitted by Plaintiffs. (*See* Gill Declaration, Ex. A.)[3] Given the fact that the translator's fees were incurred as a direct result of Plaintiffs' practice of submitting foreign language documents without English translations, and that Plaintiffs themselves have benefitted from the translations procured and paid for by Ms. Simon, it is only just that Plaintiffs reimburse Ms. Simon for the translator's fees. Indeed, if Plaintiffs are not required to reimburse Ms. Simon they will essentially be rewarded -- at Ms. Simon's expense -- for their repeated failure to provide translations of foreign language documents submitted to the Court.

Ms. Simon also incurred $420 in court fees in connection with the admission of Ms. Simon's attorneys, Fred H. Perkins and Latisha Thompson, to this Court *pro hac vice* ($210 for each application). These costs were necessary and reasonable and should therefore be reimbursed to Ms. Simon. *See* 28 U.S.C. § 1919; 28 U.S.C. § 1920 (1).

Finally, the remaining $399 sought by Ms. Simon represent copying and printing costs incurred in the defense of this Action. These costs were necessary and reasonable and should thus be reimbursed to Ms. Simon. *See* 28 U.S.C. § 1919; 28 U.S.C. § 1920 (3), (4).

///
///
///
///
///
///
///

---

[3] There can be no mistake that the Plaintiffs now rely on and use the Translation paid for by Ms. Simon and previously submitted by Ms. Simon, as Exhibit J-1 to the Second Amended Complaint contains the docket identifier for the Gill Declaration, "Document 83 Filed 05/16/2008."

## Conclusion

For all the reasons stated above, Ms. Simon respectfully requests that an order be entered requiring Respondents to reimburse Ms. Simon for her just costs in the amount of $8,182.19, together with such other and further relief as the Court deems just and equitable.

Dated:     New York, New York
           June 5, 2008

BARGER & WOLEN LLP

By:
           /s/
     Gail Cohen (09310)
     650 California Street, 9th Floor
     San Francisco, CA 94108
     Telephone: (415) 434-2800
     Facsimile: (415) 434-2533
           -and-
MORRISON COHEN LLP

By:
           /s/
     Fred Perkins
     Latisha Thompson
     *Admitted Pro Hac Vice*
     909 Third Avenue
     New York, NY 10022-4731
     Telephone: (212) 735-8600
     Facsimile:  (212) 735-8708

     Attorneys for Defendant
     *MARIE-CLAUDE SIMON*