**BIRNBERG & ASSOCIATES**
**CORY A. BIRNBERG (SBN 105468)**
**BIRNBERG & ASSOCIATES**
**703 Market Street, Suite 600**
**San Francisco, CA 94103**
**Telephone: (415) 398-1040**
**Facsimile: (415) 398-2001**

**Attorneys for Plaintiffs**
**JOHN GIDDING, PIVOTAL, INC.**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN GIDDING, PIVOTAL, INC. | Case No. C-7-04755-JW |
| Plaintiffs, | OBJECTION TO MARIE CLAUDE SIMON'S MOTION FOR COSTS |
| v. | |
| DEREK ANDERSON, an individual; JOHN ZAPPETTINI, an individual; OLIVIER LEMAL, and individual; PLANTAGENET CAPITAL MANAGEMENT LLC, a purported California corporation; PLANTAGENET CAPITAL AMERICA LLC, a purported Delaware corporation; PLANTAGENET CAPITAL FUND LP, a purported Cayman Island corporation; PLANTAGENET CAPITAL FUND LP II, a purported Cayman Island corporation; PLB HOLDINGS SA, a purported Luxembourg corporation; PLANTAGENET PARTNERS SA, a purported French corporation; SERGE HAUCHART, an individual; SCEA CHATEAU LA LAGUNE; and DOES 1 through 100, inclusive, | 28 USC §§1919, 1920; Fed.R.Civ.P. 54(d)(2); LR 54-2<br><br>Date: July 11, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 2, 17th Floor, 450 Golden Gate Ave., San Francisco, California |
| Defendants. | |

NOW COME Plaintiffs JOHN GIDDING and PIVOTAL, INC. (hereinafter "Plaintiffs") and do hereby object to MARIE CLAUDE SIMON'S (hereinafter "Simon") Motion for Costs.

**OBJECTION TO MARIE CLAUDE SIMON'S MOTION FOR COSTS**
-1-                                                                                               Case No. C-7-04755-JW

In her motion for costs, Simon fails to establish that the costs she incurred in bringing her motion to dismiss for lack of personal jurisdiction were "just costs in connection with the action," as required by 28 USC §1919. Plaintiffs should not therefore be responsible for the costs that Simon seeks, as these costs were unnecessary to Simon's motion to dismiss for lack of personal jurisdiction, and were unnecessary to her opposition to Plaintiffs' motion for leave to file a second amended complaint. Admittedly, Plaintiffs attached many exhibits in both French and English to the original complaint and first amended complaint ("FAC"). While it is not necessary to attach exhibits to a RICO lawsuit, Plaintiff did so here in an attempt to illustrate the various Defendants' complex schemes. It remains that these exhibits were not necessary to stating a sufficient cause of action for RICO on each count. Further, the exhibits attached to the FAC were not necessary to Simon's motion to dismiss for lack of personal jurisdiction. While Defendant Derek Anderson and the Plantagenet Defendants, while bolstering their FRCP 12(b)(6) motions, apparently relied on the representations contained within the exhibits to the FAC in making their arguments for dismissal for failure to state a cause of action, Simon's motion to dismiss was quite different.

In her motion to dismiss, Simon argued that this Court did not have personal jurisdiction over her, and therefore she should be dismissed from the instant lawsuit. Simon joined in on the motions by Defendants Derek Anderson and the Plantagenet Defendants to dismiss the FAC for failure to state a claim under FRCP 12(b) (6); however, neither Simon's memorandum of points and authorities, nor the attached declarations relied on the content of the exhibits to the FAC. The only mention that Simon made of said exhibits in her motion to dismiss was to express her frustration at allegedly not having received French language translations of the exhibits that were in English, though Plaintiffs maintain that they delivered such translations to Simon through its French attorney, Jonathan Polier, in early 2008, with service of the First Amended Complaint. Simon made no representations that such translations, either English to French or vice versa, were necessary in order for her to maintain her motion to dismiss.

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103

TEL (415) 398-1040
FAX (415) 398-2001

OBJECTION TO MARIE CLAUDE SIMON'S MOTION FOR COSTS
-2-                                                            Case No. C-7-04755-JW

1    The focus of Simon's motion to dismiss is this Court's lack of personal and general jurisdiction over her, and the focus of Simon's opposition to Plaintiff's motion for leave to file a second amended complaint is "futility of amendment."  Neither of these pleadings relied on the translations of exhibits from French into English, though Simon attached these translations to declarations of the individuals who translated the documents.  It appears that Simon is now trying to justify these superfluous translations, though the motion for costs curiously never states that the translations were necessary Simon's motion to dismiss and opposition to motion to amend.  In reality, Simon did not rely on these translations in the above stated motions, and even if she had, such reliance would have been unnecessary to the arguments that Simon made in these motions.

Further, Simon represents in her Motion for Costs that she is not proficient in the English language.  It is therefore curious that Simon sought translations of various exhibits from French into English.  Simon makes no attempt to explain why such translations were necessary, and why she sought these translations as attachments to both motions, neither of which relied on the translations.  Perhaps Simon's translations were for the benefit of Simon's local counsel, but without a firm explanation of the purpose for such translations at such an early stage in the proceedings when Simon was merely attempting to be dismissed from the action, then Plaintiffs cannot be responsible for such costs.  In addition, Simon speaks English.  Several individuals have filed declarations that they have corresponded with Simon in English and spoke to her in English.  See the un-refuted Declaration of Richard Genderson, filed on March 21, 2008 in opposition to the Simon Motion to Dismiss.  He declared at ¶ 4:

> 4.    Over the summer of 2003, Serge Hauchart and Marie-Claude Simon telephoned me numerous times, at my offices in Washington DC, seeking a $5,000,000 bank guarantee to restructure Champagne Bricout.  Marie-Claude Simon and Serge Hauchart both spoke English to me because I do not speak French.  I provided a $5,000,000 guarantee to the Court of Reims issued by the Cardinal Bank if Virginia.

Moreover, Plaintiffs filed their verified second amended complaint (hereinafter "SAC") on June 2, 2008, and attached to it an edited selection of exhibits, all of which had

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

OBJECTION TO MARIE CLAUDE SIMON'S MOTION FOR COSTS
-3-                            Case No. C-7-04755-JW

been translated into English, per the Court's order of May 22, 2008.  This Court dismissed Simon from the instant lawsuit in the same May 22, 2008 order, on the basis that it lacked personal jurisdiction over her.  Plaintiffs have therefore complied with the Court's order.  The fact that Plaintiffs used one of Simon's translated documents as an attachment to the SAC (See Exhibit J-1 to the SAC) does not necessarily mean that Plaintiffs should be responsible for the cost of such translation.  In the interest of judiciousness and economy, Plaintiffs used this translation. It was public record. It was the only French document that Plaintiff's had not yet translated. Further, Plaintiff John Gidding, himself, is fluent in French and has lived in France for many years. John's wife is a French citizen, resided in France until the events alleged in the SAC took place, and fled to Luxembourg. Both of them easily could have translated this short document.  However, if such translation had not been available, Plaintiffs would have translated Exhibit J themselves, which would have likely been done by Plaintiff John Gidding at no cost.  While Simon may feel protective over the translations that she obtained, Simon herself lodged these translations with the Court along with her pleadings, and therefore she opened the translated documents up to the use of any person involved in the instant lawsuit.

In regards to Simon's request for reimbursement of the $420 incurred in connection with the *pro hac vice* of Fred H. Perkins and Latisha Thompson, such costs were accordingly unnecessary.  Mr. Perkins and Ms. Thompson associated with Gail Cohen, counsel in Los Angeles, to appear in this case. Ms. Cohen was already admitted in the Northern District of California, and could therefore have simply submitted the necessary pleadings and made the appearances herself.  Had Simon still required the involvement of Mr. Perkins and Ms. Thompson, then these attorneys could have participated; however, it was not necessary to Simon's defense in this case that three counsel be admitted to appear before this Court. Plaintiffs should not be responsible for the unnecessary and excessive costs of admitting Mr. Perkins and Ms. Thompson *pro hac vice* to the Northern District.

Before submitting this objection to Simon's Motion for Costs, Plaintiffs' counsel met and conferred with counsel for Simon, on more than one occasion, in an effort to resolve the

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

1  disagreement about the taxable costs claimed in the bill.  The parties were unable to resolve
2  the matters contained in the motion for costs, and Plaintiffs are therefore filing their
3  objection.

## CONCLUSION

For the reasons stated above, Plaintiffs should not have to bear the costs presented in Simon's Bill of Costs, and in particular the costs of translation and the costs of admitting two attorneys pro hac vice to the Northern District of California.

BIRNBERG & ASSOCIATES

Dated: 13 June 2008                    By: /s/ Cory A. Birnberg
                                       Cory A. Birnberg
                                       Attorneys for Plaintiffs

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103

TEL (415) 398-1040
FAX (415) 398-2001

**OBJECTION TO MARIE CLAUDE SIMON'S MOTION FOR COSTS**
-5-                                                         Case No. C-7-04755-JW