Fred H. Perkins (fhperkins@morrisoncohen.com)
Latisha V. Thompson (lthompson@morrisoncohen.com)
Admitted Pro Hac Vice
MORRISON COHEN LLP
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 735-8600
Facsimile: (212) 735-8708

Gail Cohen (093210) (gcohen@barwol.com)
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

Attorney for Specially-Appearing Defendant
MARIE-CLAUDE SIMON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MR. JOHN GIDDING, PIVOTAL INC., | Case No.: No. C 07-04755 JSW |
| Plaintiffs, | Judge: Hon. Jeffrey S. White |
| vs. | |
| DEREK ANDERSON, *et al.*, | REPLY IN FURTHER SUPPORT OF MARIE-CLAUDE SIMON'S MOTION FOR COSTS |
| Defendants. | |
| | Date:  No Hearing Set<br>Time:  No Hearing Set<br>Place: No Hearing Set |
| | Complaint Filed: 9/14/07 |

REPLY IN FURTHER SUPPORT OF MARIE CLAUDE SIMON'S MOTION FOR COSTS     Case No. C 07-04755 JSW

#1316689v1 \20044 \001

As set forth in Marie-Claude Simon's Motion for Costs and attached Bill of Costs (including supporting invoices), submitted on June 5, 2008, all costs sought by Ms. Simon were necessarily incurred in this action and are justifiably chargeable against Plaintiffs pursuant to 28 U.S.C. §1919. On June 15, 2008, Plaintiffs filed their objection to Ms. Simon's motion for costs ("Objection"). In their Objection, Plaintiffs assert that Ms. Simon is not entitled to translator fees and clerk fees in connection with the *pro hac vice* admission of Ms. Simon's chosen counsel. Plaintiffs' objections are without merit.

Ms. Simon incurred the substantial translation fees as a direct result of Plaintiffs' improper practice of attaching French documents (without translation) to the Complaint and other submissions to this Court. Plaintiffs' assertion in its Objection that the exhibits were not instrumental to the Complaint, and thus need not be understood by Ms. Simon's American counsel in order to represent Ms. Simon in this Court because Ms. Simon moved to dismiss on a jurisdictional basis simply make no sense. First, the law is clear that exhibits to a complaint are part of the Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the proceeding for all purposes"); *see also McCray v. Furman*, No. 07-CV-0258A, 2007 U.S. Dist LEXIS 60830 at *2 (W.D.N.Y. August 15, 2007) ("[Exhibits] form part of the amended complaint and must be served therewith."). Accordingly, Ms. Simon's American counsel was

1  required to understand the entirety of the Complaint before deciding whether to
2  answer the Complaint or to move to dismiss, and if moving to dismiss, upon what
3  basis.
4  
5  Second, even if Plaintiffs' assertion that because Ms. Simon brought a
6  motion to dismiss on jurisdictional grounds, her counsel did not need to understand
7  the exhibits were true – and it is not – Ms. Simon also moved to dismiss for failure
8  to state a cause of action, joining the Plantagenet Defendants' motion to dismiss.
9  Plaintiffs themselves admit that Derek Anderson and the Plantagenet Defendants
10 "apparently relied on the representation contained within the exhibits to the FAC."
11 As such, Ms. Simon, having joined the Plantagenet Defendants' motion necessarily
12 also relied on the representations contained in the exhibits.  Indeed, before
13 deciding the appropriateness of joining such a motion, Ms. Simon and her counsel
14 were required to undertake a reasonable investigation into the underlying factual
15 contentions.  *See* F.R.C.P. Rule 11.  Here, such investigation required at a
16 minimum reviewing and comprehending the entire Complaint, which could not be
17 accomplished without English translations.

Third, Plaintiffs' contention that they did not need to attach the French documents to the Complaint but only did so for illustrative purposes is also unavailing as Ms. Simon's counsel had no way of knowing the superfluous nature of the exhibits until they had been translated.  At the time the exhibits were

attached to the Complaint, Plaintiffs took the position that these documents not only evidenced Ms. Simon's bad acts but also showed that Ms. Simon had sufficient contacts with the jurisdiction to subject her to personal jurisdiction in California. Indeed, Ms. Simon's counsel was required to procure the translations in order to refute Plaintiffs' claims of numerous contacts with California. As a result, Ms. Simon relied on translations of a number of French documents Plaintiffs submitted to the Court in order to show that Plaintiffs' allegations that Ms. Simon had engaged in sufficient contacts with California to subject her to jurisdiction in this Court were without merit. For this very reason, during the course of the briefing of Ms. Simon's motion to dismiss and Ms. Simon's objection to Plaintiffs' motion to amend the complaint, Ms. Simon filed no less than three declarations by certified translators attaching translations relied upon by Ms. Simon. Having attached foreign language exhibits to the Complaint and other documents, which Ms. Simon relied upon in mounting her defense, Plaintiffs are simply not in a position to argue that they did not need to attach the exhibits.

Fourth, Plaintiffs' assertion that Ms. Simon is proficient in English is not germane, as here Ms. Simon is only seeking the cost of translating French documents to English so that counsel could properly represent her. Ms. Simon has not sought costs in connection with translating English documents to French.

Fifth, Plaintiffs' implication that its provision of partially translated documents on June 2, 2008 -- after Ms. Simon had been dismissed from the action and only after the Court ordered parties to refrain from submitting foreign documents (without translation) -- somehow lessens the impropriety of their submission of French documents (without translation) to this Court in September 2007 and April 2008, is utterly without merit.  Equally meritless is Plaintiffs' assertion that they should not "necessarily" have to pay for the translation procured by Ms. Simon that Plaintiffs have since used in order to comply with this Court's order requiring foreign language documents be translated into English.  Having failed to provide English translations (which they now claim were so easy to do), Plaintiffs' objection to even paying for those translations they have admittedly benefited from, shows that Plaintiffs will stoop to any level to avoid paying their fair share of litigation costs.  Under these circumstances, allowing Plaintiffs to avoid the translation costs will only serve to reward Plaintiffs -- at Ms. Simon's expense -- for their repeated failure to provide translations of foreign language documents submitted to this Court.  Accordingly, Plaintiffs' objection to the cost of translating exhibits and other submissions from French to English should be wholly rejected.

Plaintiffs' objection to costs of the *pro hac vice* admissions is similarly without merit.  28 U.S. C. § 1920(l) specifically provide for taxing of clerk fees.

Plaintiffs' assertion that Ms. Simon's chosen attorneys did not need to be admitted to the Court has no basis in law or fact, as Ms. Simon is entitled to the attorneys of her choosing. Ms. Simon desired that her counsel, Fred H. Perkins and Latisha Thompson, represent her in this matter and argue any necessary motions before this Court. Such representation required a *pro hac vice* admissions at a cost of $420.00 in clerk fees, and further required that Mr. Perkins and Ms. Thompson associate themselves with local counsel, which they did by retaining Gail Cohen of Barger & Wolen LLP. By complying with the rules governing *pro hac vice* admissions, neither Ms. Simon nor her counsel in any way waived reimbursement for clerk fees in accordance with such admission. Plaintiffs' contention that Ms. Simon was required to have local counsel, Gail Cohen, appear in this case instead of Ms. Simon's chosen attorneys is nothing more than another desperate attempt to avoid reimbursing Ms. Simon her just costs incurred in defending this Action, and should be rejected.

///

///

///

///

///

///

///

///

**Conclusion**

For all the reasons stated above and in Ms. Simon's motion for costs, Ms. Simon respectfully requests that an order be entered requiring Plaintiffs to reimburse Ms. Simon for her just costs in the amount of $8,182.19 together with such other and further relief as the Court deems just and equitable.

Dated:    New York, New York
          June 20, 2008

                                        BARGER & WOLEN LLP

                                        By: ___/s/_____
                                            Gail Cohen (09310)
                                            650 California Street, 9th Floor
                                            San Francisco, California
                                            94108
                                            Telephone: (415) 434-2800
                                            Facsimile: (415) 434-2533
                                                    -and-
                                        MORRISON COHEN LLP

                                        By: ___/s/_____
                                            Fred Perkins
                                            Latisha Thompson
                                            *Admitted Pro Hac Vice*
                                            909 Third Avenue
                                            New York, New York 10022-4731
                                            Telephone: (212) 735-8600
                                            Facsimile:  (212) 735-8708

                                            Attorneys for Defendant
                                            *MARIE-CLAUDE SIMON*