**BIRNBERG & ASSOCIATES**
**CORY A. BIRNBERG (SBN 105468)**
**BIRNBERG & ASSOCIATES**
**703 Market Street, Suite 600**
**San Francisco, CA 94103**
**Telephone: (415) 398-1040**
**Facsimile: (415) 398-2001**

**Attorneys for Plaintiffs**
**JOHN GIDDING, PIVOTAL, INC.**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **JOHN GIDDING, PIVOTAL, INC.** | **Case No. C-7-04755-JSW** |
| **Plaintiffs,** | **ERRATA TO EXHIBITS C-I TO** |
| **v.** | **DECLARATION OF JOHN GIDDING AND ATTACHMENT** |
| **DEREK ANDERSON, et al.,** | **OF EXHIBIT H-1** |
| **Defendants.** | **DATE: AUGUST 29, 2008** |
| | **TIME: 9:00 A.M.** |
| | **PLACE: CTRM. 2, 17TH FLOOR** |

COME NOW PLAINTIFFS and make the following clerical amendments to the document filed as docket no. 102, Exhibits C-I To Declaration of John Gidding.  Plaintiffs inadvertently failed to attach Exhibit H-1, which is the French document that was translated into Exhibit H, already filed with this court at docket no. 102-10.  Plaintiffs now attach Exhibit H-1 to this errata.

BIRNBERG & ASSOCIATES

Dated: 15 July 2008                      By:  /s/ Cory A. Birnberg
                                         Cory A. Birnberg
                                         Attorneys for Plaintiffs

ERRATA TO EXHIBITS C-I TO DECLARATION OF JOHN GIDDING AND ATTACHMENT OF EXHIBIT H-1
Case No. C-7-04755-JSW

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA. 94103
TEL (415) 398-1040
FAX (415) 398-2001

Date: 22 septembre 2004

## REPONSE

## À PLAINTE

CHAMPAGNE ALBERT LEBRUN  /  GIDDING PIVOTAL

12 MAI 2003

DEFENDEURS: **GIDDING PIVOTAL**

1/     Monsieur John GIDDING, de nationalité américaine, né le 9 avril 1947 à Glen
Ridge, New Jersey, USA, demeurant 1080 Haight Street, San Francisco,
Californie 94117 USA

2/     La société PIVOTAL INC., société de droit américain, dont le siège est 2467 Warm
Springs Road, Glen Ellen, Californie 94117 USA

réponse par M. John Gidding, agissant pour lui-même et pour Pivotal Inc., élisant domicile:

**Maître Jacques Legay**      tel:     03 26 28 43 65
29, rue Léon Bourgeois       fax:    03 26 21 61 15
51000 Chalon en Champagne

PLAIGNANTS: **CHAMPAGNE ALBERT LE BRUN**

1/     La société COMPAGNIE DES VINS DU LEVANT, anciennement dénommée Finances
du Levant, 17, rue de la Baume, 75008 Paris, RCS B 421.617.150

2/     La société SCEV - Champenoise d'Exploitation Vinicole, dernière adresse et
siège social connu: 93 à 99, avenue de Paris, 51000 Châlons en Champagne

soit:   SCEV: <u>RCS Châlons en Champagne</u>   B 095.750.<u>535</u>
ou:    Charles de Cazanove: <u>RCS Reims</u>        B 095.750.<u>735</u>
ou     Charles de Cazanove: <u>RCS Reims</u>        B 095.750.<u>673</u>

ayant pour avocats:

**Maître Jacques Bouyssou**      tel:    01 53 89 14 70
B'FPL & Associés                 fax:   01 53 89 14 79
4, rue Arsène Houssaye
75008 Paris

Exhibit H-1 letter to the prosecutor

- 2 -

John GIDDING                                    San Francisco, le 22 septembre 2004
1080 Haight Street
San Francisco, California
94117  USA


PIVOTAL Inc.                          **Monsieur le Procureur de la République**
2467 Warm Springs Road                Tribunal de Grande Instance de PARIS
Glen Ellen, California                4, boulevard du Palais
95442  USA                            75004 Paris, FRANCE


REF:    <u>PLAINTE PÉNALE du 12 MAI 2003 à la requête de</u>:
        LA SOCIETE COMPAGNIE DES VINS DU LEVANT
        SCEV - SOCIETE CHAMPENOISE D'EXPLOITATION VINICOLE

        **OBJET: <u>CHAMPAGNE ALBERT LE BRUN / GIDDING PIVOTAL</u>**


Monsieur le Procureur de la République,

Mon nom est John **GIDDING**, je suis citoyen américain, directeur de **PIVOTAL** Inc., société de droit américain, "**OBJET**" de la "**PLAINTE**" en référence. [pièce n°1]

Les Plaignantes font grief d'abus de confiance et d'escroquerie en connection avec le Jugement d'un Litige en Californie contre une des sociétés plaignantes, **SCEV**, propriétaire de la marque de champagne "**ALBERT LE BRUN**", pour rupture de contrat. [pièce n°2]

La **PLAINTE** est semblable au parjure de M. Raulet devant le Tribunal Californien "sous peine des sanctions prévues par la loi" [pièce n°3]. Le but réel de cette PLAINTE est de cacher les affaires de M. Raulet aux Iles Caïmans, exposées depuis devant le Tribunal Administratif d'Amiens, [pièce n°4 page 8], et de se soustraire au Jugement, qui est exécutoire et sans appel, par des moyens frauduleux. [pièce n°5 page 5]


A.    **M. Patrick Raulet**

      La société Compagnie des Vins du Levant est l'actionnaire unique de SCEV, et M. Patrick Raulet est le président et directeur des Plaignantes.
<u>preuve</u>:  [pièce n°6]


B.    **OBJET: Champagne Albert Le Brun / Gidding Pivotal**

      Le Litige a été jugé le 6 décembre 2001 en ma faveur et en celle de Pivotal Inc., pour un montant principal de $1.327.243, plus $209.300 d'intérêts préalables et 10% d'intérêts.
<u>preuve</u>:  [pièce n°2]

      La décision, régulièrement signifiée à SCEV, est devenue définitive le 27 mars 2002, date à partir de laquelle SCEV disposait de soixante jours pour interjeter appel.
<u>preuve</u>:  [pièce n°7]

La société SCEV n'a pas fait appel à ce Jugement et, en conséquence, le jugement est devenu exécutoire le 26 mai 2002.

preuve: [pièce n°8]

Une Assignation en Exequatur a été introduite devant le Tribunal de Grande Instance de Châlons-en-Champagne le 5 septembre 2002.

preuve: [pièce n°9]

Le Jugement, après conversion en euros et intérêts inclus, représente un montant de 2.121.509 euros à la date du 22 septembre 2004.

preuve: [pièce n°10]

## C.    L'accusation d'abus de confiance et d'escroquerie

C / 1    Sur la **PRÉTENDUE** remise préalable d'une chose corporelle:

La PLAINTE fait allusion à une "convention de garantie de passif avec une société PLB Holdings, société de droit luxembourgeois, détenue à 100% par Plantagenet Capital Management LLC, société de droit californien." M. Raulet essaie de faire valoir ses propres turpitudes.

Plantagenet Cayman I & II, sociétés au droit des Iles Caïmans, détiennent **78%** de PLB Holdings, et Plantagenet Capital Management LLC, société de droit californien, détient **0%** de PLB Holdings.

preuve: [pièce n°11]

La "Convention de Garantie", selon son article 1.15, a **EXPIRÉ** le 31 mars 2000.

preuve: [*pièce adverse n°5, article 1.15*]

PLB Holdings SA, n'ayant plus d'utilité après le 31 mars 2000, a été **LIQUIDÉE** 8 jours après, donc 20 mois **AVANT** le Jugement et 3 ans **AVANT** la PLAINTE.

preuve: [pièce n°12]

C / 2    Sur le **PRÉTENDU** détournement:

Il n'y a rien qui puisse prêter matière à détournement.

L'Avenant à la Convention, prétendûment daté du 2 mars 2000, est un **FAUX** en écriture du 9 mai 2001, la première des trois dates d'échanges par télécopie. Les signatures de M. Raulet et de M. Derek Anderson ne sont pas les leurs. Cette **RUSE** ne peut pas faire revivre leur Convention de Garantie qui est expirée.

preuve: [pièce n°13, article 1.15 du pièce adverse n°5 joint]
[voir signatures: Raulet pièce n°3, n°6;  Anderson n°19]

C / 3    Sur le PRÉTENDU préjudice de SCEV:

M. Raulet est demeuré PENDANT 164 JOURS - entre le 6 décembre 2001, date du Jugement, et le 25 mai 2002, dernier jour pour interjeter appel - dans l'INERTIE la plus complète.  Il n'y a pas de préjudice pour SCEV.

M. Anderson, après sa démission de son poste d'administrateur de SCEV [pièce n°6], a été mandaté pour se substituer à M. Raulet dans le Litige Californien.  Pour pouvoir représenter SCEV dans les négociations de règlement amiable mandatées par la Cour Supérieure de Californie, M. Anderson a présenté son "Pouvoir".

preuve: [pièce n°14]

C / 4    Sur le PRÉTENDU préjudice de la société Compagnie des Vins du Levant:

Malgré son Pouvoir, M. Raulet m'accuse d'être en "collusion frauduleuse"[pièce n°5] avec une PLB Holdings non existante [pièce n°12] et soit disant représentée par son mandataire, ceci en dépit de sa garantie personnelle qui dit: "Je suis d'accord pour indemniser le tiers pour toute plainte faite contre lui, provenant de sa confiance dans ce pouvoir".  Je suis un tiers vis-à-vis de ce Pouvoir et en même temps l'objet de la PLAINTE, provenant de ma confiance dans le Pouvoir. Et pourtant, en conséquence de la PLAINTE, je suis privé de la jouissance de mon Jugement, définitif et exécutoire, le préjudice est uniquement pour moi.

C / 5    Sans abus de confiance et sans préjudice, il n'y a pas d'escroquerie.

D.    Sur le détournement d'actifs de SCEV

En novembre 2001, après 2 ans et 5 mois de litige, SCEV s'abstient volontairement, 6 jours avant la plaidoirie finale, du procès Californien.

preuve: [pièce n°15 page 4 & 5, n°2]

En mai 2002, SCEV ne fait pas appel au Jugement.

preuve: [pièce n°8]

En juin 2002, M. Raulet détourne l'actif de SCEV vers Champagne Charles de Cazanove

preuve: [pièce n°16]

En juillet 2002, le détournement d'actifs de SCEV est arrêté par une Inscription de Privilège ordonnée par le Tribunal de Commerce de Châlons-en-Champagne.

preuve: [pièce n°17]

M. Raulet récidive dans son détournement d'actifs de la SCEV avec un montage de "ventes adossées", l'une avec Champagne Charles de Cazanove, et l'autre avec les frères Rapeneau, soudain propriètaires de SCEV devenue Champagne Charles de Cazanove.

preuve: [pièce n°18]

.

Ce montage par lequel: 1) SCEV change de dénomination et devient SA Charles de Cazanove et 2) Charles de Cazanove devient la propriété des frères Rapeneau, est le fruit de la collaboration de M. Raulet avec M. Serge Hauchart et Me Philippe Clément, architectes des "ventes adossées" de SCEV le 18 décembre 1998.

preuve: [pièce n°19, n°20, n°21]

En décembre 1998, M. Hauchart et Me Clément avaient permis à PLB Holdings d'acheter SCEV avant même d'exister [voir dates: pièce n°21 & n°11]. M. Raulet a profité de ce montage pour tromper la Cour d'Appel de Reims sur l'identité de l'acquéreur initial de SCEV, Plantagenet Cayman.

preuve: [pièce n°15 page 1]

Ce montage est similaire aux "prêts adossés" utilisés par M. Hauchart dans l'affaire "Fondo" et par M. Hauchart et Me Clément dans l'affaire "Financière Martin-Champagne Bricout".

preuve: [pièce n°22, n°23, n°24]

E.   **Iles Caïmans**

Quand le Litige a révélé les liens de M. Raulet avec les Iles Caïmans, SCEV a déposé une demande, n°226, le 12 avril 2001 auprès du Tribunal Californien, pour que soient supprimés toute évidence et tous témoignages concernant: "Cayman Island based entities" {traduction: "les entités basées aux Iles Caïmans"}.

preuve: [pièce n°25]

La PLAINTE indique "que les sociétés Finance du Levant et SCEV ont, par lettre du 7 janvier 2002, mis en jeu la garantie à l'encontre de PLB". Le bordereau de pièces est encore plus explicite à ce sujet, mais les deux sont **INEXACTS**.

preuve: [*pièce adverse n°14*]

Cette "mise en jeu de la garantie", **SOIT DISANT** adressée à PLB Holdings, est adressée à M. Anderson aux USA, et ne mentionne pas PLB Holdings. Dans sa lettre du 7 janvier 2002, M. Raulet mentionne "Le contrat - rien que le contrat - tout le contrat."

preuve: [pièce n°26]

> *Deux hommes d'affaires, AVISÉS, ne prétendent pas, ENTRE EUX,*
> *être tenus par une garantie de passif <u>expirée</u> et encore moins par des*
> *<u>fausses</u> signatures sur un <u>faux</u> Avenant.*

Le silence de M. Raulet sur Plantagenet Cayman, véritable actionnaire de PLB Holdings, n'est pas explicable. M. Raulet mettrait-il en jeu un contrat aux Iles Caïmans?

**F.    Me Marie-Claude Simon**

En juillet 2002, Me Seebach, mise en garde par les questions posées par les avocats de Plantagenet concernant Champagne Ayala, a notifié à la DGI d'Amiens, 19eme Brigade de Vérifications, le vol de documents "AYALA-SCEV" par des Inspecteurs de la Brigade Fiscale, présumés corrompus.

<u>preuve</u>: [pièce n°27, n°4 page 8]

En septembre 2002, Me Simon, mon avocat contre SCEV, a accepté la SA Financière Martin comme client.  M. Hauchart, ancien président de SCEV, est alors devenu gérant de SA Financière Martin sous l'égide de Me Clément et de M. Pierre Martin.

<u>preuve</u>: [pièce n°28 page 2, n°24] [*pièce adverse n°5, article 1.16*]

En mars 2003, Me Simon, devenue complice de M. Raulet, ne verse pas le "Protocole Hartford" aux débats, en dépit de mes demandes.  Sa trahison permet à M. Raulet de m'accuser de "collusion frauduleuse" avec PLB Holdings devant le Tribunal de Grande Instance de Châlons en Champagne [pièce n°5], avec le support d'une nouvelle pièce "43 - courrier dépot de **PLAINTE** du 12 mai 2003 à Monsieur le Procureur du TGI de PARIS" [pièce n°1], et de boucler ainsi sa fraude.

<u>preuve</u>: [pièce n°29]

Me Simon, bien qu'elle eut été payée deux fois, complète sa trahison en bloquant les dossiers SCEV jusqu'en mars 2004, permettant de cette façon à M. Raulet d'achever le détournement d'actifs de la SCEV vers les frères Rapeneau, chirographaires très importants lésés par la faillite frauduleuse de SA Financière Martin-Champagne Bricout.

<u>preuve</u>: [pièce n°30, n°31, n°33]


## EN CONCLUSION


La PLAINTE est frauduleuse et soutenue par le faux en écriture de M. Raulet.

La PLAINTE a été faite pour tromper le Tribunal de Grande Instance de Châlons en Champagne dans ses délibérations sur l'exequatur du Jugement Californien.

Muni d'une convention de garantie de passif expirée le 31 mars 2000, d'une PLB Holdings mise en liquidation le 8 avril 2000 et d'un faux Avenant du 9 mai 2001, quel type de poursuites Mr. Raulet envisage-t'il, selon son application des articles 113-7 et 113-8 du Code Pénal, en date du 12 mai 2003?

La demande de SCEV pour supprimer toute évidence des entités des Iles Caimans, n'a pas réussi devant le Tribunal Californien.  La création du faux Avenant le mois suivant montre que M. Raulet et M. Anderson n'acceptent pas le risque d'être exposés en flagrant délit envers les lois contre le blanchiment d'argent.

La PLAINTE est un moyen frauduleux par lequel M. Raulet essaie de se soustraire au Jugement et de cacher ses affaires aux Iles Caïmans.

Je constate la fausseté des faits élaborés par M. Raulet, qui font de "Gidding Pivotal" l'objet de sa PLAINTE, et lui permettent de m'accuser de "collusion frauduleuse" devant le Tribunal de Grande Instance de Châlons-en-Champagne, à mon entier préjudice.

La PLAINTE de M. Raulet me prive du montant de mon jugement définitif, exécutoire et sans appel, de 2.121.509 euros à la date du 22 septembre 2004.  M. Raulet, selon sa garantie contenue dans son Pouvoir, doit m'indemniser.

Concernant la PLAINTE en référence, j'accepte la compétence des juridictions françaises et plus particulièrement parisiennes.

Je vous serais donc infiniment obligé, Monsieur le Procureur de la République, de bien vouloir m'indiquer comment je peux me faire entendre, en vue d'une bonne administration de la Justice.

Dans l'attente de votre réponse, et vous remerciant par avance, je vous prie de bien vouloir agréer, Monsieur le Procureur de la République, l'expression de mes sentiments respectueux.

John Gidding                               pour Pivotal Inc.


                                           John Gidding - Directeur

GIDDING - PIVOTAL

Pièces à l'appui de la présente réponse et jointes

| n° 1 | Plainte contre "GIDDING PIVOTAL" Tribunal de Grande Instance PARIS    Compagnie des Vins du Levant - Société Champenoise d'Exploitation Vinicole | 12-05-2003 | 12 p. |
|---|---|---|---|
| n° 2 | Jugement de la Cour Supérieure de l'Etat de Californie Comté de Los Angeles Pivotal-Gidding contre SCEV | 06-12-2001 | 12 p. |
| n° 3 | Déclaration de Patrick Raulet "sous peine des sanctions prévues par la loi de Californie" | 17-09-2002 | 4 p. |
| n° 4 | Assignation du DIRCOFI Nord devant le Tribunal Administratif d'Amiens à la requête de Vinesmith SA | 15-07-2004 | 12 p. |
| n° 5 | Conclusions Responsives et Recapitulatives N°2 Pour SCEV contre Pivotal Gidding | 04-06-2003 | 19 p. |
| n° 6 | SCEV: Procès-verbaux du 02 mars 2002, 16h00 et 17:00 | 02-03-2000 | 4 p. |
| n° 7 | Notification d'un Jugement, Cour Supérieure de l'Etat de Californie Pivotal-Gidding contre SCEV | 22-03-2002 | 4 p. |
| n° 8 | Certificat de non appel Pivotal-Gidding contre SCEV | 02-06-2002 | 2 p. |
| n° 9 | L'Assignation en Exequatur de SCEV à la requête de Pivotal-Gidding | 05-09-2002 | 7 p. |
| 10 | Calculation de jugement Gidding-Pivotal avec "Écart Simon Pierrard en faveur de Raulet" | 22-09-2004 | 1 p. |
| n° 11 | Formation de PLB Holdings SA le 7 janvier 1999 Luxembourg, extrait du Registre de Commerce et des Sociétés (anglais + français) | 07-01-1999 | 10 p. |
| n° 12 | Luxembourg, extrait du Registre de Commerce et des Sociétés Mise en Liquidation de PLB Holdings SA | 05-07-2001 | 2 p. |
| n° 13 | Avenant au Protocole d'Accord en date du "2 mars 2000" + article 1.15 du piéce adverse n°5 | 09-05-2001 | 2 p. |
| n° 14 | Pouvoir: M. Raulet pour M. Anderson + Traduction | 27-02-2001 | 2 p. |
| n° 15 | Cour d'Appel de REIMS, Arrêt n°820 du 30 septembre 2002 Pivotal / SCEV | 30-09-2002 | 7 p. |
| n° 16 | Opposition de vente d'éléments d'actifs de fonds de commerce de SCEV Signifiée à la Société Charles de Cazanove | 15-07-2002 | 8 p. |
| n° 17 | Certificat d'Inscription de Privilège de Fonds de Commerce de SCEV Tribunal de Commerce de Chalons en Champagne | 16-09-2002 | 4 p. |
| n° 18 | Projet de Fusion entre Charles de Cazanove et Champagne Comte de Noiron entre: M. Jean Francois Rapeneau et M. Christophe Rapeneau | 25-06-2004 | 18 p. |
| ° 19 | Convention de Vente du 18 décembre 1998: actions SCEV Vendeurs: Frères Le Brun   Acheteurs: PLB Holdings / Plantagenet SARL | 18-12-1998 | 6 p. |



GIDDING - PIVOTAL

Pièces à l'appui de la présente réponse et jointes

| n° 20 | SCEV: Procès-verbal du Conseil d'Administration du 16 janvier 1999<br>signé: Le Président M. Serge Hauchart | 16-01-1999 | 3 p. |
|---|---|---|---|
| n° 21 | SCEV: Procès-verbal du réunion des Administrateurs le 22 mai 1999 | 22-05-1999 | 3 p. |
| n° 22 | Affaire "Banque Fondo - Blanchiment"<br>Dossiers National: 12 juin 2002 | 12-06-2002 | 4 p. |
| n° 23 | Procés "Banque Fondo - Blanchiment"<br>RTL.fr infos: 2 février 2004 | 16-02-2004 | 3 p. |
| n° 24 | Affaire "Champagne Bricout-Delbeck - S.A. Financière Martin"<br>Union: 15 avril 2004 | 15-04-2003 | 3 p. |
| n° 25 | SCEV Motion n°226 devant Cour Supérieure de l'Etat de Califormie<br>"Cayman Based Entities" | 12-04-2001 | 1 p. |
| n° 26 | Lettre M. Raulet à M. Anderson de Plantagenet Capital Management LLC<br>"Contrat" | 07-12-2000 | 1 p. |
| n° 27 | Lettre Seebach & Seebach à DGI Amiens + Traduction par DGI Amiens<br>"AYALA SCEV" | 18-07-2002 | 7 p. |
| n° 28 | Lettre Opson Holdings SA à Cour d'Appel de REIMS - notification:<br>"SA Financière Martin" | 23-07-2004 | 2 p. |
| 29 | Lettre Pivotal-Gidding à Ste. Simon Pierrard<br>"Protocole Hartford" | 04-03-2004 | 1 p. |
| n° 30 | Lettre Pivotal-Gidding à Me Simon<br>Récapitulatif "Bloquage" | 30-03-2004 | 20 p. |
| n° 31 | Lettre Pivotal-Gidding à Me Simon<br>"2eme Paiement" | 26-02-2004 | 5 p. |
| n° 32 | Lettre Pivotal-Gidding à Ste. Simon Pierrard<br>"Demande Finale" | 07-03-2004 | 1 p. |

