1  Fred H. Perkins (fhperkins@morrisoncohen.com)
   Latisha V. Thompson (lthompson@morrisoncohen.com)
2  Admitted Pro Hac Vice
   MORRISON COHEN LLP
3  909 Third Avenue, 27th Floor
   New York, New York 10022
4  Telephone:  (212) 735-8600
   Facsimile:  (212) 735-8708
5
   Gail Cohen (093210) (gcohen@barwol.com)
6  BARGER & WOLEN LLP
   633 West Fifth Street, 47th Floor
7  Los Angeles, California 90071
   Telephone:  (213) 680-2800
8  Facsimile:  (213) 614-7399

9  Attorney for Specially-Appearing Defendant
   MARIE-CLAUDE SIMON

10
                 UNITED STATES DISTRICT COURT
11               NORTHERN DISTRICT OF CALIFORNIA
12

13  MR. JOHN GIDDING, PIVOTAL INC.,     | Case No.: No. C 07-04755 JSW
14                                       |
             Plaintiffs,                 | Judge:  Hon. Jeffrey S. White
15      vs.                              |
                                         | **MARIE CLAUDE SIMON'S**
16  DEREK ANDERSON, *et al.*,            | **MOTION FOR**
17                                       | **ENTRY OF FINAL JUDGMENT**
18           Defendants.                 |
19                                       |
                                         |
20                                       | Date:  October 24, 2008
                                         | Time:  9:00 a.m.
21                                       | Place:  Courtroom 2 (17th Floor)
22                                       |
23                                       |
                                         | Complaint Filed:  9/14/07
24

25      Pursuant to Federal Rule of Civil Procedure 54(b), Marie-Claude Simon

26  ("Ms. Simon") hereby moves for the entry of final judgment dismissing all claims
27
28  against her in this action.

                                   - 1 -
MARIE CLAUDE SIMON'S MOTION FOR ENTRY OF FINAL JUDGMENT  Case No. C 07-04755 JSW

#1367658v1020044/0001

This motion comes as a necessary step in the process of finally extricating Ms. Simon from further participation in this action, in which Plaintiffs allege a grand RICO conspiracy spanning more than a decade against multiple parties. Ms. Simon, a French citizen having no contacts with the United States, should have never been named as a Defendant in this action. Nonetheless, for nearly an entire year, since September of 2007 when Plaintiff initially instituted this action, Ms. Simon has been forced to expend time, energy and money in defense of this action. On May 22, 2008, this Court, recognizing that Ms. Simon lacked constitutionally required minimum contacts with the forum to be subject to jurisdiction in California, ordered that the claims against Ms. Simon be dismissed for lack of personal jurisdiction. Shortly thereafter, Ms. Simon submitted a bill of costs to recoup her statutorily reimbursable fees from the Plaintiffs. However, on July 3, 2008, the clerk informed Ms. Simon that her bill of costs could not be taxed because final judgment had not yet been entered.

Entry of a partial final judgment pursuant to Fed. R. Civ. P. 54(b), in favor of Ms. Simon is appropriate here. There are multiple parties to the proceeding and all of the claims against Ms. Simon have been adjudicated by a final determination regarding the personal jurisdiction issues. In addition, for the reasons discussed below, it is in the interest of sound judicial administration that a final judgment be entered in Ms. Simon's favor now as there is no just reason for delay. Indeed,

MARIE CLAUDE SIMON'S MOTION FOR ENTRY OF FINAL JUDGMENT    Case No. C 07-04755 JSW

#1367658v1020044/0001

absent entry of final judgment as to Ms. Simon there exists the potential for judicial waste as well as the continued waste of Ms. Simon's resources.  <u>First</u>, unless final judgment is entered shortly, there is a risk that two trials may be necessary in this action—one now for the remaining defendants in this action and one later for Ms. Simon, should Plaintiffs proceed to trial against the remaining defendants and thereafter successfully appeal Ms. Simon's dismissal.  In that case, if Plaintiffs successfully appeal Ms. Simon's dismissal, a second trial as against Ms. Simon might become necessary, resulting in a significant waste of judicial resources.  <u>Second</u>, absent entry of judgment, Ms. Simon will be forced to continue to spend legal fees monitoring the progress of this complex multi-party litigation in a foreign court in light of the possibility that Plaintiffs might later successfully appeal her dismissal and compel her to be made part of the litigation yet again. Such a burden is unreasonable, particularly as Ms. Simon should never have been named as a party in this action to begin with.  For these reasons, Ms. Simon now seeks entry of final judgment pursuant to Fed. R. Civ. P. 54(b).

## ARGUMENT

This motion for entry of final judgment is governed by Fed. R. Civ. P. 54(b), which provides in relevant part:

> [W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all, claims or parties . . . if the court expressly determines that there

MARIE CLAUDE SIMON'S MOTION FOR ENTRY OF FINAL JUDGMENT   Case No. C 07-04755 JSW

#1367658v1020044/0001

1    is no just reason for delay.

2    Moreover, the discretion of the court whether to direct entry of a final judgment

3

4    under Rule 54(b) "is to be exercised in light of judicial administrative interest as

5    well as the equities involved." Reiter v. Langdon M. Cooper, Trustee for Carolina

6

7    Motor Express, Inc., 507 U.S. 258, 265 (1992) (internal quotations omitted).  Here,

8    the applicable considerations weigh strongly in favor of directing the entry of final

9

10   judgment, as there is no reason to delay issuing a final judgment as to Ms. Simon's

11   dismissal from the action.  Indeed, the issuance of a final judgment will foster

12

13   judicial efficiency and the equities favor the granting of the motion.

14   **A.    Final Decision**

15           There can be no dispute that this case involved multiple parties and

16

17   that all of the claims against Ms. Simon have been definitively adjudicated.  Courts

18   routinely enter 54(b) judgments in favor of one party dismissed for lack of personal

19

20   jurisdiction in multiple party cases.  E.g., Holland Am. Line, Inc. v. Wartsila N.

21   Am., Inc., 485 F.3d 450, 459 (9th Cir. 2007) (upholding dismissal for lack of

22   personal jurisdiction and noting that review was proper in light of the lower court's

23

24   entering of final judgment under Rule 54(b)); Dorian v. Harich Tahoe Devs, 1997

25   U.S. Dist. LEXIS 16448 (N.D. Cal. Sept. 30, 1997) (entering final judgment

26

27   pursuant to Rule 54(b), following dismissal of one of multiple defendants on

28   personal jurisdiction grounds);  Ibrahim v. Dep't of Homeland Sec., 2006 U.S.

MARIE CLAUDE SIMON'S MOTION FOR ENTRY OF FINAL JUDGMENT   Case No. C 07-04755 JSW

#1367658v1020044/0001

Dist. LEXIS 60978 (N.D. Cal. Aug. 16, 2006) (Entering final judgment pursuant to Rule 54(b) following a dismissal for lack of personal jurisdiction). The result should be no different here.

## B.    Judicial Efficiency

The granting of this motion promotes judicial efficiency by assuring that there will be only one trial instead of two. Absent the entry of final judgment in this matter, Plaintiffs' time to appeal Ms. Simon's dismissal for lack of personal jurisdiction will not begin to run until after entry of final judgment on the remaining claims in this action. Such an outcome has the potential to result in a complete waste of time and resources by necessitating multiple trials. As this Court is well aware, the instant case is a complex, multi-party litigation involving allegations of various frauds spanning three continents over more than a decade. Any trial in this matter promises to be long and time consuming, as does discovery in this action. If Plaintiffs proceed to trial against the remaining defendants and thereafter successfully appeals the dismissal of Ms. Simon, this would require a second trial as against Ms. Simon and additional discovery. Accordingly, it is clear that the parties' and the Court's time and resources will be saved if it is finally determined (either by appeal or the running of plaintiffs' time to appeal) whether Ms. Simon is subject to the Court's jurisdiction prior to any trial in this action. If Plaintiffs desire to appeal and it is determined that Ms. Simon is subject

MARIE CLAUDE SIMON'S MOTION FOR ENTRY OF FINAL JUDGMENT    Case No. C 07-04755 JSW

#1367658v1020044/0001

to this Court's jurisdiction, she will participate in the one trial involving the remaining defendants. If Plaintiffs decide not to appeal or their appeal is denied – as is likely – then Ms. Simon will not need to participate in any trial. However, it will be clear that only one trial will be held.

## C.    Undue Delay and the Equities Involved

Under the present facts and circumstances, there is no just reason to delay issuing a final judgment as to Ms. Simon's dismissal from this action on the basis of lack of personal jurisdiction. First, the Court's decision on personal jurisdiction rests on issues which are completely separate and distinct from the substantive issues which remain in the case. As such, any appeal of Ms. Simon's motion to dismiss will not cause undue delay or otherwise interfere with the current proceedings. Second, a final judgment will allow Ms. Simon to collect her costs, curtail legal fees that must be expended in monitoring the continued progress of this action of this action and will provide Ms. Simon with comfort that this matter is definitely over.

Finally, the equities weigh in favor of granting Ms. Simon's motion. Plaintiffs will suffer no detriment if the motion is granted. Indeed, Plaintiffs will benefit by being able to raise any appeal now rather than later, thereby resulting in finality for all parties with respect to Ms. Simon's status as a potential defendant. On the other hand, delay in entry of a final judgment dismissing Ms. Simon from

MARIE CLAUDE SIMON'S MOTION FOR ENTRY OF FINAL JUDGMENT  Case No. C 07-04755 JSW

#1367658v1020044/0001

this action imposes a heavy burden on Ms. Simon as she is unable to collect her

costs expended thus far and continues to have to pay legal fees to monitor this

action in case she is later deemed to be subject to the Court's jurisdiction.  In short,

delay in the entry of Judgment against Ms. Simon in this complex litigation far

removed from the country in which she lives and the courts with which she is

familiar places a significant burden on Ms. Simon and prevent Ms. Simon from

having closure that this matter is definitely over.  Accordingly, there is no just

reason to delay entry of judgment in Ms. Simon's favor.

## Conclusion

For the foregoing reasons, Ms. Simon requests that this Court grant her

motion and expressly direct entry of final judgment under Rule 54(b) as to the

claims against Ms. Simon.


Dated:        New York, New York
              August 1, 2008

                                        BARGER & WOLEN LLP

                                        By: _____
                                            Gail Cohen (09310)
                                            650 California Street, 9th Floor
                                            San Francisco, California
                                            94108
                                            Telephone: (415) 434-2800
                                            Facsimile: (415) 434-2533

                                            -and-

MARIE CLAUDE SIMON'S MOTION FOR ENTRY OF FINAL JUDGMENT   Case No. C 07-04755 JSW

#1367658v1020044/0001

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORRISON COHEN LLP

By: _____

Fred Perkins
Latisha Thompson
*Admitted Pro Hac Vice*
909 Third Avenue
New York, New York 10022-4731
Telephone: (212) 735-8600
Facsimile:  (212) 735-8708

Attorneys for Defendant
*MARIE-CLAUDE SIMON*

- 8 -

#1367658v1020044/0001