MATTHEW F. QUINT, ESQ.
California Bar No. 54369
WILSON & QUINT LLP
250 Montgomery Street, 11th Floor
San Francisco, California 94104
Telephone: 415.288.6700
Facsimile: 415.398.1608
Email: mfquint@aol.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GIDDING, an individual and PIVOTAL INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>DEREK ANDERSON, et al., and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. C-07-4755 JSW<br><br>**PLANTAGENET DEFENDANTS' OBJECTIONS AND RESPONSE TO PLAINTIFFS' REPLY**<br><br>Date:     August 29, 2008<br>Time:    9:00 A.M.<br>Courtroom: 2, 17th Floor<br>Judge:   Hon. Jeffrey S. White |

The Plantagenet Defendants object to Plaintiffs' Reply to Response to Motion (Sur Reply) Opposition to Motion to Dismiss Re Service, filed on August 7, 2008 for each of the reasons set forth below.

**I.      The Reply is Untimely.**

The Reply filed on August 7, 2008 violates the Court's Order Setting Briefing Schedule on Motion to Dismiss (Doc. 95) and the subsequently issued Order amending briefing schedule pursuant to stipulation of the parties (Doc. 98). Pursuant to these Orders, Plaintiffs' opposition was due on July 14, 2008 and there was no provision permitting Plaintiffs to respond further to Plantagenet Defendants' response which was timely filed on July 24, 2008.

## II. No Good Cause Exists to Permit Plaintiffs' Late Filed Reply.

Plaintiffs assert that the documents attached to their reply were just discovered by a French lawyer they first retained on July 15, 2008. Even if these exhibits were authenticated and relevant, which they are not, there is no excuse for the untimely submission of these documents. The arguments presented in evidence and support of the pending motion to dismiss under Rule 12(b)(5) were first presented more than six months ago, on January 31, 2008, as part of Plaintiffs' initial motion to dismiss. (Docs. 19, 20). The currently pending Rule 12(b)(5) motion to dismiss is in, all respects, identical, to the motion filed on January 31, 2008. Plaintiffs do not explain why they could not have discovered the late-filed exhibits during the six-month period between the date they knew they were faced with the Rule 12(b)(5) motion and the date their opposition was filed.

## III. Plaintiffs Provide No Evidentiary Support.

Plaintiffs have provided no evidentiary support whatsoever for the factual allegations set forth in their late-filed Reply or for the exhibits attached thereto. There is no accompanying declaration. No foundation is presented for any of the exhibits. The exhibits themselves, which purport to be minutes of a French corporation headquartered in Paris, are in English, not French. On their face, they appear to be someone's translations of documents originally written in French. Plantagenet Defendants object to the Court's consideration of any of these exhibits or any of the purported "facts" set forth in the late-filed Reply.

## IV. The Reply is Irrelevant.

There is no information in the Reply brief which is relevant to the issues pending before the Court. Nothing in the Reply contradicts any facts set forth in Mr. Anderson's declaration in support of the pending Rule 12(b)(5) declaration. In fact, the argument set forth in the Reply directly contradicts the argument in Plaintiffs' opposition. In the opposition, Plaintiff argues that

2

it had no choice but to attempt to serve Mr. Anderson because there was no one else available to serve. In the Reply, Plaintiffs argue, to the contrary, that they should have served a French citizen named Ollivier Lemal. Plaintiffs cannot have it both ways.

For each of the reasons set forth above, Plantagenet Defendants request the Court not to consider the late-filed Reply.

DATED: August 11, 2008.

WILSON & QUINT LLP

By _____
Matthew F. Quint
Attorneys for Defendants Derek Anderson,
Plantagenet Capital Management, LLC, Plantagenet
Capital America LLC, Plantagenet Capital Fund LP,
PLB Holdings SA, and Plantagenet Partners SA

3

PLANTAGENET DEFENDANTS' OBJECTIONS AND RESPONSE TO PLAINTIFFS' REPLY