1  **BIRNBERG & ASSOCIATES**
   **CORY A. BIRNBERG (SBN 105468)**
2  **BIRNBERG & ASSOCIATES**
   **703 Market Street, Suite 600**
3  **San Francisco, CA 94103**
   **Telephone: (415) 398-1040**
4  **Facsimile: (415) 398-2001**

5  **Attorneys for Plaintiffs**
   **JOHN GIDDING, PIVOTAL, INC.**
6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

                     **SAN FRANCISCO DIVISION**
10

11  **JOHN GIDDING, PIVOTAL, INC.**        )  **Case No. C-7-04755-JW**
                                           )
12          **Plaintiffs,**                )  **OPPOSITION TO MARIE**
                                           )  **CLAUDE SIMON'S MOTION FOR**
13  **v.**                                 )  **FINAL JUDGMENT**
                                           )
14  **DEREK ANDERSON, an individual; JOHN** )  **28 USC §§1919, 1920; Fed.R.Civ.P.**
    **ZAPPETTINI, an individual; OLIVIER** )  **54(d)(2); LR 54-2**
15  **LEMAL, and individual; PLANTAGENET**  )
    **CAPITAL MANAGEMENT LLC, a**          )
16  **purported California corporation;**   )  **Date: October 24, 2008**
    **PLANTAGENET CAPITAL AMERICA**        )  **Time: 9:00 a.m.**
17  **LLC, a purported Delaware corporation;** )  **Place: Courtroom 2, 17th Floor, 450**
    **PLANTAGENET CAPITAL FUND LP, a**     )  **Golden Gate Ave., San Francisco,**
18  **purported Cayman Island corporation;** )  **California**
    **PLANTAGENET CAPITAL FUND LP II, a**  )
19  **purported Cayman Island corporation; PLB** )
    **HOLDINGS SA, a purported Luxembourg** )
20  **corporation; PLANTAGENET PARTNERS**  )
    **SA, a purported French corporation;** )
21  **SERGE HAUCHART, an individual; SCEA** )
    **CHATEAU LA LAGUNE; and DOES 1**      )
22  **through 100, inclusive,**            )

23          **Defendants.**

24  _____

25

26          NOW COME Plaintiffs JOHN GIDDING and PIVOTAL, INC. (hereinafter

27  "Plaintiffs") and do hereby oppose MARIE CLAUDE SIMONE'S (hereinafter "Simon")

28  Motion for Entry of Judgment.

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA. 94103

TEL (415) 398-1040
FAX (415) 398-2001

**OPPOSITION TO MARIE CLAUDE SIMON'S MOTION FOR COSTS**
**Case No. C-7-04755-JW**

The court is reminded that Defendant Simon represented plaintiffs, sent bills here to California, and was paid from California and California banks, and then completely betrayed the Plaintiffs and worked with and for Hauchert, one of the defendants herein. The court will remember that Simon's deliberate breach of fiduciary duty and apparent conflict had a direct effect to the Plaintiff's wine operations here in San Francisco. The Court chose not to follow the *direct effect line* of cases as set forth in *Bancroft & Masters, Inc. v. Augusta National, Inc*., 223 F.3d 1082 (9th Cir. 2000). Bancroft & Masters was a small California company that registered the Internet domain name "*www.masters.com*." Augusta National, a Georgia corporation and the host of the famous "Masters" golf tournament, allegedly sent a letter to the official domain name registrar in Virginia, challenging Bancroft & Masters's use of www.masters.com. Bancroft & Masters brought suit against Augusta National in federal district court in California for a declaratory judgment to establish its ownership of the domain name. In response, Augusta National successfully moved the district court to dismiss the action for lack of personal jurisdiction.

Bancroft & Masters appealed, and we applied the *Calder* effects test. The court observed that *Calder* "cannot stand for the broad proposition that a foreign act with foreseeable effects in the forum state always gives rise to specific [personal] jurisdiction." *Id*. at 1087; see *Calder,* 465 U.S. at 789 ("The mere fact that [defendants] can 'foresee' that the [allegedly libelous] article will be circulated and have an effect in [the forum state] is not sufficient for an assertion of [specific personal] jurisdiction."); *Burger King*, 471 U.S. at 474 ("Although it has been argued that foreseeability of causing injury in another State should be sufficient to establish such contacts there when policy considerations so require, the Court has consistently held that this kind of foreseeability is not a 'sufficient benchmark' for exercising personal jurisdiction." (quoting *World-Wide Volkswagen*, 444 U.S. at 295) (footnote omitted)).

The Court construed *Calder* to require "something more" than mere foreseeability in order to justify the assertion of personal jurisdiction in California over the Georgia defendant. *Bancroft & Masters*, 223 F.3d at 1087. The intentional act committed by

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA. 94103

TEL (415) 398-1040
FAX (415) 398-2001

Augusta National was its drafting and mailing of a letter from Georgia to Virginia. **The harm was felt by Bancroft & Masters in California.** The Court held that in sending this letter, Augusta National had expressly aimed its conduct at California -- even though the letter was actually sent to Virginia -- "because it individually targeted [Bancroft & Masters in California]." *Id*. at 1088 (emphasis added); accord *California Software Inc. v. Reliability Research, Inc.,* 631 F. Supp. 1356, 1361 (C.D. Cal. 1986) (finding personal jurisdiction proper where plaintiffs' complaint was that defendants intentionally and individually targeted them). The Court therefore reversed the district court and held that a California forum could properly assert jurisdiction over Augusta National for its act in sending the letter to Virginia**. Likewise the harm by Simon's actions were directly felt here in California. Her conduct was expressly aimed at California. Strong appealable issues exist but they are not severable from the underlying actions against the other defendants.**

Further, as the case proceeds, discovery will uncover more Simon contacts with California and further liaisons with Hauchert in the money laundering scheme which tangentially destroyed the Plaintiffs business. It would be inappropriate to enter judgment now before the case is over. Discovery will likely disclose more contacts of Simon with the United States and California. Simon will not face an appeal after the case is over and another trial years down the line as discovery will tell if she has more contacts than she has let on. If no contacts are developed then it would be futile to file an appeal. However an early entry of judgment. Likewise there are no legal expenses to be made by monitoring the litigation as, according to Ms. Simon, she was not involved.

Rule 54(b) allows immediate appeal of separate disputes comprised within larger litigation, but it does not allow appeal when damages have been partially but not completely determined, or when district court will revisit issues. *Trustees of Chicago Truck Drivers, etc. v Central Transport, Inc.* (1991, CA7 Ill) 935 F2d 114,. There is no doubt that Simon's actions whether here, or abroad, are succinctly intertwined with the overall action that entry of judgment should not be allowed. More than likely this was a close call by the court, and

BIRNBERG & ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA. 94103

TEL (415) 398-1040
FAX (415) 398-2001

**OPPOSITION TO MARIE CLAUDE SIMON'S MOTION FOR COSTS**

**Case No. C-7-04755-JW**

more discovery will reveal more contacts by Simon with California.

The only reason that Simon wants to enter judgment is to obtain a premature order for costs. The Order for Lack of personal jurisdiction is merely collateral to the overall complaint. Just one person in the overall scheme of things. Therefore, the district court's order is capable of being fully and effectively reviewed when the court issues a final judgment in this action. Accordingly, *Winfrey v. School Bd.*, 59 F.3d 155, 158 (11th Cir. Fla. 1995) would be applicable to this case.

The decision to send part of case to an immediate appeal under Rule 54(b) is left to district court's discretion, but leaving decision to district court's discretion does not give that court carte blanche to send to court of appeals any decision involving separate claim or party. *United States v Ettrick Wood Products, Inc*. (1990, CA7 Wis) 916 F2d 1211, 17 FR Serv 3d 1372.

In *Holland Am. Line. v. Wartsila N. Am* , 485 F. 3d 450,( 9th Cir. 2007 ) there was no contact at all with the forum state by the dismissed defendants .Here, Plaintiff's were California residents and there was contact and purpose contact from Simon to the Plaintiffs for conducting Plaintiffs business aboard. As such it appears to be premature.
When settlement talks between John Gidding and Patrick Raulet broke down, it became necessary for the Plaintiffs to choose a lawyer to validate the California judgment.  Marie-Claude Simon and Pierre Benichou ardently solicited Pivotal's business, both encouraged by liens of over $5,000,000 in support of a clear $1,500,000 Judgment with 10% annual interest.  There were numerous phone calls and exchanges of documents between the Plaintiff's offices in Los Angeles and Marie-Claude Simon.

As Marie-Claude Simon spoke and read English and Pierre Benichou did not, the Plaintiffs chose her.  The complaint to validate the California Judgment, filed on September 5, 2002).  Pivotal paid for the invoice. (Again, an examination of the complaint indicate that Simon knows John Gidding resides in California. As such, discovery with the other defendants should reveal extensive contacts of Simon with California. An early dismissal and judgment will preclude bringing in her again under the same set of  original facts.

BIRNBERG & ASSOCIATES
703 MARKET STREET SUITE 600 SAN FRANCISCO CA. 94103
TEL (415) 398-1040 FAX (415) 398-2001

1    Finally, if the court does find it appropriate to enter judgment, Plaintiffs also object to

2    the form of the order as it goes farther than granting entry of judgment for lack of personal

3    jurisdiction, by providing that all claims against Ms. Simon are dismissed. It is not the

4    claims that are dismissed,- they have not yet been litigated- it is that the court cannot assert

5    personal jurisdiction over Simon and those claims against her.

6

7                                    **CONCLUSION**

8

9        For the reasons stated above, judgment should not be entered until the underlying case

10   has proceed through discovery and further evidence is adduced regarding Simon's minimum

11   contacts with the forum stated.

12                                              BIRNBERG & ASSOCIATES

13

14   Dated: 19 August 2008                      By:  _/s/ Cory A. Birnberg____
                                                Cory A. Birnberg
15                                              Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26   BIRNBERG &
     ASSOCIATES

27   703 MARKET STREET
     SUITE 600
     SAN FRANCISCO
     CA. 94103

28   TEL (415) 398-1040
     FAX (415) 398-2001