Fred H. Perkins (fhperkins@morrisoncohen.com)
Latisha V. Thompson (lthompson@morrisoncohen.com)
Admitted Pro Hac Vice
MORRISON COHEN LLP
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 735-8600
Facsimile: (212) 735-8708

Gail Cohen (093210) (gcohen@barwol.com)
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

Attorney for Specially-Appearing Defendant
MARIE-CLAUDE SIMON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MR. JOHN GIDDING, an individual, PIVOTAL INC., a California corporation,<br><br>Plaintiffs,<br>vs.<br><br>DEREK ANDERSON, *et. al.*,<br><br>Defendants. | Case No.: No. C 07-04755 JSW<br><br>Judge: Hon. Jeffrey S. White<br><br>REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MARIE-CLAUDE SIMON'S MOTION FOR ENTRY OF FINAL JUDGMENT<br><br>Date: October 17, 2008<br>Time: 9:00 a.m.<br>Place: 2, 17th Floor.<br><br>Complaint Filed: 9/14/07 |

Defendant Marie-Claude Simon ("Ms. Simon") respectfully submits this Reply Memorandum of Points and Authorities in Further Support of her Motion for Entry of Final Judgment (the "Reply"). As demonstrated in Ms. Simon's moving Memorandum of Points and Authorities, entry of partial final judgment pursuant to Fed. R. Civ. P. 54(b) is appropriate in this case. Under well-established law in the Ninth Circuit, entry of a partial final judgment pursuant to Rule 54(b) is proper where, as here, one party in a multiple party case is dismissed on the basis of lack of personal jurisdiction. See, e.g., Holland Am. Line, Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 459 (9th Cir. 2007); Dorian v. Harich Tahoe Devs, No. C94 3387 DLJ, 1997 U.S. Dist. LEXIS 16448 (N.D. Cal. Sept. 30, 1997); Ibrahim v. Dep't of Homeland Sec., No. C 06-00345 WHA, 2006 U.S. Dist. LEXIS 60978 (N.D. Cal. Aug. 16, 2006), rev'd on other grounds by No. 06-16727, 2008 U.S. App. LEXIS 17572 (9th Cir. Aug. 18, 2008).[1] This is so because questions of personal jurisdiction are procedural in nature and typically are distinct from the substantive claims in the case, as is the case here.

In its May 22, 2008 Order, this Court definitively ruled that it "cannot exercise personal jurisdiction over Ms. Simon" because Ms. Simon did not have

---

[1] Plaintiffs in their Opposition do not -- because they cannot -- even attempt to distinguish Dorian v. Harich Tahoe Devs, 1997 U.S. Dist. LEXIS 16448 or Ibrahim v. Dep't of Homeland Sec., 2006 U.S. Dist LEXIS 60978. Plaintiffs do, however, attempt to distinguish Holland Am. Line, Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, on the basis that there was no contact at all with the forum state by the dismissed defendants. Even if this were a relevant distinguishing point -- and it is not -- it simply is not true. In Holland, like in this case, the court merely found that the "[plaintiff] ha[d] not demonstrated that [defendants'] limited contacts with [the forum] give rise to personal jurisdiction". Id. at 460.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES             Case No. 07-04755 JSW
#1407045 v3 \020044 \0001                    - 1 -

the necessary minimum contacts with California. See Order, inter alia, Granting Ms. Simon's Motion to Dismiss for Lack of Personal Jurisdiction, dated May 22, 2008 ("Order"). The Court's determination that Ms. Simon was not subject to its jurisdiction did not affect the rights and remedies of the remaining Defendants. Indeed, in its Order, the Court granted Plaintiffs' Motion to Amend the First Amended Complaint as to the Plantagenet Defendants. Thus, the Court made clear that its ruling with respect to Ms. Simon did not in any way limit Plaintiffs' claims against the remaining Defendants. Accordingly, this Court's Order dismissing Ms. Simon is perfectly appropriate for entry of final judgment.

The law is also clear that final judgment pursuant to 54(b) is appropriate where there is no just reason for delay. See Fed. R. Civ. P. 54(b). Here, there is simply no reason to delay final judgment, let alone a just reason. The Court's decision that it did not have personal jurisdiction over Ms. Simon is completely separate and distinct from the issues that remain in the case. As such, any appeal of Ms. Simon's dismissal will not interfere with the current proceedings at all, much less cause undue delay. To the contrary, entry of final judgment will result in greater judicial efficiency by obviating the risk of multiple trials following a judgment against or in favor or the remaining Defendants, which may not occur for years to come.[2] Additionally, the equities weigh in favor of granting Ms. Simon's

---

[2] Multiple trials may occur should Plaintiffs proceed to trial against the remaining defendants and thereafter

motion, as entry of final judgment will provide finality with respect to the case against Ms. Simon, allow Ms. Simon to collect her just costs and curtail legal fees that Ms. Simon is otherwise expending in order to continue monitoring this case.

Notwithstanding the clear precedent in this Circuit granting final judgment pursuant to Rule 54(b) under similar circumstances, Plaintiffs oppose entry of final judgment here because they apparently disagree with the Court's order and wish to revisit the issue. In this respect, Plaintiffs' opposition amounts to nothing more than an improper motion to reargue the merits of the Court's Order "dismiss[ing] [Ms. Simon] as a defendant in this matter" and directing that the "amended complaint shall not contain claims against her." Plaintiffs, however, make no attempt to meet the standard for seeking reconsideration of the Court's prior order. Nor do they present any ground on which reconsideration would be proper much less any material that would support reconsideration.[3] On the contrary, Plaintiffs' improper reconsideration argument is based expressly on arguments already raised and refuted in prior briefings and rejected by the Court. As such, Plaintiffs' Opposition expressing their substantive disagreement with the Court's decision and seeking to revisit the issue should be summarily rejected as procedurally flawed

---

successfully appeal the dismissal of Ms. Simon.

[3] Civil Local Rule 7.9 makes clear that no party may file a motion for reconsideration without obtaining leave of Court, and that such motion for leave to file a motion for reconsideration may only be made upon a showing: (i) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court; (ii) the emergence of new material facts or changes of law occurring after the order; or (iii) a manifest failure by the Court to consider material facts or dispositive legal argument presented to the Court. See Civil L.R. 7-9.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES
#1407045 v3 \020044 \0001
- 3 -
Case No. 07-04755 JSW

and substantially meritless. Accordingly, Ms. Simon's motion should be granted and final judgment entered.

Plaintiffs' argument as to why final judgment should not be entered is not only procedurally and substantively flawed, but precisely highlights why final judgment must be entered sooner rather than later. In their Opposition, Plaintiffs makes clear their intention to seek out further information concerning Ms. Simon in discovery notwithstanding that she is no longer a defendant in this case. Given the Court's ruling dismissing Ms. Simon from the action, Plaintiffs have no reasonable basis to seek discovery to try to reargue the motion it has lost. If Plaintiffs prevail in delaying entry of final judgment in Ms. Simon's favor, after the end of what will likely be a lengthy discovery process in which Ms. Simon will not have been a part, Plaintiffs will apparently seek to drag Ms. Simon back into this case when it appeals from a final judgment regarding the entire action. Not only will Ms. Simon lose the benefit of the repose to which she is entitled from having the action dismissed against her, but if Plaintiffs are successful -- which is unlikely -- Ms. Simon will have at the very least have missed the discovery phase of the case, causing needless duplication of fees, costs and expense and the Court will risk multiple trials of related claims.[4] Here, there is no need to risk such waste of judicial and the litigants' resources. Contrary to Plaintiffs' bald assertions, the

---

[4] If Plaintiffs proceed to trial against the remaining defendants and thereafter successfully appeal the dismissal of Ms. Simon, a second trial as against Ms. Simon would be required to adjudicate the claims against Ms. Simon.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES                                    Case No. 07-04755 JSW
                                                 - 4 -
#1407045 v3 \020044 \0001

question of Ms. Simon's contacts with the jurisdiction are completely severable from any of Plaintiffs' claims of money laundering, and thus can be appealed without disturbance of the underlying action. If Plaintiffs believe that "strong appealable issues exist" and this Court somehow erred, they should welcome entry of final judgment now, so that any appeal may be raised expeditiously in a manner that will avoid the potential for unnecessary delay, duplicative discovery and multiple trials.

Tellingly, not only do Plaintiffs in their Opposition fail to cite any caselaw from this Circuit, but none of the out-of-jurisdiction cases relied upon by Plaintiffs even support their position that final judgment should not be entered in this case. See Trustees of Chicago Truck Drivers, etc. v. Central Transport, Inc, 935 F.2d 114 (7th Cir. 1991); Winfrey v. School Bd., 59 F.3d 155 (11th Cir. 1995); United States v. Ettrick Wood Prods., Inc. 916 F.2d 1211 (7th Cir. 1990). Indeed, Plaintiffs cite Chicago Truck for the unremarkable and irrelevant proposition that final judgment pursuant to Rule 54(b) should not be entered "where damages have been partially but not completely determined, or when [sic] district court will revisit issues." Opposition at 3. Chicago Truck is completely inapposite. 935 F.2d at 116 (where the court described its order as a "preliminary computation of damages"). Here, there has been no determination as to damages, partial or

otherwise.  Moreover, the Court has not announced any intention to revisit its Order dismissing Ms. Simon for lack of jurisdiction.

Plaintiffs' reliance on <u>Winfrey</u> is also misplaced.  In that case, the Eleventh Circuit declined to hear an appeal where the plaintiff did not obtain certification under Rule 54(b) from the trial Court prior to bringing an appeal of an order granting summary judgment based on qualified immunity.  59 F.3d at 157-58. Finally, Plaintiffs' reliance on <u>Ettrick Wood Prods.</u> is non-sensical as the Seventh Circuit in that case *upheld the entry of final judgment pursuant to Rule 54(b)* even though the delay would not have caused any hardship to the parties.  916 F.2d at 1219.  Given the clear precedent in this jurisdiction supporting the entry of final judgment where one party in a multi-party case is dismissed upon jurisdictional grounds and Plaintiffs' reliance on irrelevant caselaw, this Court should grant Ms. Simon's motion and enter final judgment.

Finally, this Court should reject Plaintiffs' objection to the form of the order. Plaintiffs argue that the Order is improper because it provides that the claims against Ms. Simon are dismissed instead of granting entry of judgment for lack of personal jurisdiction.  Plaintiffs' argument makes no sense, because the claims against Ms. Simon in this Court have in fact been "dismissed" (Order at 6), albeit on the grounds that the Court lacks jurisdiction over Ms. Simon.  See <u>Underwager v. Channel 9 Austl.</u>, 69 F.3d 361, 364-365 (9th Cir. 1995) (emphasis added)

("[T]he district court correctly **dismissed the claims** against [the defendants] **for lack of personal jurisdiction**"); Teledyne, Inc. v. Kone Corp., 892 F.2d 1404, 1411 (9th Cir. 1989) (upholding lower court's dismissal of claims for lack of personal jurisdiction.)

## CONCLUSION

For all the reasons stated above and in Ms. Simon's prior submissions, Ms. Simon requests that this Court grant her motion and direct entry of final judgment under Rule 54(b) as to the claims against Ms. Simon.

Dated:   August 26, 2008

BARGER & WOLEN LLP

By: _____
Gail Cohen (09310)
Attorneys for Defendant
*MARIE-CLAUDE SIMON*

-and-

MORRISON COHEN LLP

By: _____
Fred Perkins
Latisha Thompson
*Admitted Pro Hac Vice*
Attorneys for Defendant
*MARIE-CLAUDE SIMON*