IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN GIDDING and PIVOTAL, INC.,

    Plaintiffs,

v.

DEREK ANDERSON, et al.,

    Defendants.
                                      /

No. C 07-04755 JSW

**ORDER RE REVIEW OF CLERK'S TAXATION OF COSTS**

Now before the Court is Marie Claude Simon's motion for review of the Clerk's taxation of costs pursuant to Federal Rule of Civil Procedure 54(d)(1). Simon seeks review of the Clerk's disallowance of (1) $7,363.19 for translation of foreign documents attached to the pleadings and other submissions by Plaintiff and (2) $420 for court fees in connection with Simon's attorneys' admission to the Court *pro hac vice*. The Court finds the motion suitable for resolution without oral argument and the hearing set for December 19, 2008 is HEREBY VACATED. *See* N.D. Civ. L.R. 7-1(b).

The procedural history is know by the parties and adequate set forth in their pleadings. After dismissal of the complaint against defendant Simon for lack of personal jurisdiction over her, Simon filed a bill of costs before the Clerk of the Court in which she sought $8,182.19 in costs: $420 for court fees for the processing of *pro hac vice* applications, $399 for copying fees

1  and $7,363.9 for costs incurred in translating foreign documents submitted to the Court by
2  Plaintiffs. On October 3, 2008, the Clerk taxed Plaintiffs only for the costs of copying and
3  disallowed the costs for translation services and sustained Plaintiffs' objection to assessment of
4  court fees in connection with the *pro hac vice* applications filed before the Court.

5  The prevailing party in a federal Civil action is entitled to costs as a matter of course,
6  except in cases where a federal rule or statute otherwise directs. Fed. R. Civ. P. 54(d)(1). In
7  addition to the costs which the Clerk may tax under 28 U.S.C. § 1920, where an action is
8  dismissed for lack of jurisdiction, the Court may also "order the payment of just costs." 28
9  U.S.C. § 1919.

10  Plaintiffs filed their original complaint as well as their first amended complaint with a
11  number of French documents without translation attached as exhibits. Exhibits to a complaint
12  are considered part of the complaint. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that
13  is an exhibit to a pleading is part of the proceeding for all purposes.")[1] Therefore, in order to
14  understand the content of the complaint, Simon and her counsel had to incur the cost of
15  translating those documents. Interpretation services are compensable where such services a
16  "'reasonably necessary for a proper determination of the issues.'" *E. & J. Gallo Winery v.*
17  *Andina Licores S.A.,* 2007 WL 1589546, *1 (E.D. Cal. June 1, 2007) (citing *Kaiser Indus. v.*
18  *McLouth Steel Corp.*, 50 F.R.D. 5, 11 (E.D. Mich. 1970)). Because both client and counsel
19  were required to understand the contents of the complaint in order to defend against the suit, the
20  Court finds that the costs of translating the attached documents was "reasonably necessary" to
21  the proper determination of the issues. Therefore, the Court finds that the Clerk erred in finding
22  that the $7,363.19 incurred as costs for translation were not compensable under 28 U.S.C. §
23  1828. The Court finds that Simon is entitled to recover the additional cost of $7,363.19
24  incurred for translation services.

---

[1] The Court notes that Plaintiffs made use of the translated documents in filing their second amended complaint. The Court had ordered all documents to be translated into English and Plaintiffs therefore unfairly benefitted from the translation services undertaken by defendant Simon. Such costs are most justly allocated to the party whose obligation it was originally to serve the complaint.

2

1    In addition, Simon challenges the Clerk's disallowance of the fees of the Clerk incurred
2 by Simon as a result of filing *pro hac vice* applications. The Court affirms the decision of the
3 Clerk and finds that the fees are an expense of counsel for the privilege of practicing law in the
4 district and are not recoverable under Rule 54(d) or 28 U.S.C. § 1920(1). *See Romero v. United*
5 *States*, 865 F. Supp. 585, 594 (E.D. Miss. 1994).

6    Accordingly, in reviewing the Clerk's taxation of costs, the Court REVERSES the
7 determination not to award the fees incurred for translation services and AFFIRMS the
8 determination not to award the fees incurred for filing the *pro hac vice* applications. Therefore,
9 an additional $7,363.19 is assessed against Plaintiffs as costs recoverable by defendant Simon.
10 Plaintiffs shall pay $7,762.19 for the costs of translation services and copying to defendant
11 Simon by no later than December 22, 2008 with a proof of such payment filed with the Court by
12 no later than December 24, 2008.

14    **IT IS SO ORDERED.**

15 Dated:   November 24, 2008

JEFFREY S. WHITE  
UNITED STATES DISTRICT JUDGE