United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN GIDDING, an individual and
PIVOTAL, INC., a California corporation,

    Plaintiffs,

v.

DEREK ANDERSON, et. al,

    Defendants.

No. C 07-04755 JSW

**ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR FAILURE TO STATE A CLAIM**

Now before the Court is the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted filed by Defendant Societe Civile Agricole du Chateau La Lagune ("Chateau La Lagune"). Having considered the parties' papers, the relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument and therefore VACATES the hearing set for June 19, 2009. *See* N.D. Civil L.R. 7-1(b). The Court HEREBY GRANTS the Chateau La Lagune's motion to dismiss without leave to amend.

**BACKGROUND**

Plaintiff John Gidding, a California resident, and his company, Pivotal, Inc., a corporation organized under the laws of California, bring suit pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The third amended complaint ("TAC")

contains allegations of various events occurring in three countries over a several year period and against ten defendants, including the Ollivier Lemal, Derek Anderson, Plantagenet Capital Management LLC, Plantagenet Capital America LLC, Plantagenet Capital Fund LP, Plantagenet Capital Fund LP II, PLB Holdings SA ("PLB"), Plantagenet Partners SA ("PPSA"), Serge Hauchart, John Zappettini and Chateau La Lagune (collectively "Defendants"). Plaintiffs contend that Defendants collectively violated RICO and conspired to violate RICO by devising and executing several different schemes in which they used the wires and mails of the United States to defraud Plaintiffs. Chateau La Lagune operates a wine estate located in the Bordeaux region of France and moves to dismiss for lack of personal jurisdiction and to dismiss the complaint for failure to state a claim.

The Court addresses additional facts as necessary in the remainder of this Order.

**ANALYSIS**

Chateau La Lagune moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Plaintiffs bear the burden of establishing a *prima facie* showing of general or specific jurisdiction over each and every defendant they have sued. *Calder v. Jones*, 465 U.S. 783, 790 (1984); *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007) (noting that the plaintiff bears the burden to establish personal jurisdiction). Plaintiffs do not oppose Chateau La Lagune's motion and, accordingly, have not met their burden to establish personal jurisdiction over it. However, even if the Court relies solely on the allegations in the Complaint, Plaintiffs fail to establish a prima facie case for personal jurisdiction.

"Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long arm-statute permits the assertion of jurisdiction without violating federal due process." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004). Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. *Id.* at 801.

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. The overriding constitutional

2

principle is that maintenance of an action in the forum must not offend "traditional conception[s] of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). The defendant's "conduct and connection with the forum State" must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation." *Calder*, 465 U.S. at 788 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). "A defendant whose contacts with a state are 'substantial' or 'continuous and systematic' can be haled into court in that state in any action, even if the action is unrelated to those contacts." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415 (1984)). As the Ninth Circuit explained in *Bancroft & Masters*, this is a "fairly high" standard which "requires that the defendant's contacts be of the sort that approximate physical presence in the state." *Id.*

Here, Chateau La Lagune argues that it is located in the Bordeaux region of France, has no employees and maintains no locations in the United States, has no contract with United States-based wine distributors and does not market or advertise in the United States. (Declaration of Caroline Frey, ¶ 2.) These facts are not contradicted in the Complaint. The complaint fails to establish contacts that are "substantial" or "continuous and systematic." *See Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 415. The complaint is therefore insufficient to demonstrate a sufficient connection between Chateau La Lagune and California to justify the assertion of jurisdiction over La Lagune. Even if a connection were alleged, the Court finds it would be unreasonable to exercise personal jurisdiction over Chateau La Lagune under these circumstances. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

## CONCLUSION

For the forgoing reasons, the Court finds that it cannot exercise personal jurisdiction over Lemal, and GRANTS the motion to dismiss. Additionally, for all the reasons stated in the Order dated March 13, 2009, the Court GRANTS La Lagune's motion to dismiss for failure to

1  state a claim upon which relief can be granted under RICO.  *See Gidding v. Anderson, et al.*,
2  No. C 07-4755, slip op. at *1 (N.D. Cal. March 13, 2009).

**IT IS SO ORDERED.**

Dated:  May 26, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE